# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

DR. LEIGH M. JOHNSON,

    Plaintiff,

v.     Civil Action No.: 2:25-cv-02618-MSN-atc

CHRISTIAN BROTHERS UNIVERSITY,

    Defendant.

---

### MEMORANDUM OF LAW IN SUPPORT OF
### CHRISTIAN BROTHERS UNIVERSITY'S
### MOTION TO SET ASIDE ENTRY OF DEFAULT

---

Defendant, Christian Brothers University ("CBU"), by and through its counsel, respectfully moves this Court to set aside the Entry of Default entered against CBU in this cause (ECF No. 15). In support of its motion, CBU states as follows:

### RELEVANT PROCEDURAL HISTORY

On June 17, 2025, *pro se* Plaintiff Dr. Leigh M. Johnson ("Plaintiff") filed her Complaint bringing claims of sex discrimination, retaliation, and breach of contract against CBU. (ECF No. 2.)

On June 27, 2025, Plaintiff filed an "Affidavit of Service by Certified Mail," asserting that she "deposited with the United States Postal Service, via Certified Mail-Return Receipt Electronic, a true and correct copy of the Summons and Complaint in the above-captioned action." (ECF No. 10.) Plaintiff's "affidavit" states that the "envelope was delivered on June 20, 2025, at 1:01 p.m. and was 'Left with Individual.'" (ECF No. 10.) Plaintiff attached a copy of the USPS proof of

delivery record, which reflects that the item was "Delivered, Left with Individual" and contains an illegible signature of the recipient:



(ECF No. 10, PageID 71.)

On July 17, 2025, Plaintiff filed a "Request for Entry of Default," inaccurately asserting that CBU was "served with the Summons and Complaint on June 20, 2025." (ECF No. 14.) Plaintiff requested, pursuant to Rule 55(a) that the Clerk enter default against CBU. (ECF No. 14-1.)

On July 18, 2025, the Court Clerk filed an Entry of Default as to CBU. (ECF No. 15.) The Entry of Default itself states that "[f]or good cause shown, the court may set aside this request for entry of default, pursuant to Rule 55(c)." (ECF No. 15.)

## **LEGAL STANDARD**

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Rule 55(c)'s "good cause" standard gives a district court "considerable latitude" in deciding whether to set aside an entry of default. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). As the Sixth Circuit noted, "[i]n general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010); *see also Courser v.*

2

*Allard*, 969 F.3d 604, 624 (6th Cir. 2020) ("Because trials on the merits are favored in federal courts, any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.") (internal quotations omitted).

In assessing whether to set aside a default, courts consider "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Id.* However, if there was defective service of process, the court "need not weigh the three factors," but must instead set aside the entry of default. *O.J. Distrib. Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003). Stated differently, "[p]roper service under Rule 4 is therefore **a necessary prerequisite** to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, Case No. 3:17-cv-01526, 2019 U.S. Dist. LEXIS 41734, at *10 (M.D. Tenn. Mar. 8, 2019) (emphasis added) (citing *O.J. Distrib. Inc.*, 340 F.3d at 353). "[T]he plaintiff bears the burden of perfecting service and proving that proper service was made." *Tepe v. Whirlpool Corp.*, No. 22-5826, 2023 U.S. App. LEXIS 13818, at *2 (6th Cir. June 2, 2023) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

## ARGUMENT

**I.    The Court should set aside the Entry of Default as improvidently granted because Plaintiff did not properly serve CBU.**

**A. Plaintiff's attempted service of process is invalid under Rule 4(c)(2).**

The Court should set aside the Entry of Default against the State Defendants as improvidently granted because Plaintiff's return of service facially demonstrates that she attempted to serve the State Defendants in a manner not sanctioned by the Federal Rules. Under Rule 4(c)(2), "[a]ny person who is at least 18 years old and **not a party** may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). This Rule "'expressly and clearly prohibits a plaintiff from effectuating service on a defendant.'" *Henley v. Miller*, No. 1:11-cv-538, 2012 WL 3779926,

