UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | | |
|---|---|---|
| Dr. Leigh M. Johnson, | ) | |
|    Plaintiff pro se, | ) | |
| v. | ) | Case No. 2:25-cv-02618-MSN-atc |
| | ) | Hon. Mark S. Norris, District Judge |
| Christian Brothers University, | ) | |
|    Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**

**MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (ECF 16)**

## INTRODUCTION

Defendant Christian Brothers University ("CBU") moves to vacate the Clerk's Entry of Default (ECF No. 15), asserting technical defects in service. Service was effected on June 20, 2025, in full compliance with Fed. R. Civ. P. 4(h)(1)(A) and Tenn. R. Civ. P. 4.04(10) via USPS certified mail RRR addressed to CBU's registered agent, Ron L. Brandon. The Tennessee Supreme Court has held that an illegible signature does not invalidate service if the mailing is correctly addressed to the registered agent. *Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010).

Even if the Court detects a technical deficiency, Plaintiff is prepared to cure service within seven (7) days through a licensed process server at CBU's registered-agent address.

Nevertheless, CBU's Motion lacks merit. Under the Sixth Circuit's *United Coin Meter* standard, CBU's delay was culpable, its asserted defenses are conclusory, and further delay will substantially prejudice Plaintiff.

1

## I. RELEVANT FACTS

A. May 10 2024 –   Plaintiff filed an EEOC charge. CBU participated through its counsel Steven Vescovo throughout the EEOC process, which ended in March 2025 (ECF No 2-2, pages 45-59).

B. March 21 2025 –   EEOC issued a "Right-to-Sue Letter" to Plaintiff copying CBU HR Director Therese Jacques and Steven Vescovo on March 21 2025 (ECF 2-2, pages 58-59).

C. June 17 2025 –   Plaintiff filed this lawsuit within ninety (90) days of receipt of her "Right-to-Sue Letter" from the EEOC.

D. June 20 2025 –   Plaintiff properly served summons and complaint by USPS Certified Mail RRR addressed to CBU's Registered Agent, Ron L. Brandon, at the address on file with the Tennessee Secretary of State (Ex. A). Service was executed on June 20 2025.

E. June 27 2025 –   Plaintiff filed the endorsed summons, return receipt, and Affidavit of Service (ECF 6 and 10).

F. July 17 2025 –   Plaintiff filed Motion for Default Entry, in the absence of any Answer or appearance of Defendant's counsel of record with whom she might confer (ECF 14).

G. July 18 2025 –   Clerk granted Entry of Default under Rule 55(a) (ECF 15).

H. July 25 2025 –   Defendant contacted Plaintiff for the first time via voicemail and email. Plaintiff responded to defense counsel's email within 3 hours, offering to stipulate to set aside the default if CBU answered within seven days (Ex B). Defense counsel did not reply to Plaintiff's offer.

I. July 25 2025 –   Defendant filed its motion to set aside Clerk's Entry of Default (ECF 16), thirty-five (35) days after properly-executed service and seven (7) days after Clerk's Entry of Default was entered onto the docket.

## II. LEGAL STANDARD

A. Federal Rule of Civil Procedure 55(c) permits a court to set aside an Entry of Default for "good cause." The Sixth Circuit applies the three-part test articulated in *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983):
   1. whether the defaulting party's culpable conduct led to the default;
   2. whether the party has a meritorious defense; and
   3. whether the plaintiff will be prejudiced if the default is set aside.
   4. Although the Court weighs all three factors, CBU bears the burden of satisfying each

    prong. A willful decision to ignore the summons is ordinarily fatal to Rule 55(c), *Dassault Systèmes v. Childress*, 663 F.3d 832, 841-42 (6th Cir. 2011).

B. Defendant's Motion does not affirmatively state that *they did not receive the summons*, but only alleges defective service, and offers no explanation for their 35-day failure to appear in this matter prior to July 25 2025.

C. The Sixth Circuit Court holds that "in general, pro se litigants may be held to 'less stringent standards' than attorneys when handling aspects of a case that require legal training." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), also *Woodson v. Woodson*, No. 2:22-mc-00003-TLP-tmp, 2022 WL 16985602, at 2 (W.D. Tenn. Feb. 18 2022), echoing the Supreme Court's rule in *Haines v. Kerner*.

