UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DR. LEIGH M. JOHNSON,

    Plaintiff,

v.                                                      Civil Action No.: 2:25-cv-02618-MSN-atc

CHRISTIAN BROTHERS UNIVERSITY,

    Defendant.

## ANSWER OF CHRISTIAN BROTHERS UNIVERSITY

Defendant, Christian Brothers University ("CBU" or "Defendant"), by and through its counsel, hereby responds to the allegations contained in the Complaint [ECF No. 2] as follows:

1. CBU admits that Plaintiff has brought this action raising several claims. CBU denies that Plaintiff's claims have any merit.

2. CBU admits that it conducts business in Shelby County, Tennessee and that it previously employed Plaintiff in Shelby County, Tennessee. The remaining allegations contained in paragraph 2 of Plaintiff's Complaint are denied.

3. The allegations contained in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

4. The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

5. The allegations contained in Paragraph 5 of the Complaint are legal conclusions to which no response is required. CBU denies that any discriminatory and retaliatory acts occurred against Plaintiff.

6. Upon information and belief, the allegations contained in Paragraph 6 of the Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Complaint are admitted.

8. The allegations contained in Paragraph 8 of the Complaint are admitted.

9. Denied as stated. Plaintiff was hired in August of 2014 as a visiting assistant professor (non-tenure track) in the department of Religion and Philosophy. Admitted that Plaintiff earned tenure in 2018 and served as an Associate Professor of Philosophy through May 11, 2024.

10. Admitted that Plaintiff's appointment was governed by an annual written contract with CBU and that the 2023-2024 contract is attached as Exhibit A to Plaintiff's Complaint. [See ECF No. 2-2.] The contract speaks for itself, and CBU denies any allegations misstating or mischaracterizing the same. CBU further denies it deviated or violated the terms the subject Faculty Handbook.

11. Admitted that excerpts of the handbook are attached as Exhibit B to Plaintiff's Complaint. [See ECF No. 2-2.] The handbook speaks for itself, and CBU denies any allegations misstating or mischaracterizing the same. Further, CBU declared financial exigency in September of 2023, pursuant to the Faculty Handbook, which allowed the school, among other things, to terminate tenured faculty members in order to right-size its faculty to the existing student body and courses the students were then taking.

12. Admitted that Plaintiff's last day at CBU was May 11, 2024, as her position was one of eighteen (18) faculty and ten (ten) staff positions on campus that were eliminated after the school declared financial exigency.

13. CBU lacks sufficient information or knowledge to either admit or deny whether Plaintiff audio-recorded any meeting with one or more members of the CBU administration. CBU denies the remaining allegations in Paragraph 13 of the Complaint.

14. The allegations contained in Paragraph 14 of the Complaint are denied.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are denied. For further response, CBU denies Plaintiff was "similarly situated" to the three individuals Plaintiff referenced in her Complaint. Father Bruce, a Catholic priest, is CBU's chaplain and conducts mass on campus, in addition to teaching class as a Professor of Religion. Plaintiff was not qualified to teach religion courses, nor obviously, conduct mass. Further, Plaintiff was also not similarly situated to Dr. Maloney, either. While Dr. Maloney and Plaintiff were the only tenured faculty in the Department of Religion and Philosophy, they were both tenured Professors of Philosophy. Neither were qualified to teach religion courses. Dr. Maloney had been teaching at CBU for over 22 years and had been tenured since 2007, long before Plaintiff was hired at CBU. Finally, all the allegations related to Dr. Haught are misstated. Dr. Haught had been in an administrative position since June 1, 2015, serving as the Vice-President of Academic Affairs before transitioning to Vice-President-Chief Strategy Officer on July 1, 2023. He had not been a teaching professor for almost 10 years. Dr. Haught resigned effective December 31, 2023.

17. The allegations contained in Paragraph 17 of the Complaint, including subparts (a) through (e), are denied.

18. The allegations contained in Paragraph 18 of the Complaint are admitted.

19. Defendant admits that on December 15, 2023, Plaintiff requested a meeting with the Faculty Review Committee after the elimination of her position by the CBU Retrenchment Committee, which was created to address the financial exigency that had been declared. However, by that time, most members of the Faculty Review Committee had left campus for the winter break. A meeting of the Faculty Review Committee was scheduled for January 19, 2024, and subsequently reset to January 25, 2024, due to scheduling conflicts. Before that date, on January 23, 2024, Plaintiff executed and emailed to the Human Resources Associate Vice-President her signed Severance Agreement that she, along with every other employee/faculty member whose positions were being eliminated, were offered, leading CBU to believe Plaintiff was dropping her appeal.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint, including subparts (a) through (e), are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. Denied as stated. Admitted that the article attached as Exhibit C to Plaintiff's Complaint speaks for itself. [See ECF No. 2-2.] The quoted language, however, is taken out of context and disregards other portions of the article regarding CBU's financial exigency: "Previous CBU President Dave Archer had already enacted $4 million in budget cuts in the fall of 2023 including cutting 28 faculty positions, several tenured, and eliminating some courses." [ECF No. 2-2, at PageID 37; see also ECF No. 2-2, at PageID 38 (explaining the board declared a financial exigency and reasoning for same).]

