UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

**Leigh M. Johnson,**

Plaintiff,

v.                                                        Case No. 2:25-cv-02618-MSN-atc

**Christian Brothers University,**

Defendant.

### PLAINTIFF'S SUPPLEMENT TO OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (ECF 16)

Plaintiff submits this short supplement to her previously filed **Pro Se Response in Opposition** (ECF 17). Under the Sixth Circuit's Rule 55(c) framework, all three *United Coin* factors favor denying set-aside: (1) Defendant had actual notice and chose to remain silent until after default; (2) Defendant does not state with specificity a meritorious defense; and (3) there is no prejudice to Defendant—particularly now that it has answered. In any event, the service dispute is moot, not only because Plaintiff properly served Defendant in the first place (documented in in ECF 10, 14, and 17), but Plaintiff also re-served Defendant's registered agent on July 29, 2025 (ECF 18). The motion should be **DENIED**.

**I. The Rule 55(c) factors compel denial**

**(1) Culpable conduct.** Defendant had actual notice of the suit and remained silent long enough for the Clerk to enter default. Its failure to respond until after default was entered was a choice, not excusable neglect.

**(2) Meritorious defense.** Defendant's generalized assertions do not meet the Sixth Circuit requirement to "state with some specificity" a defense that would survive a Rule 12(b)(6) motion. Plaintiff's Opposition (ECF 17) addresses each point; Defendant's tardy "Answer" (ECF 19) still offers no concrete facts that, if proven, would fully bar Plaintiff's claims.

**(3) Prejudice.** Leaving the default in place does not prejudice Defendant, which has now answered and is fully able to litigate. By contrast, ongoing delay continues significant prejudice Plaintiff, who is pro se.

### II. Subsequent docket developments confirm that set-aside is unwarranted

1. On **July 29, 2025**, after Defendant challenged Plaintiff's earlier certified-mail service, Plaintiff **personally re-served CBU's registered agent** and promptly filed proof of service. See **ECF 18 (Summons Returned Executed)**.

2. Thereafter, Defendant **filed an Answer**. See **ECF 19**. These post-motion developments further confirm that any purported service "defect" is now **moot**, and they underscore that Defendant's earlier silence was **culpable, not excusable**.

### III. Service objections are moot—and service was proper in any event

Plaintiff's certified-mail service complied with Rule 4(h)(1)(A) via Tennessee law, as briefed in ECF 17. Even accepting Defendant's technical objections *arguendo*, **ECF 18's personal service** on the registered agent removes the issue entirely. Defendant cannot show "good cause" where the complained-of defect no longer exists and never impeded notice.

### IV. Requested relief

For these reasons, and those previously set forth in **ECF 17**, Plaintiff respectfully requests that the Court **DENY** Defendant's Motion to Set Aside Clerk's Entry of Default (**ECF 16**).

Dated: October 5, 2025
Respectfully submitted,

Dr. Leigh M. Johnson

/s/ **Leigh M. Johnson**
Plaintiff, pro se
1472 Newton Ave NW, Apt A
Washington, DC 20010