# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DR. LEIGH M. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case 2:25-cv-2618-MSN-atc |
| ) | |
| CHRISTIAN BROTHERS UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT

Before the Court by order of reference[1] is Defendant Christian Brothers University's ("CBU") Motion to Set Aside Default, filed July 25, 2025. (ECF No. 16.) *Pro se* Plaintiff Dr. Leigh M. Johnson responded to the Motion on July 28, 2025 (ECF No. 17), and, without leave of Court, filed a supplemental response on October 5, 2025 (ECF No. 21).[2] For the reasons set forth below, the Motion is GRANTED.

## FACTUAL BACKGROUND

On June 17, 2025, Johnson filed a complaint against CBU for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e. (ECF

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. "A motion to set aside a Clerk's entry of default (as opposed to grant or set aside a default *judgment*) is considered a non-dispositive motion that a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A), rather than addressing by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B)." *Allstate Fire & Cas. Ins. Co. v. Novosad*, No. 16-12481, 2016 WL 5430191, at *1 n.2 (E.D. Mich. Sept. 29, 2016) (citations omitted).

[2] On September 10, 2025, Johnson filed a Notice of Status Inquiry (ECF No. 20), and, on October 11, 2025, a Notice of Request for Ruling (ECF No. 22), asking for a ruling on CBU's Motion. In light of the ruling herein, Johnson's requests are DENIED as moot.

No. 1 ¶ 1.) After filing her complaint, the Clerk's office of the Western District of Tennessee issued a summons to Johnson for service of process on CBU. (ECF No. 6.) On June 27, 2025, Johnson filed an Affidavit of Service by Certified Mail. (ECF No. 10.) In her affidavit, Johnson stated that she "deposited with the United States Postal Service, via Certified Mail-Return Receipt Electronic, a true and correct copy of the Summons and Complaint" addressed to CBU's registered agent, Ron Brandon. (*Id.* ¶¶ 1, 2.) Johnson provided a Certified Mail return receipt indicating that the summons was delivered and signed by an individual on June 20, 2025. (ECF No. 10-1.)

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must serve an answer within twenty-one days after being served with a summons and complaint. Thus, CBU's answer to the complaint was due no later than July 11, 2025. When CBU failed to answer by that date, Johnson filed a Motion for Entry of Default on July 17, 2025. (ECF No. 14.) On July 18, 2025, the Clerk granted that Motion and entered default as to CBU pursuant to Rule 55(a)(1). (ECF No. 15.)

CBU now seeks to have that default set aside, arguing that Johnson's attempt at service was invalid and that good cause otherwise exists. (ECF No. 16.) In addition to responding substantively (ECF No. 17), Johnson filed a Notice of Supplemental Service of Summons on July 29, 2025 (ECF No. 18), contending that she had engaged a licensed process server to personally serve Brandon, which "cure[d] any technical objection Defendant raised in its Motion to Set Aside Clerk's Entry of Default (ECF 16)." (*Id.*) CBU timely filed its answer twenty-one days thereafter on August 19, 2025. (ECF No. 19.)

2

## ANALYSIS

**I.     Service of Process**

CBU argues that Johnson's initial attempt at service was invalid. Johnson attempted service by mail on CBU's registered agent under Tennessee Rule of Civil Procedure 4.04(10), made applicable in this case by Federal Rule of Civil Procedure 4(e)(1) (permitting service on an individual by a method allowed under the state law of the jurisdiction where service is made) and 4(h)(1) (permitting service on a corporation by any method prescribed by Rule 4(e)(1)). In Tennessee, "[s]ervice by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute." Tenn. R. Civ. P. 4.04(10).

