UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DR. LEIGH M. JOHNSON,

    Plaintiff,

vs.                                                   Case No.: 2:25-cv-02618-MSN-atc

CHRISTIAN BROTHERS UNIVERSITY,

    Defendant.

## REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING

**I.    PLANNING MEETING**

The following persons participated in a Rule 26(f) Conference on Thursday, December 4, 2025, by telephone: *pro se* Plaintiff Dr. Leigh M. Johnson, and Stephen W. Vescovo, representing the Defendant.

**II.    INITIAL DISCLOSURES**

The parties shall complete the Initial Disclosures required by Rule 26(a)(1) by **December 23, 2025**.

**III.    DISCOVERY PLAN**

The Parties propose this discovery plan:

    a.    Discovery will be needed on these subjects: Defendant's financial condition and accreditation pressures, decision-making about termination and financial exigency, CBU policies and procedures, Plaintiff's retaliation allegations, and the nature and extent of Plaintiff's alleged damages. Discovery will also be needed on Plaintiff's

1

      retaliation allegations and CBU policies, including tenure and financial-exigency procedures, comparator faculty employment data, as well as mitigation of damages

b.    The maximum number of interrogatories by each party to another party shall be thirty (30), and the parties shall have thirty (30) days in which to respond.

c.    The Parties agree that the maximum number of requests for admissions shall be thirty (30) and that the parties shall have thirty (30) days to respond.

d.    The Parties believe that the maximum number of depositions will be ten (10), not including expert witnesses.

e.    The Parties agree to limit the length of depositions of non-expert witnesses to seven (7) hours.

f.    The Parties agree that the reports of expert witnesses will be provided on or before the deadline set forth in the Scheduling Order.

g.    The Parties agree that any supplementation under Rule 26(e) of the Federal Rules of Civil Procedure shall take place as soon as reasonably practicable; however, no supplementation shall occur beyond the discovery cut-off date.

h.    Disclosure or discovery of electronically stored information should be handled as follows: Parties agree to preserve all electronic communications, including but not limited to electronic mail. If requested, unless otherwise agreed upon, the parties may disclose/produce ESI in hardcopy or static form (e.g., searchable .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Federal Rule of Civil Procedure 34(b)(2)(E)(iii), the parties need not produce the same electronic discovery in more than one form; however, after the production of electronic discovery in a hardcopy

   or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated (e.g., when the original creation date of a document is an issue and disputed) or when a static image is not reasonably usable (e.g., when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file).

i.  If privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

## IV. OTHER ITEMS:

a.  The Parties believe that the case may be appropriate for alternative dispute resolution.

b.  Regarding compliance with the plan for alternative dispute resolution (ADR), the Defendant proposed that the parties engaged in mediation prior to and not later than February 24, 2026. The Defendant also proposed using Darryl Gresham as mediator pursuant to ADR Plan Rule 5.4(c). The Plaintiff indicated during our conference that she will ask that the mediation be delayed until after discovery is completed, with a deadline for mediation of July 31, 2026. Counsel for the Defendant explained that early mediation is required, but Plaintiff would like to address the Court with this request.

c.  The Parties could not agree to a Proposed Scheduling Order. The Defendant is submitting a Proposed Scheduling Order with the dates proposed by the Defendant, in compliance with the Court's model scheduling order, and Plaintiff's proposals in parentheses below each date.

  d.  The Initial Scheduling Conference is scheduled for **December 10, 2025**, at 1:30 p.m. CST before Magistrate Judge Annie Christoff via Microsoft Teams Video.

  e.  The parties expect this jury trial to last four (4) days.

The Parties wish to have the trial before the District Judge.

            Respectfully submitted,

            By: *s/Stephen W. Vescovo*
            Stephen W. Vescovo (#007246)
            SVescovo@lewisthomason.com
            Jamie M. Gibber (#39552)
            JGibber@lewisthomason.com
            **LEWIS THOMASON, P.C.**
            40 S. Main St., Suite 2900
            Memphis, TN 38103-5529
            Telephone: [901] 525-8721


            *s/Dr. Leigh M. Johnson*
            Dr. Leigh M. Johnson
            Pro Se Plaintiff
            1492A Newton Street NW
            Washington, D.C. 20010
            901-679-5937 |
            drleighmjohnson@gmail.com

4920-0577-2415