# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **DR. LEIGH JOHNSON,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 2:25-cv-02618-MSN-atc<br>) |
| **CHRISTIAN BROTHERS UNIVERSITY,** | )<br>) |
| Defendant. | ) |

## SCHEDULING ORDER

Pursuant to written notice and Local Rule 16.2, a scheduling conference was held on December 10, 2025. Present were *pro se* Plaintiff Dr. Leigh Johnson and Steve W. Vescovo, counsel for Defendant Christian Brothers University. Prior to the scheduling conference, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f). At the conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** December 23, 2025

**MOTIONS TO JOIN PARTIES:** March 10, 2026

**MOTIONS TO AMEND PLEADINGS:** March 10, 2026

**MOTIONS TO DISMISS:** April 10, 2026

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** February 24, 2026

      **(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c):**

      MEDIATOR STIPULATION FILING DEADLINE: <u>January 2, 2026</u>[1]

**COMPLETING ALL DISCOVERY:** <u>August 10, 2026</u>

    (a) **WRITTEN DISCOVERY AND DOCUMENT PRODUCTION:** <u>July 10, 2026</u>

    (b) **DEPOSITIONS:** <u>August 10, 2026</u>

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2):**

    (a) **DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION:** <u>June 10, 2026</u>

    (b) **DISCLOSURE OF DEFENDANT'S RULE 26(a)(2) EXPERT INFORMATION:** <u>July 10, 2026</u>

    (c) **EXPERT WITNESS DEPOSITIONS:** <u>August 10, 2026</u>

**SUPPLEMENTATION UNDER RULE 26(e)(1):** <u>August 10, 2026</u>

**MOTIONS TO EXCLUDE EXPERTS/*DAUBERT* MOTIONS:** <u>September 10, 2026</u>

**FILING DISPOSITIVE MOTIONS:** <u>September 10, 2026</u>

**OTHER RELEVANT MATTERS:**

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan.

    **Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Federal Rules of Civil Procedure 12, 56, 59, and 60).**

    Pursuant to the agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

---

[1] As discussed at the Scheduling Conference, if Johnson seeks a waiver of her ADR fees, she must submit an *in forma pauperis* ("IFP") affidavit that demonstrates her inability to pay her portion of mediator fees (and any other fees) in this case.  The IFP affidavit is available at https://www.tnwd.uscourts.gov/sites/tnwd/files/AO239-fillable_0.pdf.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within forty-five days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within thirty days before the discovery deadline, the motion to compel must be filed within thirty days after such default or service.

This case is set for a jury trial. The parties do not consent to trial before the Magistrate Judge. The parties anticipate the trial will last approximately four days. The dates of the joint proposed pretrial order, the pretrial conference, and trial will be set by the District Judge.

The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d) and ADR Plan Rule 5.11(b), within seven days of the mediator's submission of "Mediation Certification" and within fourteen days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Federal Rule of Civil Procedure 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to timely respond to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Federal Rule of Civil Procedure 12(b) or 56, without leave of the Court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within seven days of service of the response, setting forth the reasons a reply is required.

Plaintiff may submit filings to the Clerk's Office via email in this case. Filings submitted via email should be sent to intaketnwd@tnwd.uscourts.gov.

**This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.**

SO ORDERED this 11th day of December, 2025.

                                                          s/Annie T. Christoff
                                                          ANNIE T. CHRISTOFF
                                                          UNITED STATES MAGISTRATE JUDGE