# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| DR. LEIGH M. JOHNSON, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Case No. 2:25-cv-02618-MSN-atc |
|  | ) |
| CHRISTIAN BROTHERS UNIVERSITY, | ) |
|  | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR ENTRY OF PROPOSED
## LIMITED STIPULATED PROTECTIVE ORDER

**INTRODUCTION**

Plaintiff Dr. Leigh M. Johnson, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 26(c) for entry of Plaintiff's Proposed Limited Stipulated Protective Order (attached hereto as Exhibit B) as the operative protective order governing discovery in this case. Plaintiff does not oppose a properly tailored protective order; indeed, she proposed one the day after Defendant transmitted its own draft. The present dispute exists only because Defendant neither accepted Plaintiff's narrowed proposal nor identified any specific objection to it. Defendant instead went silent.

Plaintiff has satisfied the meet-and-confer requirement of Rule 26(c)(1). On January 27, 2026, she transmitted a detailed written objection letter identifying twelve specific

deficiencies in Defendant's proposed order by paragraph reference, transmitted a complete counter-proposal, and requested a response by February 2, 2026. As of the date of this filing—thirty-nine days after Plaintiff's response deadline—Defendant has not responded in any form.

A protective order is urgently needed. Defendant's own January 26 transmittal letter requested production of discovery material ahead of mediation—before any protective framework was in place. Written discovery and document production closes July 10, 2026; all discovery closes August 10, 2026. Without a protective order in place, Plaintiff has no framework within which to compel or receive Defendant's personnel files, financial records, and internal communications, and no mechanism to ensure that any FERPA-governed student records produced by Defendant are handled appropriately. Pursuant to Local Rule 7.2(a)(1)(A), Plaintiff has submitted a proposed granting order in word-processing format to the Court's ECF mailbox contemporaneously with this motion.

**BACKGROUND**

The following chronology is supported by the exhibits attached to this motion and reflects the full meet-and-confer record.

**December 23, 2025**   Defense counsel Stephen Vescovo transmitted CBU's Rule 26(a) initial disclosures and represented in writing that a confidentiality agreement "discussed with the magistrate" would be forthcoming for Plaintiff's review. (Exhibit C, Vescovo email of Dec. 23, 2025.)

**January 21, 2026**   Plaintiff sent a written reminder to Mr. Vescovo noting that the confidentiality agreement had still not been provided, approximately one month after his December 23 representation, and again requested the document.

| | |
|---|---|
| **January 25, 2026** | Mr. Vescovo internally forwarded Plaintiff's January 21 reminder to associate Jamie Gibber with the instruction: "Send her the Confidentiality Agreement. thanks." (Exhibit C, Vescovo internal forward of Jan. 25, 2026.) |
| **January 26, 2026** | Thirty-four days after Mr. Vescovo's December 23 representation, Ms. Gibber transmitted Defendant's proposed "Agreed Bilateral Protective Order" (Exhibit A). The transmittal email simultaneously requested that Plaintiff produce documents referenced in her Initial Disclosures—including the audio recording of the December 7, 2023, termination meeting—before any protective framework had been agreed upon or entered by the Court. |
| **January 27, 2026** | Plaintiff responded the following day with a letter identifying twelve specific deficiencies in Defendant's proposed order by paragraph reference (Exhibit C). Plaintiff simultaneously transmitted her complete proposed Limited Stipulated Protective Order (Exhibit B) and requested a response—agreement or a redline with explanation for any contested provisions—by February 2, 2026. Plaintiff also voluntarily produced the audio recording Defendant had requested, notwithstanding the absence of any protective framework. |
| **February 2, 2026** | Plaintiff's stated response deadline passed. Defendant provided no response. |

**February 5–6, 2026**   Court-ordered mediation was conducted before mediator Darryl D. Gresham. The case did not settle. Mediator Gresham filed the Mediation Certification (ECF 32) on February 6, 2026, confirming mediation was complete and the case would proceed pursuant to the Court's scheduling order. The protective order dispute remained entirely unresolved.

**March 13, 2026**   Thirty-nine days after Plaintiff's February 2 deadline, Defendant has not responded to Plaintiff's counter-proposal, has not identified any specific objection to any provision of Plaintiff's proposed order, and has not contacted Plaintiff regarding the protective order in any form.

