# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

*Johnson v. Christian Brothers University*
Case No. 2:25-cv-02618-MSN-atc

---

# EXHIBITS TO PLAINTIFF'S MOTION FOR ENTRY OF PROPOSED LIMITED STIPULATED PROTECTIVE ORDER

**Exhibit A**    Defendant's Proposed Agreed Bilateral Protective Order (January 26, 2026)

**Exhibit B**    Plaintiff's Proposed Limited Stipulated Protective Order (January 27, 2026)

**Exhibit C**     Email Correspondence Reflecting Meet-and-Confer Record: (i)
Vescovo to Johnson, December 23, 2025; (ii) Johnson to
Vescovo, January 21, 2026 (excerpt); (iii) Vescovo internal
forward to Gibber, January 25, 2026; (iv) Gibber to Johnson,
January 26, 2026; (v) Johnson to Gibber and Vescovo, January
27, 2026

# EXHIBIT A

Defendant's Proposed Agreed Bilateral Protective Order

(January 26, 2026)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DR. LEIGH M. JOHNSON,

     Plaintiff,

vs.                                                     Case No.: 2:25-cv-02618-MSN-atc

CHRISTIAN BROTHERS UNIVERSITY,

     Defendant.

## AGREED BILATERAL PROTECTIVE ORDER

The parties, by and through their undersigned counsel, hereby submit this Stipulated Protective Order and state as follows:

A.     Each party possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

B.     The parties therefore request that the Court enter the following Protective Order to properly balance the discovery rights of the parties with their right to protect their private, confidential, proprietary, or trade secret information

The Court hereby ORDERS:

1.     All production and disclosure of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, by a party during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

2.     Information subject to this Protective Order shall be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by a party by stamping "CONFIDENTIAL," "TRADE SECRET," or otherwise indicating confidentiality, trade secret or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object. Any electronically stored information may be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. Designation may only be made after a good faith review by counsel of record and counsel making a

designation shall comply with the standards set forth in Fed. R. Civ. P. 26(g) when designating information as CONFIDENTIAL, TRADE SECRET or SUBJECT TO PROTECTIVE ORDER.

3.    With respect to deposition testimony, a party may, either on the record at the deposition or by written notice to opposing counsel no later than thirty (30) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER.  All testimony, regardless of whether designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until thirty (30) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER prior to being taken because of the anticipated testimony. **Furthermore, any document designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.**

4.    The inadvertent or unintentional disclosure by a party of information considered to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of that party's claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after either party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by a party of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the disclosing party in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If any party becomes aware of a production or disclosure of such protected information, that party shall provide written notice of such production or disclosure to the disclosing party within three (3) days after it becomes aware that protected information has been disclosed or produced.

5.    When information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 8 are present during such presentation, quotation or reference.

6.    Subject to the requirements of Paragraph 10 of this Agreement, no person receiving information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 8

below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by opposing counsel upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 8(h) and/or 10 of this Protective Order.

7.    Except as agreed by the parties or as otherwise provided herein, including in Paragraphs 8(h) and 10 of this Protective Order, information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto, pursuant to Paragraph 8 below.   Except as provided in Paragraphs 8(h), (f)-(k), and 10 of this Protective Order, information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving Christian Brothers University ("CBU").

8.    Information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by either party shall be disclosed only to the following persons:

a.    attorneys actively working on or supervising the work on this case;

b.    persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.    the parties, including designated representatives and counsel for the entity defendant;

d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as *Exhibit A*;

e.    the Court and its employees ("Court Personnel");

f.    stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.    deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as *Exhibit A*;

h.    law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

i.  a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit if the information has been deemed admissible;

j.  anyone as otherwise required by law;

k.  as authorized by the parties specifically; and

l.  other persons by written agreement of the parties when the person has signed a written acknowledgement attached as *Exhibit A*.

9.  Subject to Paragraph 10 of this Protective Order, the recipient of any information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

10.  Nothing in this Protective Order disallows CBU's maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Tennessee Division of Insurance and other applicable state and federal laws; the records retention requirements of the Tennessee Division of Insurance, the Tennessee Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of CBU; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by CBU as permitted and/or required by applicable state and federal law, including Tennessee Code Annotated § 56-53-109, including reporting to the Insurance Services Office, Inc.

