UTI01.10003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

DR. LEIGH M. JOHNSON,

    Plaintiff,

v.                                                      Civil Action No.: 2:25-cv-02618-MSN-atc

CHRISTIAN BROTHERS UNIVERSITY,

    Defendant.

## CHRISTIAN BROTHERS UNIVERSITY'S
## MOTION TO STRIKE AMENDED COMPLAINT AND
## INCORPORATED MEMORANDUM OF LAW

Defendant, Christian Brothers University ("CBU"), by and through its counsel, moves to strike Plaintiff Dr. Leigh Johnson's ("Plaintiff") untimely and improper amended pleading under Federal Rule of Civil Procedure 12(f).  CBU respectfully moves this Court to enter an order striking Plaintiff's Amended Complaint (ECF No. 33) as it is procedurally improper and untimely. In support of its motion, CBU states as follows:

### RELEVANT PROCEDURAL HISTORY

On June 17, 2025, *pro se* Plaintiff Dr. Leigh M. Johnson ("Plaintiff") filed her Complaint bringing claims of sex discrimination, retaliation, and breach of contract against CBU.  (ECF No. 2.)  After the moving the Court clerk for an entry of default (ECF No. 14), the Court Clerk filed an Entry of Default as to CBU.  (ECF No. 15.)  CBU promptly moved to set aside the entry of default, highlighting Plaintiff's deficient service.  (ECF No. 16.)  Plaintiff then properly served CBU, and CBU timely filed an answer on August 19, 2025. (ECF No. 19.)  On November 5, 2025, the Court entered an Order Granting CBU's Motion to Set Aside Entry of Default.  (ECF No. 23.)

A Rule 16 scheduling conference was held on December 10, 2025.  (ECF No. 24.)  On December 11, 2025, the Court entered a Scheduling Order.  (ECF No. 28.)  The Scheduling Order set forth a deadline for motions to amend pleadings of March 10, 2026.  (Id.)

On March 10, 2026, Plaintiff filed her Amended Complaint.  (ECF No. 33.)  Plaintiff did not seek CBU's consent and did not file any motion requesting leave of Court to amend her pleading.

## LAW AND ARGUMENT

Plaintiff's Amended Complaint is procedurally improper and must be struck.  Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend her complaint "once as a matter of course **no later than**:  (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]"  Fed. R. Civ. P. 15(a)(1) (emphasis added)..  "In all other cases, a party may amend its pleading **only** with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2) (emphasis added).  "Leave of Court is obtained through a motion."  Kincaid v. Tenn. Dep't of Corr., No. 2:25-cv-02923-SHL-atc, 2025 U.S. Dist. LEXIS 262768, at *2 (W.D. Tenn. Dec. 19, 2025) (citing James v. Norfolk S. Ry. Co., 2025 U.S. App. LEXIS 18426, at *27 (6th Cir. July 22, 2025).  "Pro se litigants must follow the same rules of procedure that govern other litigants."  Berry v. Specialized Loan Servicing, 2019 U.S. Dist. LEXIS 231983, at *6 (W.D. Tenn. Aug. 13, 2019).  "A party opposing a pleading may file a motion under Federal Rule 12(f)(2) to strike the pleading.  Courts in the Sixth Circuit routinely strike amended complaints when those complaints are untimely or improper under the Federal Rules or applicable local rules."  Id.

Here, Plaintiff filed the Amended Complaint over 196 days after her deadline for amendment as a matter of course.  CBU's Answer was filed on August 19, 2025, giving Plaintiff

until September 9, 2025 to amend her Complaint as a matter of course.  Plaintiff did not either seek CBU's consent or file any motion to amend.  Due to Plaintiff's failures, the Amended Complaint is procedurally improper and must be struck.

Moreover, now that the amendment deadline has passed under the Scheduling Order, Plaintiff cannot cure this defect by seeking leave of Court to amend her Complaint.   See Berry v. Specialized Loan Servicing, 2019 U.S. Dist. LEXIS 231983, at *8 (W.D. Tenn. Aug. 13, 2019) ("Although Rule 15(a)(2) instructs courts to 'freely give leave [to amend] when justice so requires,' a Rule 16(b) scheduling order 'controls the cause of action,' and the expiration of a relevant scheduling order deadline may foreclose the parties' opportunity to rely upon Rule 15(a)(2)'s liberal standard.") (citing Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003)).

Finally, Plaintiff's Amended Complaint more than triples the length of the original Complaint and introduces extensive new factual allegations and theories, substantially expanding the scope of discovery and prejudicing CBU if the improper pleading is allowed to remain on the docket.

**CONCLUSION**

Because Plaintiff failed to comply with Rules 15 and 16, the Amended Complaint is procedurally improper and should be struck under Rule 12(f).  CBU respectfully requests that the Court strike Plaintiff's Amended Complaint as improper and untimely.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By:    s/Stephen W. Vescovo
STEPHEN W. VESCOVO (7246)
JAMIE GIBBER   (39552)
2900 One Commerce Square

3

40 S. Main ST.
Memphis, TN  38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*
*Christian Brothers University*

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(1)(B), I hereby certify that on March 24, 2025, I attempted to confer with Plaintiff Dr. Leigh Johnson regarding the relief requested in this Motion.  I called and left a message with Plaintiff and my co-counsel, Jamie Gibber, followed up via email.  Plaintiff never responded.  The parties could not come to an agreement regarding the relief requested in this Motion.

s/*Stephen w. Vescovo*
STEPHEN W. VESCOVO (7246)

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2026, a copy of the foregoing pleading has been delivered to the following by email:

Dr. Leigh M. Johnson
701 South Barksdale Street
Memphis, TN 38104
drleighmjohnson@gmail.com
*Pro se Plaintiff*

s/Stephen w. Vescovo
STEPHEN W. VESCOVO (7246)

4