UTI01.10003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

DR. LEIGH M. JOHNSON,

     Plaintiff,

v.                                                                  Civil Action No.: 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,

     Defendant.

## CHRISTIAN BROTHERS UNIVERSITY'S
## RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Pursuant to Local Rule 7.2(a)(2), Defendant, Christian Brothers University ("CBU"), by and through its counsel, hereby submits its Response to Plaintiff's Motion for Protective Order ("Plaintiff's Motion") (ECF No. 34). In response to Plaintiff's Motion, CBU states as follows:

CBU does not oppose the entry of a protective order. On the contrary, CBU agrees that entry of a protective order is appropriate under Federal Rule of Civil Procedure 26(c). Discovery in this action will necessarily involve sensitive, non-public information, including personnel records, student information protected by FERPA, and other confidential materials. The dispute before the Court is not whether a protective order should enter, but which proposed protective order is proper for this case.

CBU provided Plaintiff with a proposed protective order, as attached to Plaintiff's Motion. (See ECF No. 34-1, Ex. A, at PageID 202–08.) After sending that order, Plaintiff provided several areas of critique and concern. (See ECF No. 34-1, Ex. C, at PageID 221–23.) Plaintiff's concerns were listed with references to paragraph numbers. (See id.) Although Plaintiff references several

paragraphs ranging from Paragraph 25 to Paragraph 76, CBU's original proposed protective order only consisted of eighteen (18) paragraphs.[1]  (See ECF No. 34-1, Ex. A and Ex. C, at PageID 202–08, 221–23.)  Additionally, several of Plaintiff's concerns misstate what CBU's proposed order actually says.  (See id.)

While Plaintiff's proposed order reflects a good-faith effort to address some of her concerns, it reads more like a motion for protective order than an order that the Court would enter. As drafted, the order would unduly constrain CBU's ability to desginate and manage legitimately confidential material, increase the risk of inadvertent disclosure of sensitive third-party information, and invite unnecessary motion practice.  In an effort to alleviate some of Plaintiff's concerns, CBU has revised its original protective order, which it is attaching in redline format as Ex. A.  CBU respectfully submits that a tailored, neutral protective order – incorporating many of Plaintiff's principles but correcting the deficiencies identified below – is the appropriate resolution.

### A.  Issues with Plaintiff's Proposed Order

As noted above, the primary issue with Plaintiff's proposed order is that it reads more like a motion than an order to be entered by the Court.  More substantively, though, Plaintiff's proposed definition of "CONFIDENTIAL" limits protection to material whose disclosure is "likely to cause a clearly defined injury."  (ECF No. 34-1, at PageID 211.)  While such a showing may be appropriate when a party seeks judicial enforcement of confidentiality restrictions, it is not the proper standard for document designation during discovery.  As outlined in the case law cited by Plaintiff, protective orders "are often blanket in nature, and allow the parties to determine in the

---

[1] It would appear that the errors and misstatements made may be a result of Plaintiff's use of artificial intelligence ("AI").  This Court has already admonished Plaintiff for utilizing fictitious citations, which would likely also be the result of Plaintiff's use of AI.  (See ECF No. 23, at PageID 126.)

first instance whether particular materials fall within the order's protection." Shane Grp., Inc. v. Blue Cross Blue Shield, 825 F.3d 299, 305 (6th Cir. 2016). Imposing a "clearly defined injury" requirement at the designation stage effectively collapses the distinction between document marking for discovery and court adjudication. It would force the parties to litigate confidentiality on a document-by-document basis as a prerequisite to basic protection. A more appropriate standard is whether the material is reasonably believed, after a good-faith review, to qualify for protection under Rule 26(c). CBU's proposed order contemplates this.

Plaintiff's order also outlines various different scenarios that would not be encompassed by CBU's proposed order and is unnecessarily overbroad. For example, Plaintiff's proposed order bars a party from designating as confidential any document authored by or sent to the receiving party, with narrow exceptions. This categorical rule does not adequately account for the realities of institutional communications. Plaintiff's order also has several paragraphs that just restate Rules of Evidence and are unnecessary to be included in the protective order. (See, e.g., ECF No. 34-1, at ¶ 10.1, at PageID 214.) Some portions of Plaintiff's order (e.g., the Subpoena Provision at Section 11) do not provide adequate protections and CBU's order is more proper in that regard.

