# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

DR. LEIGH M. JOHNSON,

Plaintiff,

v.                                                         No. 2:25-cv-02618-MSN-atc

CHRISTIAN BROTHERS UNIVERSITY,

Defendant.

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AMENDED COMPLAINT

Plaintiff Dr. Leigh M. Johnson, proceeding pro se, respectfully opposes Christian Brothers University's ("CBU") Motion to Strike Amended Complaint (ECF No. 35). CBU raises a procedural objection under Rule 15(a)(2) to Plaintiff's filing of the First Amended Complaint (ECF No. 33) without a separate motion for leave or written consent. Plaintiff tendered the Amended Complaint on March 10, 2026, the date set by the Scheduling Order (ECF No. 28) for amendment-related filings. The Amended Complaint asserts the same three causes of action as the original Complaint—sex discrimination and retaliation under Title VII, and breach of contract—and adds no new causes of action. Discovery remains fully open, and CBU has identified no concrete prejudice from allowing the pleading to remain operative while the Court resolves Plaintiff's contemporaneously filed Motion for Leave to File Amended Complaint Nunc Pro Tunc. The appropriate remedy is leave to amend, not erasure of a pleading tendered on the Court's own amendment deadline.

### RELEVANT PROCEDURAL BACKGROUND

1

On June 17, 2025, Plaintiff filed her original Complaint asserting claims of sex discrimination, retaliation, and breach of contract arising from her termination as a tenured Associate Professor of Philosophy at CBU. (ECF No. 2.) CBU filed its Answer on August 19, 2025. (ECF No. 19.) On December 11, 2025, Magistrate Judge Christoff entered the Scheduling Order setting the following relevant deadlines: motions to amend pleadings, March 10, 2026; written discovery and document production, July 10, 2026; all discovery, August 10, 2026; dispositive motions, September 10, 2026. (ECF No. 28.)

On March 10, 2026—the amendment deadline—Plaintiff filed her First Amended Complaint. (ECF No. 33.) The Amended Complaint asserts the same three causes of action as the original. It does not add new causes of action. It provides more complete factual allegations, a clearer chronology of events, and more readable organization. Plaintiff did not file a separate motion for leave to amend concurrently with the Amended Complaint.

On March 24, 2026, CBU filed its Motion to Strike, arguing that the Amended Complaint must be stricken because it was filed without leave of court or written consent. (ECF No. 35.) Two aspects of that filing are worth noting. The Certificate of Consultation certifies that defense counsel attempted to confer with Plaintiff on "March 24, 2025"—one year before the motion was filed. (Id. at 4.) The motion was filed March 24, 2026; the certified date is impossible on its face. The Certificate of Service lists Plaintiff's address as "701 South Barksdale Street, Memphis, TN 38104"—an address Plaintiff vacated and replaced in the public record by Notice of Change of Address filed July 7, 2025 (ECF No. 11), more than eight months before CBU's motion. Plaintiff has used only her Washington, D.C. address in every filing since ECF No. 11.

## ARGUMENT

## I. THE APPROPRIATE REMEDY FOR THE PROCEDURAL DEFECT IDENTIFIED BY CBU IS LEAVE TO AMEND, NOT STRIKING THE PLEADING.

### A. Rule 12(f) is a drastic remedy that courts apply sparingly, and it does not fit this case.

Motions to strike are generally disfavored, and the Sixth Circuit has described them as a drastic remedy to be used sparingly. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). CBU does not argue that the Amended Complaint is redundant, immaterial, impertinent, or scandalous in any substantive sense. Its motion is not that the pleading contains improper matter; it is that the pleading was filed without the correct procedural vehicle. Under these circumstances, the appropriate response is to cure the procedural defect through leave, not to erase a pleading tendered on the Court's amendment deadline.

### B. The filing was made on the Scheduling Order deadline, with no prejudice to CBU.

Plaintiff's Amended Complaint was filed on March 10, 2026—the exact date the Scheduling Order designated as the deadline for amendment-related filings. (ECF No. 28.) CBU received the pleading on that date. It has had full opportunity to review the Amended Complaint and respond to it. CBU does not identify any concrete prejudice flowing from the absence of a separately filed motion for leave. The procedural mechanism was imperfect. The timing was not.

