**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

DR. LEIGH M. JOHNSON,

Plaintiff,

v.                                                              No. 2:25-cv-02618-MSN-atc

CHRISTIAN BROTHERS UNIVERSITY,

Defendant.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**NUNC PRO TUNC, OR, IN THE ALTERNATIVE,**
**TO DEEM ECF NO. 33 FILED WITH LEAVE OF COURT**

Plaintiff Dr. Leigh M. Johnson, proceeding pro se, respectfully moves for leave to file her

First Amended Complaint nunc pro tunc to March 10, 2026, or, in the alternative, for an

order deeming ECF No. 33 filed with leave of Court.

On March 10, 2026, Plaintiff filed her First Amended Complaint. That same date was the

deadline set by the Court's Scheduling Order for motions to amend pleadings. ECF No. 28.

The First Amended Complaint asserts the same three causes of action as the original

Complaint and adds no new causes of action. See ECF No. 33.

Defendant thereafter moved to strike the Amended Complaint on the ground that Plaintiff

did not separately move for leave under Rule 15(a)(2) before filing it. Plaintiff does not

dispute that, because amendment as of course was no longer available, a separate motion

for leave should have accompanied the Amended Complaint. Plaintiff respectfully submits, however, that this omission was a good-faith procedural error, readily curable by leave of Court, and did not reflect noncompliance with the Court's March 10, 2026 amendment deadline.

Under Rule 15(a)(2), leave to amend should be freely given when justice so requires. Granting leave is appropriate here. Plaintiff filed the Amended Complaint on the very date set by the Court for amendment-related filings. The Amended Complaint does not add new claims, and discovery remains open through August 10, 2026. See ECF No. 28. Defendant therefore will suffer no undue prejudice if ECF No. 33 remains the operative complaint. Permitting the Amended Complaint to stand will not require Defendant to respond to new causes of action or materially alter the existing case schedule.

Granting leave nunc pro tunc would place this case in the same procedural posture it would have occupied had Plaintiff filed a separate motion for leave on March 10, 2026. It would also avoid unnecessary duplication and permit this action to proceed on the merits. In the alternative, if the Court declines to grant nunc pro tunc relief, Plaintiff respectfully requests that the Court grant leave to amend and deem ECF No. 33 filed with leave of Court as of the date of the Court's order.

Pursuant to Local Rule 7.2(a)(1)(B), Plaintiff initiated consultation with Defendant's counsel by email on April 2, 2026, regarding Plaintiff's anticipated Motion for Leave to File Amended Complaint Nunc Pro Tunc. In that email, Plaintiff stated that she intended to file a motion

requesting leave nunc pro tunc so that the Court could cure any procedural defect associated with the absence of a separate motion for leave at the time the Amended Complaint was filed, and she requested Defendant's position on that motion. Later that day, defense counsel proposed a telephone conference for Monday, April 6, 2026, at 2:00 p.m. Central time, but did not state Defendant's position on the requested relief. Plaintiff replied that she was available at that proposed time, but that, to ensure an accurate record, she preferred that Defendant provide its position in writing by email rather than by telephone, and she again requested Defendant's position in writing. As of 2:00 p.m. Central time on April 6, 2026, Plaintiff had not received Defendant's written position on the relief requested in this motion. Under these circumstances, Plaintiff respectfully submits that she made a good-faith effort to consult before filing, but Defendant did not provide a substantive position on the requested relief before the time Plaintiff filed this motion.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the First Amended Complaint nunc pro tunc to March 10, 2026 and deem ECF No. 33 the operative complaint in this action, or, in the alternative, grant leave to amend and deem ECF No. 33 filed with leave of Court as of the date of the Court's order, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Leigh M. Johnson

Dr. Leigh M. Johnson

1492 Newton Street NW, Apt. A

Washington, DC 20010

(901) 679-5937

drleighmjohnson@gmail.com

Pro Se Plaintiff


**CERTIFICATE OF CONSULTATION**

Pursuant to Local Rule 7.2(a)(1)(B), I certify that on April 2, 2026, I initiated consultation by email with counsel for Defendant, Stephen W. Vescovo and Jamie M. Gibber, regarding the relief requested in this motion. In that email, I stated that Plaintiff intended to file a motion requesting leave nunc pro tunc so that the Court could cure any procedural defect associated with the absence of a separate motion for leave at the time the Amended Complaint was filed, and I requested Defendant's position on that motion. Later that day, Mr. Vescovo replied proposing a telephone conference for Monday, April 6, 2026, at 2:00 p.m. Central time, but did not state Defendant's position on the requested relief. I then replied that I was available at that proposed time, but that, to ensure an accurate record, I preferred that Defendant provide its position in writing by email rather than by telephone, and I again requested Defendant's position in writing. As of 2:00 p.m. Central time on April 6, 2026, I had not received Defendant's written position on the relief requested in this motion.


/s/ Leigh M. Johnson

Dr. Leigh M. Johnson


**CERTIFICATE OF SERVICE**

I hereby certify that on the date of this filing, a copy of the foregoing Motion for Leave to File First Amended Complaint Nunc Pro Tunc was served upon counsel for Defendant by email at the following addresses:

Stephen W. Vescovo, svescovo@lewisthomason.com

Jamie M. Gibber, jgibber@lewisthomason.com

Lewis Thomason, P.C.


/s/ Leigh M. Johnson

Dr. Leigh M. Johnson