IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DR. LEIGH M. JOHNSON,
Plaintiff,

v.                                          Case No. 2:25-cv-02618-MSN-atc

CHRISTIAN BROTHERS UNIVERSITY,
Defendant.


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**

**FOR LEAVE TO FILE FIRST AMENDED COMPLAINT NUNC PRO TUNC,**

**OR, IN THE ALTERNATIVE, TO DEEM ECF NO. 33 FILED WITH LEAVE OF**

**COURT**


Plaintiff Dr. Leigh M. Johnson, proceeding pro se, submits this memorandum in support

of her Motion for Leave to File First Amended Complaint Nunc Pro Tunc, or, in the

Alternative, to Deem ECF No. 33 Filed with Leave of Court.


**I. BACKGROUND**

Plaintiff filed the original Complaint in this action on June 17, 2025. See ECF No. 2.

Defendant later answered that Complaint. See ECF No. 19.

The Court's Scheduling Order set March 10, 2026, as the deadline for motions to amend

pleadings and April 10, 2026, as the deadline for motions to dismiss. See ECF No. 28.

On March 10, 2026, Plaintiff filed her First Amended Complaint as ECF No. 33. The

original Complaint and the First Amended Complaint each assert three causes of action:

Title VII sex discrimination, Title VII retaliation, and breach of contract. Compare ECF No. 2 with ECF No. 33. ECF No. 33-1 also filed two new exhibits, identified as Exhibits H and I, while confirming that Exhibits A through G had already been filed with the original Complaint. See ECF No. 33-1.

Defendant thereafter moved to strike the amended pleading on the ground that Plaintiff had not first obtained leave of Court under Federal Rule of Civil Procedure 15(a)(2). Plaintiff files the present motion to cure that procedural issue directly.

The issue before the Court is narrow: whether leave should now be granted for an amended complaint that was filed on the Court-ordered amendment deadline, asserts the same three causes of action as the original pleading, and does not on its face appear to require a materially different case schedule.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, in cases in which amendment as of right is no longer available, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Consistent with that rule, courts generally consider whether there is undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. See Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. City of Paducah,

790 F.2d 557, 559–62 (6th Cir. 1986). Among the factors courts consider, prejudice to the opposing party is a central consideration.

Here, Plaintiff does not contend that leave was unnecessary. Rather, Plaintiff acknowledges that a separate motion for leave should have accompanied ECF No. 33 and asks the Court to grant that leave now so that the case may proceed on the merits.

## III. ARGUMENT

### A. Plaintiff Filed the First Amended Complaint on the Court-Ordered Amendment Deadline.

First, Plaintiff complied with the Court's scheduling deadline for amendment-related filings. The Court's Scheduling Order set March 10, 2026, as the deadline for motions to amend pleadings, and Plaintiff filed ECF No. 33 on that exact date. See ECF Nos. 28, 33. This case therefore does not present a situation in which Plaintiff missed the amendment deadline and now seeks to reopen a lapsed schedule. The issue is one of filing sequence, not lateness.

Because the Amended Complaint was filed on—not after—the Court's amendment deadline, Plaintiff respectfully submits that this motion is governed by Rule 15(a)(2), rather than by Rule 16(b)(4)'s good-cause standard for modifying a scheduling order after a deadline has expired. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (holding that once a scheduling order's deadline passes, a party must first demonstrate good cause under Rule 16(b) before a

court will consider amendment under Rule 15(a)).

**B. The Procedural Omission Was Curable and Did Not Reflect Disregard of the Court's Schedule.**

Second, the omission of a separate Rule 15(a)(2) motion was, Plaintiff respectfully submits, a good-faith procedural error that is readily curable. Plaintiff is proceeding pro se. On the present record, Plaintiff's filing appears to reflect an effort to comply with the Court's schedule rather than a disregard of it. The amended complaint was filed on the deadline the Court set for amendment-related motions.

**C. Defendant Will Not Be Unduly Prejudiced if Leave Is Granted.**

Third, Defendant will not suffer undue prejudice if leave is granted. The original Complaint and the First Amended Complaint each plead the same three causes of action. Compare ECF No. 2 with ECF No. 33. Discovery remains open through August 10, 2026, and dispositive motions are not due until later in the schedule. See ECF No. 28.

Granting leave therefore will not require the reopening of closed discovery, the undoing of completed merits proceedings, or the introduction of an entirely new set of claims after the amendment deadline. Plaintiff respectfully submits that allowing ECF No. 33 to remain the operative complaint would not materially disrupt the existing case schedule.

**D. Granting Leave Nunc Pro Tunc Is an Efficient Means of Resolving the Issue.**

Fourth, granting leave nunc pro tunc is an efficient means of resolving the issue. It would

place the parties in substantially the posture they would have occupied had Plaintiff filed a short Rule 15(a)(2) motion simultaneously with ECF No. 33 on March 10, 2026. That approach avoids unnecessary duplication and allows the litigation to proceed on the merits rather than on a curable filing-sequence issue.

**E. In the Alternative, the Court May Grant Leave Now and Deem ECF No. 33 Filed with Leave.**

Finally, even if the Court declines nunc pro tunc relief, the alternative request should still be granted. At minimum, the Court may grant leave now and deem ECF No. 33 filed with leave of Court as of the date of the Order. Under either form of relief, the practical result would be the same: ECF No. 33 remains the operative complaint, and Defendant responds to that pleading within the time permitted by the Federal Rules of Civil Procedure or as otherwise directed by the Court.

**IV. CONSULTATION**

Pursuant to Local Rule 7.2(a)(1)(B), Plaintiff initiated consultation with Defendant's counsel by email on April 2, 2026, requesting Defendant's position on the relief sought herein. Later that day, defense counsel proposed a telephone conference for Monday, April 6, 2026, at 2:00 p.m. Central time, but did not state Defendant's position on the requested relief. Plaintiff replied that she was available at that proposed time, but that, to ensure an accurate record, she preferred that Defendant provide its position in writing by email rather than by telephone, and she again requested Defendant's position in writing. As of 2:00 p.m. Central time on April 6, 2026, Plaintiff had not received Defendant's

written position on the relief requested in this motion.

Under these circumstances, Plaintiff respectfully submits that she made a good-faith effort to consult before filing, but Defendant did not provide a substantive position on the requested relief before the time Plaintiff filed this motion.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion for Leave to File First Amended Complaint Nunc Pro Tunc and deem ECF No. 33 the operative complaint in this action. In the alternative, Plaintiff requests that the Court grant leave to amend and deem ECF No. 33 filed with leave of Court as of the date of the Court's order, direct Defendant to answer or otherwise respond to ECF No. 33 within the time permitted by the Federal Rules of Civil Procedure or as otherwise directed by the Court, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Leigh M. Johnson

Dr. Leigh M. Johnson

Plaintiff, pro se

1492 Newton Street NW, Apt. A

Washington, DC 20010

(901) 679-5937

drleighmjohnson@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date of filing, I served a copy of the foregoing memorandum

by email on counsel for Defendant at the following addresses:

Stephen W. Vescovo, svescovo@lewisthomason.com

Jamie M. Gibber, jgibber@lewisthomason.com


/s/ Leigh M. Johnson

Dr. Leigh M. Johnson