UTI01.10003

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

DR. LEIGH M. JOHNSON,

      Plaintiff,

v.                                    Civil Action No.: 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,

      Defendant.

**CHRISTIAN BROTHERS UNIVERSITY'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT NUNC PRO TUNC, OR, IN THE ALTERNATIVE, TO DEEM ECF NO. 33 FILED WITH LEAVE OF COURT**

Pursuant to Local Rule 7.2(a)(2), Defendant, Christian Brothers University ("CBU"), by and through its counsel, hereby submits its Response to Plaintiff's Motion for Leave to File First Amended Complaint Nunc Pro Tunc, or, in the Alternative, to Deem ECF No. 33 Filed with Leave of Court (ECF No. 40). In response to Plaintiff's Motion, CBU states as follows:

## RELEVANT PROCEDURAL HISTORY

On June 17, 2025, *pro se* Plaintiff Dr. Leigh M. Johnson ("Plaintiff") filed her Complaint bringing claims of sex discrimination, retaliation, and breach of contract against CBU. (ECF No. 2.) After Plaintiff moved for an entry of default (ECF No. 14), the Court Clerk filed an Entry of Default as to CBU. (ECF No. 15.) CBU promptly moved to set aside the entry of default, highlighting Plaintiff's deficient service. (ECF No. 16.) Plaintiff then properly served CBU, and CBU timely filed an answer on August 19, 2025. (ECF No. 19.) On November 5, 2025, the Court entered an Order Granting CBU's Motion to Set Aside Entry of Default. (ECF No. 23.)

A Rule 16 scheduling conference was held on December 10, 2025.  (ECF No. 24.)  On December 11, 2025, the Court entered a Scheduling Order.  (ECF No. 28.)  The Scheduling Order set forth a deadline for motions to amend pleadings of March 10, 2026.  (Id.)

On March 10, 2026, Plaintiff filed her Amended Complaint.  (ECF No. 33.)  Plaintiff did not seek CBU's consent and did not file a motion requesting leave of Court to amend her pleading.  Accordingly, on March 24, 2026, CBU filed a Motion to Strike the Amended Complaint due to Plaintiff's failure to comply with Federal Rule of Civil Procedure 15(a) and the Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b).  (ECF No. 35).  Plaintiff filed her Response in Opposition to CBU's Motion to Strike on April 2, 2026. (ECF No. 39).  Plaintiff also filed the instant Motion for Leave to File the First Amended Complaint Nunc Pro Tunc, or, in the Alternative, to Deem ECF No. 33 with Leave of Court. (ECF No. 40).

## LAW AND ARGUMENT

Plaintiff seeks to cure the procedural deficiencies of her Amended Complaint retroactively. Despite Plaintiff's assertion that leave to amend should be freely given under Rule 15(a)(2), "the right to amend is not absolute or automatic."  Anderson v. Young Touchstone Co., 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting Tucker v. Middleburg-Legacy Place, LLC, 539 F.3d 545, 551 (6th Cir. 2008)).  To take advantage of the Rule's liberality, a party must act with due diligence and "is required to provide a satisfactory explanation for any delay in seeking leave." S. Concrete Prods., Inc. v. Liberty Holdings, L.P., No. 1:19-cv-01105-STA-jay, 2021 U.S. Dist. LEXIS 264937, at *5 (W.D. Tenn. Jan. 13, 2021) (citing Commerce Benefits Grp., Inc. v. McKesson Corp., 326 F. App'x 369, 376 (6th Cir. 2009)).

Here, Plaintiff fails to assert a satisfactory explanation as to why she failed to seek leave from the Court or obtain Defendant's written consent when she sought to amend her complaint

2

over 196 days after the period for amendment as a matter of course had expired. Further, Plaintiff concedes that her right to amend, as a matter of course, was no longer available, that she should have moved for leave of Court when seeking to amend her complaint, and that she did not do so. (ECF No. 40, at PageID 259–60.) The only explanation Plaintiff offers for this procedural deficiency is that it was a "good-faith procedural error." Plaintiff chose to file her Amended Complaint on the deadline and provides no explanation for why she waited so long to file it. In fact, in Plaintiff's Response in Opposition to CBU's Motion to Strike the Amended Complaint, she acknowledges that "[t]he Amended Complaint asserts the same three causes of action as the original. It does not add new causes of action. It provides more complete factual allegations, a clearer chronology of events, and more readable organization." (ECF No. 39, at PageID 251.) Plaintiff's own characterization of the Complaint begs the question of why she waited until the very last day under the Scheduling Order to file the Amended Complaint.

