**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | | |
|---|---|---|
| **DR. LEIGH M. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case 2:25-cv-2618-BCL-atc** |
| | ) | |
| **CHRISTIAN BROTHERS UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**ORDER ON PENDING MOTIONS**

---

Before the Court by order of reference[1] are several pending motions:

- Plaintiff Dr. Leigh M. Johnson's Notice Regarding Mediator Stipulation Deadline and Request for Appointment of Mediator, filed January 2, 2026. (ECF No. 31.) Defendant Christian Brothers University ("CBU") did not file a response, but mediator Darryl Gresham filed a Mediation Certification on February 6, 2026, indicating that the parties attended mediation on February 5, 2026, but the case did not settle. (ECF No. 32.)

- Johnson's Motion for Protective Order, filed March 13, 2026. (ECF No. 34.) CBU filed a Response on March 27, 2026. (ECF No. 37.)

- CBU's Motion to Strike Amended Complaint, filed March 24, 2026. (ECF No. 35.) Johnson filed a Response on April 2, 2026. (ECF No. 39.)

- Johnson's Motion for Leave to File First Amended Complaint Nunc Pro Tunc, or in the Alternative, to Deem ECF No. 33 Filed with Leave of Court. (ECF No. 40.) CBU filed a Response on April 20, 2026. (ECF No. 41.)

The Court rules as follows.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

## I.  Request for Appointment of Mediator

Because the parties attended mediation on February 5, 2026, Johnson's Request for Appointment of Mediator is DENIED without prejudice as moot.

## II.  Motion for Protective Order

Johnson's Motion reflects that the parties agree that a protective order is necessary to govern discovery in this matter, though she objects to parts of CBU's proposed protective order. (ECF No. 34, at 1.)  She states that she attempted to confer with counsel for CBU regarding her objections but did not receive a response, necessitating the filing of the instant Motion.  (*Id.* at 1–2.)  In CBU's Response, it conveys several concerns it has with Johnson's counter-proposed protective order.  (ECF No. 37.)  Because the parties did not actually confer regarding their objections prior to Johnson filing the Motion, the Motion is DENIED without prejudice.  The parties are ORDERED to confer on and submit a joint proposed protective order on or before May 12, 2026.  If the parties are unable to reach an agreement, they shall file a notice to that effect by the same date, at which point the Court will enter its own standard protective order.

## II.  Motion to Strike and Motion for Leave

On March 10, 2026, Johnson filed an Amended Complaint.  (ECF No. 33.)  CBU subsequently filed its Motion to Strike, asserting that Johnson's Amended Complaint "is procedurally improper and must be struck" because she failed to obtain CBU's consent or leave of Court prior to filing it.  (ECF No. 35, at 2.)  Johnson then filed her Motion for Leave, acknowledging that "a separate motion for leave should have accompanied the Amended Complaint" but stating that the "omission was a good-faith procedural error."  (ECF No. 40, at 1–2.)  In its Response to the Motion for Leave, CBU argues that Johnson does not explain why she failed to seek leave of Court or to obtain CBU's consent prior to filing the Amended

2

Complaint and that she failed to act diligently by filing the Amended Complaint on the last day to do so under the Scheduling Order.  (ECF No. 41, at 4.)

Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff is entitled to amend her complaint without leave of court or the opposing party's written consent within twenty-one days after serving it, or within twenty-one days after a responsive pleading has been served.  Otherwise, a plaintiff must either obtain the opposing party's written consent or seek leave to amend her complaint.  Fed. R. Civ. P. 15(a)(2).  "[M]otions for leave to amend are reviewed under the deferential standard of Federal Rule of Civil Procedure 15, and the Court 'should freely give leave when justice so requires.'"  *Porter v. AAR Aircraft Servs., Inc.*, 316 F.R.D. 691, 692 (W.D. Tenn. 2016) (quoting Fed. R. Civ. P. 15(a)(2)).  However, denial of a motion to amend "is appropriate where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'"  *Joy v. Burchyett*, No. 1:21-cv-01190-STA-jay, 2022 WL 16787846, at *2 (W.D. Tenn. Nov. 8, 2022) (quoting *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005)).

As CBU correctly asserts—and Johnson concedes—Johnson was required to seek leave prior to filing her Amended Complaint.  CBU contends that, because Johnson failed to seek leave prior to the deadline for amendments under the Scheduling Order, Johnson must now demonstrate "'good cause under Rule 16(b) for failure earlier to seek leave to amend.'"  (ECF No. 41, at 4 (citing *Berry v. Specialized Loan Servicing, LLC*, No. 2:18-cv-2721-SHL-dkv, 2019 WL 9103422, at *3 (W.D. Tenn. Aug. 13, 2019), *aff'd*, 2020 WL 3485577 (W.D. Tenn. Feb. 24, 2020)).)  The Court declines to apply the Rule 16(b) "good cause" standard at this time.  Though Johnson's Amended Complaint was procedurally improper, it was filed on the final day

3

permitted by the Scheduling Order, and Johnson has explained that her mistake was the result of a "good-faith procedural error." (ECF No. 40, at 2.) In other words, Johnson made a timely effort to comply with the Court's deadline. And though the instant Motion to Amend does fall outside the March 10th deadline, it was filed in an effort to cure the procedural defect in her earlier filing.

Applying the forgiving standard of Rule 15, and in light of Johnson's *pro se* status, Johnson's amended pleading is permitted, and her Amended Complaint is deemed filed at ECF No. 33. The Amended Complaint at ECF No. 33 is now the operative Complaint in this matter. CBU shall therefore respond to the Amended Complaint by May 12, 2026.

## CONCLUSION

For the reasons set forth above, Johnson's Request for Appointment of Mediator (ECF No. 31) is DENIED without prejudice as moot. Johnson's Motion for Protective Order (ECF No. 34) is DENIED without prejudice, and the parties are ORDERED to confer on and submit a joint proposed protective order on or before May 12, 2026. If the parties are unable to reach an agreement, they shall file a notice to that effect by the same date, at which point the Court will enter its own standard protective order. CBU's Motion to Strike is DENIED, and Johnson's Motion for Leave is GRANTED in part as to her request to deem her filing at ECF No. 33 as filed with leave and DENIED as moot in part as to her request for leave to file the Amended Complaint.

SO ORDERED this 28th day of April, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

4