**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| DR. LEIGH M. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 2:25-cv-2618-BCL-atc |
| | ) | |
| CHRISTIAN BROTHERS UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

Pursuant to the Court's April 28, 2026 Order on Pending Motions (ECF No. 43),[1] *pro se* Plaintiff Dr. Leigh M. Johnson and Defendant Christian Brothers University ("CBU") have submitted a Joint Proposed Bilateral Protective Order to govern the production and exchange of discovery materials.  Having reviewed the parties' submission, the Court ORDERS as follows:[2]

1.  All production and disclosure of information designated as CONFIDENTIAL by a party during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

2.  Information subject to this Protective Order shall be designated CONFIDENTIAL by a party by stamping "CONFIDENTIAL," or otherwise indicating confidentiality or produced

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

[2] The Court has made minor edits to the parties' submission.

subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object.  Any electronically stored information may be designated as CONFIDENTIAL through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation.  Designation may only be made after a good faith review by counsel of record and counsel making a designation shall comply with the standards set forth in Fed. R. Civ. P. 26(g) when designating information as CONFIDENTIAL.  If the opposing party wishes to challenge a confidentiality designation, the challenging party must give written notice of the specific documents/information being challenged and attempt to resolve the dispute in good faith without court intervention.  If the parties cannot resolve the issue, the challenging party may file a motion detailing why the designation is improper.  The burden remains on the designating party to demonstrate why the material shall be designated as CONFIDENTIAL. Notwithstanding the foregoing, neither party shall designate as CONFIDENTIAL any document or information authored by the opposing party outside of this litigation, except that the producing party may redact or designate only those portions of such documents that contain (a) third-party personally identifying information, (b) information protected by FERPA, (c) third-party medical or health information, (d) Social Security numbers or financial account identifiers, or (e) bona fide proprietary or trade secret information of a third party.

3. With respect to deposition testimony, a party may, either on the record at the deposition or by written notice to opposing counsel no later than thirty (30) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL.  All

testimony, regardless of whether designated as CONFIDENTIAL on the record, shall be treated as CONFIDENTIAL until thirty (30) days after receipt of the transcript of said deposition by all parties.  Certain depositions may, in their entirety, be designated CONFIDENTIAL prior to being taken because of the anticipated testimony.  Furthermore, any document designated as CONFIDENTIAL shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.

4.  The inadvertent or unintentional disclosure by a party of information considered to be CONFIDENTIAL shall not be deemed a waiver in whole or in part of that party's claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto.  Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL as soon as reasonably practicable after either party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order.  Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within five (5) days.  If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within five (5) days of receipt of the properly designated documents.  In addition, the production or disclosure by a party of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the disclosing party in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure.  If any party becomes aware of a production or disclosure of such protected

information, that party shall provide written notice of such production or disclosure to the disclosing party within five (5) days after it becomes aware that protected information has been disclosed or produced.

5. When information which is CONFIDENTIAL is anticipated to be presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall meet and confer at least thirty (30) days before any hearing or trial at which a party reasonably expects to use Protected Material, unless the Court sets a different schedule. In the event the Court sets a hearing with shorter than thirty-days notice, the parties will confer as soon as is practicable. If the parties cannot come to an agreement on the issues related to the presentation of Protected Material, the parties will request a status conference with the Court to address the issue.

6. Subject to the requirements of Paragraph 10 of this Protective Order, no person receiving information designated as CONFIDENTIAL shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Protective Order from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by opposing counsel upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 8(h) and/or 10 of this Protective Order.

7.  Except as agreed by the parties or as otherwise provided herein, including in Paragraphs 8(h) and 10 of this Protective Order, information designated as CONFIDENTIAL shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto, pursuant to Paragraph 8 below. Except as provided in Paragraphs 8(h), (f)–(k), and 10 of this Protective Order, information which is CONFIDENTIAL may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving CBU.

8.  Information designated as CONFIDENTIAL by either party shall be disclosed only to the following persons:

    a.  attorneys actively working on or supervising the work on this case;

    b.  persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.  the parties, including designated representatives and counsel for the entity defendant;

    d.  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as *Exhibit A*;

    e.  the Court and its employees ("Court Personnel");

f.  stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.  deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as *Exhibit A*;

h.  law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

i.  a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit if the information has been deemed admissible;

j.  anyone as otherwise required by law;

k.  as authorized by the parties specifically; and

l.  other persons by written agreement of the parties when the person has signed a written acknowledgement attached as *Exhibit A*, including, but not limited to, up to two litigation-support persons to assist *pro se* Plaintiff when those persons have been identified by name and general role.  This provision does not limit CBU's ability to seek relief from the Court if it has a good-faith concern about a specific individual.

9.  Subject to Paragraph 10 of this Protective Order, the recipient of any information designated CONFIDENTIAL pursuant to this Protective Order shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

10.  Either party may at any time request from the other party, in writing, the release of information designated as CONFIDENTIAL from the requirements of the terms and provisions of this Protective Order.  Upon receipt of such request, counsel shall attempt

to meet and confer.  If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL, any party may raise the issue of such designation with the Court pursuant to the Court's Practice Standards.  Any information submitted to the Court for review shall be submitted under seal and for in camera review. Pending a ruling from the Court, the producing party's designation shall control.

11. Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the subpoenaed party shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL.  Production or disclosure of information which is designated CONFIDENTIAL may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

12. Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court.  However, prior to utilizing or filing a document which is designated CONFIDENTIAL, the party intending to utilize the document must provide notice to the party that originally produced the document.  The party that originally produced the document may request that the document be filed with restricted access or under seal.  Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera.  The Court shall retain jurisdiction to modify the terms of this Protective Order.

13. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel.  The Court will have continuing

jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

14. Within thirty (30) days of the final determination of this action, each person or party who has received information designated CONFIDENTIAL shall be obligated to return the same, including any copies, or to destroy such information and certify that it has been destroyed, except that the recipient need not destroy or return transcripts of depositions and materials filed with the Court, and each party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to information designated CONFIDENTIAL, subject to the legal requirements for maintenance and destruction of client files by the parties' counsel; provided, however, that the requirements of this Paragraph are subject to the requirements of Paragraphs 8(h) and 10 of this Protective Order and to the legal retention obligations applicable to either party, to the extent any said obligations exist.  Within seven (7) days of the final determination of this action, counsel of record who has provided information designated CONFIDENTIAL to other individuals must inform those individuals that the matter has reached final determination and remind them of the return or destruction obligation.  **To the extent that this Protective Order requires the destruction or return of documents at the conclusion of this case, this requirement is not intended to require either party to return or destroy any documents that such party is otherwise required by law to maintain.**

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

16. Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL shall be treated at trial.

SO ORDERED this 13th day of May, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE