UTI01.10003

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

DR. LEIGH M. JOHNSON,

    Plaintiff,

v.                                                          Civil Action No.: 2:25-cv-02618-MSN-atc

CHRISTIAN BROTHERS UNIVERSITY,

    Defendant.

**ANSWER OF CHRISTIAN BROTHERS UNIVERSITY**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Christian Brothers University ("CBU" or "Defendant"), by and through its counsel of record, hereby responds to the allegations contained in the First Amended Complaint [ECF No. 33] as follows:

1. The allegations contained in paragraph 1 of the First Amended Complaint are denied.

2. Defendant admits it declared financial exigency over two and a half years ago after it was placed on probation by its accrediting agency, the Southern Association of Colleges and Schools Commission on Colleges ("SACSCOC'). The remaining allegations contained in paragraph 2 of the First Amended Complaint are denied.

3. The allegations contained in paragraph 3 of the First Amended Complaint are denied.

4. The allegations contained in paragraph 4 of the First Amended Complaint are denied.

5. The allegations contained in paragraph 5 of the First Amended Complaint are denied.

6. The allegations contained in paragraph 6 of the First Amended Complaint are denied.

7.  As stated, the allegations contained in paragraph 7 of the First Amended Complaint are denied.

8.  The allegations contained in paragraph 8 of the First Amended Complaint are denied.

9.  The allegations contained in paragraph 9 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

10. The allegations contained in paragraph 10 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

11. Defendant admits venue is proper with this Court.

12. Upon information and belief, the allegations contained in paragraph 12 of the First Amended Complaint are admitted.

13. The allegations contained in paragraph 13 of the First Amended Complaint are admitted.

14. The allegations contained in paragraph 14 of the First Amended Complaint are admitted.

15. The allegations contained in paragraph 15 of the First Amended Complaint are admitted.

16. The allegations contained in paragraph 16 of the First Amended Complaint are admitted.

17. Upon information and belief, the allegations contained in paragraph 17 of the First Amended Complaint are admitted.

18. The allegations contained in paragraph 18 of the First Amended Complaint are admitted.

19. It is admitted that Plaintiff was a tenured Associated Professor in the Department of Religion and Philosophy at the stated salary at the time her contract was not renewed.

20. The allegations contained in the first sentence of paragraph 20 of the First Amended Complaint are admitted. The remaining allegations contained in paragraph 20 of the First Amended Complaint are denied.

21. The allegations contained in paragraph 21 of the First Amended Complaint are essentially irrelevant to the issues in the First Amended Complaint. Answering further, admitted.

22. The Defendant can neither admit nor deny the allegations contained in paragraph 22 of the First Amended Complaint and would demand strict proof if its interests are to be effected thereby.

23. The allegations contained in paragraph 23 of the First Amended Complaint are denied.

24. Defendant admits the Department of Religion and Philosophy was a department within the School of Arts at CBU. Defendant further admits the department consisted of the individuals set forth in paragraph 24 of the First Amended Complaint. The remaining allegations contained in paragraph 24 of the First Amended Complaint are denied.

25. Defendant admits that Philip Maloney is a male and Plaintiff is a female. The remaining allegations contained in paragraph 25 of the First Amended Complaint are denied. Further, Dr. Maloney was a more senior tenured faculty member than Plaintiff, having been at CBU almost 14 years before Plaintiff.

26.  The first two sentences of paragraph 26 of the First Amended Complaint are admitted and it is admitted that Plaintiff was hired one year prior to Father Bruce.  Father Bruce was qualified to teach religion courses and Plaintiff was not qualified to teach religion courses.  Defendant admits that Father Bruce was still employed at CBU through the filing of the First Amended Complaint.  Answering further, in a continuing effort to reduce salaries, the contracts of tenured faculty members Max Maloney and James Wallace, in the Religion and Philosophy Department, were not renewed.  Dr. Maloney's last day was May 10, 2026, and Wallace's last day will be May 31, 2026, when his contract ends.  Both Maloney and Wallace were offered and accepted and Separation Agreements.

27.  Defendant admits the Faculty Handbook is incorporated into Plaintiff's employment contract.  Defendant admits that certain portions of the Faculty Handbook are attached to the First Amended Complaint as Exhibit B.

28.  Defendant admits that Appendix G sets forth a framework if the university is in institutional financial distress.  Defendant would state that said Appendix G speaks for itself.

29.  Defendant admits the subject Faculty Handbook included Appendix G.3.e.  Defendant would submit that said section speaks for itself.

30.  Defendant admits the first two sentences of paragraph 30 of the First Amended Complaint reference Appendix G.3.g.1 and G.3.g.2.  Defendant states that said provisions speak for themselves.  The remaining allegations contained in paragraph 30 of the First Amended Complaint are denied.

