UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

# EXHIBIT A

---

Plaintiff's First Requests for Production to Defendant (served March 25, 2026)

Johnson v. Christian Brothers University
Case No. 2:25-cv-02618-BCL-atc

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**DR. LEIGH M. JOHNSON,**
Plaintiff,

v. Case No. 2:25-cv-02618-MSN-atc

**CHRISTIAN BROTHERS UNIVERSITY,**
Defendant.

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT CHRISTIAN BROTHERS UNIVERSITY**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Dr. Leigh M. Johnson requests that Defendant Christian Brothers University produce the documents and electronically stored information described below within thirty (30) days of service.

**I. DEFINITIONS**

1. "CBU," "Defendant," "you," and "your" mean Christian Brothers University and its officers, trustees, administrators, employees, agents, attorneys, committees, departments, divisions, and anyone acting or purporting to act on its behalf.

2. "Document" or "documents" has the broadest meaning permitted by Federal Rule of Civil Procedure 34 and includes writings, correspondence, emails, text messages, instant messages, Teams messages, memoranda, notes, reports, spreadsheets, calendars, presentations, drafts, meeting minutes, agendas, recordings, photographs, electronically stored information, and all attachments thereto.

3. "Communication" means every manner of transmission of information, including oral, written, electronic, text, instant message, email, letter, memorandum, or recorded communication.

4. "Relating to," "concerning," or "regarding" means constituting, reflecting, referring to, describing, discussing, evidencing, memorializing, analyzing, commenting on, or in any way pertaining to the subject matter identified.

5. "Faculty Handbook" means the Christian Brothers University Faculty Handbook, including Appendix G and any drafts, amendments, interpretations, or guidance relating to it.

6. "Retrenchment Committee" means the committee involved in the 2023 retrenchment and/or financial exigency process at CBU.

7. "Faculty Review Committee" means the committee identified in the Faculty Handbook as responsible for hearing faculty grievances and appeals.

8. "Presidential Charge" means the October 31, 2023 written directive from President Archer to Chairs and Deans concerning faculty retention recommendations.

9. "Plaintiff" means Dr. Leigh M. Johnson.

10. "Identify," when used with respect to a person, means state the person's full name, last-known title or position, and last-known business address or email address. When used with respect to a document, "identify" means state the date, author, recipient(s), title or subject, and present location or custodian of the document.

## II. INSTRUCTIONS

1. Unless otherwise specified, these Requests seek documents created, sent, received, or in effect from **August 1, 2023 through October 31, 2024**.

2. If you contend that no documents exist responsive to a Request, state that expressly in your response.

3. If you object to any Request in whole or in part, state the specific grounds for the objection, including whether any responsive materials are being withheld on the basis of that objection, and produce all non-privileged responsive documents as to the portion of the Request to which no objection is asserted.

4. If any responsive document is withheld on the basis of privilege, work product, or other protection, identify the document in a privilege log stating, at minimum, the date, author, recipient(s), general subject matter, and the basis for the claim of privilege or protection.

5. The pendency of any proposed or requested protective order does not suspend Defendant's obligation to serve timely written responses and objections under Rule 34. Responsive, non-privileged documents shall be produced within the time required by the Federal Rules of Civil Procedure unless the parties stipulate otherwise or the Court orders otherwise. If Defendant contends that particular responsive materials require confidentiality protection before production, Defendant shall identify those materials with specificity in its written response and state the basis for withholding them pending agreement or Court order.

6. Plaintiff requests that Defendant produce all responsive documents and electronically stored information in **electronic form only**, not as hard-copy paper production. Static documents shall be produced as searchable PDF files where reasonably available. Spreadsheets, calendars, databases, and other files whose usability would be diminished by conversion to PDF shall be produced in native format. Emails shall be produced electronically with attachments, and in a manner that preserves family relationships among emails and their attachments. To the extent any responsive document exists only in paper form, Defendant shall produce a scanned electronic copy in PDF format.

7. If responsive documents exist on personal devices or personal accounts used for University business, those documents are included within the scope of these Requests.

8. Where a Request seeks "documents sufficient to show," Defendant may satisfy the Request by producing documents that fairly and completely show the information requested.

