UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

# EXHIBIT B

Plaintiff's First Requests for Admission to Defendant (served March 25, 2026)

Johnson v. Christian Brothers University
Case No. 2:25-cv-02618-BCL-atc

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**DR. LEIGH M. JOHNSON,**
Plaintiff,

v. Case No. 2:25-cv-02618-MSN-atc

**CHRISTIAN BROTHERS UNIVERSITY,**
Defendant.

**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT CHRISTIAN BROTHERS UNIVERSITY**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Dr. Leigh M. Johnson requests that Defendant Christian Brothers University admit or deny the following within thirty (30) days of service.

**I. DEFINITIONS**

1. "CBU," "Defendant," "you," and "your" mean Christian Brothers University and its officers, trustees, administrators, employees, agents, attorneys, committees, departments, and anyone acting on its behalf.

2. "Faculty Handbook" means the Christian Brothers University Faculty Handbook, including Appendix G.

3. "Presidential Charge" means President Archer's October 31, 2023 Presidential Charge to Chairs and Deans regarding faculty retention recommendations.

4. "Faculty Review Committee" means the committee identified in the Faculty Handbook as responsible for hearing faculty grievances and appeals.

5. "Plaintiff" means Dr. Leigh M. Johnson.

**II. INSTRUCTIONS**

1. Each Request is to be answered separately and fully in writing.

2. If you cannot truthfully admit or deny a Request in full, admit the portion that is true and deny the remainder.

3. If you deny a Request, state in reasonable detail the basis for the denial.

4. If you object to a Request, state the specific grounds for the objection.

**III. REQUESTS FOR ADMISSION**

## A. HANDBOOK / RETRENCHMENT CRITERIA / PUBLIC JUSTIFICATION

**REQUEST NO. 1**

Admit that President Archer's October 31, 2023 Presidential Charge to Chairs and Deans declared that Appendix G.3.e criterion (3) of the Faculty Handbook was "not applicable" to the retrenchment process.

**REQUEST NO. 2**

Admit that President Archer's October 31, 2023 Presidential Charge directed that faculty retention recommendations should be made irrespective of gender and race.

**REQUEST NO. 3**

Admit that Appendix G.3.e criterion (3) of the Faculty Handbook — "the goals of the University regarding numbers of women, women religious, and members of minority groups" — was the only one of the three criteria in Appendix G.3.e that expressly addressed the representation of women in the faculty.

**REQUEST NO. 4**

Admit that President Archer did not obtain Faculty Assembly approval before declaring Appendix G.3.e criterion (3) inapplicable in the October 31, 2023 Presidential Charge.

**REQUEST NO. 5**

Admit that the Faculty Handbook is incorporated by reference into Plaintiff's annual faculty appointment contracts.

**REQUEST NO. 6**

Admit that the Faculty Handbook does not state that a terminated faculty member must release legal claims in order to receive severance salary commensurate with past and potential service.

**REQUEST NO. 7**

Admit that CBU President Br. Chris Englert publicly stated in or around July 2024 that CBU ended the 2023–2024 academic year with no debt and operating in the black.

## B. COMPARATORS / RETENTION / DEPARTMENT COMPOSITION

**REQUEST NO. 8**

Admit that Bruce Cinquegrani held the rank of Visiting Assistant Professor and was not tenured at the time of the December 2023 retrenchment decisions.

**REQUEST NO. 9**

Admit that Plaintiff's tenured position was eliminated while Bruce Cinquegrani's non-tenured position was retained.

**REQUEST NO. 10**

Admit that Philip Maloney held a tenured faculty position in the Department of Religion and Philosophy at CBU and was retained in that position following the 2023 retrenchment.

**REQUEST NO. 11**

Admit that both Philip Maloney's and Plaintiff's academic training is in philosophy and that both hold Ph.D.s in Philosophy.

**REQUEST NO. 12**

Admit that, following the December 2023 retrenchment decisions, the only faculty members retained in the Department of Religion and Philosophy were male.

**REQUEST NO. 13**

Admit that a termination meeting scheduled for December 7, 2023 with Professor Karl Leib was canceled before it took place.

**REQUEST NO. 14**

Admit that Professor Karl Leib was a tenured Professor of Political Science whose position was not eliminated in the 2023 retrenchment.

**REQUEST NO. 15**

Admit that the Political Science major was discontinued as part of the 2023 retrenchment process.

**C. TERMINATION MEETING / STATED REASONS**

**REQUEST NO. 16**

Admit that, at Plaintiff's December 7, 2023 termination meeting, President Archer stated that Plaintiff's position was being terminated because the Philosophy major was being eliminated and because Plaintiff had the least seniority.

**REQUEST NO. 17**

Admit that no representative of CBU's Human Resources office attended Plaintiff's December 7, 2023 termination meeting.

**D. HAUGHT / COURSE REASSIGNMENT / REINSTATEMENT**

**REQUEST NO. 18**

Admit that between October and December 2023, Department Chair James Wallace informed Plaintiff by email that at least one of her Spring 2024 courses had been reassigned to Paul Haught.

**REQUEST NO. 19**

Admit that the reassignment described in Request No. 18 was made at the direction of Dean Tawny Tullia.

**REQUEST NO. 20**

Admit that, at the time Plaintiff's course was reassigned to Paul Haught, Paul Haught had not been assigned regular faculty teaching duties at CBU within the preceding five years.

**REQUEST NO. 21**

Admit that Plaintiff was not offered reinstatement to her tenured position at any point following the resignation of Paul Haught.

**E. SEVERANCE / APPEAL / FACULTY REVIEW COMMITTEE**

**REQUEST NO. 22**

Admit that the severance and separation agreement offered to Plaintiff on December 7, 2023 required her to release all pending "complaints, grievances, charges or lawsuits" against CBU as a condition of receiving severance pay.

**REQUEST NO. 23**

Admit that on or about January 10, 2024, Faculty Review Committee Chair Scott Geis informed Plaintiff by email that the Faculty Review Committee's initial hearing of her appeal was scheduled for January 19, 2024.

**REQUEST NO. 24**

Admit that Faculty Review Committee Chair Scott Geis communicated with individuals outside the Faculty Review Committee regarding Plaintiff's appeal during the pendency of that appeal.

**REQUEST NO. 25**

Admit that Vice-Provost Lydia Rosencrants communicated with Faculty Review Committee Chair Scott Geis regarding Plaintiff's appeal during the pendency of that appeal.

**REQUEST NO. 26**

Admit that, after Plaintiff revoked the severance agreement, CBU did not pay Plaintiff severance.

**REQUEST NO. 27**

Admit that Plaintiff's appeal to the Faculty Review Committee was never heard after Plaintiff revoked the severance agreement on January 29, 2024.

**F. APRIL 26, 2024 INCIDENT / MAY 11, 2024 OFFICE ACCESS**

**REQUEST NO. 28**

Admit that on April 26, 2024, Dean Tawny Tullia removed Plaintiff from her classroom at the

start of her 11:00 a.m. class and brought her to a meeting attended by Ron Brandon and a law-enforcement officer.

**REQUEST NO. 29**

Admit that, after that meeting, CBU permitted Plaintiff to return to her classroom and complete her 11:00 a.m. class the same day.

**REQUEST NO. 30**

Admit that on May 11, 2024, campus safety officers refused Plaintiff entry to her office when she attempted to retrieve her personal belongings.

Dated: March 25, 2026

/s/ Leigh M. Johnson
Dr. Leigh M. Johnson
Plaintiff, pro se
1492 Newton St. NW
Washington, DC 20010
901-679-5937
drleighmjohnson@gmail.com