# EXHIBIT E

Plaintiff's Supplemental Meet-and-Confer Letter (production-integrity deficiencies),
April 28, 2026

Johnson v. Christian Brothers University
Case No. 2:25-cv-02618-BCL-atc

April 28, 2026

Stephen W. Vescovo, Esq.
Jamie M. Gibber, Esq.
Lewis Thomason, P.C.
2900 One Commerce Square
40 South Main Street
Memphis, Tennessee 38103

Via electronic mail to: svescovo@lewisthomason.com; jgibber@lewisthomason.com

**Re:** Supplement to Plaintiff's April 27, 2026 Rule 37 Meet-and-Confer Letter Regarding
Production-Integrity Deficiencies in Defendant's Document Production

Dear Counsel:

This letter supplements my April 27, 2026 correspondence to address production-integrity
deficiencies identified upon further review of Defendant's April 24, 2026 document production.
The issues described below concern the method by which Defendant collected and produced
documents, and are separate from the substantive deficiencies addressed in the April 27 letter.
These issues are subject to the same May 8, 2026 cure deadline. This letter does not restate the
requests made on April 27; those requests remain in full force.

In the following, Plaintiff seeks only non-privileged information sufficient to identify the
custodians, repositories, collection methods, and production format used for CBU-058–218, and
to obtain complete, source-level copies of responsive documents where Defendant has produced
forwarded, printed, excerpted, redacted, or reconstructed materials.

## I. Objective Indicators that Defendant's Production Includes Non-Original-Source Materials

Upon further review, Defendant's production strongly suggests that at least some documents
were assembled, supplemented, or reconstructed on April 24, 2026—the day Defendant's
discovery responses were due—from forwarded emails, HR-held copies, or post hoc website
printouts, rather than produced from original custodial sources. The following features of the
production require explanation and cure:

A. **CBU-074** shows that Dean Tawny LeBouef Tullia forwarded at least one historical email
chain to Human Resources on the morning Defendant's discovery responses were due.
CBU-074 consists of an email forwarding header from Dean Tullia to Theresa P. Jacques
in Human Resources, dated Friday, April 24, 2026, 9:29 AM, with the subject line "FW:
Assigning Philosophy courses." There is no substantive message in the forwarding email;
it is followed only by Dean Tullia's signature block and then the body of a November
2023 email thread. This raises a serious question whether at least some responsive
materials were collected through ad hoc custodian forwarding or self-selection rather than
through a structured search of original custodial sources.

B. **CBU-211–214** purport to be President Archer's October 25, 2023 "University
Restructuring" announcement. They are, in fact, a printout of CBU's public website

captured at 10:49 AM on April 24, 2026. The browser header and footer stamps appear on every page ("4/24/26, 10:49 AM University Restructuring 10.25.23 - Christian Brothers University"), along with the URL. The printout captured a live website banner advertising "CBU Summer Youth Art Camps 2026." This is not a contemporaneous institutional record of the October 25, 2023 announcement; it is a post hoc printout of a public webpage captured on the discovery-response deadline.

C. **The FRC correspondence at CBU-206–210**—discussed in detail in my April 27 letter at Section VIII—is headed "Theresa P Jacques" on every page, indicating that the emails may have been forwarded to or printed from HR's account. Theresa Jacques was not a member of the FRC committee nor a named participant in the FRC correspondence. This suggests that Defendant may have produced HR-held or HR-printed copies rather than complete original custodian records. This observation provides additional context for the specific FRC-related emails identified as absent from the production in Section VIII of my April 27 letter.

## II. Apparent Ad Hoc Custodian Forwarding by a Key Fact Witness

CBU-074 shows that Dean Tullia, a central fact witness in this case, forwarded at least one historical email chain to Human Resources on the morning Defendant's discovery responses were due. Dean Tullia is not a disinterested custodian. She served as Vice-Chair of the Retrenchment Committee, supervised Plaintiff's department in her role as Dean, and authored emails at issue in this case, including emails expressing a desire to have Plaintiff's supervision transferred to her own purview or to Provost Rosencrants.

