# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

DR. LEIGH M. JOHNSON,          )
                                    )

    Plaintiff,                  )
                                    )

v.                               )        **Case 2:25-cv-2618-BCL-atc**
                                    )

CHRISTIAN BROTHERS UNIVERSITY,   )
                                    )

    Defendant.                )

## ORDER FOLLOWING STATUS CONFERENCE

Before the Court by order of reference[1] is Plaintiff Dr. Leigh M. Johnson's Motion to Compel Discovery and Determine Sufficiency of RFA Answers, filed May 17, 2026 (ECF No. 48); the parties' Joint Motion to Extend Scheduling Deadlines, filed June 9, 2026 (ECF No. 54); and Defendant Christian Brothers University's ("CBU") Motion for Protective Order, filed June 12, 2026 (ECF No. 55). CBU filed a Response in Opposition to Johnson's Motion to Compel on June 1, 2026. (ECF No. 52.)

CBU also filed a Motion for Status Conference after Johnson filed her Motion to Compel. (ECF No. 49.) The Court granted the Motion (ECF No. 50), and a status conference was held on June 15, 2026 (ECF No. 57). At the conference, the parties addressed Johnson's apparent refusal to communicate with CBU's counsel by telephone or other oral means. Though Johnson represented that she does not object to oral communications regarding discrete matters, the parties' filings suggest that such communication has not occurred.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

Many of the disputes raised in both Johnson's Motion to Compel and CBU's Motion for Protective Order likely could have been resolved, or at least narrowed, through an oral conference between the parties.  Accordingly, the Motion to Compel (ECF No. 48) and Motion for Protective Order (ECF No. 55) are DENIED without prejudice for failure to consult.  Before refiling either motion, the parties are ORDERED to confer orally and in good faith regarding the relief sought therein in an effort to come to a resolution or compromise on the disputes.  The same requirement shall be imposed for any future motions, excluding those filed pursuant to Fed. R. Civ. P. 12, 56, 59, or 60.  *See* Local Rule 7.2(a)(1)(B).  Failure to comply with this Order may result in the imposition of appropriate sanctions.

As to the parties' Joint Motion to Extend Scheduling Deadlines, the Motion is GRANTED.  The Scheduling Order is therefore amended as follows:

**COMPLETING ALL DISCOVERY:** October 9, 2026

    **(a) WRITTEN DISCOVERY AND DOCUMENT PRODUCTION:** September 10, 2026

    **(b) DEPOSITIONS:** October 9, 2026

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2):**

    **(a) DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION:** August 10, 2026

    **(b) DISCLOSURE OF DEFENDANT'S RULE 26(a)(2) EXPERT INFORMATION:** September 10, 2026

    **(c) EXPERT WITNESS DEPOSITIONS:** October 9, 2026

**SUPPLEMENTATION UNDER RULE 26(e)(1):** October 9, 2026

**MOTIONS TO EXCLUDE EXPERTS/*DAUBERT* MOTIONS:** November 10, 2026

**FILING DISPOSITIVE MOTIONS:** <u>November 10, 2026</u>

Finally, to the extent Johnson seeks to communicate with CBU regarding matters related to this action, she is ORDERED to direct all such communications exclusively through CBU's counsel.

SO ORDERED this 15th day of June, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE