UTI01.10003

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

DR. LEIGH M. JOHNSON,

Plaintiff,

vs. Case No.: 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,

Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHRISTIAN BROTHERS UNIVERSITY'S RENEWED MOTION FOR PROTECTIVE ORDER**

---

Defendant, Christian Brothers University ("CBU"), submits this Memorandum of Law in Support of its Renewed Motion for Protective Order.

## INTRODUCTION

Plaintiff has served two sets of Requests for Production and has pursued extensive discovery in this action. Following the filing of Plaintiff's Motion to Compel and CBU's original Motion for Protective Order, the Court directed the Parties to confer in good faith regarding their discovery disputes and denied both motions without prejudice pending those discussions. Consistent with the Court's directive, the Parties engaged in multiple lengthy conferences regarding discovery, and CBU undertook substantial additional efforts to address Plaintiff's concerns, including serving supplemental responses and producing an additional 1,181 documents beyond its initial production.

Despite those efforts, Plaintiff now insists that CBU respond to her Second Set of Requests for Production. While styled as a "Second Set," those requests are largely duplicative, cumulative, and disproportionate to the needs of the case. The Second Set does not meaningfully advance discovery in this case. Instead, it imposes an extraordinary and unnecessary burden on CBU by re-packaging previously served requests into a far greater number of subparts, while simultaneously expanding the scope of discovery beyond what Rule 26 permits. Although framed as thirty-two additional requests, the Second Set functionally consists of more than one hundred discrete requests when subparts are considered, bringing Plaintiff's total Requests for Production to 152 total requests.

The burden imposed by the Second Set is particularly unwarranted given the procedural posture of this case. Before serving the Second Set, Plaintiff had already challenged CBU's responses to the First Set through a Motion to Compel. Thereafter, the parties engaged in extensive meet-and-confer efforts pursuant to the Court's Order, and CBU supplements its responses and produced more than a thousand additional documents. As set forth in CBU's original Motion for Protective Order and as the undersigned has tried to explain to Plaintiff, the requests in the Second Set seek the same documents already requested through the First Set. The Second set merely describes those categories with greater specificity, divides them into multiple subparts, or repackages them with reference to CBU's responses to the First Set or Answer to the Amended Complaint. The result is not 102 requests seeking discovery of different documents or new areas, but duplicative discovery that would require CBU to undertake repetitive review and response efforts with little, if any, additional probative value.

Rule 26 expressly directs courts to limit discovery that is cumulative, duplicative, or disproportionate to the needs of the case. It also authorizes protective orders to protect parties from undue burden and expense. Those principles are especially applicable here, where Plaintiff's

Second Set seeks responses to over one hundred additional requests that largely overlap with prior requests, extend into areas outside the scope of Rule 26(b)(1), and after CBU has produced more than 1,400 documents and supplemented its responses in an effort to resolve the parties' disputes without Court intervention.

Accordingly, CBU respectfully renews its request for a protective order limiting or relieving it of any obligation to respond to Plaintiff's cumulative, duplicative, overbroad, and disproportionate Second Set of Requests for Production.

**RELEVANT FACTS AND BACKGROUND**

Plaintiff filed the instant action to challenge her selection for non-retention during the retrenchment process implemented when CBU was forced to declare financial exigency. (See ECF Nos. 2, 33.) Plaintiff brings claim of sex discrimination, retaliation, and breach of contract, related to her selection for non-retention. (See ECF Nos. 2, 33.)

On March 25, 2026, Plaintiff issued two initial sets of discovery requests: thirty (30) Requests for Admission, and fifty (50) Requests for Production ("First Set"). (See ECF Nos. 48-2, 48-3.) On April 24, 2026, CBU served its responses to these initial discovery requests. (See ECF No. 42.) Plaintiff sent a lengthy, 20-plus page deficiency letter on April 27, 2026 (ECF No. 48-5), followed by a supplemental letter on April 28, 2026 (ECF No. 48-6), identifying a broad array of purported issues with CBU's discovery responses. CBU responded to Plaintiff's letter to continue the consultation efforts, but Plaintiff filed a Motion to Compel, to which CBU also responded. (See ECF Nos. 48, 52.)

On May 1, 2026, Plaintiff issued her first set of Interrogatories consisting of fifteen (15) interrogatories. (See ECF No. 55-1, at PageID 693–697.) The undersigned requested an extension on CBU's responses due to being out of the country. Plaintiff granted that extension through June 12, 2026.

