**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

DR. LEIGH M. JOHNSON,

Plaintiff,

v. Case No. 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,

Defendant.

---

**DECLARATION OF DR. LEIGH M. JOHNSON IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR PROTECTIVE ORDER**

---

I, Dr. Leigh M. Johnson, declare as follows:

1. I am the Plaintiff in this action and appear pro se. The facts set forth below are within my personal knowledge. I could and would testify competently to them.

**Defendant's July 8, 2026 Production**

2. On July 8, 2026, I received an email from Ginger Taylor of Lewis Thomason, P.C. transmitting a OneDrive link described as containing "CBU's First Set of Discovery to you, along with CBU's supplemental responses to your discovery requests, CBU's Privilege Log, and document production."

3. I downloaded and reviewed the materials at that link. The document production consists of pages bearing Bates numbers beginning at CBU 001 and ending at CBU 1420.

4. Defense counsel's transmittal letter of the same date states that Defendant is producing "CBU 001-1422." I have not received any page bearing Bates number CBU 1421 or CBU 1422. Defendant's supplemental responses to Plaintiff's First Requests for Production Nos. 16, 17, and 18 each designate "CBU 1398–1422."

5. I reviewed the July 8, 2026 production page by page and prepared a contemporaneous index recording the content of each Bates range. The description of the composition of that production set forth in footnote 2 of the accompanying Response reflects that review and is accurate to the best of my knowledge.

6. Based on that review, I determined that only 190 pages of the 1,420 pages produced (approximately 13%) consist of material that is responsive to a request in Plaintiff's First or Second Set of Requests for Production that had not previously been produced, and is in a form that permits it to be read and used. The balance consists of material previously produced under different Bates numbers, material not requested by and not responsive to any Request, and spreadsheets reproduced as flat images that do not display the underlying column data.

**Documents at CBU 945–981**

7. The range CBU 945–981 was designated by Defendant in its July 8, 2026 supplemental responses to Plaintiff's First Requests for Production Nos. 13, 14, and 15. Having reviewed those pages, I state that they include: a document titled "School of Arts Recommendations for Non-reappointment" at CBU 945–955; a document setting out the justification of retention and non-reappointment decisions in the Department of History and Political Science at CBU 959–962; a comparable document for the Department of Languages and Literatures at CBU 963–967; and a document titled "Recommendations from Chairs" addressing retention and non-reappointment decisions in more than one department of the School of Arts at CBU 968–979.

**Document at CBU 1395–1397**

8. The document at CBU 1395–1397 was designated by Defendant in its July 8, 2026 supplemental response to Plaintiff's First Request for Production No. 48. That document is a letter bearing the name of CBU President Chris Englert, unsigned, and addressed to Mark Criley of the American Association of University Professors. Its heading includes the date "July 8, 2026," a date that postdates the correspondence referenced in Criley's response email (produced at ECF 33-1, PageID 188-189) referencing Englert's letter dated August 19, 2024.

9. I have not received from Defendant any signed letter from President Br. Chris Englert to the American Association of University Professors dated August 19, 2024.

**Faculty Contracts**

10. Plaintiff's First Request for Production No. 17 sought records for five named individuals: Philip Maloney, Bruce Cinquegrani, Paul Haught, Karl Leib, and Plaintiff. Defendant's July 8, 2026 production includes faculty contracts for seven individuals at CBU 1367–1394. Those seven do not include comparators Paul Haught or Karl Leib.

**Conferrals**

11. On June 24, 2026, I participated in a telephone conference with Stephen W. Vescovo and Jamie M. Gibber concerning the discovery disputes in this action. The conference lasted

approximately one hour. I have a transcript of that conferral call which I am willing to produce upon request.

12. On July 13, 2026, I participated in a second telephone conference with Stephen W. Vescovo and Jamie M. Gibber concerning the remaining discovery disputes. The conference lasted approximately one and one-half hours. I have a transcript of that conferral call which I am willing to produce upon request.

13. As of the date of this Declaration, Defendant has not served any response, objection, or production directed to Plaintiff's Second Set of Requests for Production, Nos. 51–82, served May 26, 2026. Those responses have been outstanding since July 8, 2026, the final deadline I identified in my June 26, 2026 email.

**Exhibits**

14. Attached hereto as **Exhibit A** is Plaintiff’s Second Set of RFPs, as served.

15. Attached hereto as **Exhibit B** is Defendant’s First Set of RFP responses as supplemented on July 8, 2026.

16. Attached hereto as **Exhibit C** is my June 26, 2026 abeyance email.

17. Attached hereto as **Exhibit D** is Defendant’s letter accompanying their July 8, 2026 production transmittal.

18. Attached hereto as **Exhibit E** is Plaintiff’s July 10, 2026 written notice that the supplementation was insufficient and the original deadline for Defendant’s Second Set of RFP responses revived.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2026.

/s/ Leigh M. Johnson
Dr. Leigh M. Johnson
Plaintiff Pro Se
1492 Newton St NW, Apt A
Washington, DC 20010
drleighmjohnson@gmail.com