# Exhibit A

Johnson v. Christian Brothers University

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**DR. LEIGH M. JOHNSON,**
Plaintiff,

v. Case No. 2:25-cv-02618-BCL-atc

**CHRISTIAN BROTHERS UNIVERSITY,**
Defendant.

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, Plaintiff Dr. Leigh M. Johnson, appearing pro se, hereby requests that Defendant Christian Brothers University ("CBU" or "Defendant") produce for inspection and copying the documents identified below within thirty (30) days of service of this Request.

**DEFINITIONS AND INSTRUCTIONS**

The Instructions set forth in Plaintiff's First Set of Requests for Production are incorporated by reference and apply to this Second Set of Requests. Where any responsive document to these Second Requests is produced with any portion redacted or withheld on the basis of privilege or work-product claim, Defendant shall identify the redacted or withheld portion and the basis for the redaction or withholding consistent with Fed. R. Civ. P. 26(b)(5)(A).

Additions to Plaintiff's **Instructions** to First Set of Requests include:

**1.** Production of electronically stored information shall be governed by Section III.h of the Discovery Plan in the Report of the Parties' Rule 26(f) Planning Meeting [ECF No. 26, PageID 135]. For email productions, Plaintiff explicitly requests that Defendant produce complete email families, including parent emails, replies, forwards, attachments, and non-privileged embedded or linked documents necessary to understand the communication. Defendant shall also preserve original metadata for responsive ESI where good cause exists under Section III.h, including where a document's creation date, modification date, author, custodian, version history, attachment relationship, chronology, authenticity, or chain of custody is material, or where static production is not reasonably usable, including spreadsheets and tabular data.

**2.** "Default Date Range" in Instruction No. 1 of the First Set Requests for Production on March 25, 2026 does not apply to this Second Set of RFPs. Each Request below specifies its own temporal scope. Where no temporal scope is specified, the relevant period is August 1, 2023 through the date of Defendant's response.

The **Definitions** set forth in Plaintiff's First Set of Requests for Production on March 25, 2026 are incorporated by reference and apply to this Second Set of RFPs, with the following modifications:

**1.** "ECF 47" means Defendant's Answer to Plaintiff's First Amended Complaint, filed May 13, 2026.

**2.** "Handbook §2.7.3.2." refers to the CBU Faculty Handbook section prescribing retention criteria for use in connection with a declared financial exigency. Those same retention criteria are also set forth in Appendix G.3.e of the Faculty Handbook.

**3.** "Maloney" means Dr. Philip J. Maloney, identified in ECF 47 ¶26 as "Max Maloney."

**4.** "Wallace" means Dr. James Buchanan Wallace; "Fulmer" means Dr. Burt Fulmer; "Leib" means Dr. Karl Leib; "Haught" means Dr. Paul Haught; "Cinquegrani" means Fr. Bruce Cinquegrani; "Tullia" means Dean Tawny LeBouef Tullia; "Englert" means Br. Chris Englert; "Greer" means Board of Trustees Chairperson Emily Greer; and "Plaintiff" means Dr. Leigh M. Johnson.

**5.** "Retained Faculty" means each full-time tenured or tenure-track faculty member in the relevant retrenchment unit (i.e., CBU's School of Arts) who was not selected for non-renewal or termination in connection with the 2023–2024 retrenchment process.

**6.** "Relevant decision unit" refers to CBU's School of Arts, including but not limited to the Department of Religion and Philosophy.

**7.** "¶108 Handbook Compliance Contention" refers to Defendant's pleaded contention in ECF 47 ¶108 that "Defendant was forced to eliminate numerous tenured faculty positions, including Plaintiff's, due to financial exigency, as defined by the Faculty Handbook **in accordance with all procedures set forth therein**." (Emphasis added.)

**8.** "April 26 Advice-of-Counsel Invocation" refers to the statement in ECF 47 ¶74 that CBU administration "contacted their attorney and relying on advice of counsel, elected to err on the side of caution" in connection with the April 26, 2024 incident in which Plaintiff was removed from her classroom by Dean Tullia, Ron Brandon, law enforcement and/or Campus Safety.

**9.** "Relevant comparator information" refers to appointment contracts, salary, annual faculty review documents, student course evaluations, teaching performance assessments, scholarship and service records.

**10.** "AAUP" refers to the American Association of University Professors.

**11.** "RC" refers to the Retrenchment Committee.

## REQUESTS FOR PRODUCTION

**A. PRESERVATION AND DISPOSITION OF RECORDS.**

**REQUEST NO. 51 (MALONEY):** Produce documents sufficient to show, for the period from December 7, 2023 through the date of Defendant's response: (a) every preservation instruction, litigation hold supplement, or directive issued by Defendant or its counsel to CBU Information Technology or Human Resources personnel concerning the email account, network files, shared drives, and backup or archival records of Maloney; (b) any modification, suspension, or discontinuation of CBU's ordinary offboarding, account-deactivation, email-deletion, archival, or device-disposition processes as applied to Maloney; and (c) the present status, location, and accessibility of Maloney's CBU email account, network files, shared drives, and CBU-issued devices following his May 10, 2026 departure as referenced in ECF 47 ¶26.

**REQUEST NO. 52 (WALLACE):** Produce documents sufficient to show, for the period from December 7, 2023 through the date of Defendant's response: (a) every preservation instruction, litigation hold supplement, or directive issued by Defendant or its counsel to CBU Information Technology or Human Resources personnel concerning the email account, network files, shared drives, backup or archival copies of records of Wallace; (b) any modification, suspension, or discontinuation of CBU's ordinary offboarding, account-deactivation, email-deletion, archival, or device-disposition processes as applied to Wallace; and (c) the present status, location, and accessibility of Wallace's CBU email account, network files, shared drives, and CBU-issued devices following his May 11, 2026 departure as referenced in ECF 47 ¶26.

**REQUEST NO. 53:** For each of the following custodians, produce all documents, emails, calendar entries, and other electronic communications that mention Plaintiff by name, title, or position from October 1, 2023 through July 31, 2024, custodian-by-custodian: David Archer, Lydia Rosencrants, Tawny LeBouef Tullia, Ron Brandon, Scott Geis, James Buchanan Wallace, Philip J. Maloney, Theresa P. Jacques, and Br. Chris Englert.

**B. DEFENDANT'S ¶108 HANDBOOK COMPLIANCE CONTENTION.**

**REQUEST NO. 54 (Handbook Retention Criterion 1.):** Produce all documents reflecting the application of Handbook §2.7.3.2 criterion (1) ("tenure or status as a Christian Brother") to Plaintiff relative to each member of the Retained Faculty in the relevant decisional unit during the 2023–2024 retrenchment process, including deliberative memoranda and meeting records.

**REQUEST NO. 55 (Handbook Retention Criterion 2.):** Produce all documents reflecting the application of Handbook §2.7.3.2 criterion (2) ("merit, versatility, seniority") to Plaintiff relative to each member of the Retained Faculty in the relevant decisional unit during the 2023–2024 retrenchment process, including deliberative memoranda and meeting records.

**REQUEST NO. 56 (Handbook Retention Criterion 3.):** Produce all documents reflecting the application, non-application, modification, suspension, or interpretation of Handbook §2.7.3.2

criterion (3) ("goals of the University regarding numbers of women, women religious, and members of minority groups") during the 2023–2024 retrenchment process, including any drafts of President Archer's October 31, 2023 "Presidential Charge to Chairs and Deans" Letter unilaterally declaring criterion (3) "inapplicable" and directing Chairs and Deans that retention recommendations be made "irrespective of gender and race." (ECF 33-1, Exhibit H, PageID 186–187)

**REQUEST NO. 57 (Handbook-reliance relative to the July 2024 Englert/Greer/Barnes interview):** Produce all relevant documents sufficient to show the basis for President Englert's claim in the July 2024 interview with Eric Barnes and Emily Greer (aired on WKNO-TV, WKNO-FM public radio, reproduced in *The Daily Memphian*, and reposted on CBU's website) that CBU ended the 2023-24 Academic Year with "no debt" and "in the black" including any drafts, revisions, and final approvals of that statement.[1]

**REQUEST NO. 58:** Relative to Req. No. 57 above, produce all relevant documents sufficient to demonstrate the verity of Defendant's pleaded contention at ECF 47 ¶108 that CBU was "forced to eliminate [Plaintiff] ... due to financial exigency, as defined by the Faculty Handbook in accordance with all procedures set forth therein," including any internal memorandum, analysis, or compliance review identifying the Faculty Handbook sections relied upon for the contention as pleaded.

**REQUEST NO. 59:** Produce any documents reflecting the basis upon which Plaintiff's *individual* faculty position, as distinguished from "program eliminations" or "aggregate numerical reductions," was selected for elimination in the 2023–2024 retrenchment process, including: (a) any document analyzing, comparing, or evaluating the financial impact of eliminating Plaintiff's specific position; (b) any document analyzing the institutional income generation, credit hour production, or broader financial contribution of faculty members selected for elimination, including Plaintiff; (c) any document supporting the Handbook-compliance of President Archer's statement (in Plaintiff's December 7, 2023 termination meeting) that termination decisions about specific individual positions, including Plaintiff's, were made independent of financial exigency considerations; and (d) any document reconciling, contradicting, or otherwise addressing President Archer's statements in Plaintiff's December 7, 2023 "termination meeting" with respect to Defendant's contemporaneous declaration of financial exigency.

