**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

DR. LEIGH M. JOHNSON,
Plaintiff,

v. Civil Action No. 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,
Defendant.

---

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

## I. BACKGROUND

Plaintiff served her First Set of Requests for Production on March 25, 2026. (Ex. 1.) CBU served responses on April 24, 2026. (Ex. 2; ECF No. 42.) The Court entered the parties' bilateral protective order on May 13, 2026. (ECF No. 45.) Plaintiff moved to compel on May 17, 2026. (ECF No. 48.) CBU opposed on June 1, 2026 (ECF No. 52), and on June 12, 2026 moved for a protective order as to Plaintiff's Second Set of Requests for Production. (ECF No. 55.) Following a June 15, 2026 status conference (ECF No. 57), the Court denied both motions without prejudice and ordered the parties to confer orally before refiling either. (ECF No. 58.)

On June 24, 2026, one day before CBU's responses to Plaintiff's Second Set of Requests for Production were due, CBU's counsel, Jamie M. Gibber, proposed that Plaintiff hold that deadline, and any related motion practice, in abeyance: CBU would supplement its responses to the First Set, which Ms. Gibber represented were “duplicative” of the Second and whose supplementation would “obviate the need” for Second Set responses. Plaintiff agreed, on the stated condition that the supplementation in fact resolve the requests, and confirmed the

conditional nature of the abeyance by email on June 26, which CBU did not contest. (Ex. 3.) Ms. Gibber's own written summary of the call confirms the arrangement. (Ex. 3.)

On July 8, 2026, CBU served a supplemental production of 1,422 pages and filed a Notice of Service. (ECF No. 59.) The production did not satisfy the condition of the abeyance, and it did not cure the deficiencies in CBU's First Set responses. Plaintiff identified the deficiencies in writing on July 10 (Ex. 5) and orally on July 13. CBU has produced nothing since.

On July 13, within the opening minutes of the parties' conferral call, CBU's counsel, Stephen W. Vescovo, announced that CBU would refile its motion for protective order as to the Second Set "probably right after this phone call." CBU renewed that motion on July 16, 2026 (ECF No. 60); Plaintiff opposed on July 30, 2026 (ECF No. 62). The renewed motion is fully briefed and is not addressed here. What matters for this Motion is the sequence: CBU obtained a deadline concession by representing that its forthcoming supplementation would resolve the outstanding requests. It did not.

In compliance with ECF No. 58, Plaintiff initiated and participated in oral conferrals on three dates: June 24, July 13, and August 10, 2026. The June 24 conferral is documented in Ms. Gibber's written summary of that call and Plaintiff's June 26 response. (Ex. 3.) Plaintiff served a written memorandum of the August 10 conferral on August 12. (Ex. 4.) CBU's August 14 response disagreed generally with Plaintiff's characterizations but identified no specific error. On July 13, Mr. Vescovo stated: "[W]e're not gonna agree with your characterization of what's been produced and what hasn't been produced, so we've had that conference." On August 10, asked about CBU's outstanding First Set responses, Mr. Vescovo confirmed: "[W]e're just not in

agreement on it." Plaintiff possesses audio recordings of the conferral calls and will lodge them at the Court's direction.

Plaintiff has not declined any request to confer and remains available to confer on any matter CBU wishes to raise. The parties are at an impasse.

## II. LEGAL STANDARD

A party may move to compel when another party fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). An objection to a Rule 34 request must state with specificity its grounds and whether any responsive materials are being withheld on its basis. Fed. R. Civ. P. 34(b)(2)(B)–(C). Copies of each Request at issue and CBU's response are attached per Local Rule 26.1(b)(2) and (4). (Exs. 1, 2.)

## III. CBU'S RESPONSES REMAIN DEFICIENT

### A. CBU conditioned production on a protective order, obtained the condition, and did not perform. (Request Nos. 4, 5, 12, 15, 20.)

Five responses promised production upon entry of a protective order. Request No. 4 (Retrenchment Committee working materials): "CBU will supplement with additional responsive and discoverable documents, if any, once a protective order is entered." Request No. 5: "CBU will produce additional responsive and discoverable documents, if any, once a protective order is entered." Request Nos. 12 and 15 are materially identical. Request No. 20 (the Leib termination meeting): "Discoverable documents responsive to this request, if any, have been or will be provided to Plaintiff upon the entry of a protective order."

