# EXHIBIT 1

Plaintiff's First Set of Requests for Production
(served March 25, 2026)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**DR. LEIGH M. JOHNSON,**
Plaintiff,

v. Case No. 2:25-cv-02618-MSN-atc

**CHRISTIAN BROTHERS UNIVERSITY,**
Defendant.

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT CHRISTIAN BROTHERS UNIVERSITY**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Dr. Leigh M. Johnson requests that Defendant Christian Brothers University produce the documents and electronically stored information described below within thirty (30) days of service.

**I. DEFINITIONS**

1. "CBU," "Defendant," "you," and "your" mean Christian Brothers University and its officers, trustees, administrators, employees, agents, attorneys, committees, departments, divisions, and anyone acting or purporting to act on its behalf.

2. "Document" or "documents" has the broadest meaning permitted by Federal Rule of Civil Procedure 34 and includes writings, correspondence, emails, text messages, instant messages, Teams messages, memoranda, notes, reports, spreadsheets, calendars, presentations, drafts, meeting minutes, agendas, recordings, photographs, electronically stored information, and all attachments thereto.

3. "Communication" means every manner of transmission of information, including oral, written, electronic, text, instant message, email, letter, memorandum, or recorded communication.

4. "Relating to," "concerning," or "regarding" means constituting, reflecting, referring to, describing, discussing, evidencing, memorializing, analyzing, commenting on, or in any way pertaining to the subject matter identified.

5. "Faculty Handbook" means the Christian Brothers University Faculty Handbook, including Appendix G and any drafts, amendments, interpretations, or guidance relating to it.

6. "Retrenchment Committee" means the committee involved in the 2023 retrenchment and/or financial exigency process at CBU.

7. "Faculty Review Committee" means the committee identified in the Faculty Handbook as responsible for hearing faculty grievances and appeals.

8. "Presidential Charge" means the October 31, 2023 written directive from President Archer to Chairs and Deans concerning faculty retention recommendations.

9. "Plaintiff" means Dr. Leigh M. Johnson.

10. "Identify," when used with respect to a person, means state the person's full name, last-known title or position, and last-known business address or email address. When used with respect to a document, "identify" means state the date, author, recipient(s), title or subject, and present location or custodian of the document.

## II. INSTRUCTIONS

1. Unless otherwise specified, these Requests seek documents created, sent, received, or in effect from **August 1, 2023 through October 31, 2024**.

2. If you contend that no documents exist responsive to a Request, state that expressly in your response.

3. If you object to any Request in whole or in part, state the specific grounds for the objection, including whether any responsive materials are being withheld on the basis of that objection, and produce all non-privileged responsive documents as to the portion of the Request to which no objection is asserted.

4. If any responsive document is withheld on the basis of privilege, work product, or other protection, identify the document in a privilege log stating, at minimum, the date, author, recipient(s), general subject matter, and the basis for the claim of privilege or protection.

5. The pendency of any proposed or requested protective order does not suspend Defendant's obligation to serve timely written responses and objections under Rule 34. Responsive, non-privileged documents shall be produced within the time required by the Federal Rules of Civil Procedure unless the parties stipulate otherwise or the Court orders otherwise. If Defendant contends that particular responsive materials require confidentiality protection before production, Defendant shall identify those materials with specificity in its written response and state the basis for withholding them pending agreement or Court order.

6. Plaintiff requests that Defendant produce all responsive documents and electronically stored information in **electronic form only**, not as hard-copy paper production. Static documents shall be produced as searchable PDF files where reasonably available. Spreadsheets, calendars, databases, and other files whose usability would be diminished by conversion to PDF shall be produced in native format. Emails shall be produced electronically with attachments, and in a manner that preserves family relationships among emails and their attachments. To the extent any responsive document exists only in paper form, Defendant shall produce a scanned electronic copy in PDF format.

7. If responsive documents exist on personal devices or personal accounts used for University business, those documents are included within the scope of these Requests.

8. Where a Request seeks "documents sufficient to show," Defendant may satisfy the Request by producing documents that fairly and completely show the information requested.

**III. REQUESTS FOR PRODUCTION**

**A. FINANCIAL EXIGENCY / RETRENCHMENT FRAMEWORK**

**REQUEST NO. 1**
Produce all documents concerning CBU's declaration of financial exigency in or around September 2023, including analyses, reports, memoranda, presentations, recommendations, and communications considered by the Board, President, Cabinet, Academic Council, Planning Committee, or Retrenchment Committee.

**REQUEST NO. 2**
Produce all documents concerning any consideration, implementation, or rejection of Faculty Handbook procedures applicable to financial difficulty short of exigency before the declaration of financial exigency.

**REQUEST NO. 3**
Produce all documents concerning the amount of budget reduction allegedly required from faculty positions, including documents reflecting any directive, target, or analysis concerning that amount.

**REQUEST NO. 4**
Produce all documents concerning the work of the Retrenchment Committee in 2023, including its charge, drafts, recommendations, final report, meeting minutes, notes, and communications.

**REQUEST NO. 5**
Produce all documents concerning meetings or communications among the Retrenchment Committee, Academic Council, President's Cabinet, Planning Committee, President Archer,

Provost Rosencrants, deans, or department chairs regarding retrenchment, financial exigency, program elimination, or faculty cuts.

**REQUEST NO. 6**

Produce all documents sufficient to show the faculty and staff positions selected for elimination in the 2023 retrenchment, including the department or unit of each position and whether the position holder was tenured, tenure-track, or non-tenure-track.

**B. PRESIDENTIAL CHARGE / CRITERION (3) / GENDER-NEUTRALIZING DIRECTIVE**

**REQUEST NO. 7**

Produce all versions, drafts, comments, attachments, and communications concerning the October 31, 2023 Presidential Charge to Chairs and Deans.

**REQUEST NO. 8**

Produce all documents concerning the decision to declare Appendix G.3.e criterion (3) "not applicable," including any discussion of women faculty, women religious, minority groups, gender, race, hiring goals, representation, or institutional goals.

**REQUEST NO. 9**

Produce all documents concerning any decision or instruction that retention recommendations should be made irrespective of gender and race.

**REQUEST NO. 10**

Produce all documents concerning any interpretation, modification, suspension, amendment, or non-use of Appendix G.3.e criterion (3), including any consideration of whether Faculty Assembly approval was required.

**REQUEST NO. 11**

Produce all documents concerning any instruction, decision, or discussion that retention decisions were to be based on seniority rather than on merit, versatility, and seniority.

**C. RELIGION & PHILOSOPHY SELECTION PROCESS / COMPARATOR EVIDENCE**

**REQUEST NO. 12**

Produce all documents concerning the selection of faculty members for termination or retention within the Department of Religion and Philosophy in 2023.

**REQUEST NO. 13**

Produce all ranking sheets, comparison charts, score sheets, matrices, worksheets, notes, draft recommendations, or similar documents used to compare faculty members in the Department of Religion and Philosophy for purposes of retention or termination.

**REQUEST NO. 14**

Produce all documents reflecting the application of the criteria of tenure, Christian Brother status, merit, versatility, seniority, or institutional goals to Plaintiff or to any other faculty member in the Department of Religion and Philosophy.

**REQUEST NO. 15**

Produce all documents identifying who recommended, approved, reviewed, or finalized the decision to terminate Plaintiff's position.

**REQUEST NO. 16**

Produce documents sufficient to show, for each full-time faculty member in the Department of Religion and Philosophy from August 1, 2023 through August 1, 2025: name, sex, rank, tenure status, discipline, years of service, administrative role if any, and employment status.

**REQUEST NO. 17**

Produce documents sufficient to show, for Philip Maloney, Bruce Cinquegrani, Paul Haught, Karl Leib, and Plaintiff: department, rank, tenure status, discipline, teaching assignments, course load, student credit hour production, administrative assignment if any, and employment status from August 1, 2018 through August 1, 2025.

**REQUEST NO. 18**

Produce all documents concerning the qualifications, versatility, teaching coverage, or comparative merit of Plaintiff, Philip Maloney, Bruce Cinquegrani, Karl Leib, and Paul Haught.

**REQUEST NO. 19**

Produce all documents concerning Emily Holmes's resignation, including when CBU learned of it and any discussion of its effect on department composition, faculty coverage, or retrenchment decisions.

**D. KARL LEIB / POLITICAL SCIENCE / RESTRUCTURING DEFENSE**

**REQUEST NO. 20**

Produce all documents concerning Karl Leib's scheduled December 7, 2023 termination meeting, including documents concerning its scheduling, cancellation, or the decision not to terminate him.

**REQUEST NO. 21**

Produce all documents concerning the decision to discontinue the Political Science major as part of the 2023 retrenchment process, including what, if any, criteria were applied to that major that differed from other discontinued majors.

**REQUEST NO. 22**
Produce all documents concerning any comparison of Karl Leib to other terminated faculty whose majors or programs were discontinued.

**E. DECEMBER 7 TERMINATION MEETING / STATED REASONS**

**REQUEST NO. 23**
Produce all documents concerning the December 7, 2023 termination meetings, including schedules, invitations, talking points, scripts, notes, agendas, lists of faculty selected to attend such meetings, and any follow-up summaries.

**REQUEST NO. 24**
Produce all documents concerning Plaintiff's December 7, 2023 termination meeting.

**REQUEST NO. 25**
Produce all documents concerning the reasons communicated to Plaintiff for the elimination of her position, including any reference to the elimination of the Philosophy major, seniority, versatility, or other stated reasons.

**REQUEST NO. 26**
Produce all documents sufficient to show the attendees at Plaintiff's December 7, 2023 termination meeting.

**F. HAUGHT REASSIGNMENT / REINSTATEMENT / ALTERNATIVE EMPLOYMENT**

**REQUEST NO. 27**
Produce all documents concerning Paul Haught's return or proposed return to a faculty position in 2023 or 2024, including any decision to assign or reassign him to the Department of Religion and Philosophy.

**REQUEST NO. 28**
Produce all documents concerning the reassignment of any Spring 2024 course from Plaintiff to Paul Haught.

**REQUEST NO. 29**
Produce all documents concerning whether Plaintiff was considered for reinstatement, reappointment, reassignment, or alternative employment at CBU after Haught's resignation or at any other time after December 7, 2023.

**REQUEST NO. 30**
Produce all documents concerning any effort, or decision not to make any effort, to find alternative employment for Plaintiff within CBU.

**G. SEVERANCE / FACULTY REVIEW COMMITTEE APPEAL / EX PARTE COMMUNICATIONS**

**REQUEST NO. 31**

Produce all versions of the severance or separation agreement offered to Plaintiff and all documents concerning Plaintiff's execution, withdrawal, rescission, or revocation of that agreement.

**REQUEST NO. 32**

Produce all documents concerning the requirement in the severance agreement that the employee release or certify the absence of pending complaints, grievances, charges, or lawsuits against CBU.

