# EXHIBIT 1

LEWIS THOMASON

Suite 2900, One Commerce Square
40 South Main Street
Memphis, TN 38103
T: (901) 525-8721 F: (901) 525-6722

**Deborah K. Moore,Litigation Paralegal**
DL: (901) 577-6121
dmoore@LewisThomason.com

July 16, 2026

Rhodes College
Human Resources Dept.
2000 N. Parkway
Memphis, TN 38112

RE: Dr. Leigh M. Johnson v. Christian Brothers University
Our File: **UTI01.10003**

Dear Sir or Madam:

Our firm represents the Defendant with regards to a lawsuit brought by Dr. Leigh M. Johnson. You are being served with a subpoena requiring you to produce a certified copy of the employment file of Dr. Leigh M. Johnson.

We would prefer that you not appear in this office as the subpoena stipulates, but merely electronically transmit or mail legible copies of the records to my attention before the date specified on the subpoena. Please complete and sign the enclosed Records Affidavit and return the same along with the requested records.

Please feel free to contact me if you have any questions or concerns.

Thank you for your attention to this request.

Best Regards,

**LEWIS THOMASON**

Deborah K. Moore
Deborah K. Moore,
Litigation Paralegal

Encl. (2)

UTI01.10003

---

**AFFIDAVIT OF THE CUSTODIAN OF RECORDS FOR**
***RHODES COLLEGE***

---

**STATE OF ______________________**

**COUNTY OF ____________________**

I, ______________________________________, being duly sworn, state as follows:

1. I am over the age of 18 (eighteen) and I am competent to testify to the matters contained herein.

2. I am the custodian of records for ***Rhodes College*** and have personal knowledge of the attached records and documents pertaining to **Dr. Leigh M. Johnson**.

3. I hereby affirm that the documents produced herewith are authentic to the best of my knowledge, information, and belief, and all papers and documents regarding **Dr. Leigh M. Johnson,** are kept in the records of ***Rhodes College***; and

4. The documents produced herewith, **dated from** ___________ **to** ___________, were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters, were kept in the course of the regularly conducted activity, and were made by the regularly conducted activity as a regular practice.

**FURTHER AFFIANT SAITH NOT.**

______________________________________
(Signature of Custodian)

______________________________________
(Print Name)

______________________________________
Date

SWORN TO AND SUBSCRIBED before me this ____ day of __________________, 2026.

______________________________________
NOTARY PUBLIC

My commission expires: _______________

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Tennessee

DR. LEIGH M. JOHNSON
*Plaintiff*
v.
CHRISTIAN BROTHERS UNIVERSITY
*Defendant*

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: RHODES COLLEGE, HUMAN RESOURCES DEPT.
2000 NORTH PARKWAY, MEMPHIS, TENNESSEE 38112

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 'A'

| Place: | Date and Time: |
|---|---|
| LEWIS THOMASON, PC<br>40 S. MAIN ST., STE. 2900, MEMPHIS, TN 38103 | 08/05/2026 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/16/2026

*CLERK OF COURT*

_________________________
*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Christian Brothers University, who issues or requests this subpoena, are:

Jamie Gibber, Esq., Lewis Thomason, PC, 40 S. Main St., Ste. 2900, Memphis, TN 38103;
Telephone: (901) 525-8721; E-Mail: jgibber@lewisthomason.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________
______________________________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

**ATTACHMENT 'A'**

Dr. Leigh M. Johnson's entire personnel file, including, but not limited to the following:

1. Documents and/or materials relating to the hiring process including letters of offer/acceptance, new hire and employee forms, wage/salary forms, benefit forms, notification forms, and/or insurance forms.

2. Documents and/or materials relating to evaluation or appraisal including evaluations, appraisals, praise, criticism, commendations, reprimands, notices, notes, self-appraisals, letters, grades, salary or wage changes, promotions, demotions, pass-overs, reassignments, disciplinary actions, and comments relating to employee's evaluation or appraisal.

3. Documents and/or materials relating to Attendance including attendance records, punch cards, calendars and/or notes related to employee's attendance.

4. Documents and/or materials relating to compensation including ledgers, W-2's, tax forms, deductions, checks, salary statements, wage statements and/or notes related to compensation.

5. Documents and/or materials relating to discharge including resignations, terminations, lay-offs, firings, departures, failure-to-return-to-works and/or notes related to discharge.

# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Tennessee

DR. LEIGH M. JOHNSON
*Plaintiff*
v.
CHRISTIAN BROTHERS UNIVERSITY
*Defendant*

Civil Action No. 2:25-cv-2618-BCL-atc

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: RHODES COLLEGE, HUMAN RESOURCES DEPT.
2000 NORTH PARKWAY, MEMPHIS, TENNESSEE 38112

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 'A'

| Place: LEWIS THOMASON, PC<br>40 S. MAIN ST., STE. 2900, MEMPHIS, TN 38103 | Date and Time:<br>08/05/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/16/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Christian Brothers University, who issues or requests this subpoena, are:

Jamie Gibber, Esq., Lewis Thomason, PC, 40 S. Main St., Ste. 2900, Memphis, TN 38103;
Telephone: (901) 525-8721; E-Mail: jgibber@lewisthomason.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Rhodes College

on *(date)* 7/16/26 .

