**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

DR. LEIGH M. JOHNSON,
Plaintiff,

v. Civil Action No. 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,
Defendant.

---

**PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION OF HER MOTION FOR PROTECTIVE ORDER REGARDING THE PLACE AND METHOD OF PLAINTIFF'S DEPOSITION**

Plaintiff Dr. Leigh M. Johnson, proceeding pro se, respectfully moves the Court for expedited consideration of her Motion for Protective Order Regarding the Place and Method of Plaintiff's Deposition, filed August 30, 2026 (the "Protective Order Motion"). Defendant Christian Brothers University ("CBU") has noticed Plaintiff's deposition for September 23, 2026. Given the impending deadline that CBU determined in its notice, and the extensive conferral documented herein on that very matter, Plaintiff requests that the Court resolve this Protective Order Motion before September 23, 2026 or, in the alternative, continue the noticed deposition until after the Court has ruled.

## I. BACKGROUND

1. On August 25, 2026, CBU served its Notice to Take Deposition of Plaintiff (ECF 64), designating an in-person deposition at the Memphis offices of its counsel on September 23, 2026, at 10:00 a.m.

2. On August 30, 2026, Plaintiff filed the Protective Order Motion, which asks the Court to direct that the deposition proceed by remote videoconference. Plaintiff has confirmed in writing

that she will appear for deposition on the noticed date and time; the only dispute is the place and method of the examination.

3. Under Local Rule 7.2(a)(2), CBU's response to the Protective Order Motion is due fourteen days after service — on or about September 13, 2026 — after which the motion is submitted to the Court for decision. That schedule leaves little time for a ruling before the September 23, 2026 deposition, and less still if CBU uses the full response period or seeks leave to file a reply.

4. The parties are at impasse on the underlying dispute. As set out in the Protective Order Motion and its Certificate of Consultation, the parties conferred by telephone on June 24 and July 13, 2026 and through written exchanges dated April 27, July 13, August 14, August 21, and August 26, 2026; CBU declined in writing on August 27, 2026 to stipulate to a remote deposition. Further conferral will not resolve the dispute or the timing problem the September 23 date presents.

**II. GOOD CAUSE FOR EXPEDITED CONSIDERATION**

The September 23 deadline is itself a product of CBU's delay: CBU allowed the pre-semester dates Plaintiff offered in July to lapse and then noticed a mid-semester date. Absent a ruling before September 23, 2026, Plaintiff — a pro se litigant — would have to purchase non-refundable, short-notice airfare and lodging (the very expense, of at least approximately $600 to $700, that the Protective Order Motion challenges) merely to preserve the possibility of appearing in person, before the Court has decided whether she must appear in person at all. Expedited consideration, or a short continuance of the deposition pending the ruling, avoids requiring Plaintiff to incur the disputed expense before the dispute is resolved, and spares both parties the cost of preparing for a deposition whose format remains unsettled.

Plaintiff's requested relief prejudices no one and disturbs no deadline. Plaintiff does not seek to delay or avoid her deposition; she has agreed to be deposed by videoconference on the noticed date and time. Discovery does not close until October 9, 2026, so a brief continuance of the deposition, should the Court be unable to rule before September 23, would not affect any case-management deadline. A ruling in advance of the deposition, by contrast, allows the examination to proceed once, in the correct format, without wasted expense to the parties or the Court.

**III. RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

(a) consider the [Proposed] Protective Order Motion (sent separately via email to the Court's chambers on August 30, 2026), and to rule on it before September 15, 2026;

(b) in the alternative, continue the September 23, 2026 deposition until after the Court has ruled on this Protective Order Motion, and within the discovery period, so that Plaintiff need not incur the disputed travel expense before the format of the deposition is resolved;

(c) to the extent the Court deems it useful, shorten Defendant's time to respond to the Protective Order Motion and/or set an expedited telephonic conference under Local Rule 7.2(d); and

(d) grant such other relief as the Court deems just.

A proposed order accompanies this motion.

**CERTIFICATE OF CONSULTATION**

Pursuant to Local Rule 7.2(a)(1)(B) and the Court's Order at ECF 58, Plaintiff certifies that the parties have consulted in good faith regarding the place and method of Plaintiff's deposition and are unable to reach an accord. The parties conferred by telephone on June 24, 2026 and July 13, 2026, and through written exchanges dated April 27, July 13, August 14, August 21, and

August 26, 2026. On August 27, 2026, CBU declined in writing to stipulate to a remote deposition. Plaintiff's August 26, 2026 email advised CBU that, absent a stipulation or a statement of grounds, Plaintiff would seek relief from the Court under Fed. R. Civ. P. 26(c) without further process. Because the parties are at impasse and the noticed deposition is imminent, further consultation would not resolve the dispute or the need for expedited consideration.

Respectfully submitted,

/s/ Leigh M. Johnson
Dr. Leigh M. Johnson
Plaintiff, pro se
1492 Newton Street NW, Apt. A
Washington, DC 20010
901-679-5937
drleighmjohnson@gmail.com

Dated: August 30, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 30, 2026, a copy of the foregoing was served by email on counsel of record for Defendant: Stephen W. Vescovo (svescovo@lewisthomason.com) and Jamie M. Gibber (jgibber@lewisthomason.com), Lewis Thomason, P.C., 40 South Main Street, 29th Floor, Memphis, TN 38103.

/s/ Leigh M. Johnson