**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

DR. LEIGH M. JOHNSON,

Plaintiff,

v. Civil Action No.: 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,

Defendant.

---

**CHRISTIAN BROTHERS UNIVERSITY'S RESPONSE TO
PLAINTIFF'S RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

---

Pursuant to Local Rule 7.2(a)(2), Defendant, Christian Brothers University ("CBU"), by and through its counsel, hereby submits its Response to Plaintiff's Renewed Motion to Compel Discovery of Documents ("Plaintiff's Motion") (ECF No. 63). In response to Plaintiff's Motion, CBU states as follows:

## INTRODUCTION

Plaintiff's Motion should be denied. Following the Court's June 15, 2026, Order (ECF No. 58), the Parties conferred on multiple occasions and CBU and its counsel undertook substantial efforts to address Plaintiff's concerns, including several different phone conferences, e-mail exchanges, and serving supplemental responses and producing over 1,000 pages of additional documents. Rather than address CBU's supplemental responses and production, Plaintiff's Motion largely ignores them altogether and instead focuses on CBU's original responses that have since been supplemented.

More fundamentally, Plaintiff's Motion mischaracterizes CBU's responses, requests judicial orders imposing burdens on CBU that are not contemplated by the Federal Rules of Civil Procedure, challenges production formats that are fully readable and usable, and seeks relief based on alleged deficiencies that were either cured months ago or could have been resolved through a simple request to defense counsel during the **many** conferences held or communications exchanged over the past several months.

The Federal Rules require reasonable searches and production of responsive documents within a party's possession, custody, or control. They do not require a responding party to create documents that do not exist, provide the detail requested by Plaintiff regarding non-existent or privileged documents, or provide discovery in whatever format the requesting party prefers. Defendant has complied with its obligations, and Plaintiff has not demonstrated otherwise.

## RELEVANT FACTS AND PROCEDURAL HISTORY

As stated in Plaintiff's Motion, this is not the first time the parties are before the Court regarding Plaintiff's perceived deficiencies of CBU's responses and production. On March 25, 2026, Plaintiff served her First Set of Requests for Production.[1] (See ECF No. 63-3, at PageID 812-821.) On April 24, 2026, CBU served its responses to same. (See ECF No. 42; ECF No. 63-3, at PageID 822-842.)

As stated in the previous pleadings related to Plaintiff's initial motion, Plaintiff then transmitted a lengthy, 20-plus page deficiency letter on April 27, 2026 (ECF No. 48-5), followed by a supplemental letter on April 28, 2026 (ECF No. 48-6), identifying a broad array of purported

[1] Plaintiff also served her First Set of Requests for Admission on this date, to which CBU also timely responded. While Plaintiff previously took issue with those responses as well (see ECF No. 48), Plaintiff has not raised those arguments herein and, therefore, CBU's statement of the relevant facts and procedural history only focuses on the matters at issue in Plaintiff's Motion.

issues and imposing a unilateral deadline of May 8, 2026, for CBU to respond. CBU complied with that directive and, on May 8, 2026, provided a comprehensive written response addressing each of Plaintiff's concerns, explaining its objections, identifying areas for supplementation, and inviting further discussion to narrow the disputes. (ECF No. 48-8.) CBU expressly requested a telephonic or video conference to facilitate a meaningful meet-and-confer process. Plaintiff declined to engage further. Instead, without responding to CBU's positions or attempting to narrow any issues, Plaintiff filed the original motion just nine days later. (ECF No. 48.)

On May 19, 2026, CBU filed a motion for status conference (ECF No. 49), which was granted and the status conference was set for June 15, 2026. (ECF No. 50.) CBU filed its response to Plaintiff's original motion to compel ahead of said status conference. (ECF No. 52.) At the status conference, the Court advised the Parties to confer regarding these discovery issues orally and denied the pending discovery motions without prejudice. (ECF No. 58.)