3

at *2 (W.D. Mich. Aug. 3, 2012) (quoting *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007)). A plaintiff "cannot effect service of process h[er]self" by attempting to deliver the summons and complaint to a defendant through the United States mail or a commercial delivery service. *Long v. Medtronic Parkway*, No. 15-2144-JPM-dkv, 2015 U.S. Dist. LEXIS 135544, at *3 (W.D. Tenn. Sept. 10, 2015) (concluding that service was improper where plaintiff admitted to attempting service "himself by mailing the summons and complaint" to the defendant); *Reynolds v. Holder*, No. 3:11-cv-337, 2013 U.S. Dist. LEXIS 189787, at *4 (E.D. Tenn. Mar. 27, 2013) (ruling that "purported service by plaintiff" was "not valid" where the plaintiff himself "served the defendants by certified mail").

Here, Plaintiff's attempted service on CBU is not valid. In her "Affidavit of Service by Certified Mail," Plaintiff explicitly states that she "deposited with the United States Postal Service" a copy of the summons and complaint to be served on CBU. (ECF No. 10, at PageID 69.) Although Plaintiff attempted to complete service by certified mail through USPS, her personally "deposit[ing]" the summons and complaint to USPS violates Rule 4(c)'s prohibition against a party serving a defendant. (ECF No. 10); Fed. R. Civ. P. 4(c)(2). "[B]ecause [Plaintiff] is a party to this lawsuit, [s]he cannot effect service of process h[er]self." *Long*, 2015 U.S. Dist. LEXIS 135544, at *3.

### B. Plaintiff's attempted service of process is also deficient under the Federal and Tennessee Rules of Civil Procedure.

Even if Plaintiff had someone else handle the actual mailing, which she did not, Plaintiff's service is problematic on other grounds as well. Under Federal Rule of Civil Procedure 4(h)(1), a plaintiff may effect service of process on a corporation or similar business entity in two ways. First, a plaintiff may use any method of service allowed in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Second, a plaintiff may

4

personally deliver a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Thus, under the first option, service upon CBU can be effected under Tennessee law.

Under Tennessee law, service on a corporation can be made "by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4). Additionally, Tennessee allows service by mail in a limited fashion. To accomplish service by mail, a plaintiff must send a certified copy of the summons and complaint by registered mail or certified mail with return receipt to the defendant. *See* Tenn. R. Civ. P. 4.04(10).

Service by mail under Tennessee law is a perilous venture. "To be effective, service by mail requires filing with the court clerk the following three items: a) the original summons, endorsed as set forth in the rule [with the date of mailing and the date of receipt of return receipt from the defendant]; b) an affidavit of the person making service, setting forth the person's compliance with the requirement of [Tennessee] Rule [of Civil Procedure] 4.03; and c) the return receipt." *Villalba v. McCown*, No. E2018-01433-COA-R3-CV, 2019 Tenn. App. LEXIS 424, at *20-21 (Tenn. Ct. App. Aug. 30, 2019) (quoting *Stitts v. McGown*, No. E2005-02496-COA-R3-CV, 2006 Tenn. App. LEXIS 289, 2006 WL 1152649, at *2 (Tenn. Ct. App. May 2, 2006)). The language of Tennessee Rule of Civil Procedure 4.03 is mandatory in nature and is strictly enforced. *See Hall v. Haynes*, 319 S.W.3d 564, 571 (Tenn. 2010).

Even if a plaintiff correctly files the necessary endorsed original summons, affidavit, and return receipt, service may still be deemed insufficient if an authorized agent of the defendant does

5

not sign for the mail. *See Scott v. Wise Co.*, No. 1:19-cv-01291-STA-jay, 2020 U.S. Dist. LEXIS 177502, at *10-11 (W.D. Tenn. Sep. 28, 2020). Additionally, "service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute." *Woolery v. Hardin Cnty. Gen. Hosp.*, No. 15-1070, 2015 U.S. Dist. LEXIS 65005, at *3–4 (W.D. Tenn. May 19, 2015) (quoting Tenn. R. Civ. P. 4.04(10) (setting aside entry of default on the grounds that the return receipts indicated that neither defendant was served).