D. Despite being pro se, Plaintiff has satisfied every requirement for exhausting her administrative options prior to filing this case, properly executing a service of summons, and filing a timely Motion for Default Entry.

## III. <u>ARGUMENT OPPOSING MOTION TO SET ASIDE DEFAULT ENTRY</u>

### A. Service Was Proper Under Tennessee Rule 4.04(10) and Rule 4(h)(1)(A).

On June 18, 2025, Plaintiff delivered the sealed summons and complaint—addressed to CBU's Registered Agent Ron L. Brandon at 650 East Parkway S., Memphis, TN—to a United States Postal Service employee at the post office counter located at 1325 Autumn Ave, Memphis, TN 38104. The USPS employee processed the package as Certified Mail, Return Receipt Requested.

**Plaintiff did not personally place the summons/complaint envelope in a mailbox or otherwise attempt personal service**. She later filed the endorsed summons, return receipt, and a sworn Affidavit of Service (ECF10) on July 27 2025.

**1.** Federal Rule 4(h)(1)(A) authorizes service on a corporation "in the manner prescribed by Rule 4(e)(1)," which, in turn, incorporates any method allowed by the forum state. Tennessee Rule 4.04(10) stipulates that "Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney, or any person authorized by statute. Service is complete when the return receipt is signed or refused and filed with the court."

**2.** Service of summons and complaint was completed via USPS certified mail RRR, addressed to CBU's registered agent, Ron L. Brandon, at 650 East Parkway S., Memphis, TN 38104, the appropriate person and address listed with the Tennessee Secretary of State (Ex C). Under Tennessee law, the address label—not the legibility of the signature—controls.

    **a.** *Regions Bank v. Chas A. Sandford*, 2016 WL 4618466, at *4 (Tenn. Ct. App.

3

Aug. 31 2016): "When certified mail is addressed to a corporation's registered agent at the address on file with the Secretary of State, the identity of the individual who signs the green card is irrelevant; service is presumed valid unless the defendant presents proof that the summons never reached the agent."

**b.** *World Relief Corp. v. Sandal*, No. 3:17-cv-01004, 2018 WL 6424313, at 3 (M.D. Tenn. Dec. 6 2018) (Trauger, J.): "Because the envelope was properly addressed to the company's registered agent, the fact that a mail-room employee, rather than the agent himself, signed the return receipt does not invalidate service absent evidence that the summons failed to reach the agent."

**c.** Defense counsel's reliance on Rule 4(c)(2), which prohibits service "by a party" only for personal delivery, is misplaced. Rule 4(c)(2) applies to **personal, hand-delivered service** and does not override valid service by mail under Rule 4(h)(1)(A). Plaintiff used certified mail in full conformity with Tennessee Rule 4.04(10), which Fed. R. Civ. P. 4 expressly incorporates. *Hall v. Haynes*, 319 S.W.3d 564 (Tenn. 2010); *Woolery v. Hardin Cnty. Gen. Hosp.*, 2015 WL 112067, No. 1:14-cv-01168, 2015 WL 112067, at *3 (W.D. Tenn. Jan. 7 2015).

**d.** Attached is Plaintiff's "Declaration of Dr. Leigh M. Johnson (in re Service Process)" (Ex. C), executed on July 27 2025, detailing the exact conditions of service process.

**3.** Defense counsel's case-law references (*United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010); *Courser v. Allard*, 969 F.3d 604, 624 (6th Cir. 2020) rely on an extraordinarily generous interpretation of both the "considerable latitude" defendant is owed and the "procedural missteps" that should be overlooked by the Court. In this instance:

**a.** Plaintiff properly executed the summons. (See III.A.1-2 above).

**b.** Plaintiff properly filed all required documents confirming such to the Clerk's office, a sworn Affidavit of Service, and has additionally attached (Ex. C herein) her sworn account of the conditions of service process;

**c.** Defendant's objection to the "illegible signature" on a properly addressed and properly-served summons via USPS Certified Mail-RRR delivery is a matter internal to CBU's mailroom processes, not a culpability of the Plaintiff.

**B. United-Coin-Meter Factors Bar Relief.**

**1. Culpable Conduct:**

**a.** Defendant had actual notice long before service: CBU's HR Director Therese Jacques and counsel Steven Vescovo were copied on the EEOC Right-to-Sue letter of March 21 2025 (ECF 2, pages 58-59).