24. The allegations contained in Paragraph 24 of the Complaint are denied as stated. For further response, Plaintiff signed the severance agreement on December 23, 2024, and rescinded, as was her right, on December 30, 2024.

25. The allegations contained in Paragraph 25, including subparts (a) through (e), of the Complaint are denied.

26. Having insufficient information, CBU can neither admit nor deny the allegations contained in Paragraph 26 of the Complaint regarding Plaintiff's efforts to seek new employment and would demand strict proof if its interests are to be affected thereby. The remaining allegations contained in Paragraph 26 of the Complaint regarding the actions of CBU are denied.

27. Having insufficient information, CBU can neither admit nor deny the allegations contained in Paragraph 27 of the Complaint and would demand strict proof if its interests are to be affected thereby.

28. CBU admits that Exhibits E, F, and G to Plaintiff's Complaint speak for themselves and deny any allegations to the extent they mischaracterize same. The last sentence of Paragraph 28 of the Complaint contains legal conclusions to which no response is required.

29. No response is required to Paragraph 29 of the Complaint.

30. Admitted that Plaintiff is a female. Admitted that sex is a protected class under Title VII.

31. The allegations contained in Paragraph 31 of the Complaint are admitted.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. The allegations contained in Paragraph 33 of the Complaint are denied.

34. The allegations contained in Paragraph 34, including subparts (a) through (c), of the Complaint are denied.

35. The allegations contained in Paragraph 35 of the Complaint are denied.

36. The allegations contained in Paragraph 36 of the Complaint are denied.

37. No response is required to Paragraph 37 of the Complaint.

38. As stated, the allegations contained in Paragraph 38 of the Complaint are denied.

39. The allegations contained in Paragraph 39 of the Complaint are denied.

40. The allegations contained in Paragraph 40 of the Complaint are denied.

41. The allegations contained in Paragraph 41 of the Complaint are denied.

42. The allegations contained in Paragraph 42 of the Complaint are denied.

43. The allegations contained in Paragraph 43 of the Complaint are denied.

44. No response is required to Paragraph 44 of the Complaint.

45. CBU admits that there was an annual contract between Plaintiff and CBU and that a copy of the 2023-2024 contract is attached as Exhibit A to Plaintiff's Complaint. The contract speaks for itself and CBU denies any allegations to the extent they mischaracterize or misstate same.

46. The contract speaks for itself and CBU denies any allegations to the extent they mischaracterize or misstate same.

47. The allegations contained in Paragraph 47 of the Complaint are denied.

48. The allegations contained in Paragraph 48 of the Complaint are denied.

49. The allegations contained in Paragraph 49 of the Complaint are denied.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51. CBU denies that Plaintiff is entitled to any relief from CBU, including the relief sought in Plaintiff's Prayer for Relief in Paragraph 51, including subparts (A) through (L).

52. CBU joins in Plaintiff's demand for a jury on all triable issues.

53. All allegations in Plaintiff's Complaint not hereinabove admitted, explained, or denied are herein now specifically, singularly, and categorically denied.

54. CBU did not discriminate against Plaintiff based on race, color, religion, sex, or national origin.

55. CBU was forced to eliminate Plaintiff's position due to financial exigency, as defined by the Handbook and in accordance with all procedures set forth therein.

56. CBU did not engage in any acts of retaliation against Plaintiff.

57. Plaintiff's damages, which are denied by Defendant, were a result of her failure to mitigate her damages. Specifically, Plaintiff initially accepted and then, within the stated rescission period, revoked her acceptance of CBU's severance package. CBU lacks information and knowledge related to Plaintiff's efforts to find comparable employment or minimize her losses and will supplement this defense as discovery progresses.

58. CBU did not breach a contract, or any other duties or rights owed to Plaintiff under contract, common law, or statutory law.

AND NOW, having fully answered the allegations contained in the Complaint, CBU prays that it be hence dismissed and that the costs of the cause be assessed against Plaintiff. CBU demands a jury be empaneled to hear the issues when joined.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By: *s/Stephen W. Vescovo*
STEPHEN W. VESCOVO (7246)
JAMIE GIBBER   (39552)
2900 One Commerce Square
40 S. Main St.
Memphis, TN  38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*
*Christian Brothers University*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2025, a copy of the foregoing pleading has been delivered to Plaintiff via the Court's electronic filing system.

s/*Stephen w. Vescovo*
STEPHEN W. VESCOVO (7246)

4933-8176-3424, v.1

8