"Service by mail shall not be the basis for the entry of a judgment of default unless the record contains . . . a return receipt showing personal acceptance by the defendant or by persons designated" to accept service. *Id.* Here, though Johnson claims to have mailed the summons to CBU's registered agent, the signature on the return receipt is illegible. (ECF No. 10-1.) As such, the Court cannot definitively conclude that CBU's registered agent was served with the summons and Complaint. *See Cunningham v. Select Student Loan Help, LLC*, No. 3:15-CV-00554, 2016 WL 7368595, at *8 (M.D. Tenn. Dec. 20, 2016), *report and recommendation adopted*, 2017 WL 10399393 (M.D. Tenn. May 25, 2017) (finding that, due to an illegible signature on a return receipt, the court could not "conclude that the recipient was authorized to accept service of process on the company's behalf"); *Lea v. Vilsack*, No. 3:23-CV-00340, 2024 WL 2262678, at *2 (M.D. Tenn. May 17, 2024) (finding that the plaintiff failed to verify service of process because the signature on the return receipt was illegible). Johnson's attempt at mail service did not comply with Tennessee Rule of Civil Procedure 4.04(10) and thus was invalid.

3

"Entry of default and default judgment must be set aside . . . where service of process was improper . . . ." *Berkley v. Williams*, No. 2:17-cv-2909-SHM-atc, 2019 WL 639026, at *5 (W.D. Tenn. Feb. 14, 2019) (quoting *Tkt-Nectir Glob. Staffing, LLC v. Managed Staffing, Inc.*, No. 3:18-CV-099-CHB, 2018 WL 5636163, at *2 (W.D. Ky. Oct. 31, 2018)).  The entry of default arising from Johnson's invalid service must therefore be set aside, and CBU's motion is granted.

## II.   Inappropriate Legal Citations

Johnson's response contains multiple inappropriate legal citations.  (ECF No. 17.)  First, she has either cited cases that do not exist or provided inaccurate citation information.  She cites to *World Relief Corp. v. Sandal*, No. 3:17-cv-01004, 2018 WL 642313 (M.D. Tenn. Dec. 6, 2018), but no case by that name is associated with that case number, Westlaw citation, date, or jurisdiction.  The same is true of her citation to *Woolery v. Hardin County General Hospital*, No. 1:14-01168, 2015 WL 112067 (W.D. Tenn. Jan. 7, 2015)—a case by that name does exist at 2015 WL 2384359, but it has an entirely different case number, Westlaw citation, and date.  And the case she cites as *Regions Bank v. Chas A. Sandford*, 2016 WL 4618466 (Tenn. Ct. App. Aug. 31, 2016), actually appears at 2016 WL 6778188 (Tenn. Ct. App. Nov. 16, 2016).

In addition, several of the cases she cites do not stand for the propositions she cites them for, and several of the quotations she recites do not appear in the cited cases.  For example, Johnson cites *Dassault Systemes v. Childress*, 663 F.3d 832, 841–42 (6th Cir. 2011), with the parenthetical "upholding default where corporation 'chose to do nothing for weeks.'"  (ECF No. 17, at 5.)  In reality, the *Dassault* court reversed the lower court's entry of default judgment, and the phrase "chose to do nothing for weeks" appears nowhere in the opinion.  663 F.3d at 844. Other examples abound.

Johnson's citation to fictitious cases and to legal authority contrary to a cited proposition is highly inappropriate. "Without question, it is improper and unacceptable for litigants—including *pro se* litigants—to submit 'non-existent judicial opinions with fake quotes and citations.'" *Anonymous v. N.Y.C. Dep't of Educ.*, No. 1:24-cv-04232, 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024) (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023)). "Sanctions may be imposed for submitting false and nonexistent legal authority to the Court." *Id.* (citations omitted). The Court declines to impose or recommend sanctions at this time. Johnson is instructed, however, to review any legal citations for accuracy before including them in a filing. Further improper citations to authority, where that authority is cited for a wholly inapplicable proposition or is itself fictitious, will be met with sanctions, up to and including dismissal of this case.

## **CONCLUSION**

For the reasons set forth above, CBU's Motion to Set Aside Entry of Default is GRANTED.

SO ORDERED this 5th day of November, 2025.

                                                                        s/Annie T. Christoff
                                                                        ANNIE T. CHRISTOFF
                                                                        UNITED STATES MAGISTRATE JUDGE