**ARGUMENT**

**I. The Meet-and-Confer Requirement of Rule 26(c) Is Satisfied.**

Federal Rule of Civil Procedure 26(c)(1) requires that a motion for a protective order include a certification that the movant "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Plaintiff has satisfied this requirement. Her January 27, 2026, letter constitutes a detailed, good-faith attempt to resolve the dispute: it identified twelve specific deficiencies by paragraph number, proposed a complete alternative protective order, and requested a written response by a date certain. Plaintiff also voluntarily produced the audio recording Defendant had requested, demonstrating good-faith engagement across all outstanding issues simultaneously.

Defendant's failure to respond for thirty-nine days after Plaintiff's deadline renders further correspondence futile. Rule 26(c) requires a good-faith attempt to confer—not an obligation to continue sending unanswered letters indefinitely while discovery time runs out. Plaintiff made a detailed written attempt. Defendant chose not to engage.

4

Requiring additional correspondence before Plaintiff may seek court relief would reward Defendant's dilatory conduct and further compress a schedule that already calls for the close of written discovery on July 10, 2026, and the close of all discovery on August 10, 2026.

**II. Good Cause Exists for Entry of Plaintiff's Proposed Protective Order.**

Rule 26(c) authorizes the Court to enter a protective order "for good cause" to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense." Good cause exists here. This employment discrimination case will require production of non-public personnel files, financial records, internal communications, and student education records subject to FERPA. A protective order governing the handling of such material is plainly warranted. The question before the Court is not whether a protective order should enter, but which order.

**A. Plaintiff's Proposed Order Is Properly Tailored to This Case.**

Plaintiff's proposed Limited Stipulated Protective Order is appropriate for the following reasons:

> **1. Single designation tier with a defined standard.** The order creates one designation level—CONFIDENTIAL—defined by specific, enumerated categories of genuinely sensitive material: FERPA-protected student records, personnel and HR files, medical information, financial account identifiers, and bona fide proprietary business information. A single, well-defined tier prevents over-designation and provides both parties with clear, predictable guidance.
>
> **2. Explicit prohibition on blanket or mass designations.** Section 4.2 expressly prohibits mass designations of entire productions, categories, or folders without document-specific review, and requires that all designations comply with the good-faith standard of Rule 26(g). This protection is particularly important for a pro se litigant who lacks the resources to challenge improper designations on a

5

document-by-document basis after the fact.

3. **No restriction on underlying facts or personal knowledge.**  Section 7 makes clear that the order restricts only the disclosure of designated documents—not a party's ability to discuss the case, the claims, the defenses, or facts within her own personal knowledge. This is consistent with the purpose of Rule 26(c) and prevents the order from functioning as a gag clause.

4. **No automatic sealing.**  Section 12.1 provides that Protected Material may not be filed under seal absent compliance with the Court's rules and a separate Court order. This is consistent with the strong presumption of public access to judicial records recognized by the Sixth Circuit. See Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016). The provision also accounts for the fact that Plaintiff files by email through the Clerk, not through CM/ECF.

5. **Protection against retroactive designation prejudice.**  Section 4.2 provides that retroactive designations may not be used to prejudice the Receiving Party's prior filings, deadlines, or work product. This prevents a producing party from transmitting documents without designation, allowing the opposing party to rely on them, and then retroactively restricting their use.

6. **Provision for pro se litigation support.**  Section 6(j) permits Plaintiff to disclose Protected Material to up to two litigation support persons who assist with organizing, copying, scanning, and case preparation, provided they execute the acknowledgment attached to the proposed order. This provision addresses a practical access-to-justice need that arises directly from Plaintiff's pro se status.

7. **Prohibition on designation of opponent-authored materials.**  Section 4.4 prevents a party from designating as Confidential any document authored by or sent directly to the Receiving Party, with narrow exceptions for third-party personal identifiers. This ensures that Plaintiff cannot be restricted from using in this litigation documents sent directly to her or that she authored, including

communications central to her claims.

## B. Defendant's Proposed Order Contains Provisions That Are Overbroad, Improper, and Unworkable.

Defendant's proposed order is not an appropriate baseline. Each of the following deficiencies was identified in Plaintiff's January 27, 2026, objection letter and has never been addressed:

1. **Three vague designation tiers.** Defendant's draft creates three designation levels: CONFIDENTIAL, TRADE SECRET, and "SUBJECT TO PROTECTIVE ORDER." The third category is circular and self-defining: it provides no standard for what qualifies for protection and invites designation of any document a party finds strategically inconvenient. A protective order must define what qualifies for protection; a tier that refers back to the order itself without further definition fails that requirement.