11.  Either party may at any time request from the other party, in writing, the release of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel shall attempt to meet and confer. If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, any party may raise the issue of such designation with the Court pursuant to the Court's Practice Standards. Any information submitted to the Court for review shall be submitted under seal and for in camera review. Pending a ruling from the Court, the producing party's designation shall control.

12.  Nothing in this Protective Order shall preclude CBU from responding to a validly issued subpoena, provided, however, that CBU shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

13.  Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated

CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, the party intending to utilize the document must provide notice to the party that originally produced the document. The party that originally produced the document may request that the document be filed with restricted access or under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

14. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

15. Within thirty (30) days of the final determination of this action, each person or party who has received information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be obligated to return the same, including any copies, or to destroy such information and certify that it has been destroyed, except that the recipient need not destroy or return transcripts of depositions and materials filed with the Court, and each party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, subject to the legal requirements for maintenance and destruction of client files by the parties' counsel; provided, however, that the requirements of this Paragraph are subject to the requirements of Paragraphs 8(h) and 10 of this Protective Order and to the routine business practices of CBU. Within seven (7) days of the final determination of this action, counsel of record who has provided information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER to other individuals must inform those individuals that the matter has reached final determination and remind them of the return or destruction obligation. **To the extent that this Protective Order requires the destruction or return of documents at the conclusion of this case, this requirement is not intended to require CBU to return or destroy any documents that it is otherwise required by law to maintain.**

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. Noting in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

18. Any party wishing to use any CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER information or document in any brief, memorandum, motion, affidavit, or other paper filed with the Court shall file the document under seal in the Court's E-filing system, with a note to the Court Clerk referencing this Order.

IT IS SO ORDERED.

_____
Judge

_____
Date

Submitted by:

Stephen W. Vescovo (#7246)
svescovo@lewisthomason.com
LEWIS THOMASON, P.C.
40 S. Main St., Suite 2900
Memphis, TN 38103-5529
Telephone: [901] 525-8721
*Attorney for Defendant*

# EXHIBIT B

Plaintiff's Proposed Limited Stipulated Protective Order

(January 27, 2026)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TENNESSEE

# WESTERN DIVISION

| | | |
|---|---|---|
| DR. LEIGH M. JOHNSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-02618-MSN-atc |
| | ) | |
| CHRISTIAN BROTHERS UNIVERSITY, | ) | |
| Defendant. | ) | |

## LIMITED STIPULATED PROTECTIVE ORDER

The Court, having considered the parties' stipulation and finding good cause under Fed. R. Civ. P. 26(c), enters the following Protective Order. This Order is intended to protect only legitimately confidential, non-public information and to avoid unnecessary restraints on the parties' ability to litigate, communicate with witnesses, and make filings consistent with the Court's rules and the presumption of public access to court records.

## 1. PURPOSE

This Order governs the designation and handling of certain discovery material that qualifies for protection under Rule 26(c). It does not restrict the use or disclosure of information that is public or becomes public through no violation of this Order, nor does it restrict either party from discussing the case based on personal knowledge or publicly available information. Nothing in this Order alters or expands the parties' disclosure or discovery obligations or deadlines under the Federal Rules of Civil Procedure; it governs only the designation and handling of Protected Material.

## 2. DEFINITIONS

2.1 "Action" means Johnson v. Christian Brothers University, Case No. 2:25-cv-02618-MSN-atc.

2.2 "Designating Party" means the party who designates material as Confidential.

2.3 "Receiving Party" means the party who receives designated material.

2.4 "Discovery Material" means all documents, ESI, tangible things, written discovery responses, deposition testimony and exhibits, and other materials produced or exchanged in discovery.

2.5 "Protected Material" means any Discovery Material designated "CONFIDENTIAL" under this Order, and any copy, excerpt, or summary that discloses the substance of Confidential content.

2.6 "CONFIDENTIAL" means non-public information that the Designating Party, after a good-faith review, reasonably believes qualifies for protection under Rule 26(c) because its disclosure is likely to cause a clearly defined injury (e.g., invasion of privacy, disclosure of student education records, medical information, financial account information, or proprietary business information). "CONFIDENTIAL" may include, for example:

    (a) non-public student education records subject to FERPA;

    (b) non-public personnel/HR files and sensitive personal information;

    (c) medical information;

    (d) non-public financial account numbers, SSNs, dates of birth, or similar identifiers;

    (e) bona fide proprietary business information not publicly available.

2.7 Exclusions: Information is not Confidential if it is (a) publicly available at the time of disclosure; (b) already known to the Receiving Party without breach of an obligation of confidentiality; (c) independently developed by the Receiving Party; or (d) lawfully obtained from a third party not bound by confidentiality.