Additionally, Plaintiff's proposed fourteen-day deadline for post-transcript deposition designations is inadequate in light of the institutional review that may be necessary to determine whether testimony implicates FERPA, personnel confidentiality, or other protected interests. Depositions in this matter may involve multiple administrators, references to historic records, and testimony requiring internal consultation before confidentiality determinations can be made responsibly. Courts frequently permit thirty days for such review. A fourteen-day period increases the risk that sensitive testimony will lose protection by default, through no fault of the producing

party.  CBU's proposed order is more appropriate in that regard and does not implicate Plaintiff's concerns (as addressed below).

Plaintiff's proposed order permits disclosure of confidential material to witnesses and potential witnesses whenever "reasonably necessary," without advance notice, relevance limitations, or restrictions on copying or retention.  This provision is particularly concerning where protected student or personnel records are involved.  CBU does not seek to prevent legitimate witness preparation. However, protective orders typically include guardrails such as advance notice, relevance limitations, or restrictions on retention of confidential material following disclosure, as set forth in CBU's Motion.  Plaintiff's proposal provides none of these protections, increasing the risk of unnecessary dissemination of sensitive information beyond those with a legitimate need to know.  Reasonable limitations are necessary to balance trial preparation with privacy obligations under the protective order.

Plaintiff's order authorizes disclosure of Confidential material to "up to two litigation support persons" assisting Plaintiff, without identification, vetting, scope limitation, or differentiation by sensitivity of the material.  While CBU appreciates the challenges faced by pro se litigants, confidentiality obligations do not dissipate based on litigant status. Allowing unrestricted access by unidentified non-professionals to FERPA-protected or personnel records creates unnecessary risk.  At a minimum, such access should be limited to clerical or organizational tasks, subject to advance identification, and exclude particularly sensitive categories absent further order.  It is hard for CBU to imagine what needs may arise as it relates to this case, but CBU would expect that Plaintiff consult with CBU regarding the identity of said "litigation support persons" and guardrails specific to same.  If the parties cannot come to an agreement, they can approach the Court to resolve the dispute.

4

In light of the above, Plaintiff's order is overly broad and restrictive and the Court should instead enter CBU's proposed order, as revised to reflect some of Plaintiff's concerns.

**B.  Addressing Plaintiff's Concerns Outlined in Her Email and Motion:**

As mentioned above, CBU has revised its original proposed order to address and alleviate some of Plaintiff's concerns.  Some of her concerns, though, are unfounded and appear to misstate what the protective order actually provides.  CBU will address each of Plaintiff's concerns (that are not reflected in the revised proposed protective order) in turn below:

(1) *"Blanket Deposition Confidentiality" (ECF No. 34, at PageID 196; ECF No. 34-1 at PageID 221)*

Plaintiff takes issue with Paragraph 3 of CBU's proposed order.  (ECF No. 34, at PageID 196.)  Specifically, Plaintiff takes issue with the fact that deposition testimony is treated as confidential for thirty days following receipt and allows for pre-designation of deposition testimony.  (Id.)  Section 5 of Plaintiff's proposed order, however, provides that a party may designate testimony or exhibits as confidential on the record and allows a party to designate portions of testimony as confidential by written notice within fourteen (14) days of receipt of same.  (See ECF No. 34-1, at PageID 213.)  CBU's proposed order provides thirty (30) days for review, as discussed above.  CBU's proposed order treats all deposition testimony as confidential during that thirty (30) day review period to avoid a situation where the opposing party may have already used confidential testimony under the assumption it was not indeed confidential.  It also avoids situations where the opposing party takes advantage of the review period and makes disclosure of that information.  Plaintiff states that this is "ripe for abuse," yet does not outline any situation where it is abused.  CBU respectfully submits that its proposed order appropriately safeguards confidential deposition testimony and has no risk to Plaintiff.

5

(2) *"Automatic Sealing Requirement" (ECF No. 34, at PageID 196; ECF No. 34-1 at PageID 222)*

Plaintiff asserts that the "draft requires that designated material used in any court filing be filed under seal automatically, without a motion or court order." (ECF No. 34, at PageID 196.) CBU would direct Plaintiff to Paragraph 12 of CBU's proposed order which specifically states: "Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or trial[.]" (ECF No. 34-1, at PageID 206–07.) It specifically outlines the process of providing notice and having the producing party **request** that the document be filed with restricted access or under seal – which clearly contemplates a motion. Presumably, Plaintiff reads Paragraph 16 in a vacuum, which would be improper given Paragraph 12. As reflected in the revised proposed order, Plaintiff can e-mail the clerk with her filings, as she always does, and note that such pleadings be filed under seal. Accordingly, Plaintiff's concerns are unfounded and CBU's proposed order is appropriate.