Defendant also overstates the extent of the amendment. ECF 35 asserts that the Amended Complaint "more than triples the length of the original Complaint," but that characterization is inaccurate. While longer and more detailed than the original pleading, the Amended Complaint does not transform the case by adding new causes of action; it chiefly adds factual detail, sharpens the chronology of events, and organizes the original complaint in a more readable form. Written discovery remains open through July 10, 2026, and all discovery closes August 10, 2026.

(ECF No. 28.) CBU will have a full opportunity to conduct discovery on every fact alleged in the Amended Complaint. Expanded factual allegations supporting claims that were already pleaded do not constitute prejudice to the opposing party, particularly when discovery has not yet closed.

**C. Leave to amend should be freely given when justice so requires, and the relevant factors favor cure here.**

Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The familiar considerations include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility. *Id.* All those considerations favor leave here.

1. **Undue delay:** Plaintiff filed on the amendment deadline established in the Scheduling Order. There was no delay beyond that deadline.

2. **Bad faith or dilatory motive:** The Amended Complaint arises from the same employment relationship, the same termination, and the same three causes of action as the original Complaint. Nothing in the record suggests bad faith or a dilatory motive.

3. **Repeated failure to cure deficiencies:** This is Plaintiff's first amendment. There has been no repeated failure to cure pleading deficiencies through prior amendments.

4. **Undue prejudice:** Discovery remains open through August 10, no new causes of action have been added, and CBU identifies no concrete prejudice beyond having to respond to a more detailed pleading.

5. **Futility:** CBU does not argue futility in ECF 35, and the motion to strike does not present a Rule 12(b)(6) challenge to the sufficiency of the claims.

Under *Foman*, the balance favors cure rather than the more drastic remedy of striking the pleading. Because the *Foman* factors weigh in Plaintiff's favor, leave to amend is appropriate.

Granting leave nunc pro tunc to March 10, 2026 would place the case in the same procedural posture it would have occupied had Plaintiff filed a motion for leave on the amendment deadline. That is the appropriately measured remedy here.

## II. CBU'S CITED AUTHORITY DOES NOT COMPEL STRIKING THE PLEADING.

CBU relies on *Kincaid v. Tennessee Department of Correction*, No. 2:25-cv-02923-SHL-atc, 2025 U.S. Dist. LEXIS 262768 (W.D. Tenn. Dec. 19, 2025), for the proposition that leave of court is obtained through a motion. Plaintiff does not dispute that proposition. *Kincaid* correctly states that once amendment as a matter of course is no longer available, a plaintiff may amend only with the opposing party's written consent or the court's leave, and that leave is obtained through a motion.

However, *Kincaid* does not compel the result CBU seeks here. In *Kincaid*, the plaintiff filed an amended complaint after the Rule 15(a)(1) deadline had expired, without consent, without leave, without any motion for extension, and without any scheduling order in the case. The court expressly noted that no scheduling order had been entered in that case and held that the amended complaint was improper on that record. Here, by contrast, Plaintiff tendered the Amended Complaint on the date set by the Court's Scheduling Order for amendment-related filings. Plaintiff's defect was not disregard of the Court's deadline, but failure to accompany that timely tender with a separate motion for leave.

That distinction does not eliminate Rule 15(a)(2), and Plaintiff does not argue otherwise. It does, however, bear directly on remedy. *Kincaid* did not address whether a court should strike a

5

pleading tendered on the court's amendment deadline where the plaintiff promptly seeks leave nunc pro tunc and the opposing party identifies no concrete prejudice.

Nor does *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003), require striking. *Leary* holds that when a party seeks to amend after a scheduling-order deadline has passed, the party must first satisfy Rule 16(b)'s good-cause standard before the court considers Rule 15(a)(2). *Id.* at 909-10. Plaintiff does not dispute that framework. To the extent the Court applies Rule 16(b)'s good-cause standard, Plaintiff satisfies it. The question then becomes whether Plaintiff can show good cause—not whether striking is automatic. Plaintiff's timely tender of the Amended Complaint, lack of bad faith, and the absence of concrete prejudice therefore remain central.