Plaintiff's Motion argues that "[u]nder Rule 15(a)(2), leave to amend should be freely given when justice so requires," but fails to appreciate that the deadline under the scheduling order has already passed and provides no analysis on that point. (ECF No. 40 at PageID 260.) As noted in CBU's Motion to Strike, now that the amendment deadline has passed under the Scheduling Order, Plaintiff cannot cure this defect by seeking leave of Court to amend her Complaint. (ECF No. 35, at PageID 226); see also Berry v. Specialized Loan Servicing, No. 2:18-cv-2721-SHL-dkv, 2019 U.S. Dist. LEXIS 231983, at *8 (W.D. Tenn. Aug. 13, 2019) ("Although Rule 15(a)(2) instructs courts to 'freely give leave [to amend] when justice so requires,' a Rule 16(b) scheduling order 'controls the cause of action,' and the expiration of a relevant scheduling order deadline may foreclose the parties' opportunity to rely upon Rule 15(a)(2)'s liberal standard.") (citing Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003)).

3

"Once a scheduling order's deadline passes, a plaintiff must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether an amendment is proper under Rule 15(a)." Id. (citing Leary, 349 F.3d at 909.)  Plaintiff undertook no efforts to provide the "good cause" required.  Instead, Plaintiff alleges that CBU "will suffer no undue prejudice" if the Amended Complaint remains the operative complaint.  (ECF No. 40, at PageID 260.)  While "[p]rejudice to the non-moving party is a relevant consideration, [] 'the **main focus** should remain on the moving party's exercise of diligence.'"  Berry, 2019 U.S. Dist. LEXIS 231983, at *9 (quoting Cooke v. AT&T Corp., No 2:05-cv-0374, 2007 U.S. Dist. LEXIS 4325, at *2 (S.D. Ohio Jan. 22, 201) (citing Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 830 (6th Cir. 2005))).

As set forth above, Plaintiff chose to file her Amended Complaint on the very last day allowed under the Scheduling Order, without conferring with defense counsel as required.  Her proposed Amended Complaint "asserts the same three causes of action as the original.  It does not add new causes of action."  (ECF No. 39, at PageID 251.)  Certainly, with the revisions made in mind, had Plaintiff been exercising diligence, she could have sought leave to file the Amended Complaint (or even attempted to file the Amended Complaint itself as she did here) well ahead of the deadline set forth in the Scheduling Order.  To the contrary, such conduct suggests the opposite of diligence.  See, e.g., United States of America v. Christopher Coe, et al., No. 2:25-cv-02269-SHL-tmp, 2025 U.S. Dist. LEXIS 141831, at *2 (W.D. Tenn. July 24, 2025) ("After acknowledging that diligence is the coin of the scheduling modification realm, Plaintiff attempts to assert that it has been diligent . . . But Plaintiff ignores the most obvious way in which it has not been diligent:  Plaintiff appears to have reached out to [the mediator] for the first time on the day of the mediation deadline.  That is the opposite of diligence.").

4

Additionally, "[n]unc pro tunc orders do not revise the substance of what has transpired, **backdate events**, or give rise to new substantive rights, including resetting the statute of limitations." Patterson v. Chrysler Grp, LLC, 845 F.3d 756, 761 (6th Cir. 2017) (emphasis added) (citing Crangle v. Kelly, 838 F.3d 673, 680 (6th Cir. 2016)).  Any effort to cure her procedural defect by requesting leave of court now is moot, as the amendment deadline has passed under the Scheduling Order, and a nunc pro tunc order cannot operate to "rewrite history." Id.  Additionally, it bears noting that Plaintiff's pro se status does not exempt her from procedural requirements and deadlines.  Beard v. Comm'r of Soc. Sec., No. 1:17-cv-01009-JDB-egb, 2017 U.S. Dist. LEXIS 187160, at *6 (W.D. Tenn. Nov. 13, 2017) (quoting Rivera v. Comm'r of SSA, No. 4:16CV2316, 2017 U.S. Dist. LEXIS 66651, at *4 (N.D. Ohio Apr. 11, 2017) ("Pro se litigants are not to be accorded any special consideration when they fail to comply with straight-forward procedural requirements and deadlines").  Plaintiff failed to confer with opposing counsel as required  by the rules of Court, and failed to timely seek leave to amend her Complaint.  Thus, absent any legitimate justification for her delay, Plaintiff's failure to timely seek leave of Court remains unexcused and warrants denial of her Motion.

## CONCLUSION

Based on the foregoing, CBU respectfully requests that the Court deny Plaintiff's Motion for Leave to File First Amended Complaint Nunc Pro Tunc, or, in the Alternative, to Deem ECF No. 33 Filed with Leave of Court (ECF No. 40) and grant CBU's Motion to Strike the Amended Complaint and Incorporated Memorandum of Law (ECF No. 35).

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By:     *s/Stephen W. Vescovo*
STEPHEN W. VESCOVO (7246)
JAMIE GIBBER  (39552)
2900 One Commerce Square
40 S. Main St.
Memphis, TN  38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2026, a copy of the foregoing pleading has been delivered to the following via email:

Dr. Leigh M. Johnson
701 South Barksdale Street
Memphis, TN 38104
drleighmjohnson@gmail.com
*Pro se Plaintiff*

                                         *s/Stephen W. Vescovo*
                                         STEPHEN W. VESCOVO

4913-8671-5804

6