31. Defendant admits the subject Faculty Handbook contains Appendix G.3.g.3. Defendant submits said section of the Faculty Handbook speaks for itself.

32. The allegations contained in paragraph 32 of the First Amended Complaint are admitted.

33. The allegations contained in the first sentence of paragraph 33 of the First Amended Complaint are admitted. The remaining allegations contained in paragraph 33 are denied.

34. Defendant admits President Archer issued a written charge to the Retrenchment Committee on or about October 12, 2023, and said information was posted to CBU's website. The remaining allegations contained in paragraph 34 of the First Amended Complaint are admitted.

35. Defendant admits that the Retrenchment Committee first decided the number of positions to eliminate in each department and subsequently the Dean of each school and department chairs determined a list of individuals they were recommending be non-renewed.

36. The allegations contained in paragraph 36 of the First Amended Complaint are denied. Answering further, of the eliminated positions, far more were held by males than females.

37. The allegations contained in paragraph 37 of the First Amended Complaint are denied.

38. As stated, the allegations contained in paragraph 38 of the First Amended Complaint are denied.

39. It is admitted the initial round of staff and faculty reductions did not meet the goal of $4 Million in reduced expenses. The retention committee requested that the President work with the Deans and his executive committee to identify additional cuts.

40. The allegations contained in paragraph 40 of the First Amended Complaint are denied. Dr. Emily Holmes was a tenured faculty member in the same department as Plaintiff.

41. The allegations contained in paragraph 41 of the First Amended Complaint are denied.

42. The allegations contained in paragraph 42 of the First Amended Complaint are admitted.

43. Defendant admits Plaintiff's termination meeting was held in early December 2023, and that Plaintiff made a secret audio recording of the meeting.

44. Defendant admits that as part of the retrenchment process, Philosophy as a major was being eliminated at CBU and that Plaintiff was the most junior person teaching Philosophy courses in the department. She was not qualified to teach Religion courses. While admitting that Father Bruce was untenured and had less seniority, he was the only Catholic Priest on campus and conducted Mass for the school.

45. Defendant states that Appendix G.3.d of the Faculty Handbook speaks for itself. The remaining allegations contained in paragraph 45 of the First Amended Complaint are admitted.

46. Defendant admits Dr. Karl Leib was a professor in History and Political Science in the School of Arts at CBU. It is admitted his position was not terminated as part of the retrenchment process. Dr. Leib was the only Professor qualified to teach history courses, and the accrediting agency, SACS, requires a qualified history professor in

6

order for the school to maintain its accreditation. The remaining allegations contained in paragraph 46 are denied.

47. Defendant admits that Dr. Paul Haught was a tenured faculty member in the Department of Religion and Philosophy before he was promoted to the position of Academic Vice President. While he served in this position, he continued to be a tenured faculty member with the ability to return to the department if he stepped down from his administrative position.

48. Defendant admits the school announced in October of 2023 that Dr. Haught was going to return to a "faculty position" at CBU. However, on December 7, 2023, by written letter to the president, Dr. Haught notified CBU that effective December 31, 2023, he was resigning from the university. On information and belief, Dr. Haught accepted a new position at the University of Dayton. Having insufficient information, the Defendant can neither admit nor deny the remaining allegations contained in paragraph 48.

49. Defendant admits it was contemplated that Dr. Haught would be reassigned to teach one of Dr. Johnson's Spring 2024 courses. However, Dr. Haught tendered his resignation on December 7, 2023, effective December 31, 2023, after accepting a new position at another university prior to the start of the Spring semester. Dr. Haught never taught any courses at CBU during 2024.

50. As stated, the first sentence in paragraph 50 of the First Amended Complaint is denied. Plaintiff was informed in December of 2023 that the following Spring semester would be her last semester teaching at CBU at the end of the current academic year. The

7

remaining allegations contained in paragraph 50 of the First Amended Complaint are denied.

51. Defendant admits Appendix G.3.g.5 is part of the Faculty Handbook and would submit that said provisions speak for themselves. Answering further, Defendant admits that the position of a faculty member terminated due to the school declaring financial exigency would not be filled by Defendant for three years without first offering it to the terminated faculty member. The remaining allegations contained in paragraph 51 of the First Amended Complaint are denied.

52. The allegations contained in paragraph 52 of the First Amended Complaint are admitted.

53. Defendant admits that Father Bruce was retained and that he was the only Catholic Priest holding mass on campus and he was qualified to teach Religion courses. He also served a the school chaplain. Plaintiff was not qualified to teach Religion courses.

54. The allegations contained in paragraph 54 of the First Amended Complaint are admitted.

55. Defendant would state that Appendix G.3.b of the Faculty Handbook speaks for itself. The remaining allegations contained in paragraph 55 of the First Amended Complaint are denied.