## III. REQUESTS FOR PRODUCTION

### A. FINANCIAL EXIGENCY / RETRENCHMENT FRAMEWORK

**REQUEST NO. 1**
Produce all documents concerning CBU's declaration of financial exigency in or around September 2023, including analyses, reports, memoranda, presentations, recommendations, and communications considered by the Board, President, Cabinet, Academic Council, Planning Committee, or Retrenchment Committee.

**REQUEST NO. 2**
Produce all documents concerning any consideration, implementation, or rejection of Faculty Handbook procedures applicable to financial difficulty short of exigency before the declaration of financial exigency.

**REQUEST NO. 3**
Produce all documents concerning the amount of budget reduction allegedly required from faculty positions, including documents reflecting any directive, target, or analysis concerning that amount.

**REQUEST NO. 4**
Produce all documents concerning the work of the Retrenchment Committee in 2023, including its charge, drafts, recommendations, final report, meeting minutes, notes, and communications.

**REQUEST NO. 5**
Produce all documents concerning meetings or communications among the Retrenchment Committee, Academic Council, President's Cabinet, Planning Committee, President Archer,

Provost Rosencrants, deans, or department chairs regarding retrenchment, financial exigency, program elimination, or faculty cuts.

**REQUEST NO. 6**

Produce all documents sufficient to show the faculty and staff positions selected for elimination in the 2023 retrenchment, including the department or unit of each position and whether the position holder was tenured, tenure-track, or non-tenure-track.

**B. PRESIDENTIAL CHARGE / CRITERION (3) / GENDER-NEUTRALIZING DIRECTIVE**

**REQUEST NO. 7**

Produce all versions, drafts, comments, attachments, and communications concerning the October 31, 2023 Presidential Charge to Chairs and Deans.

**REQUEST NO. 8**

Produce all documents concerning the decision to declare Appendix G.3.e criterion (3) "not applicable," including any discussion of women faculty, women religious, minority groups, gender, race, hiring goals, representation, or institutional goals.

**REQUEST NO. 9**

Produce all documents concerning any decision or instruction that retention recommendations should be made irrespective of gender and race.

**REQUEST NO. 10**

Produce all documents concerning any interpretation, modification, suspension, amendment, or non-use of Appendix G.3.e criterion (3), including any consideration of whether Faculty Assembly approval was required.

**REQUEST NO. 11**

Produce all documents concerning any instruction, decision, or discussion that retention decisions were to be based on seniority rather than on merit, versatility, and seniority.

**C. RELIGION & PHILOSOPHY SELECTION PROCESS / COMPARATOR EVIDENCE**

**REQUEST NO. 12**

Produce all documents concerning the selection of faculty members for termination or retention within the Department of Religion and Philosophy in 2023.

**REQUEST NO. 13**

Produce all ranking sheets, comparison charts, score sheets, matrices, worksheets, notes, draft recommendations, or similar documents used to compare faculty members in the Department of Religion and Philosophy for purposes of retention or termination.

**REQUEST NO. 14**

Produce all documents reflecting the application of the criteria of tenure, Christian Brother status, merit, versatility, seniority, or institutional goals to Plaintiff or to any other faculty member in the Department of Religion and Philosophy.

**REQUEST NO. 15**

Produce all documents identifying who recommended, approved, reviewed, or finalized the decision to terminate Plaintiff's position.

**REQUEST NO. 16**

Produce documents sufficient to show, for each full-time faculty member in the Department of Religion and Philosophy from August 1, 2023 through August 1, 2025: name, sex, rank, tenure status, discipline, years of service, administrative role if any, and employment status.

**REQUEST NO. 17**

Produce documents sufficient to show, for Philip Maloney, Bruce Cinquegrani, Paul Haught, Karl Leib, and Plaintiff: department, rank, tenure status, discipline, teaching assignments, course load, student credit hour production, administrative assignment if any, and employment status from August 1, 2018 through August 1, 2025.

**REQUEST NO. 18**

Produce all documents concerning the qualifications, versatility, teaching coverage, or comparative merit of Plaintiff, Philip Maloney, Bruce Cinquegrani, Karl Leib, and Paul Haught.