Plaintiff is unable to determine whether CBU-074 reflects an isolated transmission, a custodian self-collection process, or a broader practice used to assemble CBU-058–218. If Defendant's production was assembled through custodian self-selection or ad hoc forwarding rather than counsel-directed searches of reasonably identified custodial repositories, that would raise serious concerns under Rule 26(g)(1) and Rule 34(b)(2)(E). At minimum, forwarded compilations, HR printouts, and post hoc website printouts do not allow Plaintiff to adequately assess whether the production reflects complete documents collected from original custodial sources, whether complete thread histories have been produced, or whether the documents were produced as ordinarily maintained or in a reasonably usable form.

This concern also provides context for the document-referenced gaps identified in my April 27 letter. The "folio" Dean Tullia stated she would send on January 2, 2024 (see April 27 letter, Section V.C) was within her custodial control. So were any communications supporting Tullia's alleged concern regarding Plaintiff's "inclusion of students" in communications, referenced in CBU-061. In that December 29, 2023 email, Tullia identified no specific student, communication, date, content, or context, and stated that she had "not received anything that falls explicitly over a line." The communications underlying that assertion, if any exist, are responsive to RFP Nos. 4, 5, and 12 and have not been produced. Plaintiff requests production of all non-privileged communications supporting, reflecting, or relating to that statement, or confirmation that no such communications exist.

## III. Requested Cure

Plaintiff requests that Defendant cure these production-integrity deficiencies by May 8, 2026, as follows:

A. **Original custodian-source production.** Produce native-format exports or metadata-complete reproductions of the original custodian-source emails corresponding to all emails reproduced in CBU-058–218, including complete email families/thread histories, attachments, embedded or omitted replies, and all available To/From/Cc/Bcc/Date/Subject metadata.

B. **Identification of forwarded, printed, excerpted, or reconstructed materials.** Identify each document within CBU-058–218 that was produced from a forwarded email, HR-held copy, website printout, excerpted thread, redacted chain, or other non-original-source reproduction.

C. **Collection-method disclosure.** Identify in writing, without disclosing privileged attorney-client communications or attorney work product:
   a. each custodian whose email account, files, or records were searched;
   b. the date ranges, repositories, and search terms used for each custodian;
   c. whether any custodian self-collected or forwarded documents for production; and
   d. the person or persons who assembled, reviewed, and selected the documents produced as CBU-058–218.

D. **Completeness confirmation.** Confirm in writing whether CBU-058–218 represents the complete set of non-privileged responsive documents in Defendant's possession, custody, or control for the RFPs to which those Bates-stamped documents correspond, or whether additional responsive documents exist that have not yet been produced.

E. **Replacement for post hoc website printouts.** Produce the contemporaneous institutional record, internal announcement, archived webpage, email, memorandum, or other original-source record corresponding to the October 25, 2023 "University Restructuring" announcement, if such a record exists, rather than relying on an April 24, 2026 printout of a public webpage.

These requests are subject to the same deadline established in my April 27, 2026 letter**: 5:00 p.m. Eastern / 4:00 p.m. Central on Friday, May 8, 2026**. This correspondence is intended to continue the parties' Rule 37 conferral process and to identify with specificity the production issues Plaintiff asks Defendant to cure before any motion practice becomes necessary.

If Defendant does not address or cure the deficiencies identified in this letter and in the April 27 letter by that deadline, Plaintiff intends to seek relief from the Court, including a motion to compel under Rule 37(a). Plaintiff reserves all rights, including the right to seek appropriate relief under Rule 26(g), if warranted.

Sincerely,

/s/ Dr. Leigh M. Johnson
Dr. Leigh M. Johnson
1492 Newton Street NW, Apt. A
Washington, DC 20010
(901) 679-5937
drleighmjohnson@gmail.com