On May 13, 2026, CBU filed its Answer to Plaintiff's First Amended Complaint. (See ECF No. 47.)

On May 19, 2026, CBU filed a Motion for Status Conference. (See ECF No. 49.) The Court granted the motion and set a status conference to be held on June 15, 2026. (See ECF No. 50.)

On May 26, 2026, Plaintiff propounded her second set of Requests for Production ("Second Set"), with Requests 51 through 82. (See ECF No. 55-1, at PageID 698–708.) While the Second Set contains thirty-two (32) enumerated requests – on top of the fifty (50) requests previously propounded with Plaintiff's First Set– many of the requests contain several subparts, ranging from a minimum of three subparts to a maximum of eight subparts. Counting said subparts, the Second Set consists of one-hundred and two (102) requests, bringing Plaintiff's total number of requests between the two sets to one-hundred and fifty-two (152) total requests for production. As outlined below, in addition to the sheer volume of requests for a fairly straightforward case, many of the requests are cumulative and duplicative of the First Set, and they are separately overbroad and not proportional to the needs of the case.

On June 12, 2026, CBU served its Responses to Plaintiff's First Set of Interrogatories and filed a Motion for Protective Order. (See ECF Nos. 55, 56.)

On June 15, 2026, the Parties appeared before the Court for a status conference. (See ECF No. 58.) At the status conference, the Court ordered that the parties confer orally and in good faith to attempt to work together to resolve the discovery disputes to date. (See id.) Accordingly, the Court denied the pending Motion to Compel (ECF No. 48) and Motion for Protective Order (Ecf No. 55) without prejudice to allow the parties time to confer on the discovery issues. (See ECF No. 58.)

Pursuant to this Court's Order, the Parties held a one-hour telephone conference on June 24, 2026, to discuss the discovery issues. CBU agreed to produce additional responsive documents and Plaintiff agreed to conditionally suspend CBU's deadline to respond to the Second Set of Requests for Production.

On July 8, 2026, CBU produced an additional 1,181 documents on top of the documents it had previously produced, along with supplemental responses to Plaintiff's discovery requests. (See ECF No. 59.)

On July 10, 2026, Plaintiff advised that she was not satisfied with the production and requested that we provide responses to the Second Set of Requests for Production by July 15, 2026.

On July 13, 2026, the Parties held another one-and-a-half-hour telephone conference regarding the remaining issues. CBU explained its position regarding the duplicative nature of the Second Set of Requests for Production, which Plaintiff inherently disagreed with.

## LAW AND ARGUMENT

### I. Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), discovery is limited to "any non-privileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Although this is a broad standard, it does not "allow fishing expeditions, and a 'court retains discretion to determine that a discovery request is too broad and oppressive.'" Elvis Presley Enters. v. City of Memphis, No. 2:18-cv-02718, 2020 U.S. Dist. LEXIS 125534, at *12 (W.D. Tenn. July 16, 2020) (quoting Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007). Additionally, discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Rule outlines various factors to assess the proportionality of discovery: the "importance of the issues at stake in the action," the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Id.

Rule 26(b)(2)(C) requires courts to limit discovery in specific circumstances:

> (C) *When Required*. On motion or on its own, the court **must** limit the frequency or extent of the discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is **unreasonably cumulative or duplicative**, . . . ;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is **outside the scope** permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) (emphasis added).

Additionally, pursuant to Rule 26, for good cause, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order forbidding the disclosure or discovery of certain items, forbidding inquiry into certain matters, or limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). The Motion must also include a certification the moving party in good faith conferred or attempted to confer with the non-moving in an effort to resolve the dispute prior to filing the Motion. Fed. R. Civ. P. 26(c)(1).

## II. Argument

As set forth in CBU's original Motion for Protective Order, while the Second Set is numbered 51 through 82, many of the requests include multiple subparts. When each subpart is counted as a separate request, the Second Set consists of approximately 102 discrete requests, bringing the total across both sets to approximately 152 requests. The sheer volume of the requests demonstrates the overly burdensome and disproportional nature of the discovery sought. This case is fairly straightforward. CBU declared financial exigency as a result of operating at a deficit for several years in a row and being placed on probation with its accrediting agency. That declaration

triggered the retrenchment process outlined in the Handbook. As a part of that process, the Retrenchment Committee was tasked with identifying a specific number of faculty positions to eliminate across the various schools and, even more granularly, within each specific department. The Deans and Chairs then recommended specific faculty members to be selected for non-retainment based on the guidance of the Handbook, Retrenchment Committee figures, and President Archer's Presidential Charge. Plaintiff's position was one of the positions selected for non-retainment in the Department of Religion and Philosophy. Plaintiff's lawsuit alleges that CBU discriminated against her in selecting her position for non-retainment, retaliated against her after she challenged that decision, and that the actions were a breach of contract. (See ECF Nos. 2, 33.) Plaintiff's efforts to seek discovery of documents beyond those touching on these matters is beyond the scope of Rule 26(b)(1).