**C. COMPARATOR ANALYSIS.**

**REQUEST NO. 60 (Comparator Data):** Produce relevant institutional data, reports, exports, or extracts maintained by Defendant or any of its offices (including the Office of the Registrar, the Office of Academic Affairs, the Department of Human Resources, the Provost's Office, or any successor or equivalent office) reflecting, for each member of the Department of Religion and Philosophy and each member of the Retained Faculty within the School of Arts, for each fall,

---

[1] Interview available at the following: WKNO-TV interview at https://www.pbs.org/video/christian-brothers-university-7n4bbq/; WKNO-FM interview at https://www.wknofm.org/behind-the-headlines-0/2024-07-18/bth-future-of-christian-brothers-university; *The Daily Memphian* news article available at https://dailymemphian.com/section/metroeducation/article/45201/memphis-education-christian-brothers-university-continues-recovery-as-new-academic-year-nears; Englert/Greer/Barnes interview posted on CBU website at https://www.cbu.edu/news/wknos-behind-the-headlines-with-brother-chris-emily-greer/.

spring, and summer semesters between Fall 2018 and Spring 2024 identifying: (a) name, rank, tenure status, department, and school of each faculty member; (b) each course taught by each such faculty member, identified by course number, course title, section number, semester, and year; (c) enrollment per section for each course listed per faculty member, semester, and academic year; (d) total student credit hours generated for each course listed per faculty member, semester, and academic year; (e) course-load assignment and any FTE or full-time-equivalent allocation per faculty member, semester, and academic year; and (f) any administrative-role allocation per faculty member, semester, and academic year. Defendant shall produce such data in native form (including without limitation the format in which the data is maintained in the system of record) consistent with Section III.h of the Discovery Plan and Plaintiff's invocation of the good-cause provisions thereof indicated in Instruction (1) above.

**REQUEST NO. 61 (Plaintiff's Qualifications):** Produce all documents concerning Defendant's evaluation, review, assessment, or determination of Plaintiff's qualifications, credentials, prior teaching experience, or academic preparation to teach religion courses (including the "Philosophy of Religion" course) offered in support of Defendant's claim at ECF 47 ¶44 that Plaintiff "was not qualified to teach Religion courses," including: (a) any review of Plaintiff's curriculum vitae; (b) any review of Plaintiff's prior teaching experience, including her seven-year teaching of "The Search for Values in Western History and Religion" at Rhodes College from 2007 through 2014, prior to her employment by Defendant; (c) any review of Plaintiff's scholarship or publication record bearing on religion, theology, ethics, or philosophy of religion; (d) any document stating, concluding, recommending, or implying that Plaintiff could or could not teach any specific course in the Department of Religion and Philosophy; (e) the identity of every person who had responsibility for any such evaluation or determination; (f) the methodology, standards, or criteria applied in making any such evaluation or determination; and (g) any document reflecting the date on which Defendant first formed the conclusion or position that Plaintiff could not teach religion courses.

**REQUEST NO. 62, COMPARATOR CINQUEGRANI:** Produce the relevant comparator information for Bruce Cinquegrani from August 1, 2018 through the date of Defendant's response to this Request and all documents falling within any of the following categories concerning Cinquegrani's retention, non-renewal, or reassignment in the 2023–2024 retrenchment process, from August 1, 2023 through May 11, 2024: (a) ranking sheets, rubrics, scoring documents, or evaluative grids applied to Cinquegrani; (b) memoranda, recommendations, or decision documents authored by or addressed to any member of the Retrenchment Committee, the Faculty Review Committee, the Provost, the President, the Board of Trustees, the relevant Department Chair, or the relevant Dean; (c) minutes, notes, or summaries of any meeting at which Cinquegrani's retention, non-renewal, or reassignment was discussed; and (d) communications between or among the President, Provost, Deans, Department Chairs, or members of the Retrenchment Committee or Faculty Review Committee.

**REQUEST NO. 63, COMPARATOR MALONEY:** Produce the relevant comparator information for Philip Maloney from August 1, 2018 through the date of Defendant's response to this Request and all documents falling within any of the following categories concerning Maloney's retention, non-renewal, or reassignment in the 2023–2024 retrenchment process, from August 1, 2023 through May 11, 2024: (a) ranking sheets, rubrics, scoring documents, or evaluative grids applied to Maloney; (b) memoranda, recommendations, or decision documents

authored by or addressed to any member of the Retrenchment Committee, the Faculty Review Committee, the Provost, the President, the Board of Trustees, the relevant Department Chair, or the relevant Dean; (c) minutes, notes, or summaries of any meeting at which Maloney's retention, non-renewal, or reassignment was discussed; and (d) communications between or among the President, Provost, Deans, Department Chairs, or members of the Retrenchment Committee or Faculty Review Committee.

**REQUEST NO. 64, COMPARATOR LEIB:** Produce the relevant comparator information for Karl Leib from August 1, 2018 through the date of Defendant's response to this Request and all documents falling within any of the following categories concerning Leib's retention, non-renewal, or reassignment in the 2023–2024 retrenchment process, from August 1, 2023 through May 11, 2024: (a) ranking sheets, rubrics, scoring documents, or evaluative grids applied to Leib; (b) memoranda, recommendations, or decision documents authored by or addressed to any member of the Retrenchment Committee, the Faculty Review Committee, the Provost, the President, the Board of Trustees, the relevant Department Chair, or the relevant Dean; (c) minutes, notes, or summaries of any meeting at which Leib's retention, non-renewal, or reassignment was discussed; and (d) communications between or among the President, Provost, Deans, Department Chairs, or members of the Retrenchment Committee or Faculty Review Committee.

**REQUEST NO. 65, COMPARATOR HAUGHT:** Produce the relevant comparator information for Paul Haught from August 1, 2014 through the date of Defendant's response to this Request and all documents falling within any of the following categories concerning Haught's retention, non-renewal, or reassignment in the 2023–2024 retrenchment process, from August 1, 2023 through May 11, 2024: (a) ranking sheets, rubrics, scoring documents, or evaluative grids applied to Haught; (b) memoranda, recommendations, or decision documents authored by or addressed to any member of the Retrenchment Committee, the Faculty Review Committee, the Provost, the President, the Board of Trustees, the relevant Department Chair, or the relevant Dean; (c) minutes, notes, or summaries of any meeting at which Haught's retention, non-renewal, or reassignment was discussed; and (d) communications between or among the President, Provost, Deans, Department Chairs, or members of the Retrenchment Committee or Faculty Review Committee.

**REQUEST NO. 66 (Reassignment of Plaintiff's courses to Haught):** Produce all documents concerning the implementation of any reassignment of Paul Haught from any administrative position to any faculty teaching position during or following the 2023–2024 academic year, including but not limited to the reassignment referenced in Defendant's Answer to the First Amended Complaint at ¶49, from October 1, 2023 through the date of Defendant's response, including: (a) the date on which any such reassignment was first proposed, considered, or evaluated, and the identity of every person who was consulted concerning any such reassignment; (b) the academic department, faculty line, courses, course load, FTE allocation, salary, rank, tenure status, and effective date contemplated or implemented for any such reassignment; (c) any analysis, evaluation, or determination of whether the faculty line, courses, teaching responsibilities, or curriculum contemplated for Haught included, overlapped with, or substituted for those previously held or taught by Plaintiff; (d) any analysis, consideration, or application of CBU Faculty Handbook Appendix G, including without limitation Appendix G.2.i ("relocated to an open position"), in connection with any such reassignment; (e) any

consideration of whether Plaintiff was eligible for, qualified for, or could have been offered any reassignment, relocation, or other employment comparable to that contemplated for Haught; and (f) communications between or among Haught, the President, the Provost, the Vice-Provost, Deans, Department Chairs, the Faculty Assembly, the Board of Trustees, or counsel concerning any such reassignment.

**REQUEST NO. 67:** Produce documents sufficient to show, for Plaintiff, Cinquegrani, Maloney, Leib, and Haught for each academic year from 2018–2019 through 2023–2024: rank, tenure status, primary discipline, courses taught (by title and enrollment), student credit hours generated, any administrative role occupied, and any scholarship or service activity reflected in Defendant's personnel records.

**D. ADVICE-OF-COUNSEL INVOCATIONS AND RELATED PREDICATE DOCUMENTS.**

**REQUEST NO. 68:** Produce all documents sufficient to identify, by date, sender, recipient, and subject line, each communication between any CBU agent and any attorney concerning the April 26, 2024 incident, without revealing the substance of any communication Defendant contends remains privileged. Defendant's associated privilege log compliant with Fed. R. Civ. P. 26(b)(5)(A) identifying any communication withheld under any privilege or work-product claim in connection with the April 26, 2024 incident or the April 22, 2024 social-media post shall also be produced.