The protective order was entered May 13, 2026. On June 24 — six weeks later — Ms. Gibber acknowledged that CBU had "halted on supplementing anything" pending motion practice. No motion stayed CBU's obligations. The July 8 production did not cure these responses: it contained no Retrenchment Committee working materials, no documents concerning the scheduling and cancellation of Karl Leib's December 7, 2023 termination meeting, and no documents identifying who recommended, approved, or finalized the decision to terminate Plaintiff's position. Each "if any" response leaves Plaintiff unable to know whether documents are being withheld or do not exist. If none exist, CBU should be ordered to say so, by Request number, in writing.

On June 24, CBU committed in writing to "identify in writing what we are withholding on the basis of that objection, if anything." (Ex. 3.) It has not.

**B. CBU has produced no decisional documents between November 16, 2023 and December 7, 2023. (Request Nos. 5, 12, 15, 23.)**

President Archer's November 27, 2023 retrenchment update, published on CBU's website and still available there, states that the Retrenchment Committee submitted its report on November 16; that the Committee had "not yet given recommendations that total the Board mandate of a $4 million reduction"; that the Committee "instead asked that [Archer] work with the Deans on further recommendations"; and that "[n]otifications of non-renewal will be made at the end of next week." (Ex. 8.) Terminations occurred December 7, 2023.

CBU produced flat printouts of its retrenchment webpages including every update except the publicly-available one dated November 27, 2023. On July 13, Ms. Gibber stated that if the

update is not in the production, "it was omitted by mistake," and that she would "be happy to supplement with that . . . update." It has not been produced.

The omission is not isolated. CBU has produced no decisional documents dated between November 16 and December 7, 2023 — the period in which, by Archer's own published account, the final selections were made — and not one document authored by President Archer other than copies of website postings. Asked on July 13 whether Archer's email account had been searched, Mr. Vescovo refused to answer: "I'm not here to answer yes or no. . . . I'm not being deposed." None of the documents described in this section has been produced.

**C. CBU has not produced the drafting record of its own stated defense. (Request Nos. 7–11.)**

Request No. 7 seeks all versions, drafts, comments, and communications concerning the October 31, 2023 Presidential Charge to Chairs and Deans — the document by which retention criterion (3) was declared inapplicable, and which is central to CBU's defense of its selection process. CBU's response: "Defendant is continuing to search for documents, if any, and will produce additional discoverable documents as they become available." Four months later, CBU has produced only final copies. Plaintiff raised the absence of the drafting record on June 24. Nothing followed. Request Nos. 8 through 11, which seek the deliberations behind the criterion's elimination, stand in the same posture.

**D. CBU produced spreadsheets as unreadable static images, contrary to the parties' ESI protocol and Rule 34(b)(2)(E). (Production Instruction No. 6; CBU 1414–1420.)**

Plaintiff's Production Instruction No. 6 required that spreadsheets "whose usability would be diminished by conversion to PDF" be produced in native format, and that emails be produced "in

a manner that preserves family relationships among emails and their attachments." (Ex. 1.) CBU invoked the parties' Rule 26(f) Report, Section III, Paragraph h, under which a party may produce ESI in static form but must provide native files "where good cause has been demonstrated . . . or when a static image is not reasonably usable." (Ex. 6.) CBU's July 8 production includes multi-column spreadsheets produced as flattened images, CBU 1414–1420. They cannot be read, sorted, or searched. A static image that cannot be read is not reasonably usable. Under the standard CBU itself invoked, the native files are due. Plaintiff requested native production in her April deficiency letters, as CBU's May 8 letter acknowledges (Ex. 6); identified the July 8 spreadsheets in writing on July 10 as "(flat, unreadable) images" (Ex. 5); and raised the issue orally on July 13. CBU has produced nothing.

The production also contains email excerpts without their attachments and reply chains. On June 24, Ms. Gibber committed without qualification: "I will make sure that we produce them again as they're preserved . . . [w]hatever chain there is that exists, we'll make sure that the full chain is provided." CBU's July 8 production did not honor that commitment, and on July 12 CBU instead asked Plaintiff to "advise what excerpts there are of incomplete email 'family' chains" (Ex. 5) — a condition stated nowhere on June 24, and one that inverts Rule 34's allocation of the production obligation.

**E. CBU's privilege log does not comply with Rule 26(b)(5)(A), and CBU redacted previously produced material without logging it.**

CBU's July 8 privilege log contains two categorical entries — one spanning "9/28/2023 to present," the other "September 2023 through January 2026, approximately" — identifying no individual document and no individual date, and describing authors and recipients only by

category. (Ex. 7.) The Rule requires a description sufficient to enable other parties to assess the claim; two undifferentiated entries covering three years do not permit assessment of anything. Separately, CBU's July 8 production redacted a portion of a document it had previously produced without redaction as CBU-067. CBU states the redacted portion is “correspondence exchanged with counsel and within our office” and that “[t]here has been no 'claw back.'” (Ex. 5.) A redaction on privilege grounds must be logged. Rule 26(b)(5)(B) provides the procedure for asserting privilege over material already produced. CBU has invoked neither provision. The log also breaches CBU's June 24 commitment that a privilege log would follow its next production.