**REQUEST NO. 33**

Produce all documents concerning Plaintiff's appeal to the Faculty Review Committee, including schedules, communications, meeting notes, draft decisions, recommendations, and internal discussions.

**REQUEST NO. 34**

Produce all communications between any Faculty Review Committee member and any administrator, dean, chair, Human Resources representative, Board representative, faculty member or counsel concerning Plaintiff's appeal.

**REQUEST NO. 35**

Produce all documents and communications by or involving Faculty Review Committee member Benjamin Jordan concerning Plaintiff's appeal from December 15, 2023 through February 15, 2024.

**REQUEST NO. 36**

Produce all documents concerning Faculty Assembly President Philip Maloney's and Provost Rosencrants's involvement in the Faculty Review Committee process relating to Plaintiff.

**REQUEST NO. 37**

Produce all documents concerning any decision, after Plaintiff revoked the severance agreement, not to pay severance and not to continue the Faculty Review Committee process.

**H. SPRING 2024 RETALIATION SHORT OF REMOVAL**

**REQUEST NO. 38**

Produce all documents concerning any decision to exclude Plaintiff from departmental meetings, departmental communications, or departmental decision-making during Spring 2024.

**I. APRIL 26, 2024 CLASSROOM / POLICE INCIDENT**

**REQUEST NO. 39**

Produce all documents concerning the April 26, 2024 incident in which Plaintiff was removed

from her classroom and brought to a meeting attended by Dean Tullia, Ron Brandon, and law enforcement, including emails, texts, notes, reports, witness statements, security records, and communications with the Memphis Police Department.

**REQUEST NO. 40**

Produce all documents concerning any report, complaint, or communication about Plaintiff's social-media post referenced during the April 26, 2024 incident.

**REQUEST NO. 41**

Produce all documents concerning any threat assessment, safety assessment, incident report, witness statement, security report, or follow-up report relating to Plaintiff in April or May 2024.

**J. MAY 11 PROPERTY RETRIEVAL / SECURITY INSTRUCTIONS**

**REQUEST NO. 42**

Produce all documents concerning Plaintiff's retrieval of personal belongings from her office on or around May 11, 2024.

**REQUEST NO. 43**

Produce all documents concerning any instruction to campus safety or security regarding Plaintiff, her office access, her belongings, or her access to campus in May 2024.

**K. CUSTODIANS / REPOSITORIES**

**REQUEST NO. 44**

Produce documents sufficient to identify the custodians, email accounts, phones, shared drives, cloud storage locations, and other repositories searched or to be searched for documents responsive to these Requests, including but not limited to President Archer, President Englert, Dean Tullia, Provost Rosencrants, James Wallace, Scott Geis, Philip Maloney, Ron Brandon, Paul Haught, Human Resources personnel, campus safety personnel, and members of the Retrenchment Committee, Board of Trustees, and Faculty Review Committee.

**L. PRESERVATION / LITIGATION HOLD / DEPARTING CUSTODIANS**

**REQUEST NO. 45**

Produce documents sufficient to show whether, when, and to whom Defendant issued any litigation hold, preservation notice, or similar preservation instruction relating to Plaintiff, Plaintiff's claims, the retrenchment process, the Faculty Review Committee appeal, or the claims and defenses in this action.

**REQUEST NO. 46**

Produce documents sufficient to show the steps Defendant has taken since May 10, 2024 to preserve electronically stored information and paper records relevant to this action, including

any suspension of automated deletion, document-destruction, email-retention, offboarding, or account-deactivation processes.

**REQUEST NO. 47**

Produce documents sufficient to show the steps Defendant has taken to preserve the records, email accounts, network files, shared drives, and other institutional materials of any departing employee or early-retirement employee with knowledge relevant to this action, including but not limited to David Archer, Lydia Rosencrants, Br. Chris Englert, Scott Geis, Dean Tullia, Ron Brandon, Philip Maloney, James Wallace, and members of the Retrenchment Committee and Faculty Review Committee.

**M. AAUP / PUBLIC JUSTIFICATION / INTERNAL EXPLANATIONS**

**REQUEST NO. 48**

Produce all documents concerning the July 30, 2024 AAUP letter, CBU's response to that letter, the September 30, 2024 AAUP follow-up letter, and any internal discussion of reinstatement, due process, severance, retrenchment procedures, or faculty committee involvement.

**REQUEST NO. 49**

Produce all documents concerning any public statement by CBU or CBU President Br. Chris Englert in or around July 2024 that CBU had ended the 2023–2024 academic year with no debt or operating in the black, including drafts, talking points, interview preparation materials, underlying financial summaries, and communications concerning the accuracy or basis of those statements.

**REQUEST NO. 50**

Produce all documents concerning any written or oral explanation communicated to faculty (or announced in Faculty Assembly meetings), administrators, or staff for the end of David Archer's tenure as President, including any documents referring to Lydia Rosencrants or Ron Brandon or to any effect of Archer's departure on the retrenchment process, University administrative responsibilities, or decisions affecting Plaintiff.

Dated: March 25, 2026

/s/ Leigh M. Johnson
Dr. Leigh M. Johnson
Plaintiff, pro se
1492 Newton Street NW, Apt. A
Washington, DC 20010
(901) 679-5937
drleighmjohnson@gmail.com

# EXHIBIT 2

Defendant's Responses to Plaintiff's First Set of
Requests for Production (served April 24, 2026)

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

DR. LEIGH M. JOHNSON,

Plaintiff,

v. Civil Action No.: 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,

Defendant.

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST REQUESTS FOR PRODUCTION**

---

Pursuant to the Federal Rules of Civil Procedure, Defendant Christian Brothers University ("CBU" or "Defendant") responds to Plaintiff's First Requests for Production as follows:

**GENERAL OBJECTIONS**

All responses are made for purposes of this litigation only and are subject to later objections based on competence, relevance, materiality, propriety, admissibility, attorney-client privilege, the work product doctrine, and any other appropriate objection. CBU also objects to the Plaintiff's requests to the extent they attempt to impose a duty on CBU to produce documents that are available from other entities not parties to this litigation and to the extent it seeks materials that are available to the public or already in Plaintiff's possession. CBU further objects to the requests to the extent they seek document protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity. CBU also objects to the requests on the grounds that they seek documents that are not relevant to any party's claims or defenses and are not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

CBU also objects to the requests on the grounds that they seek confidential, sensitive, or private personnel, financial, student, or security information without adequate safeguards. The parties have submitted competing proposed protective orders to the Court for entry. CBU will supplement its responses to these Requests with responsive documents when there is a protective order in place.

CBU answers Plaintiff's requests subject to and without waiving these general objections.

## RESPONSES

**REQUEST NO. 1:** Produce all documents concerning CBU's declaration of financial exigency in or around September 2023, including analyses, reports, memoranda, presentations, recommendations and communications considered by the Board, President, Cabinet, Academic Council, Planning Committee, and Retrenchment Committee.

> **OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

> **RESPONSE:** **Subject to and without waiving said objection, see documents previously produced at CBU-002 to CBU – 056.**

**REQUEST NO. 2:** Produce all documents concerning any consideration, implementation, or rejection of Faculty Handbook procedures applicable to financial difficulty short of exigency before the declaration of financial exigency.

> **OBJECTION:** **CBU objects to this Request as vague and ambiguous because it does not clearly define what is meant by "any consideration, implementation, or rejection of Faculty Handbook procedures", including what actions qualify as "consideration" or what documents would be deemed responsive to this Request. CBU further objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with the Faculty Handbook, which CBU denies. CBU further objects to this Request on the grounds that it seeks discovery of matters that are not relevant to the issues in this case and is not proportional to the needs of this case, given that the events at issue took place after the declaration of financial exigency.**

**REQUEST NO. 3:** Produce all documents concerning the amount of budget reduction allegedly required from faculty positions, including documents reflecting any directive, target, or analysis concerning that amount.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it is vague and unclear what is being requested by "documents reflecting any directive, target, or analysis concerning that amount."**

**RESPONSE: Subject to and without waiving said objection, see documents previously produced at CBU-002 to CBU – 056.**

**REQUEST NO. 4:** Produce all documents concerning the work of the Retrenchment Committee in 2023, including its charge, drafts, recommendations, final report, meeting minutes, notes, and communications.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to recommendations made to the Retrenchment Committee regarding non-retained positions without having a protective order in place.**

**RESPONSE: Subject to and without waiving said objection, see documents previously produced at CBU-002 to CBU – 056 and documents produced at CBU-058-083. See also documents stamped CBU-058-218. CBU will supplement with additional responsive and discoverable documents, if any, once a protective order is entered.**

**REQUEST NO. 5:** Produce all documents concerning meetings or communications among the Retrenchment Committee, Academic Council, President's Cabinet, Planning Committee, President Archer, Provost Rosencrants, deans, or department chairs regarding retrenchment, financial exigency, program elimination, or faculty cuts.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it**

**seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents previously produced at CBU-002 to CBU – 056. See also documents at CBU-058-083. CBU will produce additional responsive and discoverable documents, if any, once a protective order is entered.**

**<u>REQUEST NO. 6:</u>** Produce all documents sufficient to show the faculty and staff positions selected for elimination in the 2023 retrenchment, including the department or unit of each position and whether the position holder was tenured, tenure-track, or non-tenure-track.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad and unduly burdensome, as it seeks "all" documents without reasonable limitations.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents CBU-201-205 and CBU-211-218. Additional, discoverable documents responsive to this request, if any, will be produced as they are located.**

**<u>REQUEST NO. 7:</u>** Produce all versions, drafts, comments, attachments, and communications concerning the October 31, 2023, Presidential Charge to Chairs and Deans.

**<u>OBJECTION:</u> CBU objects to this Request as overly broad and unduly burdensome, and disproportionate to the needs of the case. CBU further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents previously produced at CBU 024 – CBU 031. See also CBU-058-083. Defendant is continuing to search for documents, if any, and will produce additional discoverable documents as they become available.**

**<u>REQUEST NO. 8:</u>** Produce all documents concerning the decision to declare Appendix G.3.e criterion (3) "not applicable," including any discussion of women faculty, women religious, minority groups, gender, race, hiring goals, representation, or institutional goals.