☑ I served the subpoena by delivering a copy to the named person as follows: Rhodes College c/o Andrea McAdoy at 2000 N. Parkway, Memphis, TN 38112 on *(date)* 7/17/26 ; or

❒ I returned the subpoena unexecuted because: ______________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 7/17/26 (17 mh)

Michelle Hardison (signature)
*Server's signature*

Michelle Hardison PPS
*Printed name and title*

5166 Rockyford Ln 38002
*Server's address*

Additional information regarding attempted service, etc.:

Andrea McAdoy (signature)

## ATTACHMENT 'A'

Dr. Leigh M. Johnson's entire personnel file, including, but not limited to the following:

1. Documents and/or materials relating to the hiring process including letters of offer/acceptance, new hire and employee forms, wage/salary forms, benefit forms, notification forms, and/or insurance forms.

2. Documents and/or materials relating to evaluation or appraisal including evaluations, appraisals, praise, criticism, commendations, reprimands, notices, notes, self-appraisals, letters, grades, salary or wage changes, promotions, demotions, pass-overs, reassignments, disciplinary actions, and comments relating to employee's evaluation or appraisal.

3. Documents and/or materials relating to Attendance including attendance records, punch cards, calendars and/or notes related to employee's attendance.

4. Documents and/or materials relating to compensation including ledgers, W-2's, tax forms, deductions, checks, salary statements, wage statements and/or notes related to compensation.

5. Documents and/or materials relating to discharge including resignations, terminations, lay-offs, firings, departures, failure-to-return-to-works and/or notes related to discharge.

# EXHIBIT 3

Gmail **Leigh Johnson <drleighmjohnson@gmail.com>**

# Johnson v. Christian Brothers UTI01.10003 Claim: 10401294 August 10, 2026

1 message

**Vescovo, Steve W.** <SVescovo@lewisthomason.com> Mon, Aug 10, 2026 at 1:35 PM
To: Leigh Johnson <drleighmjohnson@gmail.com>
Cc: "Gibber, Jamie" <jgibber@lewisthomason.com>

We received your communication from late Friday evening.

We apologize that our paralegal did not send you a copy of the subpoena our office issued to Rhodes College, your previous employer. That was an oversight on her part and was obviously not intentional. We have attached a copy of the subpoena issued to Rhodes College and the return of service of same. Our office received the production on August 5, 2026. This is the only subpoena we have issued in this matter thus far. We do not yet have a list of other subpoenas we intend to issue and will comply with Rule 45(a)(4)'s notice requirements before doing so.

As to Section II of your correspondence, we have not reviewed the documents from Rhodes yet, so we could not designate any material as confidential pursuant to the protective order. The paragraph you reference in the protective order as "address[ing] third-party personally identifying information and Social Security numbers or financial account identifiers," is in the context of opposing-party authored material. These are not documents that we have produced in response to any discovery. Rather these are documents we have obtained pursuant to subpoena. We have not disclosed the Rhodes production to anyone, and it stored on our secured system.

Regarding your proposed meet and confer conference, we can meet this afternoon between 2-4 p.m., central time. We are happy to discuss any issues related to this case, but given the vague nature of some of the topics, please do not get frustrated if we advise we need time to look into the issues you raise at the conference. To be clear, you have already responded to the renewed motion for protective order, so further addressing it in any other pleading would be improper. Also, at this meet and confer, please advise when you intend to serve your responses to CBU's First Set of Requests for Production of Documents. We have not receive any responses to those. Your e-mail Friday only contained responses to the Interrogatories and Requests for Admissions. Obviously, those responses are now overdue, which makes taking your deposition impossible. If we cannot come to an agreement, we will have to file a motion to compel. Hopefully, that will not be necessary. I look forward to hearing from you. thanks

LT LEWIS THOMASON

**Steve Vescovo** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN | P.O. Box | Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

**From:** Leigh Johnson <drleighmjohnson@gmail.com>
**Sent:** Saturday, August 8, 2026 1:19 AM
**To:** Vescovo, Steve W. <SVescovo@LewisThomason.com>; Gibber, Jamie <jgibber@lewisthomason.com>; Leigh Johnson <drleighmjohnson@gmail.com>
**Subject:** Re: Johnson v. Christian Brothers UTI01.10003 August 7, 2026

Subject: Johnson v. Christian Brothers University, No. 2:25-cv-02618-BCL-atc — Rhodes College subpoena; Rule 45(a)(4); ECF No. 45 designation; nonparty personal information

Mr. Vescovo,

At 5:29 p.m. Eastern on Friday, August 7, 2026, you transmitted to me fourteen documents produced by Rhodes College in response to a subpoena issued by Defendant. **That transmission is the first notice I have had of the existence of any subpoena.**

**<u>I. Rule 45(a)(4) violation notice:</u>**

I received no notice and no copy of the Rhodes subpoena at any point before it was served on Rhodes College, and none since. **Federal Rule of Civil Procedure 45(a)(4) provides that where a subpoena commands the production of documents before trial, "then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."** Had I been given the notice Rule 45(a)(4) requires, I would have moved to quash or limit the subpoena. Defendant's failure to provide notification deprived me of that opportunity, and delivered to Defendant a decade-old personnel file from an employer I left in 2014, ten years before any event at issue in this action.

Defendant should therefore produce the following by 5:00 p.m. Eastern on Monday, August 10, 2026.

1. The subpoena issued to Rhodes College, including all attachments and the schedule of materials commanded.

2. The date the subpoena was served on Rhodes College, and the date Defendant received the responsive production.

**3. A written statement by counsel of record stating whether notice and a copy of the subpoena were served on me pursuant to Rule 45(a)(4) and, if Defendant contends they were, the date, method, and address of that service, together with the notice as served and any certificate of service.**

4. Every nonparty to whom Defendant has issued a subpoena in this action, with the date of issuance, the date of service, the materials commanded, and the date of any Rule 45(a)(4) notice served on me as to each.