The Parties have conferred extensively since then and Plaintiff's Motion understates the extent to which said conferrals have taken place, as well as CBU's extensive efforts to address Plaintiff's concerns. Immediately following the June 15 status conference, the undersigned emailed Plaintiff to set up a conferral call to discuss the discovery issues – including CBU's Motion for Protective Order as it related to Plaintiff's second set of discovery. (See ECF No. 63-3, at PageID 847.) The first available date provided by Plaintiff was June 23, 2026 – one day before CBU's responses to said discovery was due. (See id.) At the one-hour telephone conference, the Parties discussed the discovery issues and specific documents Plaintiff was seeking. (See ECF No. 63-3, at PageID 845.) While Plaintiff wanted documents to be produced within a shorter timeframe, she ultimately agreed to a 14-day timeframe, whereby CBU was to produce

supplemental responses and documents by July 8, 2026. (See id.) CBU requested that it provide a privilege log seven days after the production, and Plaintiff denied[2] that request.

During those fourteen days, CBU and its counsel expended substantial time and effort to address Plaintiff's concerns. On July 8, 2026, CBU provided its supplemental responses to Plaintiff's discovery requests, a privilege log, and an additional 1,181 pages of documents that had not previously been produced. (See CBU's Supp. Resps. to Pl.'s First Set of Reqs. for Prod., attached as **Ex. A**.) In doing so, CBU also identified a previously produced document that contained privileged communications. In the updated production, CBU redacted that communication and explained its basis for doing so in its transmittal correspondence included with the supplemental responses and production. (See July 8, 2026, Letter to Plaintiff, attached as **Ex. B**.) On July 10, 2026, Plaintiff sent an email to counsel taking issue, yet again, with CBU's production. (See ECF No. 63-3, at PageID 858.) CBU's counsel responded and addressed Plaintiff's concerns in writing and in advance of the conference call requested. (See ECF No. 63-3, at PageID 858-59; see also **Ex. C**[3].)

On July 13, 2026, the Parties held another one-and-a-half hour conference regarding the remaining discovery disputes. (See ECF No. 60, at PageID 717.) One of the things discussed at that conference was Plaintiff's contention that one of the webpages from CBU's website was intentionally withheld from Plaintiff and that the Retrenchment Committee's final report was not included in CBU's document production. Counsel advised Plaintiff that if any webpage was

---

[2] When it came time for Plaintiff's discovery responses, Plaintiff requested a similar arrangement, whereby she provided not only a privilege log but also her document production five (5) days after providing her written responses to CBU's Requests for Production.

[3] While Plaintiff has attached the correspondence, several of CBU's inline responses are cut off and are being provided again to the Court at Ex. C.

omitted from production, it was accidental and would be supplemented. Counsel also advised Plaintiff that it would direct her to the bates numbers of the final report. On July 16, 2026, the undersigned provided the requested documents and information. (See July 16, 2026, Letter to Plaintiff, attached as **Ex. D**.)

With this context in mind, Plaintiff's arguments fail to establish any basis for relief under Rule 37.

## LAW AND ARGUMENT

### I. Legal Standards

Generally, Federal Rule of Civil Procedure 26(b)(1) enables parties to "obtain discovery regarding any **nonprivileged** matter that is **relevant** to any party's claim or defense and **proportional to the needs of the case**[.]" See Fed. R. Civ. P. 26(b)(1) (emphasis added). "However, district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). The Sixth Circuit has clearly explained the limitations on discovery:

> Specifically, the Federal Rules of Civil Procedure instruct district courts to limit discovery where its "**burden or expense . . . outweighs its likely benefit**, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). Notably, the Advisory Committee amended Rule 26(b) in both 1983 and 1993 to afford district courts greater discretion in restricting the scope of discovery. Fed. R. Civ. P. 26(b) advisory committee's notes (1983) ("The rule contemplates greater judicial involvement in the discovery process . . . In an appropriate case the court could restrict the . . . scope of a production request."); Fed. R. Civ. P. 26(b) advisory committee's notes (1993) ("The revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery."). Although a plaintiff should not be denied access to information necessary to establish her claim, **neither may a plaintiff be permitted "to 'go fishing' and a trial court retains discretion to determine that a**

> **discovery request is too broad and oppressive**." Marshall v. Westinghouse Elec. Corp., 576 F.2d 588, 592 (5th Cir. 1978).