Here, Plaintiff did not properly effect service by mail under the strict and limited nature provided for under Tennessee law.[1] First, Plaintiff did not file the original summons endorsed with the date of mailing and date of receipt of return receipt as required by Tennessee Rule of Civil Procedure 4.03(2). *See Villalba*, 2019 Tenn. App. LEXIS 424, at *20–21. Second, Plaintiff's "Affidavit of Service" demonstrates that service was not valid here. While Plaintiff attempted to use certified mail and addressed the envelope to CBU's Registered Agent, she did not serve said Registered Agent (or any other person authorized by Rule to receive service). Instead, the record reflects that Plaintiff claims to have served an "Individual" whose signature is illegible on the "return of service." (ECF No. 10.) There is no indication that the certified mail was receive by CBU's Registered Agent or that this "Individual" who was served was authorized to accept service on behalf of CBU. This renders service improper. *See Dolan v. United States*, 514 F.3d 587, 595-96 (6th Cir. 2008) (finding insufficient service where certified mail receipt was signed by person

---

[1] Despite communicating extensively with the undersigned pre-suit, Plaintiff did not even attempt to give notice to the undersigned that she had filed suit or that she was filing the motion for entry of default. While such notice would not be a substitute for service, it could have avoided the instant motion. *See See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (holding that district court erred in determining that actual notice of action cured insufficient service of process). In determining whether proper service was effected, it is irrelevant whether a defendant filed an answer or had actual knowledge of the lawsuit. *See Taylor v. Stanley Works*, No. 4:01-cv-120, 2002 U.S. Dist. LEXIS 26892, at *10 (E.D. Tenn. July 16, 2002) (citing *LSJ Investment Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999)).

whose authority was not shown in the record); *Fite v. Nashville*, 686 F. Supp. 2d 735, 746 (M.D. Tenn. 2010) (explaining that "unless the package is actually received and signed for by the defendant or his 'authorized agent,' service of process by mail delivery is not effective"); *Nolt v. Knowles*, No. 3:20-cv-00962, 2021 U.S. Dist. LEXIS 264026, at *6 (M.D. Tenn. May 25, 2021) (denying plaintiffs' motion for entry of default as to one defendant because plaintiffs' proof of service indicated that the summons and complaint was left with an "unidentified 'employee'" and that there was no "evidence that this employee is an officer, managing agent, general agent or an agent authorized by appointment or law to receive service of process" on behalf of the defendant).

Plaintiff's failure to complete proper service precluded her from obtaining an entry of default against CBU. Due to the lack of proper service on CBU, the Court lacks "jurisdiction to adjudicate the rights of the parties" and the Court should set aside the clerk's entry of default. *O.J. Distrib.*, 340 F.3d at 353, 355; *see also Stinson v. Haddix*, No. 24-cv-2560-MSN-tmp, 2024 U.S. Dist. LEXIS 238380, at *18 (W.D. Tenn. Dec. 9, 2024) (holding that the plaintiff's motions for default judgment "were improper because he filed them prior to effective proper service of process and prior to seeking entry of default, both of which are prerequisites to a default judgment").

## II. Even if Plaintiff had properly served CBU, good cause otherwise exists to set aside the entry of default.

While the Court need not weigh the three factors because of Plaintiff's defective service of process, in addition to Plaintiff's failure to provide proper service, good cause otherwise exists under Rule 55(c) for this Court to set aside the clerk's entry of default. Here, the factors and the policy of resolving cases on their merits weigh in favor of setting aside the Entry of Default. First, CBU's conduct was not willful. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d

7

190, 194 (6th Cir. 1986). CBU neither intended to thwart judicial proceedings nor displayed a reckless disregard for them. As explained in Part I above, Plaintiff failed to properly effectuate service in compliance with the Rules of Civil Procedure. "[CBU] could not have committed culpable conduct leading to the default because the obligation to answer or otherwise defend does not begin unless and until a defendant has been served in accordance with Fed. R. Civ. P. 4." *Grose v. City of Bartlett*, No. 20-2307-TLP-cgc, 2021 U.S. Dist. LEXIS 88675, at *4–5 (W.D. Tenn. Jan. 8, 2021). Again, as noted above, Plaintiff also failed to give any notice to the undersigned about her actions despite extensive communications prior to filing suit. The record fails to demonstrate that CBU made a willful default. But even if the Court concludes otherwise, this factor alone does not justify denying a motion to set aside the entry of default. *Id.* at 353, 355.