4

**b.** Per the statute referenced in Defendant's Motion, i.e., *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 7 Case 2:25-cv-02618-MSN-atc Document 16-1 Filed 07/25/25 Page 8 of 10 PageID 89 190, 194 (6th Cir. 1986): "To be treated as culpable, the conduct of a defendant must display either an **intent to thwart** judicial proceedings or a **reckless disregard for the effect of its conduct on those proceedings**."

**c. INTENT TO THWART:**

**(i) Actual notice but calculated silence:** Courts find an "intent to thwart" when a sophisticated defendant deliberately sits on notice until after default. *Dassault Systèmes v. Childress*, 663 F.3d 832, 841-42 (6th Cir. 2011) (upholding default where corporation "chose to do nothing for weeks"). Defendant's delay in appearing until July 25 2025, five weeks after service and after the Clerk entered default demonstrates an intent to thwart and culpably deliberate inaction.

**(ii) Refusal to engage**: At 1:00 p.m. on July 25 2025, CBU's counsel emailed Plaintiff acknowledging the lawsuit (Ex. B) for the first time. By 2:48 p.m. on the same day, Plaintiff responded, offering to stipulate to set aside the default if CBU would file an answer within seven days. CBU never replied. Electing silence over a proffered stipulation is affirmative "gamesmanship," not excusable neglect. *Sony/ATV Music Publ'g v. D.J. Miller Music*, 2011 WL 4729800, at *4 (M.D. Tenn. Oct. 7 2011).

**d. RECKLESS DISREGARD FOR THE PROCEEDINGS:**

**(i) After-hours filings to gain tactical advantage:** Although not quite midnight, CBU still waited until after the Clerk's counter had closed for the weekend—5:05 p.m. on a Friday—knowing that a pro se litigant cannot use CM/ECF and must submit filings by e-mail to the Clerk's office, which is processed the next business day. This timing further evidences a conscious disregard for fair procedure. Courts classify such tactics as "reckless disregard" because they impede a plaintiff's ability to respond. *U.S. v. $22,050 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010) (affirming default where timing of filings evidenced conscious disregard).

**(ii) No explanation for 35-day delay:** Defendant's Motion notes pre-suit communications but fails to explain why CBU's counsel did not appear until after default was entered. Post-default "oops" stories are rejected when the defendant was fully aware of the case but "chose to ignore it." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1 983).

**(iii)** CBU's five weeks of silence, its refusal to engage prompt stipulation, and its strategic after-hours filings demonstrate "reckless disregard for the proceedings" and exceed the culpability threshold set by *Shepard* Claims and its progeny. These factors justify denying relief.

**2. Absence of a Meritorious Defense**

      **a.** Defendant's Motion provides only a narrative that the University "declared financial exigency." Bare denials and conclusory assertions do not constitute a meritorious defense. *Dassault Systèmes*, 663 F.3d at 842-43.

      **b.** The proposed "defense" outlined in Defendant's Motion largely rehashes Defense counsel's narrative of the "financial exigency" argument, which has never been substantiated in sworn Affidavits from any relevant University representatives, and was already rejected (or at least not resolved in CBU's favor) during the EEOC process. Plaintiff provided documented rebuttals to this argument from the American Association of University Professors (ECF 2-2, pages 39-43), to which CBU never replied. Defense does not provide new factual detail or evidence, only three un-sworn paragraphs of Defense counsel's narrative.

      **c.** Defendant references no additional Rule 56-quality evidence of a "meritorious defense"— no affidavits, no policy documents, no Board of Trustees minutes, no financial statements, no citation to Handbook provisions, and no specific answers to Plaintiff's well-pleaded allegations of sex discrimination, retaliation, or breach of contract—in its Motion to set aside the default judgment.

      **d.** *United Coin Meter*, 705 F.2d 839, 845 (6th Cir. 1983) requires that the defense must be "good at law"—i.e., legally defeat at least one element of each claim. District courts reject "conclusory denials." *Sony/ATV Music v. D.J. Miller*, 2011 WL 4729800, at *5.

**3. Substantial Prejudice to Plaintiff**

      **a.** Plaintiff has been without employment, or employer-sponsored health insurance, since her termination. Each additional month of delay increases her stress, diminishes the time available to her for professionally-necessary research, contributes to back-pay by approximately $4,583 per month, and front-pay exposure proportionally.