2. **Blanket deposition confidentiality.** Defendant's draft treats all deposition testimony as confidential for thirty days following receipt of the transcript and permits entire depositions to be pre-designated as confidential before they are taken. This is unnecessary, inconsistent with the principle that designations should be limited to specific material warranting protection, and ripe for abuse.

3. **Automatic sealing requirement.** Defendant's draft requires that designated material used in any court filing be filed under seal automatically, without a motion or court order. This conflicts with the Sixth Circuit's presumption of public access to judicial records. Shane Group, 825 F.3d at 305–06. Sealing requires a particularized showing; it cannot flow automatically from a party's unilateral designation decision. The provision also fails to account for Plaintiff's email-filing procedure under the Court's scheduling order.

**4. "Other matters involving CBU" restriction.** Defendant's draft prohibits use of designated material in "matters other than this lawsuit, including other matters involving Christian Brothers University." This extends far beyond preventing competitive misuse of proprietary information—the legitimate purpose of a protective order—and could interfere with Plaintiff's lawful communications with government agencies with jurisdiction over her claims. It is not a permissible restriction in an employment discrimination case.

**5. Irrelevant insurance regulatory provisions.** Paragraph 66 of Defendant's draft references the Tennessee Division of Insurance, the Insurance Services Office, Inc., and Tennessee Code Annotated Section 56-53-109. This language appears copied from an insurance-defense template and has no application to this employment discrimination case.

**6. Witness access limited to "first-hand knowledge."** Defendant's draft restricts disclosure of Protected Material to witnesses who have "first-hand knowledge" of the specific document at issue. This unnecessarily limits Plaintiff's ability to show documents to witnesses for legitimate purposes such as refreshing recollection, providing context, or authentication.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter Plaintiff's Proposed Limited Stipulated Protective Order (Exhibit B) as the operative protective order governing discovery in this case. Plaintiff has engaged in a good-faith meet-and-confer effort. Defendant did not respond. Written discovery closes July 10, 2026. All discovery closes August 10, 2026. The case cannot proceed into active discovery without a protective framework in place. In the alternative, Plaintiff requests that the Court schedule a brief discovery conference to resolve any remaining disputes regarding the terms of a protective order.

**Certification Pursuant to Fed. R. Civ. P. 26(c)(1):** Plaintiff certifies that she has in good faith conferred or attempted to confer with Defendant in an effort to resolve this dispute without court action. Plaintiff transmitted her twelve-point objection letter and complete counter-proposal on January 27, 2026, and requested a response by February 2, 2026. Defendant has not responded.

Respectfully submitted,

/s/ Dr. Leigh M. Johnson

Dr. Leigh M. Johnson

Plaintiff, Pro Se

1492 Newton Street NW, Apt. A

Washington, DC 20010

(901) 679-5937

drleighmjohnson@gmail.com

Dated: March 13, 2026

---

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, I caused a true and correct copy of the foregoing Plaintiff's Motion for Entry of Proposed Limited Stipulated Protective Order, together with all exhibits thereto, to be served upon Defendant's counsel of record via electronic mail addressed to:

Stephen W. Vescovo

Jamie Gibber

Lewis Thomason, P.C.

40 South Main Street, Suite 2900

Memphis, Tennessee 38103

svescovo@lewisthomason.com

jgibber@lewisthomason.com

/s/ Dr. Leigh M. Johnson

Dr. Leigh M. Johnson

---

## EXHIBITS

**Exhibit A:**   Defendant's Proposed Agreed Bilateral Protective Order (transmitted January 26, 2026)

**Exhibit B:**   Plaintiff's Proposed Limited Stipulated Protective Order (transmitted January 27, 2026)

**Exhibit C:**   Email correspondence reflecting the meet-and-confer record: (i) Vescovo to Johnson, December 23, 2025 (written representation that confidentiality agreement would be sent); (ii) Johnson to Vescovo, January 21, 2026 (written follow-up reminder); (iii) Vescovo internal forward to Gibber, January 25, 2026; (iv) Gibber to Johnson, January 26, 2026 (transmittal of Defendant's proposed order); (v) Johnson to Gibber and Vescovo, January 27, 2026 (twelve-point objection letter and counter-proposal)