2.8 Single tier only: This Order creates a single designation level, CONFIDENTIAL. No "Attorneys' Eyes Only," "Counsel Only," or similar restriction is permitted absent a separate Court order upon a particularized showing.

2.9 Notes/summaries: This Order does not restrict notes or summaries that do not reveal Confidential content.

**3. SCOPE**

3.1 This Order applies to Protected Material produced in discovery.

3.2 This Order does not automatically apply to trial testimony or trial exhibits. The use of Protected Material at hearings or trial will be governed by the Court's evidentiary rulings and any specific protective measures ordered upon a particularized showing.

## 4. DESIGNATION

4.1 Documents/ESI: The Designating Party must clearly mark Protected Material "CONFIDENTIAL" on each page (where practicable) or identify the specific files/ranges by written notice (e.g., Bates ranges or filenames). Nothing in this Order requires production in any particular format; production format (including native files and metadata) is governed by Rule 34 and the parties' agreements.

4.2 Care and timing in designation: Designations must be limited to material that qualifies under §2.6 and must comply with Fed. R. Civ. P. 26(g). Over-designation is prohibited. Designations must be made at the time of production or promptly upon discovery of the need for designation. Retroactive designations may not be used to prejudice the Receiving Party's filings, deadlines, or work product. A failure to designate material as CONFIDENTIAL at the time of production does not waive the right to seek protection, but any corrected designation shall not operate to prejudice the Receiving Party's prior use, filings, or work product made before notice of the corrected designation. Blanket or mass designations (e.g., designating entire productions, categories, or folders without document-specific review) are prohibited.

4.3 Redactions: The parties should redact SSNs, full dates of birth, and financial account numbers where feasible, rather than designating entire documents.

4.4 No designation of opponent-authored materials (limited exception): A party may not designate as Confidential any document authored by or sent to the Receiving Party, unless confidentiality is limited to non-public third-party personal identifiers (SSNs/account numbers, medical information, student records) or bona fide proprietary attachments not previously shared with the Receiving Party.

## 5. DEPOSITIONS

5.1 On-the-Record Designation: A party may designate deposition testimony or exhibits as Confidential on the record.

5.2 Post-Transcript Designation: A party may designate specific portions of testimony as Confidential by written notice within fourteen (14) days after receiving the final transcript.

5.3 No Blanket Rule: Deposition testimony is not Confidential by default. Only designated portions are Protected Material.

## 6. ACCESS TO PROTECTED MATERIAL

Protected Material may be used solely for prosecuting, defending, or attempting to settle this Action and may be disclosed only to:

(a) the parties, including Plaintiff (pro se) and Defendant's designated representatives;

(b) counsel of record (if any) and their staff assisting with this Action;

(c) the Court and Court personnel;

(d) court reporters/videographers involved in this Action;

(e) experts/consultants retained for this Action who sign Exhibit A;

(f) witnesses or potential witnesses as reasonably necessary for preparation, deposition, or trial, provided they sign Exhibit A (no "first-hand knowledge" prerequisite);

(g) any mediator or ADR neutral involved in this Action and the mediator's staff/administration assisting with the ADR process.;

(h) any person to whom disclosure is required by law, court order, or valid subpoena, subject to §11;

(i) any other person by written agreement of the parties or order of the Court;

(j) up to two litigation support persons assisting Plaintiff (pro se) with organizing, copying, scanning, and case preparation, who signs Exhibit A; and

(k) litigation support vendors (e.g., copying/scanning, ESI processing, trial presentation) retained for this Action, who agree to be bound by this Order (by signing Exhibit A or a substantially similar written acknowledgment).

## 7. NO GAG ORDER / UNDERLYING FACTS

7.1 This Order restricts only the disclosure of Protected Material. It does not restrict either party from discussing the Action, claims, defenses, allegations, or underlying facts, so long as Protected Material is not disclosed.

7.2 Nothing in this Order prevents a party from communicating in good faith with government agencies or regulators with lawful jurisdiction, or as otherwise required by

law, provided the party does not publicly disclose Protected Material except as required by law or lawful process. Any such disclosure shall be limited to the minimum necessary.

## 8. SECURITY

8.1 The Receiving Party must store Protected Material in a reasonably secure manner and use it only as permitted by this Order.