(3) *"Other Matters Involving CBU Restriction" (ECF No. 34, at PageID 197)*

Plaintiff takes issue with the language in CBU's proposed order that limits the use of confidential information to the instant litigation. She claims this "extends far beyond preventing competitive misuse of proprietary information" and could "interfere with Plaintiff's lawful communications with government agencies with jurisdiction over her claims." (ECF No. 34, at PageID 197.) The entire purpose of a protective order is to limit the use of confidential information to the instant litigation and district courts often enter orders with that limitation in mind. See, e.g., Zelaya v. Hammer, 2022 U.S. Dist. LEXIS 203856, at *12 (E.D. Tenn. Jan. 11, 2022). As to Plaintiff's second concern, it is unclear to CBU what "government agencies" Plaintiff is referring to. To the extent she is referencing her EEOC claim, that claim has been adjudicated and she has been granted a right to sue letter, as alleged in the Complaint. (See Compl.) Accordingly, there

6

would be no further communication needed.  Pre-suit, Plaintiff posted several details of her

complaints against CBU on social media and other widely-available cites. CBU respectfully

submits that a protective order expressly limiting the use of confidential information to the instant

litigation only is essential to protecting CBU's confidential information.

(4)  *"Witness Access Limited to 'First-Hand Knowledge" (ECF No. 34, at PageID 197)*

Plaintiff also takes issue with CBU's proposed order to the extent it restricts disclosure of

confidential material to those who have first-hand knowledge of the document.  (ECF No. 34, at

PageID 197.)  Plaintiff claims this limits her ability to show documents to witnesses for legitimate

purposes like "refreshing recollection," "providing context," or "authentication."  (Id.)  If Plaintiff

were using the document to refresh a witness' recollection or to authenticate said document, the

witness would obviously already have first-hand knowledge of the document.  Accordingly, those

concerns are unfounded.  It is unclear what Plaintiff means by "providing context," but if Plaintiff

were permitted to show any confidential document to any witness under the guise of "providing

context," then it would defeat the purpose of a protective order.  Should Plaintiff need to release

the information as confidential for a legitimate purpose, Paragraph 10 of CBU's proposed order

provides her a mechanism for doing so.  Accordingly, CBU's proposed order is proper in this

regard.

(5)  *"Overbroad Scope / Includes Trial Testimony" (ECF No. 34-1, at PageID 221)*

Plaintiff is concerned that the order purports to govern "all information, including trial

testimony."  (ECF No. 34-1, at PageID 221.)  She is also concerned that it would allow

confidentiality designations to follow material into depositions and proceedings. (Id.) CBU would

direct Plaintiff to Paragraph 12 of CBU's proposed order.  Respectfully, confidentiality

designations should follow material into depositions and proceedings and Paragraph 12 provides

a framework for this procedure that balances the need to use said material at trial and in depositions and pleadings with the need for protection of confidential material.

(6) *"Extreme Return/Destroy Requirement After Re-Designation" (ECF No. 34-1 at PageID 222)*

Plaintiff asserts that CBU's requirement to return/destroy a "non-designated set" within three (3) days is not workable for a pro se litigant and invites gamesmanship. (ECF No. 34-1 at PageID 222.)  It is entirely unclear how such a situation would serve as gamesmanship.  It is also unclear why three (3) days is not a workable option for pro se litigants.  Why would it take anyone – even a pro se litigant – more than three (3) days to destroy a document and prepare a simple written certification of destruction?  Plaintiff's proposed order provides for seven (7) days to return or destroy the inadvertent production.  (See ECF No. 34-1, at PageID 214.)  Plaintiff also states that the inadvertent-designation procedure "should not require destruction of [her] work product." (See ECF No. 34-1, at PageID 222.)  It is similarly unclear what Plaintiff is referring to.  Perhaps this statement alone highlights why a three (3) day period is proper, to avoid a situation where a party can attempt to maintain inadvertently produced confidential documents under the guise of "work product."  While CBU maintains that three (3) days is more than enough time, CBU would respectfully request that if the Court believes a pro se litigant needs more time, that it not provide for a period greater than five (5) days.