The same is true of *Berry*. See *Berry v. Specialized Loan Servicing, LLC*, No. 2:18-cv-02721-SHL-dkv, Order Denying Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 68 (W.D. Tenn. Aug. 13, 2019); *Berry v. Specialized Loan Servicing, LLC*, No. 2:18-cv-02721-SHL-dkv, Order Affirming Magistrate Judge's Order Denying Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 86 (W.D. Tenn. Feb. 24, 2020). In *Berry*, the plaintiff sought leave to amend after the Rule 15(a)(1) period, failed to comply with repeated court instructions to file and serve an amended complaint, missed the scheduling-order deadline, and later sought leave after discovery had closed and after the proposed amendment added new factual and legal allegations.

None of these conditions apply in this case. Plaintiff tendered her Amended Complaint on the Court's amendment deadline, discovery remains open, and the Amended Complaint adds no new causes of action. *Berry* therefore reinforces only the unremarkable point that leave is required

once amendment as of right is unavailable and that post-deadline amendments may be denied where the movant lacks diligence and the amendment would cause prejudice.

CBU's position also overstates what follows from its own premises. If CBU is right that Plaintiff should have proceeded by motion under Rule 15(a)(2), that does not answer the separate question of remedy. And if, as CBU argues, the Court must now consider the effect of the expired scheduling-order deadline, then the analysis shifts to whether Plaintiff can show good cause under Rule 16(b) in addition to satisfying Rule 15(a)(2). *Leary* makes clear that this is a standards question, not an automatic-strike rule. Plaintiff's filing on the amendment deadline, lack of bad faith, and absence of concrete prejudice are therefore directly relevant.

Local Rule 7.2(a)(1)(B) generally requires consultation before most motions are filed. Here, CBU's certificate of consultation identifies a date that could not be correct on its face, and its certificate of service uses an address Plaintiff had replaced on the public docket months earlier. Plaintiff does not contend that these defects, standing alone, require denial of CBU's motion. They do, however, underscore that the issue before the Court is one of procedural cure and equitable case management, not prejudice to CBU from any inability to understand or respond to Plaintiff's filing.

## III. THE COURT SHOULD GRANT LEAVE NUNC PRO TUNC OR DEFER RULING PENDING RESOLUTION OF PLAINTIFF'S MOTION FOR LEAVE.

If the Court concludes that a separate motion for leave was required, Plaintiff respectfully requests that the Court grant leave to file the Amended Complaint nunc pro tunc to March 10, 2026. That relief would cure the procedural defect without unnecessary duplication, would place

the case in the same posture it would have occupied had Plaintiff filed a motion for leave on March 10, 2026, and would not prejudice CBU.

The Court now has before it both CBU's procedural objection and Plaintiff's request for leave, and the relevant Rule 15(a)(2) and Rule 16(b) considerations have been fully presented. To the extent the Court applies Rule 16(b)'s good-cause standard, Plaintiff satisfies it. Plaintiff is proceeding pro se, tendered the substantive amendment on the deadline date, added no new causes of action, caused no concrete prejudice, and acted in good faith. The procedural deficiency was not a deliberate or dilatory choice. Under *Leary*, diligence is central to the Rule 16(b) inquiry, and Plaintiff acted diligently by filing on the very date set by the Scheduling Order for amendment-related filings.

Plaintiff requests that the Court defer ruling on the Motion to Strike pending resolution of Plaintiff's separately filed Motion for Leave to File Amended Complaint Nunc Pro Tunc. That course preserves the Court's authority to enforce the Federal Rules while avoiding unnecessary duplication and allowing the case to proceed on the merits.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny CBU's Motion to Strike Amended Complaint. In the alternative, Plaintiff requests that the Court grant leave to file the Amended Complaint nunc pro tunc to March 10, 2026, or defer ruling pending resolution of Plaintiff's separately filed Motion for Leave to File Amended Complaint Nunc Pro Tunc. Consistent with Local Rule 7.2(a)(1)(A), Plaintiff has submitted a proposed order in word-processing format in connection with the motion for leave.

Respectfully submitted,

/s/ Leigh M. Johnson

Leigh M. Johnson

1492 Newton Street NW, Apt. A

Washington, DC 20010

(901) 679-5937

drleighmjohnson@gmail.com

Pro Se Plaintiff

---

## CERTIFICATE OF SERVICE

I hereby certify that on the date of this filing, a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Strike Amended Complaint was served upon counsel for Defendant by email at the following addresses:

Stephen W. Vescovo, svescovo@lewisthomason.com

Jamie M. Gibber, jgibber@lewisthomason.com

Lewis Thomason, P.C.


/s/ Leigh M. Johnson

Leigh M. Johnson