56. Defendant states that the allegations contained in paragraph 56 of the First Amended Complaint are irrelevant and immaterial to Plaintiff's claim. Answering further, the remaining allegations contained in paragraph 56 of the First Amended Complaint are denied.

57. Having insufficient information, Defendant can neither admit nor deny the allegations contained in Paragraph 57 of the First Amended Complaint and would demand strict proof if its interests are to be affected thereby.    The last sentence contained in paragraph 57 is denied.

58. Defendant admits Plaintiff initially notified the Faculty Review Committee of her intention to appeal the non-renewal of her contract.    The remaining allegations contained in paragraph 58 of the First Amended Complaint are denied.

59. Defendant admits Dr. Scott Geis was Chair of the Faculty Review Committee and a member of the Department of Religion and Philosophy.  It is further admitted that Dr. Geis had previously served as Dean of the School of Arts.  The remaining allegations contained in the last five lines of paragraph 59 of the First Amended Complaint are denied.

60. The allegations contained in paragraph 60 of the First Amended Complaint are denied.

61. Defendant would state that after initially requesting a hearing on the appeal of the non-renewal of her contract, Plaintiff executed and returned the Transition and Separation Agreement offered by CBU to all of the non-renewed faculty members.  In light of her executing and returning the Agreement, Defendant believed Plaintiff was dropping her appeal.    However, within the designated Recission Period, Plaintiff rescinded her acceptance of the Transition and Separation Agreement.    The remaining allegations contained in paragraph 61 of the First Amended Complaint are denied.

62. Upon information and belief, the allegations contained in paragraph 62 of the First Amended Complaint are admitted.

9

63. Defendant admits it submitted a similar Transition and Separation Agreement to all faculty whose positions were not being renewed, including Plaintiff.  Every other faculty member whose position was not renewed accepted the Transition and Separation Agreement, executed the Agreement, and returned it to CBU.  Defendant admits Plaintiff withdrew her appeal and signed the Transition and Separation Agreement before the applicable deadline.

64. It is admitted that on January 23, 2024, Plaintiff informed the Chair of the Faculty Review Committee that she would not be attending her appeal hearing on January 26, 2024.

65. Having insufficient information, Defendant can neither admit nor deny the allegations contained in Paragraph 65 of the First Amended Complaint and would demand strict proof if its interests are to be affected thereby.

66. The allegations contained in paragraph 66 of the First Amended Complaint are admitted.  Further, upon information and belief, Plaintiff never asked for her FRC hearing to be reset. For further answer, no other faculty member rescinded his or her acceptance of the severance package.

67. Having insufficient information, Defendant can neither admit nor deny the allegations contained in Paragraph 67 of the First Amended Complaint and would demand strict proof if its interests are to be affected thereby.

68. Defendant admits that part of the consideration offered to Plaintiff as part of her  and Separation Agreement included seven-months base salary, as was offered to all the other faculty members whose positions were not renewed.  In addition, Plaintiff requested and was granted an extension of her official "termination" date to be in

10

August 2024, so that Plaintiff would be eligible for forgiveness of student debt for being employed for ten years under the federal Public Service Loan Forgiveness program. This provision was not offered to any other effected or non-renewed faculty member.

69. The allegations contained in paragraph 69 of the First Amended Complaint are admitted.

70. The allegations contained in paragraph 70 of the First Amended Complaint are denied.

71. The allegations contained in paragraph 71 of the First Amended Complaint are admitted.

72. The allegations contained in paragraph 72 of the First Amended Complaint are denied.

73. Upon information and belief, the allegations contained in paragraph 73 of the First Amended Complaint are admitted.

74. Defendant admits Plaintiff posted on social media that April 26, 2024, was her last day of teaching at CBU and that she planned on "going out was a bang," accompanied by a firecracker or dynamite emoji. The subject post was disclosed to CBU administration, who contacted their attorney and relying on advice of counsel, elected to err on the side of caution and meet with Plaintiff, along with a campus police safety officer, not a Memphis Police Department officer, to determine the meaning of her social media post. Defendant admits that Plaintiff was allowed to return to her class after explaining the intent behind her posting was not a threat to the campus.

75. The allegations contained in paragraph 75 of the First Amended Complaint are admitted.

76. The allegations contained in paragraph 76 of the First Amended Complaint are denied.

11

77.  The remaining allegations contained in paragraph 77 of the First Amended Complaint are denied.

78.  The allegations contained in paragraph 78 of the First Amended Complaint are denied, and any insinuation that Defendant was not in a "financial exigency" situation is specifically and categorically denied.