**REQUEST NO. 19**

Produce all documents concerning Emily Holmes's resignation, including when CBU learned of it and any discussion of its effect on department composition, faculty coverage, or retrenchment decisions.

**D. KARL LEIB / POLITICAL SCIENCE / RESTRUCTURING DEFENSE**

**REQUEST NO. 20**

Produce all documents concerning Karl Leib's scheduled December 7, 2023 termination meeting, including documents concerning its scheduling, cancellation, or the decision not to terminate him.

**REQUEST NO. 21**

Produce all documents concerning the decision to discontinue the Political Science major as part of the 2023 retrenchment process, including what, if any, criteria were applied to that major that differed from other discontinued majors.

**REQUEST NO. 22**

Produce all documents concerning any comparison of Karl Leib to other terminated faculty whose majors or programs were discontinued.

**E. DECEMBER 7 TERMINATION MEETING / STATED REASONS**

**REQUEST NO. 23**

Produce all documents concerning the December 7, 2023 termination meetings, including schedules, invitations, talking points, scripts, notes, agendas, lists of faculty selected to attend such meetings, and any follow-up summaries.

**REQUEST NO. 24**

Produce all documents concerning Plaintiff's December 7, 2023 termination meeting.

**REQUEST NO. 25**

Produce all documents concerning the reasons communicated to Plaintiff for the elimination of her position, including any reference to the elimination of the Philosophy major, seniority, versatility, or other stated reasons.

**REQUEST NO. 26**

Produce all documents sufficient to show the attendees at Plaintiff's December 7, 2023 termination meeting.

**F. HAUGHT REASSIGNMENT / REINSTATEMENT / ALTERNATIVE EMPLOYMENT**

**REQUEST NO. 27**

Produce all documents concerning Paul Haught's return or proposed return to a faculty position in 2023 or 2024, including any decision to assign or reassign him to the Department of Religion and Philosophy.

**REQUEST NO. 28**

Produce all documents concerning the reassignment of any Spring 2024 course from Plaintiff to Paul Haught.

**REQUEST NO. 29**

Produce all documents concerning whether Plaintiff was considered for reinstatement, reappointment, reassignment, or alternative employment at CBU after Haught's resignation or at any other time after December 7, 2023.

**REQUEST NO. 30**

Produce all documents concerning any effort, or decision not to make any effort, to find alternative employment for Plaintiff within CBU.

**G. SEVERANCE / FACULTY REVIEW COMMITTEE APPEAL / EX PARTE COMMUNICATIONS**

**REQUEST NO. 31**

Produce all versions of the severance or separation agreement offered to Plaintiff and all documents concerning Plaintiff's execution, withdrawal, rescission, or revocation of that agreement.

**REQUEST NO. 32**

Produce all documents concerning the requirement in the severance agreement that the employee release or certify the absence of pending complaints, grievances, charges, or lawsuits against CBU.

**REQUEST NO. 33**

Produce all documents concerning Plaintiff's appeal to the Faculty Review Committee, including schedules, communications, meeting notes, draft decisions, recommendations, and internal discussions.

**REQUEST NO. 34**

Produce all communications between any Faculty Review Committee member and any administrator, dean, chair, Human Resources representative, Board representative, faculty member or counsel concerning Plaintiff's appeal.

**REQUEST NO. 35**

Produce all documents and communications by or involving Faculty Review Committee member Benjamin Jordan concerning Plaintiff's appeal from December 15, 2023 through February 15, 2024.

**REQUEST NO. 36**

Produce all documents concerning Faculty Assembly President Philip Maloney's and Provost Rosencrants's involvement in the Faculty Review Committee process relating to Plaintiff.

**REQUEST NO. 37**

Produce all documents concerning any decision, after Plaintiff revoked the severance agreement, not to pay severance and not to continue the Faculty Review Committee process.

**H. SPRING 2024 RETALIATION SHORT OF REMOVAL**

**REQUEST NO. 38**

Produce all documents concerning any decision to exclude Plaintiff from departmental meetings, departmental communications, or departmental decision-making during Spring 2024.