Further, although the requests in the Second Set are framed as new requests, the requests in the Second Set seek the exact same documents or categories already covered within the First Set. As highlighted in the chart below, the requests cover the same exact documentation requested in the First Set:

| **Topics / Documents Sought** | **Request Nos. from First Set** | **Request Nos. from Second Set** |
|---|---|---|
| Documents related to CBU's preservation efforts | Nos. 44 – 47 | Nos. 51 – 53 |
| Documents related to the application of handbook criteria in retrenchment decisions | Nos. 6, 12 – 19 | Nos. 54 – 56 |
| Documents supporting statements made regarding CBU's financial status at the end of the 2023-2024 school year | No. 49 | No. 57 |
| Documents related to CBU's declaration of financial exigency | Nos. 1 – 4 | No. 58 |

| **Topics / Documents Sought** | **Request Nos. from First Set** | **Request Nos. from Second Set** |
|---|---|---|
| Documents related to retrenchment decisions | Nos. 6, 12 – 14 | No. 59 |
| Documents related to other faculty members throughout the Department of Religion and Philosophy and School of Arts[1] | Nos. 16 – 18 | No. 60 |
| Documents related to Plaintiff's qualifications (specifically regarding teaching religion courses) | No. 18 | No. 61 |
| Documents related to Father Bruce | Nos. 17 – 18 | No. 62 |
| Documents related to Dr. Maloney | Nos. 17 – 18 | No. 63 |
| Documents related to Dr. Leib | Nos. 17 – 18, 22 | No. 64 |
| Documents related to Dr. Haught | Nos. 17 – 18 | No. 65 |
| Documents related to reassignment of courses to Dr. Haught | Nos. 27 – 30 | No. 66 |
| Documents related to Plaintiff, Father Bruce, and Drs. Maloney, Leib and Haught | Nos. 12 – 18 | No. 67 |
| Documents related to communications with attorneys from the April 26, 2024, incident | Nos. 39 – 40 | No. 68 |
| Documents related to communications about advice of counsel | Nos. 7 – 10 | No. 69 |
| Documents related to the April 26, 2024, incident | Nos. 39 – 41 | Nos. 70 – 73 |

[1] As mentioned herein, any information about faculty outside of the Department of Religion and Philosophy is irrelevant to Plaintiff's claims.

| Topics / Documents Sought | Request Nos. from First Set | Request Nos. from Second Set |
|---|---|---|
| Documents related to communications from the Faculty Review Committee | Nos. 33 – 36 | Nos. 74 – 76 |
| Documents related to the retrenchment committee | Nos. 4, 6 | Nos. 77 – 80 |
| Documents related to correspondence with the AAUP | No. 48 | Nos. 81 – 82 |

Accordingly, the requests do not seek new document categories. They seek the same materials, just described more granularly. This "repackaging" of already existing requests is the exact type of "unreasonably cumulative or duplicative" discovery contemplated by the Rules. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff has had ample opportunity to obtain the discovery via her First Set. See Fed. R. Civ. P. 26(b)(2)(C)(ii). To the extent Plaintiff felt the need to propound additional discovery in light of CBU's objections to the First Set, Plaintiff's use of a second set of discovery requests was improper, especially in light of the fact that Plaintiff had already filed a Motion to Compel prior to propounding her Second Set. (See ECF Nos. 48, 52.)

Plaintiff argues that the Second Set of Requests was prompted by documents and pleadings produced or filed after she propounded her First Set of Requests, namely documents produced in discovery and CBU's Answer to Plaintiff's Amended Complaint. However, merely referencing CBU's Answer or documents produced in response to the First Set does not transform the Second Set into new discovery. While some requests identify specific allegations or documents as a point of reference, the underlying documents sought are the same documents already encompassed by Plaintiff's First Set – as set forth above. Accordingly, the Second Set is duplicative, as it seeks information that was previously requested and to which CBU has already responded.