**REQUEST NO. 69 (Criterion (3) advice-of-counsel — RFP Responses Nos. 7-10):** In connection with Defendant's First RFP Responses Nos. 7-10, which invoke "attorney-client privilege" in connection with Defendant's disregard of the Faculty Handbook §2.7.3.2 criterion, i.e., the decision or instruction that retention recommendations should be made "irrespective of gender or race," and the interpretation, modification, suspension, amendment, or non-use of criterion (3) — produce: (a) documents sufficient to identify each communication between any CBU agent and any attorney concerning the application, non-application, modification, suspension, or interpretation of criterion (3), by date, sender, recipient, and subject line, without revealing the substance of any communication Defendant contends remains privileged; (b) all non-privileged documents reflecting Defendant's deliberation, analysis, or implementation of any advice received from outside counsel concerning the treatment of criterion (3), including any document directing or implementing the conclusion that retention recommendations be made "irrespective of gender or race"; and (c) Defendant's associated privilege log compliant with Fed. R. Civ. P. 26(b)(5)(A) identifying each communication withheld under any privilege or work-product claim in connection with this Request.

**E. APRIL 26, 2024 "INCIDENT REPORT" (Case No. 2024-00044).**

**REQUEST NO. 70 (First-person witness contemporaneous records to the April 26, 2024 event):** Produce all contemporaneous notes, statements, communications, and records authored by, sent by, or received by Lieutenant Ryan, President David Archer, Acting President Ron Brandon, Dean Tawny LeBouef Tullia, Provost Lydia Rosencrants, Theresa P. Jacques, Beth Gerl, and any Memphis Police Department personnel or Campus Safety personnel present at or involved in the April 26, 2024 incident, including: (a) notes, or other contemporaneous records of the two April 26, 2024 meetings (the first held in or near the Dean's office with Plaintiff,

Brandon, Tullia, and Lt. Ryan, and the second held following Plaintiff's return from teaching her 11:00 a.m. class); (b) emails, text messages, or other electronic communications among or between the above named individuals concerning either meeting; (c) any witness statement, declaration, or written account prepared by any of these individuals; (d) any incident report, security report, or other formal record supporting the April 26, 2024 incident authored by any individual other than Chief Lotrionte; and (e) any communication between any of the above named individuals and Chief Lotrionte concerning the contents of Incident Report Case No. 2024-00044.

**REQUEST NO. 71:** Produce documents sufficient to show the reason that "Incident Report" reflecting the events of April 26, 2024, produced by Defendant, was neither signed nor dated, and the basis upon which Defendant included a "Memphis Police Department" header on Incident Report Case No. 2024-00044.

**REQUEST NO. 72. (Incident Report drafts, sources, and metadata):** Produce all documents concerning the preparation, drafting, editing, review, approval, finalization, or distribution of "Incident Report Case No. 2024-00044," authored by or attributed to Chief Lotrionte, including: (a) all prior versions and version history of the Report; (b) all source materials, notes, statements, or communications upon which Chief Lotrionte relied in drafting any portion of the Report; (c) all communications between or among Chief Lotrionte, Lt. Ryan, Brandon, Tullia, Rosencrants, Gerl, or any other person concerning the contents of the Report; (d) all edits, revisions, comments, or annotations to any draft of the Report by any person prior to its transmission to Plaintiff; (e) the document-creation, last-modified, and last-accessed metadata for the Report; and (f) documents sufficient to establish the chain of custody of the Report from its creation through its production in this litigation in connection with defense counsel's May 8, 2026 correspondence.

**REQUEST NO. 73. (MPD and Campus Safety communications):** Produce all communications between Defendant and the Memphis Police Department or Campus Safety concerning Plaintiff or the April 26, 2024 incident, including: (a) any request by CBU employees for police or Campus Safety presence, intervention, or assistance from August 1, 2023 through April 26, 2024 relative to Plaintiff; (b) any communication between Defendant's administrative representatives and the Memphis Police Department or Campus Safety personnel concerning the April 22, 2024 social-media post; (c) any relevant documentation provided by Defendant's administrative representatives to Memphis Police Department or Campus Safety personnel to justify intervention on April 26, 2024, and (d) any post-April 26, 2024 communications concerning the incident of that day between Defendant's administrative representatives, Campus Safety personnel, and any law-enforcement agency.

**F. FACULTY REVIEW COMMITTEE (FRC) COMMUNICATIONS.**

**REQUEST NO. 74. (Intra-FRC member communications):** Produce all communications among and between members of the Faculty Review Committee, including FRC Chair Dr. Scott Geis, Dr. Benjamin Jordan, and any other FRC member who served during Plaintiff's appeal, concerning Plaintiff, Plaintiff's appeal of her December 7, 2023 termination decision, the scheduling of any FRC hearing of that appeal, or its merits and demerits, from December 15, 2023 through August 1, 2024, including without limitation: (a) communications concerning the rescheduling, delay, postponement, or cancellation of any hearing of Plaintiff's appeal; (b)

communications concerning the scope, grounds, framing, narrowing, or limitation of Plaintiff's appeal; (c) internal FRC deliberations; and (d) meeting agendas, minutes, notes, recordings, emails, or transcripts of any FRC correspondence concerning Plaintiff's appeal.

**REQUEST NO. 75. (Communications between FRC Chair Geis and non-FRC members):** Produce all communications between FRC Chair Dr. Scott Geis and any individual who was not a member of the Faculty Review Committee, including without limitation Vice-Provost Lydia Rosencrants, Former President David Archer, Faculty Assembly President Philip J. Maloney, Dean Tawny LeBouef Tullia, Ron Brandon, Department Chair James Wallace, and any other CBU administrator, Retrenchment Committee member, or Board of Trustees member concerning Plaintiff, Plaintiff's appeal of the December 7, 2023 termination decision, the FRC's review of that appeal, the conduct or scheduling of any FRC Appeal hearing, or the substance of any FRC deliberation or recommendation, from December 15, 2023 through August 1, 2024.

**REQUEST NO. 76. (Communications between FRC Chair Geis and CBU counsel, non-privileged):** Produce all communications between FRC Chair Dr. Scott Geis and any attorney representing CBU or any law firm engaged by CBU, including without limitation any attorney from Lewis Thomason, P.C. and any other counsel of record consulted during the relevant period, concerning Plaintiff, Plaintiff's appeal of the December 7, 2023 termination decision, the FRC's review of that appeal, the conduct or scheduling of Plaintiff's FRC hearing, or the substance of any FRC deliberation or recommendation, from December 15, 2023 through August 1, 2024. To the extent any responsive communication is withheld on the basis of any privilege or work-product claim, produce Defendant's associated privilege log compliant with Fed. R. Civ. P. 26(b)(5)(A) identifying each such withheld communication.

**G. HANDBOOK-MANDATED RETRENCHMENT COMMITTEE PROCESSES.**

**REQUEST NO. 77 (Retrenchment Committee's Response to Archer)**: Produce all documents sufficient to show the Retrenchment Committee's full response to President Archer's instructions that the RC continue its work to meet the "Board-mandated reduction target" after the RC had submitted its Final Report, including (a) any RC-produced documents requesting that Archer work exclusively with "Chairs and Deans" to identify additional cuts going forward, (b) any written communication from the RC, any RC member, or the RC Chairperson to President Archer concerning the Committee's decision to decline to recommend further reductions, and (c) any document identifying any faculty position selected for termination in the relevant unit, including and in excess of those recommended by the RC in its Final Report. (ECF 33 ¶39; ECF 47 ¶39; CBU-215-218)[2]

**REQUEST NO. 78 (Cost-saving alternatives recommended by the Retrenchment Committee):** Produce all documents concerning Defendant's consideration, implementation, partial implementation, or non-implementation of each of the eight cost-saving measures recommended by the Retrenchment Committee at CBU-215-218, namely: (a) review of the structure and function of Schools and Departments for possible consolidation; (b) review of Graduate School structure and positions; (c) early elimination of two Physician Assistant

[2] Archer's November 27, 2023 public announcement can be found on CBU's website at: https://www.cbu.edu/reimagining-the-future-cbu-action-plan/retrenchment-committee-update-2/

Program faculty in June 2024; (d) review of current software products and licenses (including Starfish, RIZE, and Taskstream); (e) cost-saving measures related to the Crosstown and HSCI Building leases; (f) return of chair release time to 2019 levels; (g) review of other release time; and (h) review of stipends.

**REQUEST NO. 79**: **(Documentation of cost-saving alternatives):** For each such measure considered, implemented, or rejected in reference to the Retrenchment Committee's cost-saving recommendations identified in Req. No. 78 above, produce all documents sufficient to show: (a) the date on which each measure was considered, decided upon, implemented, deferred, or abandoned; (b) the identity of every person who participated in any decision concerning the measure; (c) the projected and actual cost savings attributable to each measure; (d) whether and how the projected or actual cost savings of the measure were counted toward the Board's $4 million reduction goal referenced in Defendant's Answer at ECF 47 ¶39; and (e) the temporal relationship between any decision concerning the measure and the identification or termination of any tenured faculty position, including Plaintiff's.