**F. CBU's certified production is inaccessible. (ECF No. 59.)**

CBU's Notice of Service certifies delivery of its production, including its privilege log, by OneDrive link. (ECF No. 59.) The link was transmitted to Plaintiff on July 8, 2026 by email from Ginger Taylor of Defendant's counsel's office. (Ex. 5.) The link has expired. (Ex. 9.) Production served via an expired link is, effectively, equivalent to non-production. Re-service by durable means is ministerial and should be ordered.

**IV. PLAINTIFF REQUESTS A COMPLIANCE DATE AND A COMPLIANCE CHECKPOINT**

Written discovery closes September 10, 2026. (ECF No. 58.) CBU's pattern — production conditioned on a protective order that was entered on May 13, 2026, with no production following; an abeyance obtained on a representation of cure that did not occur; commitments made in conferral and not performed — will consume the remaining time unless compliance is ordered by a date certain.

Plaintiff requests a September 4, 2026 deadline for any Request as to which CBU's responses remain deficient. If CBU contends no responsive documents exist, CBU should be required to state so in writing, by Request number. An order in these terms gives CBU clarity and gives any future non-compliance the consequence Rule 37(b)(2)(A) provides.

Two features of the Court's schedule warrant an additional compliance checkpoint. Given that (a) responses to Plaintiff's Third Set of Requests for Production, served August 11, 2026, are due September 10, 2026 (the final day of written discovery), and (b) ECF No. 58 requires oral conferral before any discovery motion, it follows that if CBU's September 10 responses are deficient, any motion addressing them will necessarily post-date the close of written discovery through no fault of Plaintiff's.

Plaintiff notes for the record that such a motion would seek enforcement of timely served discovery, not an extension of it. Plaintiff respectfully requests that the Court waive the ECF 58 "prior oral conferral" requirement for any Plaintiff motion arising from the non-production or deficient production by Defendant on September 10, 2026. Plaintiff additionally requests a joint status report on or about September 15, 2026, which would permit the Court to verify compliance with its order and resolve any September 10 deficiencies without a further motion cycle.

**V. CONCLUSION**

Plaintiff requests that the Court grant this Motion and enter the accompanying proposed order (sent to the Court's chambers as a Word document and copied to Defense counsel): (a) compelling Defendant's cure of its deficient production in response to Plaintiff's First Set of RFPs by September 4, 2026; (b) requiring Defendant's written statements of the non-existence of

documents by Request number, where applicable; (c) compelling native-format spreadsheets and complete email families, as identified herein; (d) compelling a privilege log compliant with Rule 26(b)(5)(A), including as to the CBU-067 redaction; (e) ordering re-service of CBU's production of record by durable means; (f) providing that non-compliance will be subject to Rule 37(b)(2)(A); and (g) setting a compliance status report for September 15, 2026.

**CERTIFICATE OF CONSULTATION**

Pursuant to Local Rule 7.2(a)(1)(B) and the Court's Order of June 15, 2026 (ECF No. 58), Plaintiff certifies that the parties conferred orally and in good faith regarding the relief sought in this Motion on three occasions: (1) June 24, 2026, by telephone, between Plaintiff, Stephen W. Vescovo, and Jamie M. Gibber; (2) July 13, 2026, by telephone, between the same participants; and (3) August 10, 2026, by telephone, between Plaintiff and Mr. Vescovo. The conferrals addressed the deficiencies in CBU's responses to Plaintiff's First Set of Requests for Production. The June 24 conferral is documented in the parties' contemporaneous written exchange; Plaintiff served a written memorandum of the August 10 conferral on August 12, 2026. The parties were unable to reach an accord.

Respectfully submitted,

/s/ Leigh M. Johnson
Dr. Leigh M. Johnson
Plaintiff, pro se
1492 Newton Street NW, Apt. A
Washington, DC 20010
901-679-5937
drleighmjohnson@gmail.com

Dated: August 21, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2026, a copy of the foregoing was served by email on counsel of record for Defendant: Stephen W. Vescovo (svescovo@lewisthomason.com) and Jamie M. Gibber (jgibber@lewisthomason.com), Lewis Thomason, P.C., 40 South Main Street, 29th Floor, Memphis, TN 38103.

/s/ Leigh M. Johnson