**<u>OBJECTION:</u> CBU objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with its Retrenchment Policy outlined in the Faculty Handbook, which CBU denies. CBU further objects on the grounds that it misstates the facts of the case as CBU never declared the criterion as "not applicable." CBU further objects to the Request to the extent it seeks documents**

**and communications protected by the attorney-client privilege. Further, CBU submits it followed the advice of its outside counsel to ensure it complied with applicable state and federal law.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, none.**

**<u>REQUEST NO. 9:</u>** Produce all documents concerning any decision or instruction that retention recommendations should be made irrespective of gender or race.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. CBU further objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with its Retrenchment Policy outlined in the Faculty Handbook, which CBU denies. CBU further objects to the Request to the extent it seeks documents and communications protected by the attorney-client privilege. Further, CBU submits it followed the advice of its outside counsel to ensure it complied with applicable state and federal law.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents previously produced at CBU 024 – CBU 031.**

**<u>REQUEST NO. 10:</u>** Produce all documents concerning any interpretation, modification, suspension, amendment, or non-use of Appendix G.3.e criterion (3), including any consideration of whether Faculty Assembly approval was required.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. CBU further objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with its Retrenchment Policy outlined in the Faculty Handbook, which CBU denies. CBU further objects on the grounds that it misstates the facts of the case as CBU never modified, suspended, or amended the criteria. CBU further objects to the Request to the extent it seeks documents and communications protected by the attorney-client privilege.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents previously produced at CBU 024 – CBU 031.**

**<u>REQUEST NO. 11:</u>** Produce all documents concerning any instruction, decision, or discussion that retention decisions were based on seniority rather than on merit, versatility, and seniority.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. CBU further objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with its Retrenchment Policy outlined in the Faculty Handbook, which CBU denies. CBU further objects on the grounds that it misstates the facts of the case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, none.**

**<u>REQUEST NO. 12:</u>** Produce all documents concerning the selection of faculty members for termination or retention within the Department of Religion and Philosophy in 2023.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see CBU-058-083 and CBU-201-205. CBU will supplement its response if additional discoverable documents are located and once a protective order is entered in this case.**

**<u>REQUEST NO. 13:</u>** Produce all ranking sheets, comparison charts, score sheets, matrices, worksheets, notes, draft recommendations, or similar documents used to compare faculty members in the Department of Religion and Philosophy for purposes of retention or termination.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, CBU does not possess any documents responsive to Request No. 12.**

**<u>REQUEST NO. 14:</u>** Produce all documents reflecting the application of the criteria of tenure, Christian Brother status, merit, versatility, seniority, or institutional goals to Plaintiff or to any other faculty member in the Department of Religion and Philosophy.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, CBU does not possess any additional documents that would be responsive to Request No. 12.**

**<u>REQUEST NO. 15:</u>** Produce all documents identifying who recommended, approved, reviewed, or finalized the decision to terminate Plaintiff's position.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see documents previously produced at CBU 024 – CBU 031, documents produced at CBU- 201-205. Additional documents, if any, may be supplemented after the entry of a protective order.**

**<u>REQUEST NO. 16:</u>** Produce documents sufficient to show, for each full-time faculty member in the Department of Religion and Philosophy from August 1, 2023, through August 1, 2025: name, sex, rank, tenure status, discipline, years of service, administrative role if any, and employment status.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks private personnel information of third parties without adequate limitations and safeguards. CBU further objects to this Request on the grounds that the requested information, certainly as to the 2024-2025 school year and any discipline actions, would be irrelevant to Plaintiff's claims.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, CBU does not have documents that contain the requested information. Answering further, see CBU-201-205.**

**<u>REQUEST NO. 17:</u>** Produce documents to show Philip Maloney, Bruce Cinquegrani, Paul Haught, Karl Leib, and Plaintiff: department, rank, tenure status, discipline, teaching assignments, course load, student credit hour production, administrative assignment if any, and employment status from August 1, 2018 through August 1, 2025.

> **<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks private personnel information of third parties without adequate limitations and safeguards. CBU further objects to this Request on the grounds that the requested information, certainly as to the 2024-2025 school year and any discipline actions, would be irrelevant to Plaintiff's claims.**
>
> **<u>RESPONSE:</u> Subject to and without waiving said objections, see CBU-058-083 and CBU-201-205. Answering further, CBU does not have documents with the requested information.**

**<u>REQUEST NO. 18:</u>** Produce all documents concerning the qualifications, versatility, teaching coverage, or comparative merit of Plaintiff, Philip Maloney, Bruce Cinquegrani, Karl Leib, and Paul Haught.

> **<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks private personnel information of third parties without adequate limitations and safeguards. CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**
>
> **<u>RESPONSE:</u> Subject to and without waiving said objections, CBU does not have documents responsive to this request.**

**<u>REQUEST NO. 19:</u>** Produce all documents concerning Emily Holmes' resignation, including when CBU learned of it and any discussion of its effect on department composition, faculty coverage, or retrenchment decisions.

> **<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of**

**Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it misstates facts as Ms. Holmes' resignation came after all retrenchment decisions were made.**

**RESPONSE:** **Subject to and without waiving said objection, see CBU-058.**

**REQUEST NO. 20:** Produce all documents concerning Karl Leib's scheduled December 7, 2023, termination meeting, including documents concerning its scheduling, cancellation, or the decision not to terminate him.

**OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks documents irrelevant to Plaintiff's claims.**

**RESPONSE:** **Discoverable documents responsive to this request, if any, have been or will be provided to Plaintiff upon the entry of a protective order.**

**REQUEST NO. 21:** Produce all documents concerning the decision to discontinue the Political Science major as part of the 2023 retrenchment process, including what, if any, criteria were applied to that major that differed from other discontinued majors.

**OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks documents irrelevant to Plaintiff's claims. CBU further objects to this Request to the extent it is based on the unsupported premise that the Political Science major was evaluated or treated differently from other discontinued majors during the retrenchment process, which CBU denies. CBU further objects to this Request on the grounds that it is irrelevant to Plaintiff's claims given that she was not in the Political Science department.**

**RESPONSE:** **Subject to and without waiving said objection, CBU does not have documents responsive to this request.**

**REQUEST NO. 22:** Produce all documents concerning any comparison of Karl Leib to other terminated faculty whose majors or programs were discontinued.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks documents irrelevant to Plaintiff's claims. CBU objects to this Request on the grounds that it misstates the retrenchment process. There was no "comparison" between faculty of different departments.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, none.**

**<u>REQUEST NO. 23:</u>** Produce all documents concerning the December 7, 2023, termination meetings, including schedules, invitations, talking points, scripts, notes, agendas, lists of faculty selected to attend such meetings, and any follow-up summaries.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks documents irrelevant to Plaintiff's claims to the extent it seeks information from other faculty member's meetings. CBU further objects to this Request to the extent it seeks documents already in Plaintiff's possession.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see documents produced at CBU 0001-0076 and CBU-201-205.**

**<u>REQUEST NO. 24:</u>** Produce all documents concerning Plaintiff's December 7, 2023, termination meeting.

**<u>OBJECTION:</u> CBU objects to this request on the grounds that it is unnecessarily duplicative of Request No. 23.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see response to Request No. 23.**

**<u>REQUEST NO. 25:</u>** Produce all documents concerning the reasons communicated to Plaintiff for the elimination of her position, including any reference to the elimination of the Philosophy major, seniority, versatility, or other stated reasons.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of**

**Civil Procedure 26(b)(1). CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see documents previously produced at CBU 001 – CBU 056. See also CBU-058-083. CBU will produce additional discoverable documents, if any, once a protective order is entered in this case.**

**<u>REQUEST NO. 26:</u>** Produce all documents sufficient to show the attendees at Plaintiff's December 7, 2023 termination meeting.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to this Request on the grounds that it is not relevant or proportional to the needs of the case, as the identities of the attendees at Plaintiff's termination meeting are not relevant to Plaintiff's claims or defenses.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, none.**

**<u>REQUEST NO. 27:</u>** Produce all documents concerning Paul Haught's return or proposed return to a faculty position in 2023 or 2024, including any decision to assign or reassign him to the Department of Religion and Philosophy.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it is irrelevant to Plaintiff's claim.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see documents produced at CBU-058-076 may be responsive to this request.**

**<u>REQUEST NO. 28:</u>** Produce all documents concerning the reassignment of any Spring 2024 course from Plaintiff to Paul Haught.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request as it misstates the facts as no class was reassigned from Plaintiff to Paul Haught.**

**RESPONSE: Subject to and without waiving said objections, documents responsive to this request are included in CBU-058-076.**

**REQUEST NO. 29:** Produce all documents concerning whether Plaintiff was considered for reinstatement, reassignment, or alternative employment at CBU after Haught's resignation or at any other time after December 7, 2023.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**RESPONSE: Subject to and without waiving said objections, none.**

**REQUEST NO. 30:** Produce all documents concerning any effort, or decision not to make any effort, to find alternative employment for Plaintiff within CBU.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request to the extent it is premised on the unsupported assumption that CBU was required to seek alternative employment for Plaintiff within CBU. The entire need for the elimination of Plaintiff's, and other faculty's, positions was due to financial exigency.**

**RESPONSE: Subject to and without waiving said objections, none.**

**REQUEST NO. 31:** Produce all versions of the severance or separation agreement offered to Plaintiff and all documents concerning Plaintiff's execution, withdrawal, rescission, or revocation of that agreement.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.**

**<u>RESPONSE:</u>** **Subject to and without waiving said objections, a copy of Plaintiff's Separation and Transition Agreement is attached hereto under CBU-077-083.**

**<u>REQUEST NO. 32:</u>** Produce all documents concerning the requirement in the severance agreement that the employee release or certify the absence of pending complaints, grievances, charges, or lawsuits against CBU.

**<u>OBJECTION:</u>** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.**

**<u>RESPONSE:</u>** **Subject to and without waiving said objections, see response to Request No. 31.**

**<u>REQUEST NO. 33:</u>** Produce all documents concerning Plaintiff's appeal to the Faculty Review Committee, including schedules, communications, meeting notes, draft decisions, recommendations, and internal discussions.

**<u>OBJECTION:</u>** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u>** **Subject to and without waiving said objections, documents responsive to this request are included in CBU-206-218. CBU is searching for additional responsive documents and will supplement its response if it locates additional responsive and discoverable documents.**

**<u>REQUEST NO. 34:</u>** Produce all communications between any Faculty Review Committee member and any administrator, dean, chair, Human Resources representative, Board representative, faculty member or counsel concerning Plaintiff's appeal.