5. Every nonparty to whom Defendant presently intends to issue a subpoena in this action.

6. Written confirmation that Defendant will serve me with notice and a copy of any further subpoena in this action no fewer than seven (7) days before service on the recipient.

**If Defendant has not responded in full by 5pm Eastern time on Monday, August 10 to the demands stated in Section I above, I will treat Defendant's position as stated and proceed accordingly.**

**<u>II. Designation under ECF No. 45:</u>**

Defendant transmitted the Rhodes materials without any confidentiality designation whatsoever. That production contains the full name and Social Security number of my mother, a private individual who is not a party to this action, has no connection to it, and was given no opportunity to object to the disclosure of her information — because Defendant gave notice of the subpoena to no one, including me. Defendant obtained her Social Security number through process it issued, transmitted it by unsecured email, and designated none of it.

The production also contains my full Social Security number, my date of birth, my residential address history, as well as my ***unredacted*** bank account and routing numbers.

**Paragraph 2 of the Protective Order entered May 13, 2026 (ECF No. 45) governs designation of material as CONFIDENTIAL and expressly addresses third-party personally identifying information and Social Security**

**numbers or financial account identifiers.** Defendant's reckless neglect in this production has materially compromised the privacy of not only Plaintiff, but her family members.

**State in writing, by 5pm Eastern time on Monday, August 10, 2026, whether Defendant will:**

**(a) designate the Rhodes production CONFIDENTIAL under ECF No. 45, and redact all private information contained therein; and**

(b) identify every person to whom Defendant or its counsel has disclosed the Rhodes production, in whole or in part, to date; and

(c) describe in exact detail the measures by which the August 7, 2026 production is being stored and secured; and

(d) pending resolution of these issues, refrain from any further dissemination of the Rhodes production, including to any expert, consultant, witness, or nonparty.

**Defendant is on notice that its nonparty subpoena practice has placed the Social Security number of a private individual with no connection to this litigation into circulation without her knowledge or consent.**

**If Defendant declines any of the foregoing, state its position and the basis for it in writing.**

**III. Conferral:**

Plaintiff is available Monday, August 10, 2026, between 9:00 and 10:00 a.m. Eastern and between 3:00 and 5:00 p.m. Eastern time to confer. Confirm a time within those windows no fewer than two hours in advance. If Defendant declines to confer by telephone during the times offered, Defendant should state its reason for doing so in writing no later than Monday, August 10, at 5pm Eastern time.

Plaintiff intends to raise Defendant's nonparty subpoena practice, the matters on which the parties reached impasse during their July 13, 2026 conferral call, Defendant's still-outstanding responses to Plaintiff's First and Second Sets of Requests for Production, and the matters raised in Defendant's Renewed Motion for Protective Order (ECF No. 60), in a single consolidated motion. The conferral call offered herein is directed to all of these subjects.

Plaintiff reserves all objections with regard to Defendant's compliance with Rule 45, to the outstanding discovery deficiencies, to the Rhodes College subpoena, its subsequent document production, and the use of any of those documents for any purpose in this litigation, including all objections under Federal Rules of Evidence 402, 403, and 404.

Regards,

Dr. Leigh M. Johnson
Plaintiff, pro se
1492 Newton Street NW, Apt. A
Washington, DC 20010
901-679-5937
drleighmjohnson@gmail.com

**2 attachments**

**Letter, Rhodes College , encl subpoena for employment records (records received 08-05-26).pdf**
956K

**ROS - Rhodes College.pdf**
407K

Johnson v. Christian Brothers University, No. 2:25-cv-02618-BCL-atc (W.D. Tenn.)

# EXHIBIT 4

Gmail

**Leigh Johnson <drleighmjohnson@gmail.com>**

---

**Johnson v. Christian Brothers University, No. 2:25-cv-02618-BCL-atc — Memorandum Summarizing August 10, 2026 Conferral Call**

1 message

---

**Leigh Johnson** <drleighmjohnson@gmail.com> Wed, Aug 12, 2026 at 2:52 AM
To: "Vescovo, Steve W." <SVescovo@lewisthomason.com>, "Gibber, Jamie" <jgibber@lewisthomason.com>

Mr. Vescovo and Ms. Gibber,

Attached is the memorandum summarizing the conferral call between Mr. Vescovo and me on August 10, 2026, from 4:38 p.m. to 5:10 p.m. Eastern. The memorandum records the questions posed, the responses given, and the items on which CBU committed to respond by Friday, August 14, 2026.

Paragraph 8 lists, separately, (i) the items CBU committed to on the call and (ii) the items I request in the memorandum itself, which were not addressed on the call. Both sets are directed to **August 14, 2026.**

As noted in the Memorandum, Defense counsel Vescovo unilaterally "ended" the conferral call, by "hanging up" on Plaintiff while she was attempting to clarify a point about which there was an obvious misunderstanding.

If CBU disagrees with any characterization in the memorandum, I request written correction at least 48 hours in advance of the **Friday, August 14, deadline** to which Mr. Vescovo consented in our conferral call.