Id. (emphasis added).

Under Rule 37(a), a party may move for an order compelling disclosure or discovery when another party fails to respond adequately. See Fed. R. Civ. P. 37(a)(1). This Court has clearly explained the respective burdens regarding a motion to compel:

> If an objection to the relevance of the sought discovery is raised, "the party seeking discovery **must** demonstrate that the requests are relevant to the claims or defenses in the pending action." Anderson v. Dillard's, Inc., 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008)(citation omitted). If the party seeking discovery demonstrates relevancy, the burden shifts to the party resisting discovery to demonstrate "why the request is unduly burdensome or otherwise not discoverable." *Id.* at 310 (citations omitted). A court need not compel discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Hooper v. Medtronic, Inc., No. 2:17-cv-02457-JTF-dkv, 2018 U.S. Dist. LEXIS 241687, at *11 (W.D. Tenn. May 10, 2018) (emphasis added).

**II. CBU's responses and production are not deficient.**

Plaintiff's Renewed Motion is premised on the notion that CBU failed to meaningfully supplement its responses and production following the Court's June 15, 2026, Order. The record establishes otherwise. As explained above, following the Court's directive that the Parties confer regarding Plaintiff's discovery concerns, CBU participated in multiple oral conferences, exchanged extensive correspondence, served supplemental responses, produced more than 1,100 additional documents, provided a privilege log, and supplemented specific materials identified by Plaintiff. Despite those efforts, Plaintiff's Motion largely ignores CBU's supplemental responses and production and instead relies upon superseded responses, issues that have already been addressed, and speculation that additional documents must exist. Plaintiff has failed to demonstrate that any further relief is warranted under Rule 37. Accordingly, the Motion should be denied.

As discussed below, Plaintiff's arguments generally fall into one of three categories: (1) complaints that disregard CBU's supplemental responses and production; (2) requests that CBU produce documents that either have already been produced or do not exist within CBU's possession, custody, or control; and (3) challenges to production formats and privilege assertions that are fully consistent with the Federal Rules of Civil Procedure and the Parties' Rule 26(f) Report. None provides a basis for compelling further discovery.

**A. Plaintiff's Motion, particularly Section III.A, ignores CBU's supplemental responses and production.**

A recurring feature of Plaintiff's Motion is her apparent reliance on CBU's original April 24, 2026, responses while disregarding the supplemental responses on July 8, 2026, that were served following the Court's June 15th Order and the Parties' subsequent conferences. The Motion repeatedly characterizes certain requests as unresolved based on language contained in the original responses. Plaintiff's Motion, however, does not even acknowledge the supplemental responses, let alone attach said responses to her Motion. Instead, Plaintiff asks the Court to revisit issues apparently based on discovery responses that are no longer operative. A motion to compel must be evaluated based on the responding party's current responses and production, not a snapshot of superseded responses served before the protective order was entered and before the parties completed the supplemental discovery process. To the extent Plaintiff ignores CBU's supplemental responses, her Motion fails to accurately present the current state of discovery and should be denied on that basis alone.