Plaintiff will also not be prejudiced if the Court sets aside the entry of default against CBU. The relevant inquiry on this factor "concerns the future prejudice that will result" from setting aside the entry of default, "not prejudice that has already resulted from the defendant's conduct." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011). Plaintiff cannot establish that "delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (internal quotation marks omitted). CBU has now moved to set aside the Clerk's Entry of Default within one week of its filing, lessening the risk, if any, of the "loss of evidence" or "increased difficulties" in discovery. *Dassault Systemes*, 663 F.3d at 842. Even if Plaintiff could somehow make this showing, Plaintiff could have avoided this result by giving notice to the undersigned, with whom she communicated with extensively prior to filing suit. Additionally, "[b]ecause the case is in its early stages and discovery has not yet begun, Plaintiff will not be prejudiced by setting aside the Entr[y] of Default." *Vargo v. Walker*, No. 2:24-cv-2795-JPM-tmp, 2025 U.S. Dist. LEXIS 21629, at *10 (W.D. Tenn. Feb. 6,

2025) (citing *Miles v. Shelby Cnty. Crim. Just. Ctr.*, No. 2:19-cv-2241-SHM-cgc, 2022 U.S. Dist. LEXIS 33417, at *1 (W.D. Tenn. Feb. 25, 2022)). Plaintiff cannot show that setting aside the Entry of default will result in the loss of evidence or prejudice her in any other way.

Finally, CBU also has meritorious defenses to Plaintiff's claims. A defense is meritorious if it is "good at law." *Dassault Systemes*, 663 F.3d at 843 (internal quotation marks omitted). Under this factor, "the test is not whether a defense is likely to succeed on the merits." *Id.* Rather, a court should merely determine if there is a possibility that the outcome of the lawsuit "will be contrary to the result achieved by the default." *Id.* (internal quotation marks omitted). As the undersigned communicated to Plaintiff in their extensive communications prior to her filing suit, CBU's decision to eliminate Plaintiff's position was not based on performance or gender. Rather, CBU was placed on probation by its accrediting organization due to financial issues related to decreasing enrollment, among other problems. In order to have the probationary status lifted, CBU was required to reduce its yearly deficit. Under the Faculty Handbook (excerpts of which were attached to Plaintiff's Complaint at ECF No. 2-2), which governs all faculty (including tenured faculty), CBU was forced to declare "financial exigency" circumstances. A "retrenchment committee" was appointed pursuant to the Faculty Handbook, which allowed the school to make difficult, but necessary decisions regarding faculty, including tenured professors, and its administrative staff. During that process, several faculty positions were eliminated, including Plaintiff's. Every faculty member whose position was eliminated was offered a severance package based on years of service. In Plaintiff's case, there were several other accommodations made during that process as well. In light of this, CBU has meritorious defenses to Plaintiff's claims.

Accordingly, even if Plaintiff had properly served CBU, which is a prerequisite for an Entry of Default, the factors set forth above weigh in favor of setting aside the Entry of Default.

## CONCLUSION

For the foregoing reasons, CBU respectfully requests that the Court set aside the Clerk's Entry of Default against CBU and require Plaintiff to properly serve CBU in this matter.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By:    s/Stephen W. Vescovo
STEPHEN W. VESCOVO (7246)
JAMIE GIBBER   (39552)
2900 One Commerce Square
40 S. Main ST.
Memphis, TN  38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*
*Christian Brothers University*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2025, a copy of the foregoing pleading has been delivered to Plaintiff via the Court's electronic filing system.

s/Stephen w. Vescovo
STEPHEN W. VESCOVO (7246)