      **b.** Key student witnesses graduate every semester, former colleagues' faded memories hinder critically-relevant testimony, the proper preservation of important discovery materials is increased with each additional delay, as is the likelihood of a "chilling" effect on potential witnesses. Each of these factors satisfy the prejudice threshold. *Molnar v. Savoia*, 1 F.4th 520, 526 (6th Cir. 2021).

      **c.** Defendant exhibited a documented pattern of tardy filings, repeated deadline-extension requests, and a general slowing-down of the procedural operations of the EEOC, during which Defendant's counsel, Steve Vescovo, consistently neglected to respond to Plaintiff's counsel or EEOC agents' communications (May 2024- March 2025). Plaintiff has reasonable cause to believe that Defendant's current Motion to set aside Default Entry is yet another delay tactic, effecting substantial prejudice to the Plaintiff and preventing the Court's expeditious adjudication of this matter.

      **d.** Plaintiff has expended more than a year exhausting her administrative options (through the EEOC), attending diligently to every deadline and requirement of that process and,

subsequently, this complaint. Defendant's further stalling of this case with procedural motions prejudices the pro se Plaintiff unnecessarily.

### IV.    IN RE Court's Preference to Decide "on the merits of the case"

While Plaintiff respects the Court's general preference to decide cases on the merits, CBU's motion is not a good-faith invocation of that principle. Rather, it seeks to excuse deliberate delay by mischaracterizing service and ignoring its own procedural obligations. The timeline, facts, and evidence of proper service provided herein—in addition to CBU's unexplained failure to appear, despite knowledge of this matter, and refusal to stipulate, even when offered—does not constitute an instance of mere "excusable neglect."

### V.    CONCLUSION

A.  All three factors of Rule 55(c) "good cause" criteria weigh against CBU. The Clerk's Entry of Default should stand.

B.  Plaintiff respectfully asks the Court to DENY Defendant's Motion to set aside Clerk's Entry of Default (ECF 16).

C. Should the Court nevertheless set aside the default; Plaintiff respectfully requests that CBU be ordered to:

    **a.** Expressly and irrevocably waive any future objections under Rules 12(b)(4)–(5);

    **b.** File an Answer within seven (7) days; and

    **c.** Reimburse Plaintiff for any additionally-required certified-mail and/or service costs, conditioning relief on prompt filing and payment of costs.

**Dated: July 27 2025**

*/s/ Leigh M. Johnson*
**Dr. Leigh M. Johnson**
Pro Se Plaintiff
1492A Newton St. NW
Washington, D.C. 20010
901-679-5937
drleighmjohnson@gmail.com

## CERTIFICATE OF CONSULTATION

I, Leigh M. Johnson, certify that pursuant to Local Rule 7.2(a)(1)(B) of the United States District Court for the Western District of Tennessee, I made a good-faith effort to resolve the matters raised in the accompanying opposition prior to filing.

On July 25 2025, I sent an email to defense counsel, Mr. Stephen Vescovo, offering to stipulate to setting aside the Clerk's entry of default, provided that **(1)** Defendant irrevocably waive all defenses under Rule 12(b)(4) and (5), and **(2)** file an Answer within fourteen (14) days of the Court's order approving the stipulation.

As of the date of this filing, I have received no response to my offer to stipulate.

Accordingly, I certify that I made a good-faith effort to confer with opposing counsel to avoid the need for Court intervention.

I certify that on July 27 2025 I served a copy of the foregoing by e-mail to Steven W. Vescovo, SVescovo@lewisthomason.com.

Respectfully submitted,

*/s/ Leigh M. Johnson*
**Dr. Leigh M. Johnson**
Pro Se Plaintiff
1492A Newton St. NW
Washington, D.C. 20010
901-679-5937
drleighmjohnson@gmail.com

Dated: July 28 2025

**ATTACHED EXHIBITS:**

**Exhibit A:**   TN SOS Listing for Registered Agent, Ron L. Brandon

**Exhibit B:**   Gmail Correspondence between Steven Vescovo and Dr. Leigh M. Johnson (July 25 2025)

**Exhibit C:**   Declaration of Dr. Leigh M. Johnson (in re Service Process)