8.2 Unauthorized disclosure: If Protected Material is disclosed to any person not authorized under this Order, the disclosing person must promptly notify the Designating Party, take reasonable steps to retrieve the material, and request that the recipient sign Exhibit A as soon as practicable.

## 9. CHALLENGING DESIGNATIONS

9.1 Meet and Confer: A Receiving Party may challenge a designation at any time by written notice identifying the material and stating the basis for the challenge. The parties must meet and confer in good faith within ten (10) days.

9.2 Court Resolution: If unresolved, any party may move the Court for relief under the Court's procedures. The Designating Party bears the burden to show that the designation is proper.

9.3 Pending Ruling: Until the Court rules, the material will be treated as designated.

## 10. INADVERTENT PRODUCTION / CLAWBACK

10.1 Privilege: Pursuant to Fed. R. Evid. 502(d), the production of privileged or work-product material in this Action is not a waiver in this or any other proceeding.

10.2 Procedure: If a Producing Party notifies the Receiving Party that material is privileged/work-product, the Receiving Party must, within seven (7) days, return, sequester, or destroy the specified material and any copies, and must not use or disclose it until the claim is resolved, consistent with Fed. R. Civ. P. 26(b)(5)(B).

10.3 Confidentiality Re-Designation: If a Producing Party inadvertently fails to mark material Confidential, it may promptly correct the designation by written notice. The Receiving Party must thereafter treat it as Confidential, but is not required to destroy work product already created (including notes, outlines, timelines, and drafts created before receipt of the corrected designation). The parties will cooperate to replace unmarked copies where practicable.

## 11. SUBPOENAS OR OTHER COMPULSORY PROCESS

If any person or entity is served with a subpoena or other compulsory process that seeks Protected Material, that person/entity must promptly notify the Designating Party (within five (5) business days, and in any event before production) and cooperate to allow the Designating Party an opportunity to seek protection, unless prohibited by law. Nothing in this paragraph requires a person/entity to violate a legal deadline; if compliance is required before the Designating Party can seek relief, the person/entity shall produce only what is required and shall seek to minimize disclosure (e.g., by requesting confidential treatment).

## 12. FILING WITH THE COURT / SEALING

12.1 No Automatic Sealing: Protected Material may not be filed under seal absent compliance with the Court's rules and a Court order.

12.2 Procedure: Any party seeking to file Protected Material under seal must file an appropriate motion and make the required showing. Where feasible, the filing party should submit a redacted public version and an unredacted version for restricted review.

12.3 Pro Se Filing: Because Plaintiff files by email through the Clerk as directed, the parties will cooperate on a practical method for submitting any unredacted materials for restricted review consistent with the Court's procedures.

12.4 Meet and confer / redaction first: Before moving to seal, the parties must confer regarding whether redactions can adequately protect the Confidential information.

## 13. FINAL DISPOSITION

Within sixty (60) days after final termination of this Action, each Receiving Party must either destroy Protected Material or return it to the Designating Party, except that each party may retain one complete archival copy of its litigation file (including pleadings, discovery, transcripts, correspondence, motion papers, and attorney/work product materials), which remains subject to this Order. The archival copy may be retained in electronic form in reasonably secure storage.

## 14. NO ADMISSION / NO DETERMINATION OF ADMISSIBILITY

Nothing in this Order determines relevance, admissibility, or authenticity of any material, nor constitutes an admission regarding confidentiality, privilege, or protection.

## 15. HEARINGS AND TRIAL

15.1 Advance planning: At least fourteen (14) days before any hearing or trial at which a party reasonably expects to use Protected Material, the parties shall meet and confer regarding proposed handling (redactions, limited courtroom measures, or sealing motions).

15.2 Motions: Any motion seeking special protections for use of Protected Material at a hearing or trial shall be filed sufficiently in advance to permit the Court's consideration.


16. SURVIVAL AND MODIFICATION

This Order survives final termination of this Action and may be modified for good cause by the Court on motion or by written stipulation approved by the Court.


IT IS SO ORDERED.


Dated: _____

_____

                         ANNIE T. CHRISTOFF
                         UNITED STATES MAGISTRATE JUDGE


AGREED AND STIPULATED:


_____

_____

Leigh M. Johnson, Plaintiff (pro se)     Counsel for Defendant

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that:

1. I have read and understand the Limited Stipulated Protective Order entered in Johnson v. Christian Brothers University, Case No. 2:25-cv-02618-MSN-atc.