(7) *"Post-case Return/Destruction Provisions Unfairly Favor Defendant" (ECF No. 34-1 at PageID 222)*

Plaintiff takes issue with Paragraph 14 (presumably) of CBU's proposed order on the grounds that it is not symmetrical because there is a "carve out" for the "routine business practices of CBU."  (ECF No. 34-1, at PageID 222.)  Plaintiff asserts that, "Both sides should be permitted to retain an archival litigation file (securely) for legitimate needs (taxes, enforcement, professional

protection, etc., while continuing to protect confidential material from public disclosure." (ECF No. 34-1, at PageID 222.) Respectfully, Paragraph 14 provides for that. (See ECF No. 34-1, at PageID 207) ("[**E]ach party** may retain one archival copy of all pleadings in the action[.]") (emphasis added). The only reason for the "routine business practices of CBU" language is to contemplate retention policies and other similar requirements that would be specific to CBU and not Plaintiff.

(8) *"Speech-chilling 'No Other Use' Language" (ECF No. 34-1 at PageID 222)*

It is hard for CBU to adequately address this concern because the paragraph numbers referenced by Plaintiff are not in CBU's proposed order. The proposed order does not "operate as a broad gag close." (ECF No. 34-1 at PageID 222.) While Plaintiff is certainly entitled to discuss the case generally if she so chooses, she cannot "speak about facts within [her] personal knowledge," if they disclose confidential materials under the protective order.

## CONCLUSION

Based on the foregoing, CBU respectfully requests that the Court entered CBU's proposed protective order that is attached hereto as Exhibit B and is being submitted to the Court's ECF inbox.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By:  *s/Stephen W. Vescovo*
STEPHEN W. VESCOVO (7246)
JAMIE GIBBER  (39552)
2900 One Commerce Square
40 S. Main St.
Memphis, TN  38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of March, 2026, a copy of the foregoing pleading has been delivered to the following via email:

Dr. Leigh M. Johnson
701 South Barksdale Street
Memphis, TN 38104
drleighmjohnson@gmail.com
*Pro se Plaintiff*

*s/Stephen w. Vescovo*
STEPHEN W. VESCOVO

4913-8671-5804

10

Exhibit A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DR. LEIGH M. JOHNSON,

     Plaintiff,

vs.                             Case No.: 2:25-cv-02618-MSN-atc

CHRISTIAN BROTHERS UNIVERSITY,

     Defendant.

**AGREED BILATERAL PROTECTIVE ORDER**

     The parties, by and through their undersigned counsel, hereby submit this Stipulated Protective Order and state as follows:

     A.     Each party possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

     B.     The parties therefore request that the Court enter the following Protective Order to properly balance the discovery rights of the parties with their right to protect their private, confidential, proprietary, or trade secret information

     The Court hereby ORDERS:

     1.     All production and disclosure of information designated as CONFIDENTIAL, ~~TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER,~~ by a party during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

     2.     Information subject to this Protective Order shall be designated CONFIDENTIAL, ~~TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER~~ by a party by stamping "CONFIDENTIAL," "~~TRADE SECRET,"~~ or otherwise indicating confidentiality~~, trade secret~~ or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object. Any electronically stored information may be designated as CONFIDENTIAL~~, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER~~ through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. Designation may only be made after a good faith review by

counsel of record and counsel making a designation shall comply with the standards set forth in Fed. R. Civ. P. 26(g) when designating information as CONFIDENTIAL, TRADE SECRET or SUBJECT TO PROTECTIVE ORDER.

3.    With respect to deposition testimony, a party may, either on the record at the deposition or by written notice to opposing counsel no later than thirty (30) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. All testimony, regardless of whether designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until thirty (30) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER prior to being taken because of the anticipated testimony. **Furthermore, any document designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.**

4.    The inadvertent or unintentional disclosure by a party of information considered to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of that party's claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after either party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by a party of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the disclosing party in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If any party becomes aware of a production or disclosure of such protected information, that party shall provide written notice of such production or disclosure to the disclosing party within three (3) days after it becomes aware that protected information has been disclosed or produced.

5.    When information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 8 are present during such presentation, quotation or reference.

6.    Subject to the requirements of Paragraph 10 of this Agreement, no person receiving information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE

ORDER shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information.  Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by opposing counsel upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 8(h) and/or 10 of this Protective Order.

7.      Except as agreed by the parties or as otherwise provided herein, including in Paragraphs 8(h) and 10 of this Protective Order, information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto, pursuant to Paragraph 8 below.  Except as provided in Paragraphs 8(h), (f)-(k), and 10 of this Protective Order, information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving Christian Brothers University ("CBU").