79.  Defendant admits its acting Interim President responded to the correspondence.

80.  The allegations contained in paragraph 80 of the First Amended Complaint are denied.

81.  It is admitted that Plaintiff's employment at CBU ended on May 11, 2024. The remaining allegations contained in paragraph 81 of the First Amended Complaint are denied.

82.  Upon information and belief, Defendant admits Plaintiff has obtained an academic position at American University. Having insufficient information, Defendant can neither admit nor deny the remaining allegations contained in paragraph 82 of the First Amended Complaint and would demand strict proof if its interests are to be affected thereby.

83.  Having insufficient information, Defendant can neither admit nor deny the allegations contained in Paragraph 83 of the First Amended Complaint and would demand strict proof if its interests are to be affected thereby.

84.  The allegations contained in paragraph 84 of the First Amended Complaint are denied.

85.  The allegations contained in paragraph 85 of the First Amended Complaint are denied.

86.  The allegations contained in paragraph 86 of the First Amended Complaint do not require a response from Defendant. To the extent a response is required, Defendant would demand strict proof if its interests are to be affected thereby.

12

87.  The allegations contained in paragraph 87 of the First Amended Complaint are admitted.

88.  Defendant admits Plaintiff is a female and that she was qualified for the position she held.  The remaining allegations contained in paragraph 88 of the First Amended Complaint are denied.

89.  The allegations contained in paragraph 89 of the First Amended Complaint are denied.

90.  The allegations contained in paragraph 90 of the First Amended Complaint are denied.

91.  The allegations contained in paragraph 91 of the First Amended Complaint are denied.

92.  The allegations contained in paragraph 92 of the First Amended Complaint are denied.

93.  The allegations contained in paragraph 93 of the First Amended Complaint are denied.

94.  The allegations contained in paragraph 94 of the First Amended Complaint do not require a response from Defendant.  To the extent a response is required, Defendant would demand strict proof if its interests are to be affected thereby.

95.  The allegations contained in paragraph 95 of the First Amended Complaint are denied.

96.  The allegations contained in paragraph 96 of the First Amended Complaint are denied.

97.  The allegations contained in paragraph 97 of the First Amended Complaint are denied.

98.  The allegations contained in paragraph 98 of the First Amended Complaint are denied.

99.  The allegations contained in paragraph 99 of the First Amended Complaint are denied.

100.  The allegations contained in paragraph 100 of the First Amended Complaint are denied.

101.  The allegations contained in paragraph 101 of the First Amended Complaint do not require a response from Defendant.  To the extent a response is required, Defendant would demand strict proof if its interests are to be affected thereby.

102. The allegations contained in paragraph 102 of the First Amended Complaint call for a legal conclusion.  Answering further, Defendant admits Plaintiff had an employment contract with CBU which was not renewed following its expiration after the Spring 2024 semester.

103. The defendant admits the Faculty Handbook is incorporated into Plaintiff's employment contract.

104. The allegations contained in paragraph 104 of the First Amended Complaint are denied.

105. The allegations contained in paragraph 105 of the First Amended Complaint are denied.

106. All allegations contained in Plaintiff's First Amended Complaint not herein above admitted, denied, or explained are here and now singularly, categorically and specifically denied.

107. Defendant did not discriminate against Plaintiff based on race, color, religion, sex, or national origin.

108. Defendant was forced to eliminate numerous tenured faculty positions, including Plaintiff's, due to financial exigency, as defined by the Faculty Handbook in accordance with all procedures set forth therein.

109. Defendant did not engage in any acts of retaliation against Plaintiff.

110. Plaintiff's damages, if any, which are denied by Defendant, were a result of her failure to mitigate her damages.  Specifically, Plaintiff initially accepted and then, with the stated recission period, revoked her acceptance of Defendant's Severance Packet, which severance packet was accepted by every other faculty member whose contract was not renewed.  Defendant lacks information and knowledge related to Plaintiff's

14

efforts to find comparable employment or minimize her losses, if any, and will supplement this defense as discovery progresses.

111. Defendant did not breach a contract, or any other duties or rights owed to Plaintiff, under contract, common law, or statutory law.

AND NOW, having fully answered the allegations contained in the First Amended Complaint, Defendant prays that it be hence dismissed and that the costs of the cause be assessed against Plaintiff.  Defendant demands a jury be empaneled to hear the issues when joined.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By*:  s/Stephen W. Vescovo*
STEPHEN W. VESCOVO (7246)
JAMIE GIBBER    (39552)
2900 One Commerce Square
40 S. Main St.
Memphis, TN  38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*
*Christian Brothers University*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May, 2026, a copy of the foregoing pleading has been delivered to Plaintiff via electronic mail and/or the Court's electronic filing system.

s/*Stephen W. Vescovo*
Stephen W. Vescovo

4937-8114-6283

15