**I. APRIL 26, 2024 CLASSROOM / POLICE INCIDENT**

**REQUEST NO. 39**

Produce all documents concerning the April 26, 2024 incident in which Plaintiff was removed

from her classroom and brought to a meeting attended by Dean Tullia, Ron Brandon, and law enforcement, including emails, texts, notes, reports, witness statements, security records, and communications with the Memphis Police Department.

**REQUEST NO. 40**

Produce all documents concerning any report, complaint, or communication about Plaintiff's social-media post referenced during the April 26, 2024 incident.

**REQUEST NO. 41**

Produce all documents concerning any threat assessment, safety assessment, incident report, witness statement, security report, or follow-up report relating to Plaintiff in April or May 2024.

**J. MAY 11 PROPERTY RETRIEVAL / SECURITY INSTRUCTIONS**

**REQUEST NO. 42**

Produce all documents concerning Plaintiff's retrieval of personal belongings from her office on or around May 11, 2024.

**REQUEST NO. 43**

Produce all documents concerning any instruction to campus safety or security regarding Plaintiff, her office access, her belongings, or her access to campus in May 2024.

**K. CUSTODIANS / REPOSITORIES**

**REQUEST NO. 44**

Produce documents sufficient to identify the custodians, email accounts, phones, shared drives, cloud storage locations, and other repositories searched or to be searched for documents responsive to these Requests, including but not limited to President Archer, President Englert, Dean Tullia, Provost Rosencrants, James Wallace, Scott Geis, Philip Maloney, Ron Brandon, Paul Haught, Human Resources personnel, campus safety personnel, and members of the Retrenchment Committee, Board of Trustees, and Faculty Review Committee.

**L. PRESERVATION / LITIGATION HOLD / DEPARTING CUSTODIANS**

**REQUEST NO. 45**

Produce documents sufficient to show whether, when, and to whom Defendant issued any litigation hold, preservation notice, or similar preservation instruction relating to Plaintiff, Plaintiff's claims, the retrenchment process, the Faculty Review Committee appeal, or the claims and defenses in this action.

**REQUEST NO. 46**

Produce documents sufficient to show the steps Defendant has taken since May 10, 2024 to preserve electronically stored information and paper records relevant to this action, including

any suspension of automated deletion, document-destruction, email-retention, offboarding, or account-deactivation processes.

**REQUEST NO. 47**

Produce documents sufficient to show the steps Defendant has taken to preserve the records, email accounts, network files, shared drives, and other institutional materials of any departing employee or early-retirement employee with knowledge relevant to this action, including but not limited to David Archer, Lydia Rosencrants, Br. Chris Englert, Scott Geis, Dean Tullia, Ron Brandon, Philip Maloney, James Wallace, and members of the Retrenchment Committee and Faculty Review Committee.

**M. AAUP / PUBLIC JUSTIFICATION / INTERNAL EXPLANATIONS**

**REQUEST NO. 48**

Produce all documents concerning the July 30, 2024 AAUP letter, CBU's response to that letter, the September 30, 2024 AAUP follow-up letter, and any internal discussion of reinstatement, due process, severance, retrenchment procedures, or faculty committee involvement.

**REQUEST NO. 49**

Produce all documents concerning any public statement by CBU or CBU President Br. Chris Englert in or around July 2024 that CBU had ended the 2023–2024 academic year with no debt or operating in the black, including drafts, talking points, interview preparation materials, underlying financial summaries, and communications concerning the accuracy or basis of those statements.

**REQUEST NO. 50**

Produce all documents concerning any written or oral explanation communicated to faculty (or announced in Faculty Assembly meetings), administrators, or staff for the end of David Archer's tenure as President, including any documents referring to Lydia Rosencrants or Ron Brandon or to any effect of Archer's departure on the retrenchment process, University administrative responsibilities, or decisions affecting Plaintiff.

Dated: March 25, 2026

/s/ Leigh M. Johnson
Dr. Leigh M. Johnson
Plaintiff, pro se
1492 Newton Street NW, Apt. A
Washington, DC 20010
(901) 679-5937
drleighmjohnson@gmail.com