Finally, several of Plaintiff's requests (both in the First and Second Sets) seek discovery of documents "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(1);

26(b)(2(C)(iii). For example,[2] the Second Set seeks documents spanning from August 1, 2023, through the date of CBU's responses. It is unclear how anything after the retrenchment process or beyond the Spring 2024 semester would be relevant to Plaintiff's claims. Additionally, Plaintiff's Second Set seeks documents related to retained faculty within the School of Arts generally who were not part of the Department of Religion and Philosophy. As the undersigned has explained, the retainment decisions were not made across the schools but were made within the specific departments. Accordingly, documents relating to faculty outside of the Department of Religion and Philosophy (including all requests related to Dr. Karl Leib) are not relevant to either parties' claims or defenses. Plaintiff's requests for these documents are improper and are not proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). To the extent Plaintiff seeks documents related to CBU's declaration of financial exigency, such documents would also be outside the scope of Rule 26(b)(1). The issue in Plaintiff's Complaint is not CBU's declaration of financial exigency, but rather Plaintiff's non-retainment as a result of said financial exigency. A deep dive into CBU's financial documents supporting its determination of financial exigency is the exact type of "fishing expedition" courts seek to prevent. See Elvis Presley Enters., 2020 U.S. Dist. LEXIS 125534, at *12 (quoting Surles, 474 F.3d at 305)). These issues alone would require the Court to limit Plaintiff's attempted discovery. See Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Additionally, good cause exists for the Court to enter a protective order pursuant to Rule 26(c)(1). See Fed. R. Civ. P. 26(c)(1). CBU has already expended substantial time and resources responding to Plaintiff's First Set, which themselves encompassed the key issues in this case and beyond. CBU has produced over 1400 documents in this case. It has already incurred and

[2] The following examples are just that – examples. There are several other issues with Plaintiff's Requests, as outlined in CBU's objections to Plaintiff's First Set (ECF No. 48-9, 48-10), CBU's response to Plaintiff's deficiency letters (ECF No. 48-8), and in CBU's Response to Plaintiff's Motion to Compel (ECF No. 52.) Those arguments are incorporated as if fully set forth herein.

continues to incur substantial time and expense in searching for and preparing responsive documents – despite lodging valid objections to some of Plaintiff's overly broad and unduly burdensome requests – in an effort to appease Plaintiff. Plaintiff is still not satisfied with CBU's production, despite those efforts. As mentioned above, the Second Set imposes an additional 102 requests (when considering subparts). Even if CBU were to respond primarily by asserting objections and incorporating prior responses, doing so would still require a time-consuming, line-by-line analysis of each request, cross referencing prior productions, and ensuring no inadvertent inconsistencies. This process would impose significant additional burden and expense without a corresponding benefit in terms of new or relevant information. The duplicative and cumulative nature of these requests makes it highly likely that any responses – no matter the form – will lead to further motion practice. This creates a compounding cycle of burden and expense that Rule 26(c) is designed to prevent.

Absent relief from the Court, CBU will be forced to expend significant additional resources responding to requests that seek largely the same information already requested and produced, resulting in undue burden and disproportionate expense relative to the needs of the case. A protective order is therefore necessary to ensure that CBU is spared from that burden and expense and that discovery proceeds in a manner consistent with the proportionality requirements of Rule 26.

## **CONCLUSION**

For the foregoing reasons, CBU respectfully requests that the Court enter an order, pursuant to Rule 26(b)(2)(C) limiting the discovery sought by Plaintiff, or a protective order pursuant to Rule 26(c) relieving CBU from any obligation to respond to the cumulative, duplicative, and overly burdensome discovery requests in the Second Set.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By: *s/Stephen W. Vescovo*
STEPHEN W. VESCOVO (#007246)
JAMIE M. GIBBER (#039552)
40 South Main Street, Suite 2900
Memphis, TN 38103-5529
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com

*Attorneys for Defendant, Christian Brothers University*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2026, a copy of the foregoing pleading has been delivered to the following via email:

Dr. Leigh M. Johnson
1492 Newton Street NW, Apt. A
Washington, DC 20010
(901) 679-5937
drleighmjohnson@gmail.com
*Pro se Plaintiff*

s/*Stephen W. Vescovo*
STEPHEN W. VESCOVO (7246)

4921-6964-9341