**REQUEST NO. 80 (Post–October 26 process):** Produce all documents concerning the process by which Defendant identified faculty terminations following the Committee's request, admitted in ECF 47 ¶39, that President Archer "work with the Deans and his executive committee to identify additional cuts," including: (a) the identity of every person who participated in identifying additional faculty positions for termination after the Committee's report was submitted; (b) the date on which each additional termination decision was made; (c) the criteria, methodology, or process applied to identify additional terminations, including whether and how Faculty Handbook §2.7.3.2, Appendix G.2.i., or any other Handbook provision was applied; (d) any document reflecting whether the cost-saving measures recommended at CBU-218 were considered, evaluated, or implemented before, contemporaneously with, or after the identification of additional faculty terminations; (e) all communications between President Archer and any Dean, Department Chair, member of his executive committee, or member of the Retrenchment Committee concerning the identification of additional terminations from October 26, 2023 through December 7, 2023; and (f) any public communication by President Archer or any CBU agent acknowledging, describing, or implementing this post–October 26 process, including but not limited to the November 27, 2023 communication referenced in Plaintiff's First Amended Complaint at ECF 33 ¶39.

**H. CBU-AAUP COMMUNICATIONS.**

**REQUEST NO. 81 (President Englert's Response Letter to the AAUP's First Letter):** Produce the August 19, 2024 response letter from President Chris Englert to the AAUP, referenced in the AAUP's September 30, 2024 letter at ECF 33-1 at PageID 188, including any prior drafts.

**REQUEST NO. 82 (President Englert's Response Letter to the AAUP's Second Letter):** Produce all documents authored by any CBU administrative representative to the AAUP's second letter dated September 30, 2024 (ECF 33-1 at PageID 188) or, if none exist, all documents reflecting the decision not to respond.

Plaintiff reserves the right to supplement, amend, or augment these Requests. Plaintiff requests full and complete responses to each Request within thirty (30) days of service.

Dated: May 26, 2026

/s/ Leigh M. Johnson

Dr. Leigh M. Johnson, Plaintiff Pro Se

1492 Newton Street NW, Apt. A

Washington, DC 20010

(901) 679-5937

drleighmjohnson@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on May 26, 2026, I served a copy of the foregoing PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT on counsel of record by electronic mail to Stephen W. Vescovo (svescovo@lewisthomason.com) and Jamie M. Gibber (jgibber@lewisthomason.com), Lewis Thomason, P.C., counsel for Defendant.

/s/ Leigh M. Johnson

Dr. Leigh M. Johnson

# Exhibit B

Johnson v. Christian Brothers University

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

DR. LEIGH M. JOHNSON,

Plaintiff,

v. Civil Action No.: 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,

Defendant.

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST REQUESTS FOR PRODUCTION**

Pursuant to the Federal Rules of Civil Procedure, Defendant Christian Brothers University ("CBU" or "Defendant") hereby supplements its responses to Plaintiff's First Requests for Production as follows:

**GENERAL OBJECTIONS**

All responses are made for purposes of this litigation only and are subject to later objections based on competence, relevance, materiality, propriety, admissibility, attorney-client privilege, the work product doctrine, and any other appropriate objection. CBU also objects to the Plaintiff's requests to the extent they attempt to impose a duty on CBU to produce documents that are available from other entities not parties to this litigation and to the extent it seeks materials that are available to the public or already in Plaintiff's possession. CBU further objects to the requests to the extent they seek document protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity. CBU also objects to the requests on the grounds that they seek

documents that are not relevant to any party's claims or defenses and are not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

CBU also objects to the requests on the grounds that they seek confidential, sensitive, or private personnel, financial, student, or security information without adequate safeguards. The parties have submitted competing proposed protective orders to the Court for entry. CBU will supplement its responses to these Requests with responsive documents when there is a protective order in place.

CBU answers Plaintiff's requests subject to and without waiving these general objections.

## RESPONSES

**REQUEST NO. 1:** Produce all documents concerning CBU's declaration of financial exigency in or around September 2023, including analyses, reports, memoranda, presentations, recommendations and communications considered by the Board, President, Cabinet, Academic Council, Planning Committee, and Retrenchment Committee.

> **OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**
>
> **RESPONSE: Subject to and without waiving said objection, see documents previously produced at CBU-002 to CBU – 056.**
>
> **SUPPLEMENTAL RESPONSE: In addition to the documents identified in CBU's original Response, please see documents produced at CBU 982-1177.**

**REQUEST NO. 2:** Produce all documents concerning any consideration, implementation, or rejection of Faculty Handbook procedures applicable to financial difficulty short of exigency before the declaration of financial exigency.

> **OBJECTION: CBU objects to this Request as vague and ambiguous because it does not clearly define what is meant by "any consideration, implementation, or rejection of Faculty Handbook procedures", including what**

**actions qualify as "consideration" or what documents would be deemed responsive to this Request. CBU further objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with the Faculty Handbook, which CBU denies. CBU further objects to this Request on the grounds that it seeks discovery of matters that are not relevant to the issues in this case and is not proportional to the needs of this case, given that the events at issue took place after the declaration of financial exigency.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, please see documents produced at CBU 982-1177.**

**<u>REQUEST NO. 3:</u>** Produce all documents concerning the amount of budget reduction allegedly required from faculty positions, including documents reflecting any directive, target, or analysis concerning that amount.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it is vague and unclear what is being requested by "documents reflecting any directive, target, or analysis concerning that amount."**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents previously produced at CBU-002 to CBU – 056.**

**<u>SUPPLEMENTAL RESPONSE</u>: In addition to the documents identified in CBU's original Response, please see documents produced at CBU 982-1177.**

**<u>REQUEST NO. 4:</u>** Produce all documents concerning the work of the Retrenchment Committee in 2023, including its charge, drafts, recommendations, final report, meeting minutes, notes, and communications.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to recommendations made to the Retrenchment Committee regarding non-retained positions without having a protective order in place.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents previously produced at CBU-002 to CBU – 056 and documents produced at CBU-058-083. See also documents stamped CBU-058-218. CBU will supplement**

**with additional responsive and discoverable documents, if any, once a protective order is entered.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, please see documents produced at CBU 002-056, 251-252, 398-405, 411-981.**

**<u>REQUEST NO. 5:</u>** Produce all documents concerning meetings or communications among the Retrenchment Committee, Academic Council, President's Cabinet, Planning Committee, President Archer, Provost Rosencrants, deans, or department chairs regarding retrenchment, financial exigency, program elimination, or faculty cuts.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents previously produced at CBU-002 to CBU – 056. See also documents at CBU-058-083. CBU will produce additional responsive and discoverable documents, if any, once a protective order is entered.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving said objections, in addition to the documents identified in CBU's original Response, please see documents produced at CBU 251-252, 398-405, 411-981.**

**<u>REQUEST NO. 6:</u>** Produce all documents sufficient to show the faculty and staff positions selected for elimination in the 2023 retrenchment, including the department or unit of each position and whether the position holder was tenured, tenure-track, or non-tenure-track.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad and unduly burdensome, as it seeks "all" documents without reasonable limitations.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents CBU-201-205 and CBU-211-218. Additional, discoverable documents responsive to this request, if any, will be produced as they are located.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents at CBU 402-405.**

**<u>REQUEST NO. 7:</u>** Produce all versions, drafts, comments, attachments, and communications concerning the October 31, 2023, Presidential Charge to Chairs and Deans.

**<u>OBJECTION:</u> CBU objects to this Request as overly broad and unduly burdensome, and disproportionate to the needs of the case. CBU further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents previously produced at CBU 024 – CBU 031. See also CBU-058-083. Defendant is continuing to search for documents, if any, and will produce additional discoverable documents as they become available.**

**<u>REQUEST NO. 8:</u>** Produce all documents concerning the decision to declare Appendix G.3.e criterion (3) "not applicable," including any discussion of women faculty, women religious, minority groups, gender, race, hiring goals, representation, or institutional goals.