**<u>OBJECTION:</u>** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of**

**Civil Procedure 26(b)(1). As stated, this Request would seek communications amongst the entire CBU faculty and is unduly burdensome.**

**REQUEST NO. 35:** Produce all documents and communications by or involving Faculty Review Committee member Benjamin Jordan concerning Plaintiff's appeal from December 15, 2023, through February 15, 2024.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**RESPONSE: Subject to said objection, CBU is continuing to search for discoverable documents responsive to this request as Dr. Ben Jordan has not been employed by CBU for approximately two years.**

**REQUEST NO. 36:** Produce all documents concerning Faculty Assembly President Philip Maloney's and Provost Rosencrants' involvement in the Faculty Review Committee process relating to Plaintiff.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**RESPONSE: Subject to said objections, documents responsive to this request, if any, are attached hereto.**

**REQUEST NO. 37:** Produce all documents concerning any decision, after Plaintiff revoked the severance agreement, not to pay severance, and not to continue the Faculty Review Committee process.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to the extent that the Request assumes or implies an improper motive or intent on the part of CBU, which is unsupported and expressly denied. CBU further objects to this Request on the grounds that it**

**misstates the facts of the case, as no severance would have been owed upon Plaintiff's revocation of the Separation Agreement, and Plaintiff never renewed her appeal to the Faculty Review Committee following revocation of the Separation Agreement.**

**RESPONSE:** **Subject to and without waiving said objection, none.**

**REQUEST NO. 38:** Produce all documents concerning any decision to exclude Plaintiff from departmental meetings, departmental communications, or departmental decision-making during Spring 2024.

**OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request as it misstates facts as CBU did not exclude Plaintiff from any meetings, communications, or decision-making she would not otherwise be involved in.**

**RESPONSE:** **Subject to and without waiving said objection, none.**

**REQUEST NO. 39:** Produce all documents concerning the April 26, 2024, incident in which Plaintiff was removed from her classroom and brought to a meeting attended by Dean Tullia, Ron Brandon, and law enforcement, including emails, texts, notes, reports, witness statements, security records, and communications with the Memphis Police Department.

**OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request to the extent it seeks documents already in Plaintiff's possession.**

**RESPONSE:** **Documents responsive to this request have previously been produced to Plaintiff as part of CBU's initial disclosures. Subject to and without waiving said objections, CBU would direct Plaintiff to her social media posts from that day and from April 28, 2024, or any other date, stating she was going "out with a bang" with a firecracker/dynamite emoji" and describing the incident described in Request No. 39.**

**REQUEST NO. 40:** Produce all documents concerning any report, complaint, or communication about Plaintiff's social-media post referenced during the April 26, 2024, incident.

**OBJECTION:** **CBU objects to this Request to the extent it is unnecessarily duplicative in light of Request No. 39.**

**RESPONSE:** **Subject to and without waiving said objections, see response to Request No. 39.**

**REQUEST NO. 41:** Produce all documents concerning any threat assessment, safety assessment, incident report, witness statement, security report, or follow-up report relating to Plaintiff in April or May, 2024.

**OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**RESPONSE:** **Subject to and without waiving said objections, see response to Requests numbers 39-40.**

**REQUEST NO. 42:** Produce all documents concerning Plaintiff's retrieval of personal belongings from her office on or around May 11, 2024.

**OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**RESPONSE:** **Subject to and without waiving said objections, none.**

**REQUEST NO. 43:** Produce all documents concerning any instruction or campus safety or security regarding Plaintiff, her office access, her belongings, or her access to campus in May 2024.

**OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**RESPONSE:** **Subject to and without waiving said objections, none.**

**REQUEST NO. 44:** Produce documents sufficient to identify the custodians, email accounts, phones, shared drives, could storage locations, and other repositories searched or to be searched for documents responsive to these Requests, including but not limited to President Archer, President Englert, Dean Tullia, Provost Rosencrants, James Wallace, Scott Geis, Philip Maloney, Ron Brandon, Paul Haught, Human Resources personnel, campus safety personnel, and members of the Retrenchment Committee, Board of Trustees, and Faculty Review Committee.

> **OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Plaintiff has made no allegations that any records have been destroyed and, accordingly, the requested information is irrelevant to Plaintiff's claims.**

**REQUEST NO. 45:** Produce documents sufficient to show whether, when, and to whom Defendant issued any litigation hold, preservation notice, or similar preservation instruction relating to Plaintiff, Plaintiff's claims, the retrenchment process, the Faulty Review Committee appeal, or the claims and defenses in this action.

> **OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Plaintiff has made no allegations that any records have been destroyed and, accordingly, the requested information is irrelevant to Plaintiff's claims. CBU further objects to this Request on the grounds that it seeks communications protected by the attorney-client privilege and/or work product doctrine. Counsel has already confirmed that the litigation hold was communicated and upheld by CBU after received from the Plaintiff.**

**REQUEST NO. 46:** Produce documents sufficient to show the steps Defendant has taken since May 10, 2024, to preserve electronically stored information and paper records relevant to this action, including any suspension of automated deletion, document-destruction, email-retention, offboarding, or account-deactivation processes.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Plaintiff has made no allegations that any records have been destroyed and, accordingly, the requested information is irrelevant to Plaintiff's claims. CBU further objects to this Request on the grounds that it seeks communications protected by the attorney-client privilege and/or work product doctrine. Counsel has already confirmed that the litigation hold has been communicated and upheld by CBU after received from Plaintiff.**

**<u>REQUEST NO. 47:</u>** Produce all documents sufficient to show the steps Defendant has taken to preserve the records, email accounts, network files, shared drives, and other institutional materials of any departing employee or early-retirement employee with knowledge relevant to this action, including but not limited to David Archer, Lydia Rosencrants, Br. Chris Englert, Scott Geis, Dean Tullia, Ron Brandon, Philip Maloney, James Wallace, and members of the Retrenchment Committee and Faculty Review Committee.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Plaintiff has made no allegations that any records have been destroyed and, accordingly, the requested information is irrelevant to Plaintiff's claims. CBU further objects to this Request on the grounds that it seeks communications protected by the attorney-client privilege and/or work product doctrine. Counsel has already confirmed that the litigation hold has been communicated and upheld by CBI after received from Plaintiff.**

**<u>REQUEST NO. 48:</u>** Produce all documents concerning the July 30, 2024, AAUP letter, CBU's response to that letter, the September 30, 2024, AAUP follow-up letter, and any internal discussion of reinstatement, due process, severance, retrenchment procedures, or faculty committee involvement.

**<u>OBJECTION</u>: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to and without waiving said objection, CBU would direct Plaintiff to the two letters already in her possession. The July 30, 2024, letter was attached to her original Complaint at Exhibit D. (<u>See</u> ECF No. 2-2, at PageID 40–45.) Plaintiff filed the September 30, 2024, letter with her untimely filed Amended Complaint. (<u>See</u> ECF No. 33-1, at PageID 188–189.) CBU will supplement its response with additional responsive and discoverable documents.**

**<u>REQUEST NO. 49:</u>** Produce all documents concerning any public safety statement by CBU or CBU President Br. Chris Englert in or around July 2024 that CBU had ended the 2023 – 2024 academic year with no debt or operating in the black, including drafts, talking points, interview preparation materials, underlying financial summaries, and communications concerning the accuracy or basis of those statements.

**<u>OBJECTION</u>: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to the term "public safety statement" as it is unclear what that term means. CBU further objects to producing any financial documents without having a protective order in place.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, CBU would direct Plaintiff to the article she attached to her Complaint at Exhibit C. (ECF No. 2-2, at PageID 35-39.)**

**<u>REQUEST NO. 50:</u>** Produce all documents concerning any written or oral explanation communicated to faculty (or announced in Faculty Assembly meetings), administrators, or staff for the end of David Archer's tenure as President, including any documents referring to Lydia Rosencrants or Ron Brandon or to any effect of Archer's departure on the retrenchment process, University administrative responsibilities, or decisions affecting Plaintiff.

**<u>OBJECTION</u>: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects on the grounds that said request is vague and ambiguous and CBU does not have documents responsive to this request.**

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By: *s/Stephen W. Vescovo*
STEPHEN W. VESCOVO (7246)
JAMIE GIBBER (39552)
2900 One Commerce Square
40 S. Main St.
Memphis, TN 38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of April, 2026, a copy of the foregoing pleading has been delivered to the following via email:

Dr. Leigh M. Johnson
1492A Newton Street NW
Washington, DC 20010
drleighmjohnson@gmail.com
*Pro se Plaintiff*

*s/Stephen W. Vescovo*
STEPHEN W. VESCOVO

4938-8454-2116

# EXHIBIT 3

Email correspondence: J. Gibber summary of June 24, 2026
conferral (June 24, 2026) and Plaintiff's response (June 26, 2026)

Gmail

Leigh Johnson <drleighmjohnson@gmail.com>

# Re: Johnson v. CBU - Meet and Confer

1 message

**Leigh Johnson** <drleighmjohnson@gmail.com> Fri, Jun 26, 2026 at 5:14 PM
To: "Gibber, Jamie" <jgibber@lewisthomason.com>
Cc: "Vescovo, Steve W." <SVescovo@lewisthomason.com>

Dear Ms. Gibber,

Thank you for sending this summary. I appreciate your effort to assemble it, and I agree with the substance of most of it. I do need to correct one significant inaccuracy and clarify two other points before we finalize our shared understanding.

Before turning to the corrections, I will note that the Protective Order at ECF 45 has been in effect since May 13. As I explained in our conversation, any documents from the First Set of RFPs that were being withheld awaiting a Protective Order are already six weeks overdue. I agreed to extend you another 14 days to produce those materials, and engaged in a good-faith conversation aimed at addressing any confusion you had about what my expectations were regarding broad "categories" of documents, but I made it clear that I do not (and will not) agree to additional extensions for document supplementation beyond the now-extended July 8 deadline.

Corrections and clarifications follow:

1. **Privilege Log.** Your summary states that I "may have come around" on the seven-day extension for the privilege log. That is not accurate. I stated clearly — more than once — that I did not agree to the additional seven-day delay. Mr. Vescovo responded that he was not compromising on that point either, and I noted that we had reached an impasse on that matter. I understand and have noted your rationale, but my position remains that the already-overdue privilege log is to be produced concurrently with the other already-overdue supplemental document production on July 8, 2026.

2. **Second Set of Requests for Production.** Your summary states that you "think" supplementation of the First Set of RFPs "will obviate the need" for the Second Set of RFPs, and you asked for an extension of the June 26 response deadline for the Second Set of RFPs. I want to be precise about what I actually agreed to: I agreed to ***conditionally suspend*** the June 26 response deadline for the Second Set of RFPs ***pending receipt of sufficient supplemental production from the First Set.*** If, after reviewing that production, the documents requested in the Second Set are not "obviated," I retain the right to pursue those requests. We agreed that any follow-up conferral on that matter would proceed on an expedited timeline. Since you will have already had the required 30 days to assemble your responses and/or production materials in response to the Second Set of RFPs prior to this conditional extension, I expect that the Second Set productions will be produced without delay. My agreement to a conditional extension of the June 26 deadline for responses to the Second Set of RFPs was a courtesy, not an agreement that those responses are unnecessary.