Regards,

Dr. Leigh M. Johnson
Plaintiff pro se
1492 Newton Street NW, Apt. A
Washington, DC 20010
901-679-5937
drleighmjohnson@gmail.com

---

**Johnson v CBU_ Conferral Summary_ Aug 10, 2026  2026.pdf**
199K

**MEMORANDUM**
**SUMMARY OF CONFERRAL CALL**

*Johnson v. Christian Brothers University*, No. 2:25-cv-02618-BCL-atc

---

**Date:** August 10, 2026

**Time:** 4:38 p.m. – 5:10 p.m. Eastern (3:38 p.m. – 4:10 p.m. Central)

**Participants:** Stephen W. Vescovo, counsel for Defendant; Dr. Leigh M. Johnson, Plaintiff *pro se*. No other person was present.

**Subject matter:** The matters identified in Plaintiff's August 8, 2026 correspondence.

---

This memorandum records the questions asked and the responses given during today's conferral call. If CBU disagrees with any characterization below, Plaintiff requests written correction by **Friday, August 14, 2026**.

At the outset, Plaintiff stated that the agenda for this conferral call comprised three "general" subjects: (a) the Rhodes College subpoena and production; (b) the matters on which the parties reached impasse on July 13, 2026; and (c) CBU's outstanding responses to Plaintiff's First Set of Requests for Production. Plaintiff stated that she was not raising ECF 60, which Defense counsel correctly identified as fully briefed.

To avoid repeating non-productive conversations in prior telephone conferrals with Defense counsel, and in the interest of satisfying Judge Christoff's order at ECF 58 that the parties engage in "good faith" telephone conferrals, Plaintiff additionally established, at the outset of this telephone conferral, that: (a) the parties participating in this conferral agreed to a format in which each speaker would identify when they had finished speaking, and then opposing counsel would either answer the question posed as "yes" or "no," provide a date certain on which a "yes" or "no" answer would be provided, or ask anything related to clarifying the question at issue; (b) both Plaintiff and Defendant would clearly indicate when they had concluded their statement(s) and/or question(s); and (c) Plaintiff instructed Defense Counsel Stephen Vescovo to refrain from shouting, swearing, or engaging in personal insults as he had done in previous (recorded) conferral calls on July 13 and August 10, 2026.

**1. Rule 45(a)(4) notice.**

Plaintiff asked Defense counsel Vescovo to confirm that CBU did not serve Plaintiff with notice and a copy of the subpoena issued to her former employer, Rhodes College, before that subpoena was served on Rhodes College on July 17, 2026. Counsel directed Plaintiff to his email earlier the same day, which stated: "We apologize that our paralegal did not send you a copy of the subpoena our office issued to Rhodes College." Vescovo stated on the call that he agreed the

subpoena should have been sent to Plaintiff, adding that if Plaintiff wished to file a motion regarding the subpoena she should do so, and that as to any such motion, "I'm not gonna object that it's late because you didn't get the notice."

Plaintiff notes, and does not ask CBU to respond to, the following:
(a) The Rhodes College subpoena was untethered to any stated claim in this case. The subpoena asked for Plaintiff's "entire personnel file" from an employer ***more than a decade preceding*** any events relative to this case.
(b) There was n**o Rule 45(a)(4) notice**. The pre-compliance window to quash or narrow expired before Plaintiff even knew the subpoena existed.
(c) **Sensitive material was produced and remains unprotected** — Plaintiff's social security number, detailed bank account information, and a non-party's (i.e., Plaintiff's mother's) social security number and address history entered the case undesignated under ECF 45 and unreviewed by counsel.
(d) Plaintiff was deprived of a 20-day period (between Defense counsel's issuance of its subpoena to Rhodes College and its forwarding of documents it received) during which Plaintiff would otherwise have had the opportunity to move to quash or to limit the scope of Defense counsel's obviously-overreaching subpoena request to Rhodes College.

**2. Designation under ECF 45.**

Plaintiff asked Vescovo whether CBU will designate the Rhodes production CONFIDENTIAL under ECF 45. **Vescovo answered yes, without qualification.**

Plaintiff notes that ECF 45 ¶ 2 provides that "Designation may only be made after a good faith review by counsel of record," and that counsel making a designation "shall comply with the standards set forth in Fed. R. Civ. P. 26(g) when designating information as CONFIDENTIAL." Vescovo stated separately on the call, in the course of discussing the categories addressed in ¶ 4 below, that he has not reviewed the Rhodes materials and that he will do so.

**Plaintiff requests that CBU effect the designation by serving either a re-production bearing the CONFIDENTIAL legend or a written designation identifying the designated files, and that CBU do so by Friday, August 14, 2026.** This request is made in this memorandum and was not addressed on the call.

CBU's earlier position, ECF 45 ¶ 2 provides that "neither party shall designate as CONFIDENTIAL any document or information authored by the opposing party outside of this litigation, except that the producing party may redact or designate only those portions of such documents that contain (a) third-party personally identifying information, . . . [or] (d) Social Security numbers or financial account identifiers." The Rhodes materials are in substantial part documents authored by Rhodes College rather than by Plaintiff, and the quoted restriction therefore does not reach them. As to any documents Plaintiff authored, the express exception permits designation of precisely the material at issue here — third-party identifying information,

Social Security numbers, and financial account identifiers. ECF 45 ¶ 1 governs "[a]ll production and disclosure of information designated as CONFIDENTIAL by a party during this litigation," and is not limited to material produced in response to discovery requests.

Again, the production forwarded via email by Vesovo contains Plaintiff's Social Security number, date of birth, and residential address history; Plaintiff's bank account number and bank routing number; and the name and Social Security number of Plaintiff's mother, who is not a party to this action.