The very first section of Plaintiff's Motion criticizing CBU's responses highlights this very issue. (See ECF No. 63-1, at PageID 803-04.) Plaintiff argues that CBU conditioned production on entry of a protective order and failed to fulfill that commitment. (See id.) That characterization is inaccurate. Following the entry of the protective order and the Parties' lenghty conferral outlined

above, CBU served a substantial supplemental production consisting of approximately 1,422 pages of documents. The supplemental responses to the very Requests Plaintiff's Motion takes issue with (Nos. 4, 5, 12, 15, and 20) highlight the inaccuracy of her characterization. (See Ex. A.) The only request that was not supplemented was Request No. 20. As stated in the objection to Request No. 20, CBU's position is that the requested documents are not relevant to Plaintiff's claims. Under the standard for a Rule 37 motion, "[i]f an objection to the relevance of the sought discovery is raised, 'the party seeking discovery **must** demonstrate that the requests are relevant to the claims or defenses in the pending action.'" Hooper v. Medtronic, Inc., No. 2:17-cv-02457-JTF-dkv, 2018 U.S. Dist. LEXIS 241687, at *11 (W.D. Tenn. May 10, 2018) (citing Anderson v. Dillard's, Inc., 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008)) (emphasis added). Plaintiff's Motion makes no such demonstration.

Plaintiff repeatedly asks the Court to order CBU to affirmatively state, request-by-request, that no additional responsive documents exists. However, Plaintiff cites no authority imposing such an obligation where a party has already served responses, asserted objections where appropriate, conducted searches, and produced responsive documents. Rule 34 requires a party to produce responsive documents within its possession, custody, or control. See Fed. R. Civ. P. 34. It does not require a party to repeatedly certify the nonexistence of documents merely because the requesting party believes additional materials should exist.

Ultimately, CBU has responded to each of the requests Plaintiff takes issue with in Section III.A. of her Motion, and Plaintiff has asserted no basis for compelling further production under Rule 37.

**B. Plaintiff's criticisms in Section III.B of her Motion are misplaced and factually inaccurate.**

Plaintiff next argues that the November 27, 2023, webpage that was not produced and was discussed at the July 13, 2026, conference call "has not been produced," and that CBU "has produced no decisional documents dated between November 16 and December 7, 2023. (ECF No. 63-1, at PageID 804-05.) That assertion is simply incorrect. Regarding the November 27, 2023, webpage, CBU supplemented its production at Plaintiff's request (despite the document being publicly available to Plaintiff, as highlighted by her inclusion of said webpage at ECF No. 63-3, PageID 870-73) on July 16, 2026. (See Ex. D.) Accordingly, this argument rests on a purported omission that was already cured.

Beyond that, CBU has produced the responsive, nonprivileged documents it located following a reasonable search of records within its possession, custody, and control. Specifically, Plaintiff's statement that CBU "has produced no decisional documents dated between November 16 and December 7, 2023," is incorrect, as CBU has produced retrenchment committee documents from November 17, 2023, at CBU – 430. CBU has no other documents within its possession, custody, and control, as expressed numerous times to Plaintiff. Plaintiff's belief that additional documents should exist is not evidence that they do exist.

**C. CBU's responses to Request Nos. 7 through 11 are sufficient and Plaintiff's Motion does not demonstrate otherwise.**

Similarly, Plaintiff takes issue with CBU's response to Request Nos. 7 through 11. (ECF No. 63-1, at PageID 805.) The problem with Plaintiff's argument is that it largely ignores CBU's actual responses and objections. CBU asserted objections to these requests and produced responsive, nonprivileged documents. Plaintiff does not meaningfully analyze those objections, explain why they lack merit, or identify the relevance of "all versions, drafts, comments, and

communications" concerning the October 31, 2023, Presidential Charge. (ECF No. 63-1, at PageID 805.) As stated in CBU's responses, the requests are overly burdensome, and disproportionate to the needs of the case. As discussed with Plaintiff – verbally and in writing – CBU consulted with counsel regarding its work as it relates to the retrenchment policy and handbook, and to the extent these requests seek those communications, those communications are privileged (and set forth on CBU's privilege log at ECF No. 63-3, PageID 866-69.) Plaintiff has failed to meet her burden by demonstrating that the requested documents are relevant and that CBU's responses are deficient.