2. I agree to comply with and be bound by all terms of that Order.

3. I will not disclose any Protected Material except as permitted by the Order.

4. I submit to the jurisdiction of the United States District Court for the Western District of Tennessee for purposes of enforcement of the Order.

Date: _____

Signature: _____

Printed Name: _____

Address: _____

Phone/Email: _____

# EXHIBIT C

Email Correspondence Reflecting Meet-and-Confer Record

# EXHIBIT C

## Email Correspondence Reflecting Meet-and-Confer Record

*Johnson v. Christian Brothers University*, No. 2:25-cv-02618-MSN-atc

---

This exhibit contains five emails presented in chronological order. Portions of the underlying email threads unrelated to the protective order dispute (including mediator scheduling logistics) have been omitted. Omissions are indicated where they occur.

---

### Email 1 of 5

---

Email 1 of 5

| | |
|---|---|
| **Date:** | Tuesday, December 23, 2025, 3:31 PM |
| **From:** | Vescovo, Steve W. <SVescovo@lewisthomason.com> |
| **To:** | Leigh Johnson <drleighmjohnson@gmail.com> |
| **Subject:** | Dr. Leigh Johnson -v- CBU UTI01.10003 Claim: 10401294 December 23, 2025 |

Dr. Johnson, enclosed are the Rule 26 disclosures of CBU with the separate attachments. We will be sending you the Confidentiality Agreement that was discussed with the magistrate for your review.

*[Portions of email thread omitted — unrelated to protective order dispute]*

---

### Email 2 of 5

---

Email 2 of 5

| | |
|---|---|
| **Date:** | Wednesday, January 21, 2026, 11:56 AM |
| **From:** | Leigh Johnson <drleighmjohnson@gmail.com> |
| **To:** | Vescovo, Steve W. <SVescovo@lewisthomason.com> |
| **Subject:** | Re: Johnson v. Christian Brothers University UTI1M.10003 Claim: 10401294 January 21, 2026 |

Mr. Vescovo,

*[Portions of email thread omitted — unrelated to protective order dispute]*

Second, you still have not provided the Confidentiality Agreement for my review. (It's now been about a month.) Please send that document at your earliest convenience.

Regards,

Dr. Leigh M. Johnson

---

### Email 3 of 5

---

Email 3 of 5

**Date:**    Sunday, January 25, 2026, 5:25 PM

**From:**    Vescovo, Steve W. <SVescovo@LewisThomason.com>

**To:**    Gibber, Jamie <jgibber@lewisthomason.com>

**Subject:**    Fw: Johnson v. Christian Brothers University UTI1M.10003 Claim: 10401294 January 21, 2026

Send her the Confidentiality Agreement. thanks

*[Internal forward of Plaintiff's January 21, 2026 email, reproduced above as Email 2.]*

---

### Email 4 of 5

---

Email 4 of 5

**Date:**    Monday, January 26, 2026, 3:43 PM

**From:**    Gibber, Jamie <jgibber@lewisthomason.com>

**To:**    Leigh Johnson <drleighmjohnson@gmail.com>

**Subject:**    Johnson v. Christian Brothers University UTI1M.10003 Claim: 10401294 January 21, 2026

Dr. Johnson:

Hope you are doing well. My name is Jamie Gibber and I am assisting Mr. Vescovo with this case. I am attaching a copy of the proposed protective order for your review. Also, can you please provide the documents referenced in your initial disclosures at section III.A. ahead of next week's mediation? At a minimum, we need the audio recording referenced in III.A.2. If the files are too large to send via email, please let me know and I can send you a secure link to upload the documents to.

Thanks,

Jamie

Jamie Gibber, Lawyer | Lewis Thomason, P.C. | 40 South Main Street, Suite 2900 | Memphis, TN 38103 | Tel: 901-525-8721

---

### Email 5 of 5

Email 5 of 5

**Date:**      Tuesday, January 27, 2026, 1:18 PM

**From:**      Leigh Johnson <drleighmjohnson@gmail.com>

**To:**        Gibber, Jamie <jgibber@lewisthomason.com>

**Cc:**        Vescovo, Steve W. <SVescovo@lewisthomason.com>

**Subject:**   Re: Johnson v. Christian Brothers University UTI1M.10003 Claim: 10401294 January 21, 2026

Ms. Gibber,

Thank you for your email and for coordinating with Mr. Vescovo. I have attached the native audio recording of the Dec. 7, 2023 termination meeting referenced in my Initial Disclosures, as well as a draft transcript. The audio remains the authoritative source.