8.      Information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by either party shall be disclosed only to the following persons:

a.  attorneys actively working on or supervising the work on this case;

b.  persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.  the parties, including designated representatives and counsel for the entity defendant;

d.  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as *Exhibit A*;

e.  the Court and its employees ("Court Personnel");

f.  stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.  deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as *Exhibit A*;

h.  law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

i.  a jury involved in litigation concerning the claims and any defenses to any  claims in this lawsuit if the information has been deemed admissible;

j.  anyone as  otherwise required by law;

k.  as authorized by the parties specifically; and

l.  other persons by written agreement of the parties when the person has signed a written acknowledgement attached as *Exhibit A*.

9.      Subject to Paragraph 10 of this Protective Order, the recipient of any information designated  CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

10.      Nothing in this Protective Order disallows CBU's maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Tennessee Division of Insurance and other applicable state and federal laws; the records retention requirements of the Tennessee Division of Insurance, the Tennessee Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of CBU; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by CBU as permitted and/or required by applicable state and federal law, including Tennessee Code Annotated § 56-53-109, including reporting to the Insurance Services Office, Inc.

11.10.  Either party may at any time request from the other party, in writing, the release of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order.  Upon receipt of such request, counsel shall attempt to meet and confer.   If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, any party may raise the issue of such designation with the Court pursuant to the Court's Practice Standards. Any information submitted to the Court for review shall be submitted under seal and for in camera review. Pending a ruling from the Court, the producing party's designation shall control.

12.11.  Nothing in this Protective Order shall preclude CBU any party from responding to a validly issued subpoena, provided, however, that CBU the subpoenaed party shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER.    Production or disclosure of information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

13.12.  Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated

CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, the party intending to utilize the document must provide notice to the party that originally produced the document. The party that originally produced the document may request that the document be filed with restricted access or under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

14.13.   The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

15.14.   Within thirty (30) days of the final determination of this action, each person or party who has received information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be obligated to return the same, including any copies, or to destroy such information and certify that it has been destroyed, except that the recipient need not destroy or return transcripts of depositions and materials filed with the Court, and each party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, subject to the legal requirements for maintenance and destruction of client files by the parties' counsel; provided, however, that the requirements of this Paragraph are subject to the requirements of Paragraphs 8(h) and 10 of this Protective Order and to the routine business practices of CBU.  Within seven (7) days of the final determination of this action, counsel of record who has provided information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER to other individuals must inform those individuals that the matter has reached final determination and remind them of the return or destruction obligation.  **To the extent that this Protective Order requires the destruction or return of documents at the conclusion of this case, this requirement is not intended to require CBU to return or destroy any documents that it is otherwise required by law to maintain.**

16.15.   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17.16.   Noting in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

18.17.   Any party wishing to use any CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER information or document in any brief, memorandum, motion, affidavit, or other paper filed with the Court shall file the document under seal in the Court's E-filing system, with a note to the Court Clerk referencing this Order.

IT IS SO ORDERED.

_____
Judge

_____
Date


Submitted by:

Stephen W. Vescovo (#7246)
svescovo@lewisthomason.com
LEWIS THOMASON, P.C.
40 S. Main St., Suite 2900
Memphis, TN 38103-5529
Telephone: [901] 525-8721
*Attorney for Defendant*

Exhibit B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DR. LEIGH M. JOHNSON,

     Plaintiff,

vs.                                  Case No.: 2:25-cv-02618-MSN-atc

CHRISTIAN BROTHERS UNIVERSITY,

     Defendant.

## BILATERAL PROTECTIVE ORDER

The Court, in consideration of the parties' pleadings, hereby enter this Bilateral Protective Order and state as follows:

A.     Each party possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

B.     The parties have requested that the Court enter the following Protective Order to properly balance the discovery rights of the parties with their right to protect their private, confidential, proprietary, or trade secret information.

The Court hereby ORDERS:

1.     All production and disclosure of information designated as CONFIDENTIALby a party during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

2.     Information subject to this Protective Order shall be designated CONFIDENTIAL by a party by stamping "CONFIDENTIAL" " or otherwise indicating confidentiality or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object. Any electronically stored information may be designated as CONFIDENTIAL through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. Designation may only be made after a good faith review by counsel of record and counsel making a designation shall comply with the standards set forth in Fed. R. Civ. P. 26(g) when designating information as CONFIDENTIALER.