**<u>OBJECTION:</u> CBU objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with its Retrenchment Policy outlined in the Faculty Handbook, which CBU denies. CBU further objects on the grounds that it misstates the facts of the case as CBU never declared the criterion as "not applicable." CBU further objects to the Request to the extent it seeks documents and communications protected by the attorney-client privilege. Further, CBU submits it followed the advice of its outside counsel to ensure it complied with applicable state and federal law.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, none.**

**<u>REQUEST NO. 9:</u>** Produce all documents concerning any decision or instruction that retention recommendations should be made irrespective of gender or race.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. CBU further objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with its Retrenchment Policy outlined in the Faculty Handbook, which CBU denies. CBU further objects to the Request to the extent it seeks documents and communications protected by the attorney-client privilege. Further, CBU submits it followed the advice of its outside counsel to ensure it complied with applicable state and federal law.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents previously produced at CBU 024 – CBU 031.**

**REQUEST NO. 10:** Produce all documents concerning any interpretation, modification, suspension, amendment, or non-use of Appendix G.3.e criterion (3), including any consideration of whether Faculty Assembly approval was required.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. CBU further objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with its Retrenchment Policy outlined in the Faculty Handbook, which CBU denies. CBU further objects on the grounds that it misstates the facts of the case as CBU never modified, suspended, or amended the criteria. CBU further objects to the Request to the extent it seeks documents and communications protected by the attorney-client privilege.**

**RESPONSE: Subject to and without waiving said objection, see documents previously produced at CBU 024 – CBU 031.**

**REQUEST NO. 11:** Produce all documents concerning any instruction, decision, or discussion that retention decisions were based on seniority rather than on merit, versatility, and seniority.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. CBU further objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with its Retrenchment Policy outlined in the Faculty Handbook, which CBU denies. CBU further objects on the grounds that it misstates the facts of the case.**

**RESPONSE: Subject to and without waiving said objections, none.**

**REQUEST NO. 12:** Produce all documents concerning the selection of faculty members for termination or retention within the Department of Religion and Philosophy in 2023.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see CBU-058-083 and CBU-201-205. CBU will supplement its response if additional discoverable documents are located and once a protective order is entered in this case.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see CBU 398-401, 402-405, 411-981**

**<u>REQUEST NO. 13:</u>** Produce all ranking sheets, comparison charts, score sheets, matrices, worksheets, notes, draft recommendations, or similar documents used to compare faculty members in the Department of Religion and Philosophy for purposes of retention or termination.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, CBU does not possess any documents responsive to Request No. 12.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see CBU 945-981.**

**<u>REQUEST NO. 14:</u>** Produce all documents reflecting the application of the criteria of tenure, Christian Brother status, merit, versatility, seniority, or institutional goals to Plaintiff or to any other faculty member in the Department of Religion and Philosophy.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, CBU does not possess any additional documents that would be responsive to Request No. 12.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see CBU 945-981.**

**REQUEST NO. 15:** Produce all documents identifying who recommended, approved, reviewed, or finalized the decision to terminate Plaintiff's position.

> **OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**
>
> **RESPONSE: Subject to and without waiving said objections, see documents previously produced at CBU 024 – CBU 031, documents produced at CBU- 201-205. Additional documents, if any, may be supplemented after the entry of a protective order.**
>
> **SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, see CBU 945-981.**

**REQUEST NO. 16:** Produce documents sufficient to show, for each full-time faculty member in the Department of Religion and Philosophy from August 1, 2023, through August 1, 2025: name, sex, rank, tenure status, discipline, years of service, administrative role if any, and employment status.

> **OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks private personnel information of third parties without adequate limitations and safeguards. CBU further objects to this Request on the grounds that the requested information, certainly as to the 2024-2025 school year and any discipline actions, would be irrelevant to Plaintiff's claims.**
>
> **RESPONSE: Subject to and without waiving said objections, CBU does not have documents that contain the requested information. Answering further, see CBU-201-205.**
>
> **SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, see CBU 1398-1422.**

**REQUEST NO. 17:** Produce documents to show Philip Maloney, Bruce Cinquegrani, Paul Haught, Karl Leib, and Plaintiff: department, rank, tenure status, discipline, teaching

assignments, course load, student credit hour production, administrative assignment if any, and employment status from August 1, 2018 through August 1, 2025.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks private personnel information of third parties without adequate limitations and safeguards. CBU further objects to this Request on the grounds that the requested information, certainly as to the 2024-2025 school year and any discipline actions, would be irrelevant to Plaintiff's claims.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see CBU-058-083 and CBU-201-205. Answering further, CBU does not have documents with the requested information.**

**<u>SUPPLEMENTAL RESPONSE</u>: In addition to the foregoing objections, CBU objects to producing the requested information related to Karl Leib as he was not in the Department of Religion and Philosophy and, accordingly, has no relevance to Plaintiff's lawsuit. Subject to and without waiving the foregoing objections, see documents produced at CBU 1367-1370, 1387-1390, 1398-1422.**

**<u>REQUEST NO. 18:</u>** Produce all documents concerning the qualifications, versatility, teaching coverage, or comparative merit of Plaintiff, Philip Maloney, Bruce Cinquegrani, Karl Leib, and Paul Haught.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks private personnel information of third parties without adequate limitations and safeguards. CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, CBU does not have documents responsive to this request.**

**<u>SUPPLEMENTAL RESPONSE</u>: In addition to the foregoing objections, CBU objects to producing the requested information related to Karl Leib as he was not in the Department of Religion and Philosophy and, accordingly, has no relevance to Plaintiff's lawsuit. Subject to and without waiving the foregoing objections, see documents produced at CBU 1367-1370, 1387-1390, 1398-1422.**

**<u>REQUEST NO. 19:</u>** Produce all documents concerning Emily Holmes' resignation, including when CBU learned of it and any discussion of its effect on department composition, faculty coverage, or retrenchment decisions.

> **<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it misstates facts as Ms. Holmes' resignation came after all retrenchment decisions were made.**
>
> **<u>RESPONSE:</u> Subject to and without waiving said objection, see CBU-058.**
>
> **<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 242, 251-252**

**<u>REQUEST NO. 20:</u>** Produce all documents concerning Karl Leib's scheduled December 7, 2023, termination meeting, including documents concerning its scheduling, cancellation, or the decision not to terminate him.

> **<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks documents irrelevant to Plaintiff's claims.**
>
> **<u>RESPONSE:</u> Discoverable documents responsive to this request, if any, have been or will be provided to Plaintiff upon the entry of a protective order.**

**<u>REQUEST NO. 21:</u>** Produce all documents concerning the decision to discontinue the Political Science major as part of the 2023 retrenchment process, including what, if any, criteria were applied to that major that differed from other discontinued majors.

> **<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks documents irrelevant to Plaintiff's claims. CBU further objects to this Request to the extent it is based on the unsupported premise that the Political Science major was evaluated or treated differently from other discontinued majors during the**

**retrenchment process, which CBU denies. CBU further objects to this Request on the grounds that it is irrelevant to Plaintiff's claims given that she was not in the Political Science department.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, CBU does not have documents responsive to this request.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 002-056, 398-401, 411-944.**

**<u>REQUEST NO. 22:</u>** Produce all documents concerning any comparison of Karl Leib to other terminated faculty whose majors or programs were discontinued.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks documents irrelevant to Plaintiff's claims. CBU objects to this Request on the grounds that it misstates the retrenchment process. There was no "comparison" between faculty of different departments.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, none.**

**<u>REQUEST NO. 23:</u>** Produce all documents concerning the December 7, 2023, termination meetings, including schedules, invitations, talking points, scripts, notes, agendas, lists of faculty selected to attend such meetings, and any follow-up summaries.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks documents irrelevant to Plaintiff's claims to the extent it seeks information from other faculty member's meetings. CBU further objects to this Request to the extent it seeks documents already in Plaintiff's possession.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see documents produced at CBU 0001-0076 and CBU-201-205.**

**<u>REQUEST NO. 24:</u>** Produce all documents concerning Plaintiff's December 7, 2023, termination meeting.

**<u>OBJECTION:</u> CBU objects to this request on the grounds that it is unnecessarily duplicative of Request No. 23.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see response to Request No. 23.**

**<u>REQUEST NO. 25:</u>** Produce all documents concerning the reasons communicated to Plaintiff for the elimination of her position, including any reference to the elimination of the Philosophy major, seniority, versatility, or other stated reasons.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see documents previously produced at CBU 001 – CBU 056. See also CBU-058-083. CBU will produce additional discoverable documents, if any, once a protective order is entered in this case.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 411-981.**

**<u>REQUEST NO. 26:</u>** Produce all documents sufficient to show the attendees at Plaintiff's December 7, 2023 termination meeting.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to this Request on the grounds that it is not relevant or proportional to the needs of the case, as the identities of the attendees at Plaintiff's termination meeting are not relevant to Plaintiff's claims or defenses.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, none.**

**<u>REQUEST NO. 27:</u>** Produce all documents concerning Paul Haught's return or proposed return to a faculty position in 2023 or 2024, including any decision to assign or reassign him to the Department of Religion and Philosophy.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it is irrelevant to Plaintiff's claim.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see documents produced at CBU-058-076 may be responsive to this request.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 243-250, 253-260.**

**<u>REQUEST NO. 28:</u>** Produce all documents concerning the reassignment of any Spring 2024 course from Plaintiff to Paul Haught.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request as it misstates the facts as no class was reassigned from Plaintiff to Paul Haught.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, documents responsive to this request are included in CBU-058-076.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 243-250, 253-260.**

**<u>REQUEST NO. 29:</u>** Produce all documents concerning whether Plaintiff was considered for reinstatement, reassignment, or alternative employment at CBU after Haught's resignation or at any other time after December 7, 2023.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to and without waiving said objections, none.**

**<u>REQUEST NO. 30:</u>** Produce all documents concerning any effort, or decision not to make any effort, to find alternative employment for Plaintiff within CBU.

**OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request to the extent it is premised on the unsupported assumption that CBU was required to seek alternative employment for Plaintiff within CBU. The entire need for the elimination of Plaintiff's, and other faculty's, positions was due to financial exigency.**

**RESPONSE:** **Subject to and without waiving said objections, none.**

**REQUEST NO. 31:** Produce all versions of the severance or separation agreement offered to Plaintiff and all documents concerning Plaintiff's execution, withdrawal, rescission, or revocation of that agreement.

**OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.**

**RESPONSE:** **Subject to and without waiving said objections, a copy of Plaintiff's Separation and Transition Agreement is attached hereto under CBU-077-083.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, see documents produced at CBU 261-271.**

**REQUEST NO. 32:** Produce all documents concerning the requirement in the severance agreement that the employee release or certify the absence of pending complaints, grievances, charges, or lawsuits against CBU.

**OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.**

**RESPONSE:** **Subject to and without waiving said objections, see response to Request No. 31.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 261-271, 1285-1286.**

**<u>REQUEST NO. 33:</u>** Produce all documents concerning Plaintiff's appeal to the Faculty Review Committee, including schedules, communications, meeting notes, draft decisions, recommendations, and internal discussions.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to and without waiving said objections, documents responsive to this request are included in CBU-206-218. CBU is searching for additional responsive documents and will supplement its response if it locates additional responsive and discoverable documents.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 389-393, 1178-1356. 1365-1366, and the voicemail produced as "Leigh Johnson Voicemail 01.08.24.m4a."**

**<u>REQUEST NO. 34:</u>** Produce all communications between any Faculty Review Committee member and any administrator, dean, chair, Human Resources representative, Board representative, faculty member or counsel concerning Plaintiff's appeal.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). As stated, this Request would seek communications amongst the entire CBU faculty and is unduly burdensome.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 389-393, 1178-1356. 1365-1366, and the voicemail produced as "Leigh Johnson Voicemail 01.08.24.m4a."**

**<u>REQUEST NO. 35:</u>** Produce all documents and communications by or involving Faculty Review Committee member Benjamin Jordan concerning Plaintiff's appeal from December 15, 2023, through February 15, 2024.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to said objection, CBU is continuing to search for discoverable documents responsive to this request as Dr. Ben Jordan has not been employed by CBU for approximately two years.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 389-393, 1178-1356, and 1365-1366.**

**<u>REQUEST NO. 36:</u>** Produce all documents concerning Faculty Assembly President Philip Maloney's and Provost Rosencrants' involvement in the Faculty Review Committee process relating to Plaintiff.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to said objections, documents responsive to this request, if any, are attached hereto.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 389-393, 1178-1356, and 1365-1366.**

**<u>REQUEST NO. 37:</u>** Produce all documents concerning any decision, after Plaintiff revoked the severance agreement, not to pay severance, and not to continue the Faculty Review Committee process.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to the extent that the Request assumes or implies an improper motive or intent on the part of CBU, which is unsupported and expressly denied. CBU further objects to this Request on the grounds that it misstates the facts of the case, as no severance would have been owed upon Plaintiff's**

**revocation of the Separation Agreement, and Plaintiff never renewed her appeal to the Faculty Review Committee following revocation of the Separation Agreement.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, none.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 261-271, 1285-1286, and 1316-1320.**

**<u>REQUEST NO. 38:</u>** Produce all documents concerning any decision to exclude Plaintiff from departmental meetings, departmental communications, or departmental decision-making during Spring 2024.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request as it misstates facts as CBU did not exclude Plaintiff from any meetings, communications, or decision-making she would not otherwise be involved in.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, none.**

**<u>REQUEST NO. 39:</u>** Produce all documents concerning the April 26, 2024, incident in which Plaintiff was removed from her classroom and brought to a meeting attended by Dean Tullia, Ron Brandon, and law enforcement, including emails, texts, notes, reports, witness statements, security records, and communications with the Memphis Police Department.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request to the extent it seeks documents already in Plaintiff's possession.**

**<u>RESPONSE:</u> Documents responsive to this request have previously been produced to Plaintiff as part of CBU's initial disclosures. Subject to and without waiving said objections, CBU would direct Plaintiff to her social media posts from that day and from April 28, 2024, or any other date, stating she was going "out with a bang" with a firecracker/dynamite emoji" and describing the incident described in Request No. 39.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, see documents produced at CBU 406-410.**

**REQUEST NO. 40:** Produce all documents concerning any report, complaint, or communication about Plaintiff's social-media post referenced during the April 26, 2024, incident.

**OBJECTION: CBU objects to this Request to the extent it is unnecessarily duplicative in light of Request No. 39.**

**RESPONSE: Subject to and without waiving said objections, see response to Request No. 39.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, see documents produced at CBU 406-410.**

**REQUEST NO. 41:** Produce all documents concerning any threat assessment, safety assessment, incident report, witness statement, security report, or follow-up report relating to Plaintiff in April or May, 2024.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**RESPONSE: Subject to and without waiving said objections, see response to Requests numbers 39-40.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, see documents produced at CBU 406-410.**

**REQUEST NO. 42:** Produce all documents concerning Plaintiff's retrieval of personal belongings from her office on or around May 11, 2024.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**RESPONSE: Subject to and without waiving said objections, none.**

**REQUEST NO. 43:** Produce all documents concerning any instruction or campus safety or security regarding Plaintiff, her office access, her belongings, or her access to campus in May 2024.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**RESPONSE: Subject to and without waiving said objections, none.**

**REQUEST NO. 44:** Produce documents sufficient to identify the custodians, email accounts, phones, shared drives, could storage locations, and other repositories searched or to be searched for documents responsive to these Requests, including but not limited to President Archer, President Englert, Dean Tullia, Provost Rosencrants, James Wallace, Scott Geis, Philip Maloney, Ron Brandon, Paul Haught, Human Resources personnel, campus safety personnel, and members of the Retrenchment Committee, Board of Trustees, and Faculty Review Committee.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Plaintiff has made no allegations that any records have been destroyed and, accordingly, the requested information is irrelevant to Plaintiff's claims.**

**REQUEST NO. 45:** Produce documents sufficient to show whether, when, and to whom Defendant issued any litigation hold, preservation notice, or similar preservation instruction relating to Plaintiff, Plaintiff's claims, the retrenchment process, the Faulty Review Committee appeal, or the claims and defenses in this action.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Plaintiff has made no allegations that any records have been destroyed and, accordingly, the requested information is irrelevant to Plaintiff's claims. CBU further objects to this Request on the grounds that it seeks**

**communications protected by the attorney-client privilege and/or work product doctrine. Counsel has already confirmed that the litigation hold was communicated and upheld by CBU after received from the Plaintiff.**

**REQUEST NO. 46:** Produce documents sufficient to show the steps Defendant has taken since May 10, 2024, to preserve electronically stored information and paper records relevant to this action, including any suspension of automated deletion, document-destruction, email-retention, offboarding, or account-deactivation processes.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Plaintiff has made no allegations that any records have been destroyed and, accordingly, the requested information is irrelevant to Plaintiff's claims. CBU further objects to this Request on the grounds that it seeks communications protected by the attorney-client privilege and/or work product doctrine. Counsel has already confirmed that the litigation hold has been communicated and upheld by CBU after received from Plaintiff.**

**REQUEST NO. 47:** Produce all documents sufficient to show the steps Defendant has taken to preserve the records, email accounts, network files, shared drives, and other institutional materials of any departing employee or early-retirement employee with knowledge relevant to this action, including but not limited to David Archer, Lydia Rosencrants, Br. Chris Englert, Scott Geis, Dean Tullia, Ron Brandon, Philip Maloney, James Wallace, and members of the Retrenchment Committee and Faculty Review Committee.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Plaintiff has made no allegations that any records have been destroyed and, accordingly, the requested information is irrelevant to Plaintiff's claims. CBU further objects to this Request on the grounds that it seeks communications protected by the attorney-client privilege and/or work product doctrine. Counsel has already confirmed that the litigation hold has been communicated and upheld by CBI after received from Plaintiff.**

**REQUEST NO. 48:** Produce all documents concerning the July 30, 2024, AAUP letter, CBU's response to that letter, the September 30, 2024, AAUP follow-up letter, and any internal discussion of reinstatement, due process, severance, retrenchment procedures, or faculty committee involvement.

> **OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**
>
> **RESPONSE: Subject to and without waiving said objection, CBU would direct Plaintiff to the two letters already in her possession. The July 30, 2024, letter was attached to her original Complaint at Exhibit D. (See ECF No. 2-2, at PageID 40–45.) Plaintiff filed the September 30, 2024, letter with her untimely filed Amended Complaint. (See ECF No. 33-1, at PageID 188–189.) CBU will supplement its response with additional responsive and discoverable documents.**
>
> **SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, see documents produced at CBU 1395-1397.**

**REQUEST NO. 49:** Produce all documents concerning any public safety statement by CBU or CBU President Br. Chris Englert in or around July 2024 that CBU had ended the 2023 – 2024 academic year with no debt or operating in the black, including drafts, talking points, interview preparation materials, underlying financial summaries, and communications concerning the accuracy or basis of those statements.