3. **Deposition.** Your summary is generally accurate on the deposition discussion, but it should be noted that deposition logistics were not on the agenda for this conferral per ECF 58. I addressed them as a courtesy. Nevertheless, one clarification should be added to your account: my expressed preference for Zoom is not solely a matter of financial burden or work-related scheduling conflicts. I also explained that I do not concede defense counsel's argument that in-person examination offers any meaningful practical advantage that could justify requiring the expense and work interruption of my being forced to travel to Memphis. Zoom is a substantively adequate and widely-used platform for depositions, including document-intensive depositions. I remain willing to provide blackout dates once I have reviewed your supplemental production, but it remains the case that I am unable to travel to Memphis for an in-person deposition prior to trial. If CBU's position is that it is unable or unwilling to conduct my deposition in any manner other than in-person, I would ask that you advise me of that position, and articulate the specific reasons for it in writing promptly, so that relevant motion practice can proceed without unnecessary delay.

Subject to these corrections and clarifications, I believe the rest of your summary accurately reflects our discussion.

Sincerely,
Dr. Leigh M. Johnson

On Wed, Jun 24, 2026 at 4:05 PM Gibber, Jamie <jgibber@lewisthomason.com> wrote:

Dr. Johnson:

Thanks again for your time this afternoon to discuss the discovery issues in this case. I'm providing a summary of my understanding of our discussion and the agreements we came to.

We discussed the supplementation of specific documents. You specifically identified the documents related to the Faculty Review Committee, the Retrenchment Committee working materials, Dr. Leib's termination meeting documents, drafts and communications regarding the Presidential Charge, documents related to Dr. Haught's alleged reappointment, documents regarding the requirement that one historian be on staff, and a folio of communications referenced in prior production. We agreed that we would also go through our responses and identify the things we have already agreed to supplement. We discussed that some of these documents are irrelevant to the instant litigation and that we would produce discoverable documents. We had a brief discussion about the role of relevance in what is discoverable, but that we would identify in writing what we are withholding on the basis of that objection, if anything. We agreed to produce the supplemental production within 14 days, by July 8, 2026. You also asked about privilege logs. There was a bit of back and forth on that point, as we requested that we produce the privilege log within 7 days after our production (so by July 15, 2026). I know you initially did not agree to that, but I think you may have come around on that point once we explained the rationale for that delay. Please confirm that this plan works for you.

We also discussed the second set of requests for production and you agreed to suspend our deadline to respond to those requests pending the supplemental production. As we discussed, we will produce the documents and supplement the responses to the first set of requests accordingly, which I think will obviate the need for any responses to the second set of requests. You agreed that you would review the production and supplemental responses and if any response to the second set was necessary, we could have a follow-up call to address what you think needs to be addressed.

Finally, we spoke about your deposition. We explained what our rationale was for the need for an in-person deposition, which you disagreed with. You have advised that you are not able to travel to Memphis for a deposition during the summer because of your research work, book-writing, etc., and the expense for traveling. Our preference would still be to conduct the deposition in-person, but we can reassess that position once we have your discovery responses (requests will be forthcoming later this week). We talked about going ahead and scheduling a deposition date for August, before you have additional obligations as it relates to teaching. We know from our review of the academic calendar while we were on the phone that classes do not begin until August 31, 2026, but you advised you have duties ahead of that date. You said you would get back to us regarding when those obligations begin so we can provide some potential dates ahead of that time. Please let us know about that as soon as possible, so that we can coordinate with our availability and give you options that will allow for us to notice your deposition with reasonable notice.

Best,

Jamie

LT
LEWIS THOMASON

**Jamie Gibber** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN| Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

**From:** Gibber, Jamie
**Sent:** Tuesday, June 23, 2026 2:22 PM
**To:** 'Leigh Johnson' <drleighmjohnson@gmail.com>
**Cc:** Vescovo, Steve W. <SVescovo@LewisThomason.com>
**Subject:** RE: Johnson v. CBU - Meet and Confer

Perfect. We'll call you then. Thanks!

LEWIS THOMASON

**Jamie Gibber** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN| Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

**From:** Leigh Johnson <drleighmjohnson@gmail.com>
**Sent:** Tuesday, June 23, 2026 2:21 PM
**To:** Gibber, Jamie <jgibber@lewisthomason.com>
**Cc:** Vescovo, Steve W. <SVescovo@LewisThomason.com>
**Subject:** Re: Johnson v. CBU - Meet and Confer

Let's make it 2:30 pm just to be safe.

My phone number is 901-679-5937.

Regards,

Dr. Leigh M. Johnson

On Tue, Jun 23, 2026, 11:53 AM Gibber, Jamie <jgibber@lewisthomason.com> wrote:

> Dr. Johnson:
>
> Thanks for sending your availability. Steve and I can be available at 2:00p.m. EST tomorrow, Wednesday, June 24, 2026. Your email below said Wednesday, but June 25. I'm assuming the number date was just mistyped, but if my assumption was wrong and you're not available at that time tomorrow just let us know and we can figure something out. Can you please let us know what number is the best number to reach you at then?

Best,

Jamie

LEWIS THOMASON

**Jamie Gibber** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN| Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

---

**From:** Leigh Johnson <drleighmjohnson@gmail.com>
**Sent:** Friday, June 19, 2026 3:45 PM
**To:** Gibber, Jamie <jgibber@lewisthomason.com>
**Cc:** Vescovo, Steve W. <SVescovo@LewisThomason.com>
**Subject:** Re: Johnson v. CBU - Meet and Confer

Ms. Gibber,

Thank you for your email. I am writing to propose dates and times for the oral conferral. I am available at any of the following times:

- Tuesday, June 23: any time
- Wednesday, June 25: before 11:00 a.m. or after 2:00 p.m. (Eastern)
- Thursday, June 26: any time

Please let me know which of these works for you and Mr. Vescovo, and I will confirm promptly.

Regards,
Dr. Leigh M. Johnson

On Mon, Jun 15, 2026 at 3:33 PM Gibber, Jamie <jgibber@lewisthomason.com> wrote:

> Dr. Johnson:
>
> Per the Court's ruling, we need to get together to discuss the discovery issues in this case. Can you give us some dates and times that work for you this week? Steve and I do have some obligations throughout the week, so please give us a few proposed dates and times so that we can hopefully find something that works for everyone.
>
> Best,
>
> Jamie

LEWIS THOMASON

**Jamie Gibber** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN| Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

# EXHIBIT 4

Plaintiff's Memorandum of the August 10, 2026 Conferral,
with transmittal email (served August 12, 2026)

Gmail Leigh Johnson <drleighmjohnson@gmail.com>

## Johnson v. Christian Brothers University, No. 2:25-cv-02618-BCL-atc — Memorandum Summarizing August 10, 2026 Conferral Call

1 message

**Leigh Johnson** <drleighmjohnson@gmail.com> Wed, Aug 12, 2026 at 2:52 AM
To: "Vescovo, Steve W." <SVescovo@lewisthomason.com>, "Gibber, Jamie" <jgibber@lewisthomason.com>

Mr. Vescovo and Ms. Gibber,

Attached is the memorandum summarizing the conferral call between Mr. Vescovo and me on August 10, 2026, from 4:38 p.m. to 5:10 p.m. Eastern. The memorandum records the questions posed, the responses given, and the items on which CBU committed to respond by Friday, August 14, 2026.

Paragraph 8 lists, separately, (i) the items CBU committed to on the call and (ii) the items I request in the memorandum itself, which were not addressed on the call. Both sets are directed to **August 14, 2026.**

As noted in the Memorandum, Defense counsel Vescovo unilaterally "ended" the conferral call, by "hanging up" on Plaintiff while she was attempting to clarify a point about which there was an obvious misunderstanding.

If CBU disagrees with any characterization in the memorandum, I request written correction at least 48 hours in advance of the **Friday, August 14, deadline** to which Mr. Vescovo consented in our conferral call.

Regards,

Dr. Leigh M. Johnson
Plaintiff pro se
1492 Newton Street NW, Apt. A
Washington, DC 20010
901-679-5937
drleighmjohnson@gmail.com

**Johnson v CBU_ Conferral Summary_ Aug 10, 2026  2026.pdf**
199K

**MEMORANDUM**
**SUMMARY OF CONFERRAL CALL**

*Johnson v. Christian Brothers University*, No. 2:25-cv-02618-BCL-atc

---

**Date:** August 10, 2026

**Time:** 4:38 p.m. – 5:10 p.m. Eastern (3:38 p.m. – 4:10 p.m. Central)

**Participants:** Stephen W. Vescovo, counsel for Defendant; Dr. Leigh M. Johnson, Plaintiff *pro se*. No other person was present.

**Subject matter:** The matters identified in Plaintiff's August 8, 2026 correspondence.

---

This memorandum records the questions asked and the responses given during today's conferral call. If CBU disagrees with any characterization below, Plaintiff requests written correction by **Friday, August 14, 2026**.

At the outset, Plaintiff stated that the agenda for this conferral call comprised three "general" subjects: (a) the Rhodes College subpoena and production; (b) the matters on which the parties reached impasse on July 13, 2026; and (c) CBU's outstanding responses to Plaintiff's First Set of Requests for Production. Plaintiff stated that she was not raising ECF 60, which Defense counsel correctly identified as fully briefed.

To avoid repeating non-productive conversations in prior telephone conferrals with Defense counsel, and in the interest of satisfying Judge Christoff's order at ECF 58 that the parties engage in "good faith" telephone conferrals, Plaintiff additionally established, at the outset of this telephone conferral, that: (a) the parties participating in this conferral agreed to a format in which each speaker would identify when they had finished speaking, and then opposing counsel would either answer the question posed as "yes" or "no," provide a date certain on which a "yes" or "no" answer would be provided, or ask anything related to clarifying the question at issue; (b) both Plaintiff and Defendant would clearly indicate when they had concluded their statement(s) and/or question(s); and (c) Plaintiff instructed Defense Counsel Stephen Vescovo to refrain from shouting, swearing, or engaging in personal insults as he had done in previous (recorded) conferral calls on July 13 and August 10, 2026.

**1. Rule 45(a)(4) notice.**

Plaintiff asked Defense counsel Vescovo to confirm that CBU did not serve Plaintiff with notice and a copy of the subpoena issued to her former employer, Rhodes College, before that subpoena was served on Rhodes College on July 17, 2026. Counsel directed Plaintiff to his email earlier the same day, which stated: "We apologize that our paralegal did not send you a copy of the subpoena our office issued to Rhodes College." Vescovo stated on the call that he agreed the

subpoena should have been sent to Plaintiff, adding that if Plaintiff wished to file a motion regarding the subpoena she should do so, and that as to any such motion, "I'm not gonna object that it's late because you didn't get the notice."