**3. ECF 45 ¶ 4 — clarification.**

Plaintiff asked on the call whether CBU will proceed under ECF 45 ¶ 4. Defense counsel Vescovo's response addressed destruction of records at the conclusion of the litigation and asked Plaintiff to provide a reminder at that time. Plaintiff declined to "remind" Defense counsel of its obligations, records that as a response to a different question, and restated the request as follows:

ECF 45 ¶ 4 provides that inadvertently or unintentionally disclosed information "shall be designated as CONFIDENTIAL as soon as reasonably practicable after either party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons," and that "[u]pon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within five (5) days," with written certification of destruction to follow "within five (5) days of receipt of the properly designated documents." Plaintiff's question is whether CBU will proceed under that provision now — that is, serve properly designated documents, upon receipt of which Plaintiff will return or destroy the currently undesignated set within five days and certify destruction.

**Plaintiff requests CBU's answer by Friday, August 14, 2026.**

**4. Non-use stipulation.**

Plaintiff asked whether CBU will stipulate that it will not use, for any purpose in this litigation including deposition, summary judgment, and trial, the following categories of material obtained via the Rhodes subpoena: 2008 and 2009 correspondence concerning returned checks and check-cashing privileges; a 2009 wage garnishment; a Tennessee Department of Labor unemployment inquiry; direct deposit and banking records; benefits enrollment and beneficiary designations; and third-party personal identifiers, none of which have any bearing on this case.

**Defense Counsel Vescovo agreed, without qualification, that CBU will not use any information relating to Plaintiff's mother.**

As to the remaining categories, counsel stated that he has not reviewed the materials, that **he will review them, and that he will advise Plaintiff by Friday, August 14, 2026 which categories CBU has no interest in using.**

Plaintiff reiterates that she does not ask CBU to forgo material for which it has a legitimate use. She asks CBU not to use material obtained through a subpoena of which she received no notice, in categories bearing on neither her Title VII claims nor her breach-of-contract claim.

**5. Completeness of the production.**

Asked whether he had reviewed the Rhodes materials labeled "Johnson_Leigh_R0535308.pdf" before transmitting them to Plaintiff, Vescovo stated: "I did not review them before I sent them to you."

*(a) Source file.* Vescovo asked that Plaintiff put this question in writing, concisely. **The question is: Does CBU possess a file titled *JOHNSON_LEIGH_R05335308.pdf*?** That filename appears within the multiple files CBU transmitted by Vescovo to Plaintiff. Vescovo stated he would look for the file and respond. **Plaintiff requests a response by Friday, August 14, 2026.**

*(b) Production in full.* Plaintiff asked whether, if CBU possesses the file named in 5(a) above, CBU will produce it in full. Counsel stated that he "assumed CBU would" but declined to answer yes or no. **Plaintiff records that no answer was given, and redoubles her request that the Rhodes production file be produced in full by Friday, August 14, 2026.**

*(c) Who divided the production.* Plaintiff asked who divided the Rhodes production into the separate files CBU transmitted — Rhodes College, a records vendor, or Lewis Thomason? **Vescovo stated it was definitely not a records vendor**. He stated his understanding to be that **the records arrived as a single bundle that could not be opened as such and were broken into smaller groupings by his paralegals for transmission to him or to Ms. Gibber,** and that he believed the paralegal's name was "Deborah." **Vescovo stated he would confirm by Friday, August 14, 2026.**

**Given the sensitive material at issue, and the potential harm to non-parties in this case, Plaintiff requests a full chain of custody record of the files produced by Rhodes College in response to Defendant's subpoena, including the name, and position of every person who viewed, managed, or forwarded elements of Rhodes College's production, in part or in whole, by Friday, August 14, 2026.**

*(d) Transmittal correspondence.* Plaintiff asked whether CBU will produce all transmittal correspondence from Rhodes College accompanying the August 5, 2026 production. **Defense counsel Vescovo answered yes.**

Vescovo stated his belief that this had already been done and that he would confirm.

Plaintiff clarifies that the request is for the transmittal correspondence itself, which is relevant to the handling of the Social Security numbers, financial account identifiers, and third-party identifiers contained in the production, and which should include the **complete file** transmitted

from Rhodes College to Defense counsel in response to its subpoena.

**Plaintiff requests production of the full, unredacted transmittal response from Rhodes College by Friday, August 14, 2026.**

**6. Prospective notice.**

Plaintiff asked whether CBU will agree to serve notice and a copy of any further subpoena in this action ***no fewer than seven days before service on the recipient***. Vescovo responded that CBU will comply with "whatever the Federal Rules of Civil Procedure require."

In the course of explaining the distinction between "what the Federal Rules of Civil Procedure Require" and Plaintiff's *specific* request, namely, that Defense counsel agree to "serve notice and a copy of any further subpoena in this action no fewer than seven days before service on the recipient" — Defense counsel Vescovo abruptly ended the call.

Plaintiff records CBU's answer non-answered and does not seek further conferral on this item.

**7. Matters not reached.**

Vescovo unilaterally ended the call before the parties were able to address the remaining agenda items set forth by Plaintiff at the start of the conversation, including the matters on which the parties reached impasse on July 13, 2026. Earlier in the call, counsel stated that CBU had responded to Plaintiff's First Set of Requests for Production and that the parties are not in agreement on that subject. Plaintiff agrees, notes that this conferral call was intended to mediate those disagreements, and records Vescovo's termination of the conferral call.