**D. CBU has complied with the Parties' Rule 26(f) discovery plan and Plaintiff still has not demonstrated good cause for requiring production of the files in any other format, despite several opportunities to do so.**

Plaintiff's Motion also seeks native production of spreadsheets appearing at CBU – 1414-1420. Plaintiff's original motion highlighted similar issues, and this issue has been discussed amongst the Parties extensively. As stated in CBU's response to Plaintiff's original motion, and in its correspondence and verbal explanations to Plaintiff, the Parties' Rule 26(f) Report permitted CBU to disclose and produce ESI in hardcopy or static form. The Report goes on to state that "where good cause has been demonstrated," a party may request native files for particular documents. Plaintiff's Motion does not satisfy that standard. Plaintiff's Motion asserts that the spreadsheets "cannot be read, sorted, or searched." (ECF No. 63-1, at PageDI 806.) CBU has reviewed the pages referenced and the spreadsheets are readable. (See Ex. **E**.) Especially considering the spreadsheets were produced electronically via PDF, Plaintiff has the ability to zoom in to see any information she claims is unreadable. Similarly, Plaintiff can convert the PDF to a searchable PDF to search the documents (although, it is unclear what exactly she needs to search). Finally, Plaintiff's preference to sort or otherwise manipulate CBU's data does not

establish the good cause standard that the documents are not reasonably usable. The governing inquiry, as set forth in the Rule 26(f) Report, is **usability**, not convenience.

As to Plaintiff's criticisms of the email production, the e-mails produced by CBU include all responses, to CBU's knowledge. As stated in Plaintiff's Motion, after Plaintiff again took issue with the e-mail production, CBU requested what specific chains she takes issue with so that CBU could investigate and address the specific issue. Plaintiff declined to do so and instead argues that the request "inverts Rule 34's allocation of the production obligation." (ECF No. 63-1, at PageID 806.) CBU does not intend to impose any obligation on Plaintiff. CBU's request was merely its attempt to confer in good faith with Plaintiff regarding the issues she identified – yet could not articulate – with regard to the e-mails. Having refused to identify the allegedly incomplete chains, even within her Motion, it is impossible for CBU to more fully respond to this point.

**E. CBU provided a compliant privilege log as requested by Plaintiff and Plaintiff's criticisms of same are misplaced.**

Plaintiff also takes issue with CBU's privilege log. (ECF No. 63-1, at PageID 806-07.) Plaintiff's Motion is slightly confusing in that it acknowledges a privilege log was produced (and even attaches it at ECF No. 63-3, at PageID 866-69), but then later states that the log "breaches CBU's June 24 commitment that a privilege log would follow its next production." (ECF No. 63-1, at PageID 806-07.) Plaintiff's complaint cannot be that CBU failed to provide a privilege log. Rather, it appears that Plaintiff contends that the privilege log does not contain the level of detail she would prefer (i.e., itemization of individual documents and dates). The Federal Rules, however, impose no such requirement. Nor does Plaintiff cite any authority requiring a document-by-document log under the circumstances presented here. Rather, as alluded to in Plaintiff's Motion, Rule 26 requires that the party "describe the nature of the documents, communications, or tangible things not produced or disclosed[.]" Fed. R. Civ. P. 26(b)(5)(A)(ii). The Rule's

language of multiple documents and communications, rather than requiring parties to describe the nature of "each" document, contradicts Plaintiff's request. CBU produced a privilege log that complies with the Rule's requirements, as well as describing the nature of the documents in other correspondence between the Parties.

Plaintiff's argument regarding the CBU-067 redaction fares no better. Plaintiff first states "[a] redaction on privilege grounds must be logged," without citation to any authority for that proposition. (ECF No. 63-1, at PageID 807.) In the very next sentence, Plaintiff states that "Rule 26(b)(5)(B) provides the procedure for asserting privilege over material already produced." (Id.) Plaintiff then goes on to state that "CBU has invoked neither provision." (Id.) This assertion is incorrect. Rule 26(b)(5)(B) provides that "[i]f information produced in discovery is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it." Fed. R. Civ. P. 26(b)(5)(B). The Rule then goes on to require that the party return or destroy the information, along with other requirements. See id. CBU made that notification and explanation in its July 8, 2026, correspondence to Plaintiff. (See Ex. B.) Plaintiff has identified no authority requiring additional relief under these circumstances and does not even appear to challenge the designation. Quite frankly, it is unclear what exactly Plaintiff takes issue or what Plaintiff seeks.