I have also reviewed Defendant's proposed "Agreed Bilateral Protective Order," which is materially overbroad and unworkable for a pro se litigant. I am willing to stipulate to a narrowly tailored protective order that protects truly sensitive, non-public information (e.g., student education records subject to FERPA, medical information, SSNs/account numbers, and bona fide proprietary business information). However, Defendant's draft would (a) permit sweeping over-designation, (b) impose unnecessary restraints beyond what a protective order should do, and (c) create filing/sealing requirements that are not compatible with pro se filing by email through the Clerk.

Below are my specific objections to Defendant's draft (by paragraph reference):

**Overbroad scope / includes trial testimony (¶25, ¶29, ¶33)**

   • The order purports to govern essentially "all information," including trial testimony, and would allow confidentiality designations to follow material into depositions and proceedings. Trials are presumptively public, and any request for closed proceedings or restricted access should be addressed on a document-by-document basis with an appropriate showing.

**Improper / vague designation category ("SUBJECT TO PROTECTIVE ORDER") (¶25, ¶27)**

   • "Subject to Protective Order" is circular and creates a catch-all that invites over-designation. A protective order should define what qualifies as confidential and limit designations to that definition.

**Blanket deposition confidentiality and "entire deposition" designations (¶29)**

   • The draft makes all deposition testimony confidential for 30 days and allows entire depositions to be pre-designated. This is unnecessary and ripe for abuse. Only specifically designated portions should be confidential, with a reasonable designation window.

3

**Extreme return/destroy requirement after re-designation (¶31)**

- The requirement to return/destroy a "non-designated set" within three (3) days is not workable for a pro se litigant and invites gamesmanship (produce first, re-designate later, then force purge). Any inadvertent-designation procedure must be reasonable and should not require destruction of my work product.

**Speech-chilling "no other use" language (¶35, ¶37)**

- The combination of ¶35 and ¶37 operates as a broad gag clause. A protective order may restrict the disclosure of designated documents, but it should not restrict my ability to discuss the case generally, speak about facts within my personal knowledge, or respond to public statements—so long as I do not disclose protected material.

**"Other matters involving CBU" restriction (¶37)**

- The draft attempts to prevent any use "in matters other than this lawsuit, including other matters involving CBU." That goes beyond preventing competitive misuse and could interfere with lawful, good-faith reporting to appropriate agencies or compliance with legal obligations.

**Witness access limited to "first-hand knowledge" (¶52)**

- This limitation can prevent me from showing documents to potential witnesses for purposes of refreshing recollection or authenticating documents. It is unnecessarily restrictive.

**Paragraph 66 is irrelevant and unacceptable**

- ¶66 appears to be copied from an insurance/claims template (references to Tennessee Division of Insurance, Insurance Services Office, Inc., and Tenn. Code Ann. § 56-53-109). It is not tailored to this case and creates unilateral carve-outs for Defendant. It must be removed.

**Automatic sealing / in camera requirements (¶68, ¶82, and parts of ¶72)**

- The draft requires information submitted for review to be filed "under seal" and mandates sealing of any confidential material used in filings. Sealing is not automatic; it requires a motion and a specific showing under the Court's standards. Also, ¶82 assumes CM/ECF filing, which is not available to me; I file by email through the Clerk as directed.

**Subpoena notice provisions are one-sided (¶70)**

- Notice obligations should apply to any receiving party served with a subpoena for protected material, not just CBU.

**Post-case return/destruction provisions unfairly favor Defendant (¶76)**

- The draft gives Defendant additional carve-outs ("routine business practices of CBU") and is not symmetrical. Both sides should be permitted to retain an archival litigation file (securely) for legitimate needs (taxes, enforcement, professional protection, etc.), while continuing to protect confidential material from public disclosure.

For efficiency, I am attaching my proposed replacement order: **Plaintiff's Proposed Limited Stipulated Protective Order**. Please have Mr. Vescovo review it and provide Defendant's response (agreement or a redline with a brief explanation for any contested provisions) by **February 2, 2026**.

Regards,

Dr. Leigh M. Johnson

Plaintiff (pro se)

*Attachments transmitted with this email: (1) Plaintiff's Proposed Limited Stipulated Protective Order (PDF); (2) Termination Meeting Transcript (PDF); (3) Termination Meeting Audio Recording, Dec. 7, 2023 (M4A).*