3.       With respect to deposition testimony, a party may, either on the record at the deposition or by written notice to opposing counsel no later than thirty (30) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL.  All testimony, regardless of whether designated as CONFIDENTIAL on the record, shall be treated as CONFIDENTIAL until thirty (30) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL prior to being taken because of the anticipated testimony.  **Furthermore, any document designated as CONFIDENTIAL shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.**

4.       The inadvertent or unintentional disclosure by a party of information considered to be CONFIDENTIAL shall not be deemed a waiver in whole or in part of that party's claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL as soon as reasonably practicable after either party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by a party of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the disclosing party in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If any party becomes aware of a production or disclosure of such protected information, that party shall provide written notice of such production or disclosure to the disclosing party within three (3) days after it becomes aware that protected information has been disclosed or produced.

5.       When information which is CONFIDENTIAL is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 8 are present during such presentation, quotation or reference.

6.       Subject to the requirements of Paragraph 10 of this Agreement, no person receiving information designated as CONFIDENTIAL shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information.  Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by opposing counsel upon order of the Court; provided, however, that the requirements of this

sentence shall not apply to disclosures made pursuant to Paragraphs 8(h) and/or 10 of this Protective Order.

7.      Except as agreed by the parties or as otherwise provided herein, including in Paragraphs 8(h) and 10 of this Protective Order, information designated as CONFIDENTIAL, shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it  is produced  and not disclosed by such party(ies) except to persons entitled to access thereto, pursuant to Paragraph 8 below.  Except as provided in Paragraphs 8(h), (f)-(k), and 10 of this Protective Order, information which is CONFIDENTIAL may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving Christian Brothers University ("CBU").

8.      Information designated as CONFIDENTIAL by either party shall be disclosed only to the following persons:

a.   attorneys actively working on or supervising the work on this case;

b.   persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.   the parties, including designated representatives and counsel for the entity defendant;

d.   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as *Exhibit A*;

e.   the Court and its employees ("Court Personnel");

f.   stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.   deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as *Exhibit A*;

h.   law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

i.   a jury involved in litigation concerning the claims and any defenses to any  claims in this lawsuit if the information has been deemed admissible;

j.   anyone as  otherwise required by law;

k.   as authorized by the parties specifically; and

l.  other persons by written agreement of the parties when the person has signed a written acknowledgement attached as *Exhibit A*.

9.      Subject to Paragraph 10 of this Protective Order, the recipient of any information designated CONFIDENTIAL pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

10.     Either party may at any time request from the other party, in writing, the release of information designated as CONFIDENTIAL from the requirements of the terms and provisions of this Protective Order.  Upon receipt of such request, counsel shall attempt to meet and confer.   If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL, any party may raise the issue of such designation with the Court pursuant to the Court's Practice Standards. Any information submitted to the Court for review shall be submitted under seal and for in camera review. Pending a ruling from the Court, the producing party's designation shall control.

11.     Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the subpoenaed party shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL.   Production or disclosure of information which is designated CONFIDENTIAL may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

12.     Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated CONFIDENTIAL, the party intending to utilize the document must provide notice to the party that originally produced the document. The party that originally produced the document may request that the document be filed with restricted access or under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

13.     The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

14.     Within thirty (30) days of the final determination of this action, each person or party who has received information designated CONFIDENTIAL shall be obligated to return the same, including any copies, or to destroy such information and certify that it has been destroyed, except that the recipient need not destroy or return transcripts of depositions and materials filed with the Court, and each party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to information designated CONFIDENTIAL, subject to the legal requirements for maintenance and destruction of client files

by the parties' counsel; provided, however, that the requirements of this Paragraph are subject to the requirements of Paragraphs 8(h) and 10 of this Protective Order and to the routine business practices of CBU.  Within seven (7) days of the final determination of this action, counsel of record who has provided information designated CONFIDENTIAL to other individuals must inform those individuals that the matter has reached final determination and remind them of the return or destruction obligation.  **To the extent that this Protective Order requires the destruction or return of documents at the conclusion of this case, this requirement is not intended to require CBU to return or destroy any documents that it is otherwise required by law to maintain.**

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

16.     Noting in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL shall be treated at trial.

17.     Any party wishing to use any CONFIDENTIAL information or document in any brief, memorandum, motion, affidavit, or other paper filed with the Court shall file the document under seal in the Court's E-filing system, with a note to the Court Clerk referencing this Order.

IT IS SO ORDERED.

_____
Judge

_____
Date

Submitted by:

Stephen W. Vescovo (#7246)
svescovo@lewisthomason.com
LEWIS THOMASON, P.C.
40 S. Main St., Suite 2900
Memphis, TN 38103-5529
Telephone: [901] 525-8721
*Attorney for Defendant*