> **OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to the term "public safety statement" as it is unclear what that term means. CBU further objects to producing any financial documents without having a protective order in place.**
>
> **RESPONSE: Subject to and without waiving said objection, CBU would direct Plaintiff to the article she attached to her Complaint at Exhibit C. (ECF No. 2-2, at PageID 35-39.)**

**<u>REQUEST NO. 50:</u>** Produce all documents concerning any written or oral explanation communicated to faculty (or announced in Faculty Assembly meetings), administrators, or staff for the end of David Archer's tenure as President, including any documents referring to Lydia Rosencrants or Ron Brandon or to any effect of Archer's departure on the retrenchment process, University administrative responsibilities, or decisions affecting Plaintiff.

> **<u>OBJECTION</u>: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects on the grounds that said request is vague and ambiguous and CBU does not have documents responsive to this request.**

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By: *s/Stephen W. Vescovo*
STEPHEN W. VESCOVO (7246)
JAMIE GIBBER (39552)
2900 One Commerce Square
40 S. Main St.
Memphis, TN 38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of July, 2026, a copy of the foregoing pleading has been delivered to the following via email:

Dr. Leigh M. Johnson
1492A Newton Street NW
Washington, DC 20010
drleighmjohnson@gmail.com
*Pro se Plaintiff*

*s/Stephen W. Vescovo*
STEPHEN W. VESCOVO

4936-4154-0540

# Exhibit C

Johnson v. Christian Brothers University

Gmail

Leigh Johnson <drleighmjohnson@gmail.com>

## Re: Johnson v. CBU - Meet and Confer

1 message

**Leigh Johnson** <drleighmjohnson@gmail.com>
To: "Gibber, Jamie" <jgibber@lewisthomason.com>
Cc: "Vescovo, Steve W." <SVescovo@lewisthomason.com>

Fri, Jun 26, 2026 at 5:14 PM

Dear Ms. Gibber,

Thank you for sending this summary. I appreciate your effort to assemble it, and I agree with the substance of most of it. I do need to correct one significant inaccuracy and clarify two other points before we finalize our shared understanding.

Before turning to the corrections, I will note that the Protective Order at ECF 45 has been in effect since May 13. As I explained in our conversation, any documents from the First Set of RFPs that were being withheld awaiting a Protective Order are already six weeks overdue. I agreed to extend you another 14 days to produce those materials, and engaged in a good-faith conversation aimed at addressing any confusion you had about what my expectations were regarding broad "categories" of documents, but I made it clear that I do not (and will not) agree to additional extensions for document supplementation beyond the now-extended July 8 deadline.

Corrections and clarifications follow:

1. **Privilege Log.** Your summary states that I "may have come around" on the seven-day extension for the privilege log. That is not accurate. I stated clearly — more than once — that I did not agree to the additional seven-day delay. Mr. Vescovo responded that he was not compromising on that point either, and I noted that we had reached an impasse on that matter. I understand and have noted your rationale, but my position remains that the already-overdue privilege log is to be produced concurrently with the other already-overdue supplemental document production on July 8, 2026.

2. **Second Set of Requests for Production.** Your summary states that you "think" supplementation of the First Set of RFPs "will obviate the need" for the Second Set of RFPs, and you asked for an extension of the June 26 response deadline for the Second Set of RFPs. I want to be precise about what I actually agreed to: I agreed to ***conditionally suspend*** the June 26 response deadline for the Second Set of RFPs ***pending receipt of sufficient supplemental production from the First Set.*** If, after reviewing that production, the documents requested in the Second Set are not "obviated," I retain the right to pursue those requests. We agreed that any follow-up conferral on that matter would proceed on an expedited timeline. Since you will have already had the required 30 days to assemble your responses and/or production materials in response to the Second Set of RFPs prior to this conditional extension, I expect that the Second Set productions will be produced without delay. My agreement to a conditional extension of the June 26 deadline for responses to the Second Set of RFPs was a courtesy, not an agreement that those responses are unnecessary.

3. **Deposition.** Your summary is generally accurate on the deposition discussion, but it should be noted that deposition logistics were not on the agenda for this conferral per ECF 58. I addressed them as a courtesy. Nevertheless, one clarification should be added to your account: my expressed preference for Zoom is not solely a matter of financial burden or work-related scheduling conflicts. I also explained that I do not concede defense counsel's argument that in-person examination offers any meaningful practical advantage that could justify requiring the expense and work interruption of my being forced to travel to Memphis. Zoom is a substantively adequate and widely-used platform for depositions, including document-intensive depositions. I remain willing to provide blackout dates once I have reviewed your supplemental production, but it remains the case that I am unable to travel to Memphis for an in-person deposition prior to trial. If CBU's position is that it is unable or unwilling to conduct my deposition in any manner other than in-person, I would ask that you advise me of that position, and articulate the specific reasons for it in writing promptly, so that relevant motion practice can proceed without unnecessary delay.

Subject to these corrections and clarifications, I believe the rest of your summary accurately reflects our discussion.

Sincerely,
Dr. Leigh M. Johnson

On Wed, Jun 24, 2026 at 4:05 PM Gibber, Jamie <jgibber@lewisthomason.com> wrote:

Dr. Johnson:

Thanks again for your time this afternoon to discuss the discovery issues in this case. I'm providing a summary of my understanding of our discussion and the agreements we came to.

We discussed the supplementation of specific documents. You specifically identified the documents related to the Faculty Review Committee, the Retrenchment Committee working materials, Dr. Leib's termination meeting documents, drafts and communications regarding the Presidential Charge, documents related to Dr. Haught's alleged reappointment, documents regarding the requirement that one historian be on staff, and a folio of communications referenced in prior production. We agreed that we would also go through our responses and identify the things we have already agreed to supplement. We discussed that some of these documents are irrelevant to the instant litigation and that we would produce discoverable documents. We had a brief discussion about the role of relevance in what is discoverable, but that we would identify in writing what we are withholding on the basis of that objection, if anything. We agreed to produce the supplemental production within 14 days, by July 8, 2026. You also asked about privilege logs. There was a bit of back and forth on that point, as we requested that we produce the privilege log within 7 days after our production (so by July 15, 2026). I know you initially did not agree to that, but I think you may have come around on that point once we explained the rationale for that delay. Please confirm that this plan works for you.

We also discussed the second set of requests for production and you agreed to suspend our deadline to respond to those requests pending the supplemental production. As we discussed, we will produce the documents and supplement the responses to the first set of requests accordingly, which I think will obviate the need for any responses to the second set of requests. You agreed that you would review the production and supplemental responses and if any response to the second set was necessary, we could have a follow-up call to address what you think needs to be addressed.

Finally, we spoke about your deposition. We explained what our rationale was for the need for an in-person deposition, which you disagreed with. You have advised that you are not able to travel to Memphis for a deposition during the summer because of your research work, book-writing, etc., and the expense for traveling. Our preference would still be to conduct the deposition in-person, but we can reassess that position once we have your discovery responses (requests will be forthcoming later this week). We talked about going ahead and scheduling a deposition date for August, before you have additional obligations as it relates to teaching. We know from our review of the academic calendar while we were on the phone that classes do not begin until August 31, 2026, but you advised you have duties ahead of that date. You said you would get back to us regarding when those obligations begin so we can provide some potential dates ahead of that time. Please let us know about that as soon as possible, so that we can coordinate with our availability and give you options that will allow for us to notice your deposition with reasonable notice.

Best,

Jamie

LEWIS THOMASON

**Jamie Gibber** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN| Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

---

**From:** Gibber, Jamie
**Sent:** Tuesday, June 23, 2026 2:22 PM
**To:** 'Leigh Johnson' <drleighmjohnson@gmail.com>
**Cc:** Vescovo, Steve W. <SVescovo@LewisThomason.com>
**Subject:** RE: Johnson v. CBU - Meet and Confer

Perfect. We'll call you then. Thanks!

LT
LEWIS THOMASON

**Jamie Gibber** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN| Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

---

**From:** Leigh Johnson <drleighmjohnson@gmail.com>
**Sent:** Tuesday, June 23, 2026 2:21 PM
**To:** Gibber, Jamie <jgibber@lewisthomason.com>
**Cc:** Vescovo, Steve W. <SVescovo@LewisThomason.com>
**Subject:** Re: Johnson v. CBU - Meet and Confer

Let's make it 2:30 pm just to be safe.

My phone number is 901-679-5937.

Regards,

Dr. Leigh M. Johnson

On Tue, Jun 23, 2026, 11:53 AM Gibber, Jamie <jgibber@lewisthomason.com> wrote:

> Dr. Johnson:
>
> Thanks for sending your availability. Steve and I can be available at 2:00p.m. EST tomorrow, Wednesday, June 24, 2026. Your email below said Wednesday, but June 25. I'm assuming the number date was just mistyped, but if my assumption was wrong and you're not available at that time tomorrow just let us know and we can figure something out. Can you please let us know what number is the best number to reach you at then?