Plaintiff notes, and does not ask CBU to respond to, the following:
(a) The Rhodes College subpoena was untethered to any stated claim in this case. The subpoena asked for Plaintiff's "entire personnel file" from an employer ***more than a decade preceding*** any events relative to this case.
(b) There was n**o Rule 45(a)(4) notice**. The pre-compliance window to quash or narrow expired before Plaintiff even knew the subpoena existed.
(c) **Sensitive material was produced and remains unprotected** — Plaintiff's social security number, detailed bank account information, and a non-party's (i.e., Plaintiff's mother's) social security number and address history entered the case undesignated under ECF 45 and unreviewed by counsel.
(d) Plaintiff was deprived of a 20-day period (between Defense counsel's issuance of its subpoena to Rhodes College and its forwarding of documents it received) during which Plaintiff would otherwise have had the opportunity to move to quash or to limit the scope of Defense counsel's obviously-overreaching subpoena request to Rhodes College.

**2. Designation under ECF 45.**

Plaintiff asked Vescovo whether CBU will designate the Rhodes production CONFIDENTIAL under ECF 45. **Vescovo answered yes, without qualification.**

Plaintiff notes that ECF 45 ¶ 2 provides that "Designation may only be made after a good faith review by counsel of record," and that counsel making a designation "shall comply with the standards set forth in Fed. R. Civ. P. 26(g) when designating information as CONFIDENTIAL." Vescovo stated separately on the call, in the course of discussing the categories addressed in ¶ 4 below, that he has not reviewed the Rhodes materials and that he will do so.

**Plaintiff requests that CBU effect the designation by serving either a re-production bearing the CONFIDENTIAL legend or a written designation identifying the designated files, and that CBU do so by Friday, August 14, 2026.** This request is made in this memorandum and was not addressed on the call.

CBU's earlier position, ECF 45 ¶ 2 provides that "neither party shall designate as CONFIDENTIAL any document or information authored by the opposing party outside of this litigation, except that the producing party may redact or designate only those portions of such documents that contain (a) third-party personally identifying information, . . . [or] (d) Social Security numbers or financial account identifiers." The Rhodes materials are in substantial part documents authored by Rhodes College rather than by Plaintiff, and the quoted restriction therefore does not reach them. As to any documents Plaintiff authored, the express exception permits designation of precisely the material at issue here — third-party identifying information,

Social Security numbers, and financial account identifiers. ECF 45 ¶ 1 governs "[a]ll production and disclosure of information designated as CONFIDENTIAL by a party during this litigation," and is not limited to material produced in response to discovery requests.

Again, the production forwarded via email by Vesovo contains Plaintiff's Social Security number, date of birth, and residential address history; Plaintiff's bank account number and bank routing number; and the name and Social Security number of Plaintiff's mother, who is not a party to this action.

**3. ECF 45 ¶ 4 — clarification.**

Plaintiff asked on the call whether CBU will proceed under ECF 45 ¶ 4. Defense counsel Vescovo's response addressed destruction of records at the conclusion of the litigation and asked Plaintiff to provide a reminder at that time. Plaintiff declined to "remind" Defense counsel of its obligations, records that as a response to a different question, and restated the request as follows:

ECF 45 ¶ 4 provides that inadvertently or unintentionally disclosed information "shall be designated as CONFIDENTIAL as soon as reasonably practicable after either party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons," and that "[u]pon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within five (5) days," with written certification of destruction to follow "within five (5) days of receipt of the properly designated documents." Plaintiff's question is whether CBU will proceed under that provision now — that is, serve properly designated documents, upon receipt of which Plaintiff will return or destroy the currently undesignated set within five days and certify destruction.

**Plaintiff requests CBU's answer by Friday, August 14, 2026.**

**4. Non-use stipulation.**

Plaintiff asked whether CBU will stipulate that it will not use, for any purpose in this litigation including deposition, summary judgment, and trial, the following categories of material obtained via the Rhodes subpoena: 2008 and 2009 correspondence concerning returned checks and check-cashing privileges; a 2009 wage garnishment; a Tennessee Department of Labor unemployment inquiry; direct deposit and banking records; benefits enrollment and beneficiary designations; and third-party personal identifiers, none of which have any bearing on this case.

**Defense Counsel Vescovo agreed, without qualification, that CBU will not use any information relating to Plaintiff's mother.**

As to the remaining categories, counsel stated that he has not reviewed the materials, that **he will review them, and that he will advise Plaintiff by Friday, August 14, 2026 which categories CBU has no interest in using.**

Plaintiff reiterates that she does not ask CBU to forgo material for which it has a legitimate use. She asks CBU not to use material obtained through a subpoena of which she received no notice, in categories bearing on neither her Title VII claims nor her breach-of-contract claim.

**5. Completeness of the production.**

Asked whether he had reviewed the Rhodes materials labeled "Johnson_Leigh_R0535308.pdf" before transmitting them to Plaintiff, Vescovo stated: "I did not review them before I sent them to you."

*(a) Source file.* Vescovo asked that Plaintiff put this question in writing, concisely. **The question is: Does CBU possess a file titled *JOHNSON_LEIGH_R05335308.pdf*?** That filename appears within the multiple files CBU transmitted by Vescovo to Plaintiff. Vescovo stated he would look for the file and respond. **Plaintiff requests a response by Friday, August 14, 2026.**

*(b) Production in full.* Plaintiff asked whether, if CBU possesses the file named in 5(a) above, CBU will produce it in full. Counsel stated that he "assumed CBU would" but declined to answer yes or no. **Plaintiff records that no answer was given, and redoubles her request that the Rhodes production file be produced in full by Friday, August 14, 2026.**

*(c) Who divided the production.* Plaintiff asked who divided the Rhodes production into the separate files CBU transmitted — Rhodes College, a records vendor, or Lewis Thomason? **Vescovo stated it was definitely not a records vendor**. He stated his understanding to be that **the records arrived as a single bundle that could not be opened as such and were broken into smaller groupings by his paralegals for transmission to him or to Ms. Gibber,** and that he believed the paralegal's name was "Deborah." **Vescovo stated he would confirm by Friday, August 14, 2026.**

**Given the sensitive material at issue, and the potential harm to non-parties in this case, Plaintiff requests a full chain of custody record of the files produced by Rhodes College in response to Defendant's subpoena, including the name, and position of every person who viewed, managed, or forwarded elements of Rhodes College's production, in part or in whole, by Friday, August 14, 2026.**

*(d) Transmittal correspondence.* Plaintiff asked whether CBU will produce all transmittal correspondence from Rhodes College accompanying the August 5, 2026 production. **Defense counsel Vescovo answered yes.**

Vescovo stated his belief that this had already been done and that he would confirm.

Plaintiff clarifies that the request is for the transmittal correspondence itself, which is relevant to the handling of the Social Security numbers, financial account identifiers, and third-party identifiers contained in the production, and which should include the **complete file** transmitted

from Rhodes College to Defense counsel in response to its subpoena.

**Plaintiff requests production of the full, unredacted transmittal response from Rhodes College by Friday, August 14, 2026.**

**6. Prospective notice.**

Plaintiff asked whether CBU will agree to serve notice and a copy of any further subpoena in this action ***no fewer than seven days before service on the recipient***. Vescovo responded that CBU will comply with "whatever the Federal Rules of Civil Procedure require."

In the course of explaining the distinction between "what the Federal Rules of Civil Procedure Require" and Plaintiff's *specific* request, namely, that Defense counsel agree to "serve notice and a copy of any further subpoena in this action no fewer than seven days before service on the recipient" — Defense counsel Vescovo abruptly ended the call.

Plaintiff records CBU's answer non-answered and does not seek further conferral on this item.

**7. Matters not reached.**

Vescovo unilaterally ended the call before the parties were able to address the remaining agenda items set forth by Plaintiff at the start of the conversation, including the matters on which the parties reached impasse on July 13, 2026. Earlier in the call, counsel stated that CBU had responded to Plaintiff's First Set of Requests for Production and that the parties are not in agreement on that subject. Plaintiff agrees, notes that this conferral call was intended to mediate those disagreements, and records Vescovo's termination of the conferral call.

**8. Commitments and requests.**

***Committed by CBU on the call, by Friday, August 14, 2026:***

1. Review of the Rhodes materials and identification of the categories in ¶ 4 above that CBU will not use.
2. Confirmation of who divided the Rhodes production into the transmitted files.
3. An answer to whether CBU possesses the document identified in ¶ 5(a) above.
4. Production of all transmittal correspondence from Rhodes College accompanying the August 5, 2026 production.

***Requested by Plaintiff in this memorandum, by Friday, August 14, 2026:***

5. Designation of the Rhodes production CONFIDENTIAL under ECF 45, by legended re-production or written designation (¶ 2 above).
6. CBU's answer on ECF 45 ¶ 4 (¶ 3 above).

7. CBU's answer whether it will produce the document identified in ¶ 5(a) above in full, if it possesses it (¶ 5(b) above).
8. CBU's answer whether any part of the file identified in ¶ 5(a) above was divided or "extracted" by employees of Defense counsel's firm, Lewis Thomason.
9. The chain of custody record described in ¶ 5(c) above.

As a consequence of Plaintiff's conferral call with Defense Counsel representative Vescovo, and consistent with his avowals therein, Plaintiff expects production of all of the documents and productions noted in Iten 8 above.

Plaintiff possesses an unredacted audio recording of the conferral call referenced herein and is willing to produce it, if necessary, to resolve any conflicts of fact.

Regards,

Dr. Leigh M. Johnson
Plaintiff *pro se*
1492 Newton Street NW, Apt. A
Washington, DC 20010
901-679-5937
drleighmjohnson@gmail.com

# EXHIBIT 5

Email correspondence: Plaintiff to Defense counsel (July 10, 2026),
with Defendant's inline responses (July 12, 2026)

Gmail

Leigh Johnson <drleighmjohnson@gmail.com>

**Re: Johnson v. CBU Our File: UTI01.10003 July 8, 2026**
1 message

**Leigh Johnson** <drleighmjohnson@gmail.com>
To: "Gibber, Jamie" <jgibber@lewisthomason.com>
Cc: "Vescovo, Steve W." <SVescovo@lewisthomason.com>, "Taylor, Ginger" <GTaylor@lewisthomason.com>

Ms. Gibber,

I will be available at 3:00 p.m. Eastern today for our conferral call. My phone number is 901-679-5937.

I anticipate that our call will address the following, which are the subjects of the relief I intend to seek should we fail to resolve them: (1) CBU's overdue written responses to my Second Set of the document formerly produced at CBU-067; (4) the form of CBU's July 8 production, including native-format ESI and complete email families; and (5) deposition logistics. I note that CBU's M whether CBU intends to refile it.

As to my deposition: I am available on August 14, August 18, and August 20. I remain available for additional dates in late September and early October, in advance of the October 9 depositic CBU's document production is complete.

My position remains that the deposition should proceed by remote means. If CBU maintains that it will not proceed other than in person, please state that position and its specific grounds in w

Regards,
Dr. Leigh M. Johnson

On Sun, Jul 12, 2026 at 10:36 PM Gibber, Jamie <jgibber@lewisthomason.com> wrote:

Dr. Johnson:

Please see below for responses to the points in your Friday evening email. We can be available at 2pm CST (3pm EST) tomorrow for a discussion. Please advise what the best numb deposition. Please advise at your earliest convenience.