**8. Commitments and requests.**

***Committed by CBU on the call, by Friday, August 14, 2026:***

1. Review of the Rhodes materials and identification of the categories in ¶ 4 above that CBU will not use.
2. Confirmation of who divided the Rhodes production into the transmitted files.
3. An answer to whether CBU possesses the document identified in ¶ 5(a) above.
4. Production of all transmittal correspondence from Rhodes College accompanying the August 5, 2026 production.

***Requested by Plaintiff in this memorandum, by Friday, August 14, 2026:***

5. Designation of the Rhodes production CONFIDENTIAL under ECF 45, by legended re-production or written designation (¶ 2 above).
6. CBU's answer on ECF 45 ¶ 4 (¶ 3 above).

7. CBU's answer whether it will produce the document identified in ¶ 5(a) above in full, if it possesses it (¶ 5(b) above).
8. CBU's answer whether any part of the file identified in ¶ 5(a) above was divided or "extracted" by employees of Defense counsel's firm, Lewis Thomason.
9. The chain of custody record described in ¶ 5(c) above.

As a consequence of Plaintiff's conferral call with Defense Counsel representative Vescovo, and consistent with his avowals therein, Plaintiff expects production of all of the documents and productions noted in Iten 8 above.

Plaintiff possesses an unredacted audio recording of the conferral call referenced herein and is willing to produce it, if necessary, to resolve any conflicts of fact.

Regards,

Dr. Leigh M. Johnson
Plaintiff *pro se*
1492 Newton Street NW, Apt. A
Washington, DC 20010
901-679-5937
drleighmjohnson@gmail.com

# EXHIBIT 5

Gmail

Leigh Johnson <drleighmjohnson@gmail.com>

# Johnson v. Christian Brothers University No. 2:25-cv-02618-BCL-atc UTI01.10003 re: August 10, 2026 Conferral Call

1 message

**Vescovo, Steve W.** <SVescovo@lewisthomason.com> Fri, Aug 14, 2026 at 5:13 PM
To: Leigh Johnson <drleighmjohnson@gmail.com>
Cc: "Gibber, Jamie" <jgibber@lewisthomason.com>

Dr. Johnson:

As requested, we are providing the below information regarding the Rhodes subpoena addressed in your August 10, 2026 Memorandum attached to your email from August 12, 2026. At the outset – we disagree with your characterization of the call and many statements you make therein. Instead of engaging in a never-ending back and forth on those points, though, we are providing the information requested regarding the subpoena. Such response is not meant to be nor shall it be deemed to be an acquiescence of your faulty characterization of our conferrals to this point.

Regarding the information you have requested concerning the subpoena (largely taken from Paragraph 8 of your Memorandum):

At the outset, you repeatedly refer to the Rhodes records as the "Rhodes production," as if we have produced it in response to some discovery response. We merely forwarded the documents as received from Rhodes pursuant to the subpoena. To be clear – as stated on the call – we have not yet reviewed the records. Under the protective order, a party can only designate material as confidential after a good faith review. It seems that you have already reviewed the records and have issues with some of its contents and believe that it should be designated as confidential. You have asked us to do so. As you know, the protective order was a **bilateral** protective order. Meaning – you are free to designate whatever records you like as confidential. You also say in this Memorandum that it was CBU's earlier position relying on Paragraph 2 of the Protective Order. To be clear – CBU never took a position. You were the one who cited to that language and we pointed out that it was the Rhodes materials are not opponent-authored materials. If you would like to designate certain portions of the Rhodes records as confidential, you are free to do so. If you would like to request any further protections that are set forth in the Protective Order – i.e., the Paragraph 4 you reference, you are also free to do so.

We did not commit to reviewing the records by today and stipulating to any non-use. As discussed at the August 10th call and reiterated above, we have not yet reviewed the records. We will not stipulate at this point – or even after our initial review – to any non-use. It seems that your biggest concern here is your mother's social security number (again – we have not reviewed the records and do not know where this information even comes from within those records). As advised at the call, your mother's social security number is irrelevant to the action and we do not see why it would ever be used – whether in motion practice or at trial. Obviously, there will come a point where exhibit lists will be exchanged between the parties, at which point CBU will be prepared to advise what records it intends to use at trial and you will have the right to move to exclude any evidence you take issue with. Discovery and admissibility are two very different issues, and we are not making any representations on what is or is not admissible at this time or what we will seek to admit at this point, as that issue is premature. That being said, we are not interested in your mother's SSN, phone number or anything else pertaining to her.

Regarding your remaining requests surrounding the Rhodes documents, we transmitted the files to you in the exact same format we received them. No one in our office has reviewed the substance of those documents nor did anyone "divide" the production into the transmitted files or "extract" anything from the files. The records were received via an encrypted email from Leigh Powell at Rhodes College on August 5, 2026, at 11:08 a.m. The email contained the same exact attachments in my August 7, 2026 email to you. Rhodes' transmittal correspondence (which was just the email) was encrypted and, accordingly, we cannot attach the .msg file as an attachment to this email. We were, however, able to print the original email as a PDF, which shows the substance of the email as well as lists the attachments (which are, again, identical to the ones we forwarded to you). Given that we have not reviewed the records, we do not even know what you are referencing in Paragraph 5(a) and have requested that we provide. Just a pure review of the titles of the relevant documents, it appears that most of the titles have some variation of "JOHNSON_LEIGH_R053335308," but there is no document that only has that title. The closest is "Pages from JOHNSON_LEIGH_ R053335308." Again, because we have not reviewed the records, we do not know if you are referencing a document that is referenced within the Rhodes documents somewhere. If that is the case, then your inquiry would better be directed at Rhodes – who you are also free to subpoena and seek additional documentation from in light of the documents they have provided.