**F. The link issue discussed in Section III.F. does not warrant Court intervention.**

Plaintiff's Motion states that "[p]roduction served via an expired link is, effectively, equivalent to non-production. Re-service by durable means is ministerial and should be ordered." (ECF No. 63-1, at PageID 807.) Obviously, when CBU served its production, the link was not expired, and Plaintiff was able to access it. In all the communications exchanged between the Parties, Plaintiff never mentioned that she could not access the link. Nor has she ever contacted

defense counsel to request a replacement link before filing the present Motion. Had she done so, CBU would have readily provided one, as is typical throughout litigation. It is unclear what "durable means" Plaintiff refers to. Due to the volume of documents, it is impossible to transmit the documents just via email, and instead CBU utilized a OneDrive Link, as is customary. CBU will send an updated link to Plaintiff, at which time Plaintiff can download the files and maintain them directly on her computer.

**G. Section IV of Plaintiff's Motion is premature and unsupported.**

The final section of Plaintiff's Motion seeks a collection of prospective remedies, including a declaration that future noncompliance could result in sanctions under Rule 37(b)(2)(A), waiver of future conferral requirements, and a "compliance status report." (ECF No. 63-1, at PageID 807-08.) None is warranted. First, the entire premise of Plaintiff's argument – "CBU's pattern – production conditioned on a protective order that was entered on May 13, 2026, with no production following" – is incorrect. Obviously, as stated above, CBU made a substantial production with over 1,000 additional documents.

Second, Plaintiff seeks to impose a September 4, 2026, deadline for CBU to supplement any responses that are deemed deficient. That deadline would be today and is obviously unrealistic under the current posture of the Motion.

Third, regarding Plaintiff's invocation of Rule 37, Rule 37(b) applies to violations of court orders. The court has yet to enter an order. Plaintiff identifies no sanctionable conduct, nor does she explain what sanctions would be appropriate or why sanctions would be justified. The premature request is insufficient and inappropriate to raise at this juncture.

Fourth, Plaintiff asks the Court to waive future conferral requirements for potential future disputes concerning other discovery requests that are not presently before the Court. Such relief

is entirely hypothetical and should be denied as premature. Indeed, any timing concerns associated with Plaintiff's most recently served discovery requests result from Plaintiff's own decision regarding when to serve those requests, despite Plaintiff's contention that "any motion addressing them will necessarily post-date the close of written discovery through no fault of Plaintiff's." (ECF No. 63-1, at PageID 808.) The Court's conferral requirements apply equally to both parties and there is no basis to exempt Plaintiff from complying with them.

Finally, Plaintiff's request for a future status report is unnecessary. It is also unclear whether Plaintiff seeks a status conference with the Court or just contemplates the parties submitting written status reports to the Court. Regardless, the Federal Rules already provide a mechanism for addressing any legitimate discovery dispute that may arise.

## CONCLUSION

Based on the foregoing, CBU respectfully requests that the Court deny Plaintiff's Motion in its entirety and grant such further relief as the Court deems appropriate.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By: *s/Jamie E. Gibber*
STEPHEN W. VESCOVO (7246)
JAMIE GIBBER (39552)
2900 One Commerce Square
40 S. Main St.
Memphis, TN 38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of September 2026, a copy of the foregoing pleading has been delivered to the following via email:

Dr. Leigh M. Johnson
1492 Newton Street NW, Apt. A
Washington, DC 20010
(901) 679-5937
drleighmjohnson@gmail.com
*Pro se Plaintiff*

*s/Jamie E. Gibber*
JAMMIE E. GIBBER

4911-2873-2621