Best,

Jamie

LT
LEWIS THOMASON

**Jamie Gibber** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN| Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

---

**From:** Leigh Johnson <drleighmjohnson@gmail.com>
**Sent:** Friday, June 19, 2026 3:45 PM
**To:** Gibber, Jamie <jgibber@lewisthomason.com>
**Cc:** Vescovo, Steve W. <SVescovo@LewisThomason.com>
**Subject:** Re: Johnson v. CBU - Meet and Confer

Ms. Gibber,

Thank you for your email. I am writing to propose dates and times for the oral conferral. I am available at any of the following times:

- Tuesday, June 23: any time
- Wednesday, June 25: before 11:00 a.m. or after 2:00 p.m. (Eastern)
- Thursday, June 26: any time

Please let me know which of these works for you and Mr. Vescovo, and I will confirm promptly.

Regards,
Dr. Leigh M. Johnson

On Mon, Jun 15, 2026 at 3:33 PM Gibber, Jamie <jgibber@lewisthomason.com> wrote:

> Dr. Johnson:
>
> Per the Court's ruling, we need to get together to discuss the discovery issues in this case. Can you give us some dates and times that work for you this week? Steve and I do have some obligations throughout the week, so please give us a few proposed dates and times so that we can hopefully find something that works for everyone.
>
> Best,
>
> Jamie

LEWIS THOMASON

**Jamie Gibber** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN| Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

# Exhibit D

Johnson v. Christian Brothers University

LEWIS THOMASON

Suite 2900, One Commerce Square
40 S. Main Street
Memphis, TN 38103
T: (901) 525-8721 F: (901) 525-6722

**Steve W. Vescovo**
DL: (901) 577-6138
SVescovo@LewisThomason.com

July 8, 2026

***VIA EMAIL*** ***drleighmjohnson@gmail.com***

Dr. Leigh M. Johnson
1492 Newton Street NW, Apt. A
Washington, DC 20010

**Re:** ***Dr. Leigh M. Johnson v. Christian Brothers University***
**District Court for the Western District of Tennessee (Case No. 2:25-cv-02618-BCL-atc)**
**Our file # UTI01.10003**

---

Dear Dr. Johnson:

As discussed, we are supplementing our responses to the Requests for Production, as well as some of our responses to the Requests for Admission and Interrogatories.

In marking these additional documents, we discovered that some of the previously produced documents were mislabeled. We had previously produced documents CBU 001 – 057 and 058-241 with our initial disclosures on December 23, 2025. When we produced documents with our initial responses to the First Set of Requests for Production, those documents were mistakenly marked as 058-218 – overlapping with the prior production.

To make things easier and to work off one set of documents, we are correcting our prior production so that there are no duplicate numbers. To that end, we are producing CBU 001-1422 with the supplemental responses. We did make the following changes to the prior production:

- The original CBU-067 contained correspondence between CBU and my office, which is obviously protected under the attorney-client privilege and work-product doctrines. That disclosure was inadvertent. We have redacted the updated CBU-251.
- The documents previously produced at CBU-201 through CBU-205 were not in a readable format. Those documents have been fixed (and additional documents have been added) at CBU 402-405.

We have endeavored to update the numbering from the original responses in our supplemental responses, but if anything is unclear, please do not hesitate to reach out to Jamie or I.

We are also still waiting to hear from you about your availability in mid- to late-August for your deposition. Please advise at your earliest convenience.

Respectfully,

**LEWIS THOMASON, P.C.**

*Stephen W. Vescovo*

Enclosures

Cc: Jamie Gibber

# Exhibit E

Johnson v. Christian Brothers University

Gmail

Leigh Johnson <drleighmjohnson@gmail.com>

## Re: Johnson v. CBU Our File: UTI01.10003 July 8, 2026

1 message

**Leigh Johnson** <drleighmjohnson@gmail.com> Fri, Jul 10, 2026 at 11:54 PM
To: "Taylor, Ginger" <GTaylor@lewisthomason.com>
Cc: "Vescovo, Steve W." <SVescovo@lewisthomason.com>, "Gibber, Jamie" <jgibber@lewisthomason.com>

Dear Mr. Vescovo and Ms. Gibber,

I write in reply to CBU's July 8 supplemental production and Mr. Vescovo's July 8 letter. I'd like to schedule the follow-up conferral we discussed in our June 24 conversation concerning the path forward should your production prove deficient, which it has. I am available by telephone on Monday, July 13 after 2:00 p.m. Eastern to address the items below.

**1. Second Set of Requests for Production.** CBU's responses to my Second Set of RFPs (Nos. 51–82, served May 26, 2026) were due June 25, 2026. In our June 24 telephone conversation, I offered to hold that June 25 deadline in abeyance on the condition that CBU's supplementation of its responses to the First Set of RFPs resolved those requests (a compromise Ms. Gibber proposed that the two sets were "duplicative" and that CBU's responses to the First Set of RFPs would be responsive to both). As I confirmed in my June 26 email, which CBU did not contest, that abeyance was *conditional* and did not relieve CBU of its obligation to respond to my Second Set of RFPs in the case that its July 8 supplemental production was deficient.

CBU's July 8 "supplementation" was considerably deficient and did not obviate the necessity for responses to my Second Set of RFPs. Therefore, the condition for abeyance set forward in our June 24 conversation was not met. CBU's Second Set responses are now overdue.

Because CBU has now had more than 45 days since I served my Second Set of RFPs, responses to that Second Set of RFPs must be produced without delay. Consistent with our June 24 agreement, I am willing to grant a second, and final, extension of the deadline for responses to the Second Set of RFPs to **Wednesday, July 15, at 5pm Eastern**. Given Defense counsel's promise to "obviate the need" for such reposes in its July 8 production, and its manifest deficiency in doing so, I will not afford any further extensions of the already-overdue deadline for responses to my Second Set of RFPs. They are now already overdue.

I remain willing and available to discuss specific unresolved requests on our July 13 call, but the July 15 deadline for your responses to the Second Set will remain in effect nonetheless.

**2. Privilege log.** CBU's July 8 privilege log does not satisfy Rule 26(b)(5)(A). Two categorical entries spanning September 2023 to the present, without identification of individual documents, dates, authors, or recipients, do not permit assessment of the privilege claims asserted. A complete privilege log, compliant with Rule 26(b)(5)(A), **must be produced by July 15**. You can, of course, produce a supplemental log immediately, but be advised that I will not agree to an additional extension of the deadline for a fully adequate privilege log, which has been *overdue* since April 25. I am happy to explain your privilege log deficiencies further in our conferral call on July 13.

**3. Bates renumbering and redaction.** In our June 24 conferral call, CBU gave no indication that it intended to redact or claw back any part of its prior production, which was the time to raise those matters in a "good faith" conferral conference. **I do not accept CBU's redaction of the document formerly produced as CBU-067**. CBU should withdraw the redaction and reproduce the pages as originally produced, with Bates-numbers that are consistent with CBU's previous productions in this case.

As CBU requested in ECF 49 and as Judge Christoff directed in ECF 58, I have conferred with Defense counsel by telephone in good faith, including explaining at length and in detail the documents I was seeking and

even offering a conditional abeyance of CBU's production deadlines. There is, at present, no argument to support CBU's previous position that it was "confused" about the materials it was required to produce, which had already been documented, in detail, in my prior written communications and now also communicated in telephone conversations. CBU produced more than 1400 page on July 8, 90% of which were either duplicative in content or not produced in a manner not compliant with the document production guidelines we agreed upon in our June 24th conferral conference, i.e., "documents should be produced in the manner that they are regularly preserved".) Instead, you sent me excerpts of incomplete email "family"-chains, multiple documents referencing documents redacted or withheld, several hundred pages of "screen captures" of CBU webpage or Excel worksheets produced as (flat, unreadable) images, without providing any crosswalk to your prior Bates numbers, creating a muddled and practically un-navigable reference problem going forward.

Notwithstanding my efforts at genuine conferral on defense counsel's terms, CBU's July 8 production not only does not cure the deficiencies it promised to cure in our June 24th conferral conversation, but introduces new ones.

I remain willing to resolve these issues by telephone. However, if telephone conferrals only serve to produce further delay, rather than cure production or reduce unnecessary motion practice, I will have no option but to seek the Court's intervention, either by requesting a status conference or by re-filing a renewed motion to compel.

I am continuing to review your July 8 production and will raise any further deficiencies, including the multiple deficiencies with regard to the form of production, which we already discussed, separately. Nothing in this letter waives, and I expressly reserve, my objections and positions as to CBU's written discovery requests served July 8.

Please confirm the July 13 call.

Regards,

Leigh M. Johnson

On Wed, Jul 8, 2026 at 11:29 PM Taylor, Ginger <GTaylor@lewisthomason.com> wrote:

> Dr. Johnson, below please find a OneDrive link containing CBU's First Set of Discovery to you, along with CBU's supplemental responses to your discovery requests, CBU's Privilege Log, and document production.
>
> Johnson v. CBU - First Discovery to Plf and Supp Discovery Responses to Plf