Best,

Jamie

LT
LEWIS THOMASON

**Jamie Gibber** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN| Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

**From:** Leigh Johnson <drleighmjohnson@gmail.com>
**Sent:** Friday, July 10, 2026 10:55 PM
**To:** Taylor, Ginger <GTaylor@LewisThomason.com>
**Cc:** Vescovo, Steve W. <SVescovo@LewisThomason.com>; Gibber, Jamie <jgibber@lewisthomason.com>
**Subject:** Re: Johnson v. CBU Our File: UTI01.10003 July 8, 2026

Dear Mr. Vescovo and Ms. Gibber,

I write in reply to CBU's July 8 supplemental production and Mr. Vescovo's July 8 letter. I'd like to schedule the follow-up conferral we discussed in our June 24 conversation concerning the path forward shou 2:00 p.m. Eastern to address the items below.

**1. Second Set of Requests for Production.** CBU's responses to my Second Set of RFPs (Nos. 51–82, served May 26, 2026) were due June 25, 2026. In our June 24 telephone conversation, I offered to hold tha First Set of RFPs resolved those requests (a compromise Ms. Gibber proposed that the two sets were "duplicative" and that CBU's responses to the First Set of RFPs would be responsive to both). As I confirr relieve CBU of its obligation to respond to my Second Set of RFPs in the case that its July 8 supplemental production was deficient.

CBU's July 8 "supplementation" was considerably deficient and did not obviate the necessity for responses to my Second Set of RFPs. Therefore, the condition for abeyance set forward in our June 24 conver

Because CBU has now had more than 45 days since I served my Second Set of RFPs, responses to that Second Set of RFPs must be produced without delay. Consistent with our June 24 agreement, I am willir **Wednesday, July 15, at 5pm Eastern**. Given Defense counsel's promise to "obviate the need" for such reposes in its July 8 production, and its manifest deficiency in doing so, I will not afford any further exte overdue.

I remain willing and available to discuss specific unresolved requests on our July 13 call, but the July 15 deadline for your responses to the Second Set will remain in effect nonetheless.

We can discuss at the call tomorrow, but the requests are entirely duplicative of the First Set of Requests, as set forth in our motion for protective order. We do not have anything addit

**2. Privilege log.** CBU's July 8 privilege log does not satisfy Rule 26(b)(5)(A). Two categorical entries spanning September 2023 to the present, without identification of individual documents, dates, authors, o compliant with Rule 26(b)(5)(A), **must be produced by July 15**. You can, of course, produce a supplemental log immediately, but be advised that I will not agree to an additional extension of the deadline for privilege log deficiencies further in our conferral call on July 13.

We are happy to discuss further at the call tomorrow, but Rule 26(b)(5)(A) does not require an identification of individual documents the way you have described.

**3. Bates renumbering and redaction.** In our June 24 conferral call, CBU gave no indication that it intended to redact or claw back any part of its prior production, which was the time to raise those matters ir **produced as CBU-067**. CBU should withdraw the redaction and reproduce the pages as originally produced, with Bates-numbers that are consistent with CBU's previous productions in this case.

The portion of the document that was redacted from the correspondence previously produced at CBU-067 is correspondence exchanged with counsel and within our office. That portic supplemental responses . There has been no "claw back."

As CBU requested in ECF 49 and as Judge Christoff directed in ECF 58, I have conferred with defense counsel by telephone in good faith, including explaining at length and in detail the documents I was seek argument to support CBU's previous position that it was "confused" about the materials it was required to produce, which had already been documented, in detail, in my prior written communications and r 90% of which were either duplicative in content or not produced in a manner not compliant with the document production guidelines we agreed upon in our June 24th conferral conference, i.e., "document excerpts of incomplete email "family"-chains, multiple documents referencing documents redacted or withheld, several hundred pages of "screen captures" of CBU webpage or Excel worksheets produced a muddled and practically un-navigable reference problem going forward.

We produced 1422 documents last week. As explained in the letter accompanying the production, there was an error in the prior Bates numbers. The "un-navigable reference problem explained in the letter, we had previously produced documents CBU-001-57 and 058-241 with our initial disclosures on December 23, 2025. The documents we produced with the Firs previously marked CBU 001-241 are still the same, with the exception that the documents previously produced at CBU-201 through CBU-205 were not readable, so they were fixed at ( stated in the letter – if there is anything we can clear up on that front, we are happy to do so.

Regarding the substance of the production, we are confused how "90% of" the production could be duplicative in content to the original production. We previously produced 241 docum duplicative of the prior production? We spent ample time ensuring that there were no duplicative documents produced. You also state that the documents were "not produced in a mar conferral conference." Please see attached for our back and forth from that conference.

Please advise what excerpts there are of incomplete email "family" chains and we can address that. Please advise what documents reference documents redacted or withheld. We do addressed the Excel worksheet issue in our previous response to your deficiency letter and there was no discussion of that at the prior conference. If you need the Excel worksheets ir Rule 26(f) report we jointly submitted in this case.

We have now produced over a thousand additional documents to address the points in our discussion from June 24, 2026. As we mentioned at that meeting, we maintain that some of those item by item if needed at our call so that we can all have a better understanding of what the other's position is, which is the purpose of a meet and confer conference.

Notwithstanding my efforts at genuine conferral on defense counsel's terms, CBU's July 8 production not only does not cure the deficiencies it promised to cure in our June 24th conferral conversation, but i

I remain willing to resolve these issues by telephone. However, if telephone conferrals only serve to produce further delay, rather than cure production or reduce unnecessary motion practice, I will have no renewed motion to compel.

I am continuing to review your July 8 production and will raise any further deficiencies, including the multiple deficiencies with regard to the form of production, which we already discussed, separately. Not discovery requests served July 8.

Please confirm the July 13 call.

Regards,

Leigh M. Johnson

On Wed, Jul 8, 2026 at 11:29 PM Taylor, Ginger <GTaylor@lewisthomason.com> wrote:

> Dr. Johnson, below please find a OneDrive link containing CBU's First Set of Discovery to you, along with CBU's supplemental re document production.
>
> Johnson v. CBU - First Discovery to Plf and Supp Discovery Responses to Plf

# EXHIBIT 6

Letter of Stephen W. Vescovo to Plaintiff,
May 8, 2026

LEWIS THOMASON

Suite 2900, One Commerce Square
40 S. Main Street
Memphis, TN 38103
T: (901) 525-8721 F: (901) 525-6722

**Steve W. Vescovo**
DL: (901) 577-6138
SVescovo@LewisThomason.com

May 8, 2026

***VIA EMAIL*** *drleighmjohnson@gmail.com*

Dr. Leigh M. Johnson
1492 Newton Street NW, Apt. A
Washington, DC 20010

**Re:** ***Dr. Leigh M. Johnson v. Christian Brothers University***
**District Court for the Western District of Tennessee (Case No. 2:25-cv-02618-BCL-atc)**
**Our file # UTI01.10003**

---

Dear Dr. Johnson:

I am writing in response to your April 27, 2026 Letter and your April 28, 2026 supplemental correspondence regarding CBU's discovery responses and production (collectively, your "Letters"). At the outset, we dispute the characterization of CBU's discovery responses as deficient or non-compliant. CBU conducted a reasonable search, produced responsive, non-privileged and non-protected documents within its possession, and asserted objections expressly permitted by the Federal Rules of Civil Procedure. Nothing in your letter identifies sanctionable conduct, Rule 26(g) violations, or any basis for extraordinary relief. Nonetheless, we remain willing to engage in good-faith conferral and supplement our discovery responses where warranted. As highlighted in CBU's responses, many of your requests were overbroad, unduly burdensome, and not proportional to the needs of the case. If we could meet and confer on some of the items you raise concerns with, I am confident we can come to an agreement about narrowing the requests in a way that is proportional to the needs of the case and is not unduly burdensome on CBU.

To that end, I have made repeated efforts to confer in good faith on this case and you have refused to discuss anything with us via telephone or video conference. While CBU is willing to respond in writing where appropriate, the meet-and-confer process contemplated by Federal Rules of Civil Procedure 37 and Local Rule 7.2(a)(1)(B) is intended to be a practical, interactive exchange aimed at narrowing disputes, not an escalating series of lengthy position papers. The time and expense involved in reading through your 20+ page Letters and preparing this response could have been significantly minimized. Your Letters and refusal to participate in a telephone or video conference has rendered the meet-and-confer process inefficient and materially impedes the

parties' ability to narrow or resolve discovery disputes in a reasonable manner. Oftentimes, things can be misunderstood or misinterpreted in writing, that can easily be explained or discussed through a conversation.

I again invite and urge you to confer with us by telephone or videoconference at a mutually convenient time. If you continue to decline real-time conferral and instead insist on litigating discovery – or other disputes – exclusively through extensive written correspondence, we may be required to seek guidance from the Court regarding the adequacy of your meet-and-confer efforts and the appropriate procedure for addressing any disputes moving forward. I remain willing to meet and confer in good faith and hope that Court intervention will not be necessary.

To address the points in your letter, as to Section I: the documents requested would be subject to the protective order that we have yet to enter with the Court. You cite to Rule 34(b)(2) for the proposition that we need to "identify the categories and approximate volume of withheld materials," but, respectfully, the Rule does not require that. We will supplement our responses to those requests once the Court enters a protective order in this case.

As to Section II, CBU has asserted attorney-client privilege and work-product protection in a limited manner. Rule 26(b)(5)(ii) requires a description of the nature of the documents, communications, or tangible things not produced or disclosed. As part of the retrenchment process, CBU retained counsel (Husch Blackwell) for instructions and guidance on the process. The documents that would be protected under the privileges asserted are emails and memoranda provided by counsel.

As to Section III, you allege that there are several "internal contradictions" in the responses. CBU disputes this assertion. The responses to the requests for admission appropriately admit, deny, or explain matters as framed by your requests. The responses to the requests for production accurately identify responsive documents or provide objections. Rule 34 does not require CBU to create documents, compile summaries, or generate records that do not exist in the ordinary course of business. Many of your requests seek documents that are irrelevant to Plaintiff's claims. For example, all documents related to Dr. Haught's employment are completely irrelevant. Dr. Haught resigned before any classes were ever assigned to him. Again – if you would like to discuss this issue and how it is relevant to your claims, we would be happy to do so.

Additionally, your characterization of the Appendix G.3.e criterion and its applicability or inapplicability is flawed and incorrect. CBU has tried to explain that in more substantive responses, but if you would like to discuss this further, we would be happy to do so.

Regarding the attendees at Plaintiff's termination meeting, we will search for the additional records you identified in your Letters – calendar invitations, scheduling correspondence, and follow-up summaries – to ascertain whether any exist and supplement the response to RFP No. 26 accordingly.