It is completely unclear what you are seeking regarding a "chain of custody record." Hopefully the following information gives you what you need: my paralegal, Deborah Moore, received the e-mail provided on August 5, 2026. She did not review the records. She placed the records into our secure document management system and advised both Jamie and myself that she received the records and forwarded the documents to us in the exact manner that we forwarded them to you. None of us have viewed them. It is unclear what you mean by "managed" on page 4 of your Memorandum, but none of us have done anything with the records.

Unrelated to the subpoena, we also received your email from yesterday finally advising on the status of your responses to our requests for production. We look forward to receiving your responses today.

Lastly, we need to schedule your deposition. You provided dates earlier regarding your availability. Unfortunately, we got tied up dealing with numerous other matters with this case and it is too late to schedule your deposition on the 20th of this month. Are you available the August 24-26 or August 31-September 4? I am also available September 22-23. I am either in trial or out of town the other days in September. I want to complete your deposition before the end of September. Please advise which of those dates work with your schedule as I would like to set your deposition with input from you. We look forward to hearing from you.

LEWIS THOMASON

**Steve Vescovo** Lawyer
**Lewis Thomason**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN | Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

---

**E-Mail, Leigh Powell to Deborah Moore .pdf**
160K

# EXHIBIT 6

Gmail **Leigh Johnson <drleighmjohnson@gmail.com>**

# Re: Johnson v. Christian Brothers University No. 2:25-cv-02618-BCL-atc UTI01.10003 re: August 10, 2026 Conferral Call

1 message

**Leigh Johnson** <drleighmjohnson@gmail.com> Fri, Aug 14, 2026 at 10:14 PM
To: "Vescovo, Steve W." <SVescovo@lewisthomason.com>

Mr. Vescovo:

I write in response to your email of August 14, 2026.

**1. Designation under ECF 45.** CBU states that Plaintiff is free to designate the Rhodes records as CONFIDENTIAL. Plaintiff will do so and will serve a written designation identifying the designated materials. Plaintiff makes that designation without waiving, and expressly preserving, her position that the materials were transmitted to her without the good faith review ECF 45 ¶ 2 requires of the party disclosing them.

**2. Rule 45(a)(4).** The Rule provides that "before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." CBU issued the subpoena on July 16, 2026 and served it on Rhodes College on July 17, 2026. The subpoena commanded compliance at your offices on August 5, 2026. Plaintiff received no notice and no copy before service. Plaintiff received the Rhodes records on August 7, 2026 and received a copy of the subpoena and the return of service on August 10, 2026. The period in which Plaintiff could have moved to quash or narrow the subpoena expired before she knew the subpoena existed.

**3. Scope.** The subpoena commanded Plaintiff's "entire personnel file" from an employer whose relationship with Plaintiff ended in 2014, nine years before any event alleged in this action, together with attendance records, punch cards, banking records, and discharge materials. Fed. R. Civ. P. 26(b)(1) limits discovery to matters relevant to a claim or defense and proportional to the needs of the case. CBU's email states four times that it has not reviewed the records it demanded.

**4. The August 10 commitments.** In our August 10 call, you agreed without qualification that CBU will not use any information relating to Plaintiff's mother. Your email confirms that position, and Plaintiff accepts it.

As to the remaining categories, you stated on that call that you had not reviewed the materials, that you would review them, and that you would advise Plaintiff by August 14 which categories CBU has no interest in using. CBU has now declined to do either. Plaintiff records that the commitment was made and not fulfilled.

The categories Plaintiff identified were: 2008 and 2009 returned-check and check-cashing correspondence; the 2009 wage garnishment; the Tennessee Department of Labor unemployment inquiry; direct deposit and banking records, including account and routing numbers; benefits enrollment and beneficiary designations; and third-party identifiers, including Plaintiff's mother's name, Social Security number, address history, and telephone number, wherever they appear. None bears upon Plaintiff's Title VII or contract claims or upon any pleaded defense.

**5. Completeness.** Your email states that most of the transmitted files bear some variation of the title "JOHNSON_LEIGH_R053335308," that no document bears that title alone, and that the closest is one titled "Pages from JOHNSON_LEIGH_R053335308." A file designated "Pages from" a source document is, on its face, an extract of that document. Plaintiff renews her request that CBU produce the complete file as received from Rhodes College.

**6. Chain of custody**. Plaintiff acknowledges receipt of the information that the records were received from Leigh Powell of Rhodes College by encrypted email on August 5, 2026 at 11:08 a.m.; that they were received by your paralegal Deborah Moore, who placed them in your document management system and forwarded them without review; and that neither you nor Ms. Gibber has reviewed them.

**7. Relief.** Absent CBU's agreement as to the matters set out at paragraphs 4 and 5 above, Plaintiff will move for a protective order under Fed. R. Civ. P. 26(c) and for relief under Fed. R. Civ. P. 45. The parties conferred orally regarding the Rhodes College subpoena on August 10, 2026, which was the first subject on the agenda Plaintiff identified at the outset of that call, and the parties are unable to reach an accord on the matters stated above. Plaintiff will so certify.

**8. Conferral.** Plaintiff has not declined any request to confer. The August 10 call ended before the parties reached the second and third subjects on that agenda. Plaintiff remains available to confer on any matter CBU wishes to raise and

asks that CBU propose times if it wishes to do so.