Regarding your issues with CBU's response to RFA No. 24, we will supplement our response to clarify. For your understanding, though, the Faculty Review Committee is a University Committee and its members had the right and obligation to keep members of the Academic VP

Office, including Dr. Lydia Rosencrants, in the loop about what was going on. There was no requirement that members of the Faculty Review Committee communicate only with members of said committee.

Regarding Section IV, your interpretation of CBU's responses is incorrect. As noted in CBU's objections, CBU is withholding responsive documents that are subject to the protective order we are waiting on the Court to enter. As to your concern about CBU's responses to RFP Nos. 13 and 14, we will supplement the responses to correct the request number referenced in those responses. We did not intend to reference Request No. 12 and recognize they are asking for different things. The Rules do not require an explanation of search methodology, as you request repeatedly throughout your Letters. The Rules certainly do not require a sworn declaration explaining search methodology. Again, there are several documents that you are requesting that are protected under confidentiality. Once we enter a protective order, we will produce those documents. Your speculation regarding what documents "must exist" does not override CBU's representations made under Rule 26(g), especially when not all responsive documents have been produced pursuant to CBU's valid objections – most importantly, the lack of a protective order.

Regarding Section V, Exhibit B must have been inadvertently left off of our previous production. We are attaching it with this letter and will formally supplement our responses as well once the protective order is entered and we are supplementing with those additional documents. The documents requested in Section V, Paragraph D, would be covered under the protective order and responsive documents will be produced at that time. The remaining items (Paragraph B and C) are not relevant to Plaintiff's claims and CBU has objected on those grounds. As to Dr. Haught's employment contract, he never returned to teaching, so any documents related to that are irrelevant. Additionally, Dean Tullia's communications are not responsive to any of the Requests that you identified and are also unrelated to Plaintiff's claims in this lawsuit.

Regarding Section VI, to be clear, you asked questions about Dr. Leib. CBU does not maintain that his retention is related to yours whatsoever. Dr. Leib was not in your department and, accordingly, was not a "comparator" for purposes of retainment. His retainment or non-retainment had no impact on your department, and your retainment or non-retainment had no impact on his.

Regarding VII, your Letter states "Rule 26 permits discovery into preservation steps without a predicate allegation of destruction, particularly where, as here, multiple custodians with material knowledge have left the institution." Respectfully, Rule 26 does no such thing. Additionally, CBU has access to all e-mail accounts of all employees, regardless of current employment status. That is the case regardless of any litigation hold. We have already confirmed preservation repeatedly.

Regarding VIII, as raised in CBU's responses to your requests, these requests are overly broad, unduly burdensome, and not proportional to the needs of the case. In your Letters you identify at least seven (7) e-mail addresses that you would like searched. CBU is happy to search these e-mail accounts and produce responsive, non-privileged documents. In order to do so an a way that is not overly burdensome and proportional to the needs of the case, we need further clarification on both the timeline and search terms you believe are reasonable. This is where having a discussion is essential to the meet-and-confer process.

Regarding Section IX, you seek supplementation of several "deficient" responses, but responses and documents were provided. Again, your speculation regarding what documents "must exist" does not override CBU's representations made under Rule 26(g), especially when not all responsive documents have been produced given the lack of protective order. If unprotected documents were not produced, they were not located at this time or are subject to one of CBU's other objections (most relevant, the overly burdensome nature of the requests and the requests not being proportional to the needs of the case). We are having IT search for the communications you reference in Paragraph D and E. Once we receive those, we will review and produce any responsive, non-privileged communications. Regarding Paragraph E, the incident report from the referenced incident is attached here. We are also having IT search for emails from that day, but at this point, we do not have any additional responsive documents. You have not issued any formal request regarding any CBU policies that would be implicated by a social media post, so no response to that informal request is warranted. We are searching for responsive documents to Paragraph G and H and will supplement if any are located. In Paragraph I, you state that CBU's objections are not sufficient because "Former President David Archer is a central decisionmaker in this case." Respectfully, that does not make his resignation or separation from CBU relevant to the issues in this case. Your Letters do not state anything that would establish otherwise.

You also repeatedly request that CBU produce spreadsheets and similar materials in native format. We would direct you to the Parties' Rule 26(f) Report filed with the Court, specifically Section III, Paragraph h. As set forth therein, CBU was entitled to disclose and produce ESI in hardcopy or static form. It goes on to state that a party may request disclosure of metadata or native files for particular documents "**where good cause has been demonstrated** (e.g., when the original creation date of a document is an issue and disputed) or when a static image is not reasonably usable[.]" Your Letters do not satisfy that standard. If you would like to renew that request with supplemental information, we would be happy to consider that at any point.

Finally, your April 28 Letter advances speculative accusations regarding "non-original-source" documents, "ad hoc forwarding," and supposed flaws in CBU's collections process. These accusations are unfounded and inappropriate. The native-format request has already been addressed above. It is unclear what records you are requesting related to the webpages that we have previously produced or why those are necessary in light of what has already been produced. Regarding Paragraph D of that Letter, we have already advised that many documents have not been produced given that we are waiting for the entry of a protective order. Additionally, we have identified several materials within this letter that we are continuing to search for. Regarding the remainder of your issues raised, respectfully, you are not entitled to a detailed roadmap of CBU's internal collection processes, custodians, or search terms at this stage. We are willing to continue working with you to identify and produce any relevant, responsive, non-privileged documents.

Again – CBU denies that its discovery responses are deficient or sanctionable. However, consistent with Rule 26(e), CBU will supplement its responses if and when additional discoverable, non-privileged materials are identified. Obviously, CBU will also supplement its responses after the Court resolves the pending protective-order issue. We remain willing to confer further in good faith, but urge you to reconsider your refusal to communicate verbally – as that will

likely expedite things and help both sides clearly communicate regarding the discovery needs in this case. Please advise if you will reconsider.

Respectfully,

**LEWIS THOMASON, P.C.**

Stephen W. Vescovo

Enclosures

Cc: Jamie Gibbber

# EXHIBIT 7

Defendant's Privilege Log
(served July 8, 2026)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

DR. LEIGH M. JOHNSON,

Plaintiff,

v. Civil Action No.: 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,

Defendant.

---

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

---

Defendant Christian Brothers University ("CBU" or "Defendant") Defendants, by and through counsel, pursuant to Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, hereby provide this Privilege Log to accompany its responses to Plaintiff's First Set of Requests for Production:

| DATE | FROM | TO | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|
| 9/28/2023 to present | Attorney Steve Vescovo<br><br>Attorney Jamie Gibber | CBU's representatives, faculty, or staff<br><br>Insurer for CBU | Various communications and documents by and between CBU's representatives, faculty, staff, or insurer and counsel regarding declaration of financial exigency; retrenchment committee work; | Attorney-client privilege; work product doctrine; made in anticipation of litigation |

| | | | | |
|---|---|---|---|---|
| | | | severance agreements offered for faculty that was non-retained, issues related to the faculty review committee, Plaintiff's EEOC claim, investigation of Plaintiff's claims, and present litigation | |
| September 2023 through January 2026, approximately | Attorneys with Husch Blackwell | CBU's representatives, faculty, or staff | Various communications and documents by and between CBU's representatives, faculty, staff, and counsel regarding the declaration of financial exigency, retrenchment committee work, and issues related to the faculty review committee. | Attorney-client privilege; work product doctrine; made in anticipation of litigation |

The omission of any document from this log will not constitute a waiver of privilege regarding same. CBU reserves the right to amend this list as discovery progresses. CBU further reserves the right to object to production of the above document on other grounds.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By: *s/Stephen W. Vescovo*
STEPHEN W. VESCOVO (7246)
JAMIE GIBBER (39552)
2900 One Commerce Square
40 S. Main St.
Memphis, TN 38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2026, a copy of the foregoing pleading has been delivered to the following via email:

Dr. Leigh M. Johnson
1492A Newton Street NW
Washington, DC 20010
drleighmjohnson@gmail.com
*Pro se Plaintiff*

*s/Stephen W. Vescovo*
STEPHEN W. VESCOVO

# EXHIBIT 8

President Archer, "Retrenchment Committee Update 11.27.23,"
published November 27, 2023 (captured from CBU's website)

Explore our campus at Discover CBU Day, August 28! ×





# Retrenchment Committee Update 11.27.23



November 27, 2023

Colleagues,

I am writing to update you on the retrenchment process. On November 16, the retrenchment committee submitted to me its report of a coordinated program of academic and non-academic services to help relieve the state of exigency. I must praise all of the members of the committee for the work that went into this report.

The committee has not yet given recommendations that total the Board mandate of a $4 million reduction in salaries, wages and benefits less the reductions already made in staff and administrative compensation. Because I want this process to be as collaborative as possible, I

**We value your privacy**

We use cookies on our website to give you the most relevant experience by remembering your preferences and repeat visits. By clicking "Accept", you consent to the use of ALL the cookies. However you may visit Cookie Settings to provide a controlled consent.

Customize Reject All Accept All

During the Community Town Hall on September 28, I stated that I wanted to notify faculty of non-renewals by November 30. I am now pushing that date back by just over a week to allow for this additional collaboration. Notifications of non-renewal will be made at the end of next week.

Please know that I recognize the impact this process has had on our campus community. In light of these challenges, I want to remind everyone that our employee assistance program provides valuable resources to help prioritize mental well-being during these times.

Again, I pray for the peace of God that surpasses all understanding to guard our hearts during this time.

Together and by association,

Dave Archer

*President of Christian Brothers University*

650 East Parkway South, Memphis, Tennessee 38104

(901) 321-3000

info@cbu.edu



**We value your privacy**

We use cookies on our website to give you the most relevant experience by remembering your preferences and repeat visits. By clicking “Accept”, you consent to the use of ALL the cookies. However you may visit Cookie Settings to provide a controlled consent.

Customize Reject All Accept All

COVID 19 Response

Accessibility

Title IX

Privacy Policy

**We value your privacy**

We use cookies on our website to give you the most relevant experience by remembering your preferences and repeat visits. By clicking "Accept", you consent to the use of ALL the cookies. However you may visit Cookie Settings to provide a controlled consent.

Customize Reject All Accept All

# EXHIBIT 9

Screenshot showing expired status of the file-transfer link
by which Defendant served its production (ECF No. 59)
(captured August 21, 2026)

lkkw-my.sharepoint.com/:f:/g/personal/glt_lewisthomason_com/IgAR_4ASBb3mTlHVRv8FqA7TAUh9FRs_MehmsaE-8goVGg8?e=Lfapcf

New Chrome available

# Sorry, the link has expired.

The link was set to expire after a certain amount of time. Please contact the person who shared this link with you.

TECHNICAL DETAILS

GO BACK TO SITE