If CBU disputes any statement in Plaintiff's August 10 memorandum, Plaintiff will provide the unredacted recording of that call.

**9. Deposition**. Plaintiff's position is that her deposition should proceed after the deficiencies in CBU's document production are addressed. Subject to that, Plaintiff will advise as to the August and early September windows once CBU's production is complete.

Regards,

Dr. Leigh M. Johnson
Plaintiff, pro se
1492 Newton Street NW, Apt. A
Washington, DC 20010
901-679-5937
drleighmjohnson@gmail.com

On Fri, Aug 14, 2026 at 5:13 PM Vescovo, Steve W. <SVescovo@lewisthomason.com> wrote:

> Dr. Johnson:
>
> As requested, we are providing the below information regarding the Rhodes subpoena addressed in your August 10, 2026 Memorandum attached to your email from August 12, 2026. At the outset – we disagree with your characterization of the call and many statements you make therein. Instead of engaging in a never-ending back and forth on those points, though, we are providing the information requested regarding the subpoena. Such response is not meant to be nor shall it be deemed to be an acquiescence of your faulty characterization of our conferrals to this point.
>
> Regarding the information you have requested concerning the subpoena (largely taken from Paragraph 8 of your Memorandum):
>
> At the outset, you repeatedly refer to the Rhodes records as the "Rhodes production," as if we have produced it in response to some discovery response. We merely forwarded the documents as received from Rhodes pursuant to the subpoena. To be clear – as stated on the call – we have not yet reviewed the records. Under the protective order, a party can only designate material as confidential after a good faith review. It seems that you have already reviewed the records and have issues with some of its contents and believe that it should be designated as confidential. You have asked us to do so. As you know, the protective order was a **bilateral** protective order. Meaning – you are free to designate whatever records you like as confidential. You also say in this Memorandum that it was CBU's earlier position relying on Paragraph 2 of the Protective Order. To be clear – CBU never took a position. You were the one who cited to that language and we pointed out that it was the Rhodes materials are not opponent-authored materials. If you would like to designate certain portions of the Rhodes records as confidential, you are free to do so. If you would like to request any further protections that are set forth in the Protective Order – i.e., the Paragraph 4 you reference, you are also free to do so.
>
> We did not commit to reviewing the records by today and stipulating to any non-use. As discussed at the August 10th call and reiterated above, we have not yet reviewed the records. We will not stipulate at this point – or even after our initial review – to any non-use. It seems that your biggest concern here is your mother's social security number (again – we have not reviewed the records and do not know where this information even comes from within those records). As advised at the call, your mother's social security number is irrelevant to the action and we do not see why it would ever be used – whether in motion practice or at trial. Obviously, there will come a point where exhibit lists will be exchanged between the parties, at which point CBU will be prepared to advise what

records it intends to use at trial and you will have the right to move to exclude any evidence you take issue with. Discovery and admissibility are two very different issues, and we are not making any representations on what is or is not admissible at this time or what we will seek to admit at this point, as that issue is premature. That being said, we are not interested in your mother's SSN, phone number or anything else pertaining to her.

Regarding your remaining requests surrounding the Rhodes documents, we transmitted the files to you in the exact same format we received them. No one in our office has reviewed the substance of those documents nor did anyone "divide" the production into the transmitted files or "extract" anything from the files. The records were received via an encrypted email from Leigh Powell at Rhodes College on August 5, 2026, at 11:08 a.m. The email contained the same exact attachments in my August 7, 2026 email to you. Rhodes' transmittal correspondence (which was just the email) was encrypted and, accordingly, we cannot attach the .msg file as an attachment to this email. We were, however, able to print the original email as a PDF, which shows the substance of the email as well as lists the attachments (which are, again, identical to the ones we forwarded to you). Given that we have not reviewed the records, we do not even know what you are referencing in Paragraph 5(a) and have requested that we provide. Just a pure review of the titles of the relevant documents, it appears that most of the titles have some variation of "JOHNSON_LEIGH_R053335308," but there is no document that only has that title. The closest is "Pages from JOHNSON_LEIGH_ R053335308." Again, because we have not reviewed the records, we do not know if you are referencing a document that is referenced within the Rhodes documents somewhere. If that is the case, then your inquiry would better be directed at Rhodes – who you are also free to subpoena and seek additional documentation from in light of the documents they have provided.

It is completely unclear what you are seeking regarding a "chain of custody record." Hopefully the following information gives you what you need: my paralegal, Deborah Moore, received the e-mail provided on August 5, 2026. She did not review the records. She placed the records into our secure document management system and advised both Jamie and myself that she received the records and forwarded the documents to us in the exact manner that we forwarded them to you. None of us have viewed them. It is unclear what you mean by "managed" on page 4 of your Memorandum, but none of us have done anything with the records.

Unrelated to the subpoena, we also received your email from yesterday finally advising on the status of your responses to our requests for production. We look forward to receiving your responses today.

Lastly, we need to schedule your deposition. You provided dates earlier regarding your availability. Unfortunately, we got tied up dealing with numerous other matters with this case and it is too late to schedule your deposition on the 20th of this month. Are you available the August 24-26 or August 31-September 4? I am also available September 22-23. I am either in trial or out of town the other days in September. I want to complete your deposition before the end of September. Please advise which of those dates work with your schedule as I would like to set your deposition with input from you. We look forward to hearing from you.

LT
LEWIS THOMASON

**Steve Vescovo** Lawyer
**Lewis Thomason**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN | Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio