**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

DR. LEIGH M. JOHNSON,

Plaintiff,

v. Civil Action No.: 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,

Defendant.

---

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

---

Pursuant to the Federal Rules of Civil Procedure, Defendant Christian Brothers University ("CBU" or "Defendant") hereby supplements its responses to Plaintiff's First Requests for Production as follows:

**GENERAL OBJECTIONS**

All responses are made for purposes of this litigation only and are subject to later objections based on competence, relevance, materiality, propriety, admissibility, attorney-client privilege, the work product doctrine, and any other appropriate objection. CBU also objects to the Plaintiff's requests to the extent they attempt to impose a duty on CBU to produce documents that are available from other entities not parties to this litigation and to the extent it seeks materials that are available to the public or already in Plaintiff's possession. CBU further objects to the requests to the extent they seek document protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity. CBU also objects to the requests on the grounds that they seek

documents that are not relevant to any party's claims or defenses and are not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

CBU also objects to the requests on the grounds that they seek confidential, sensitive, or private personnel, financial, student, or security information without adequate safeguards. The parties have submitted competing proposed protective orders to the Court for entry. CBU will supplement its responses to these Requests with responsive documents when there is a protective order in place.

CBU answers Plaintiff's requests subject to and without waiving these general objections.

## RESPONSES

**REQUEST NO. 1:** Produce all documents concerning CBU's declaration of financial exigency in or around September 2023, including analyses, reports, memoranda, presentations, recommendations and communications considered by the Board, President, Cabinet, Academic Council, Planning Committee, and Retrenchment Committee.

> **OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**
>
> **RESPONSE:** **Subject to and without waiving said objection, see documents previously produced at CBU-002 to CBU – 056.**
>
> **SUPPLEMENTAL RESPONSE: In addition to the documents identified in CBU's original Response, please see documents produced at CBU 982-1177.**

**REQUEST NO. 2:** Produce all documents concerning any consideration, implementation, or rejection of Faculty Handbook procedures applicable to financial difficulty short of exigency before the declaration of financial exigency.

> **OBJECTION:** **CBU objects to this Request as vague and ambiguous because it does not clearly define what is meant by "any consideration, implementation, or rejection of Faculty Handbook procedures", including what**

**actions qualify as "consideration" or what documents would be deemed responsive to this Request. CBU further objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with the Faculty Handbook, which CBU denies. CBU further objects to this Request on the grounds that it seeks discovery of matters that are not relevant to the issues in this case and is not proportional to the needs of this case, given that the events at issue took place after the declaration of financial exigency.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, please see documents produced at CBU 982-1177.**

**REQUEST NO. 3:** Produce all documents concerning the amount of budget reduction allegedly required from faculty positions, including documents reflecting any directive, target, or analysis concerning that amount.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it is vague and unclear what is being requested by "documents reflecting any directive, target, or analysis concerning that amount."**

**RESPONSE: Subject to and without waiving said objection, see documents previously produced at CBU-002 to CBU – 056.**

**SUPPLEMENTAL RESPONSE: In addition to the documents identified in CBU's original Response, please see documents produced at CBU 982-1177.**

**REQUEST NO. 4:** Produce all documents concerning the work of the Retrenchment Committee in 2023, including its charge, drafts, recommendations, final report, meeting minutes, notes, and communications.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to recommendations made to the Retrenchment Committee regarding non-retained positions without having a protective order in place.**

**RESPONSE: Subject to and without waiving said objection, see documents previously produced at CBU-002 to CBU – 056 and documents produced at CBU-058-083. See also documents stamped CBU-058-218. CBU will supplement**

**with additional responsive and discoverable documents, if any, once a protective order is entered.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, please see documents produced at CBU 002-056, 251-252, 398-405, 411-981.**

**<u>REQUEST NO. 5:</u>** Produce all documents concerning meetings or communications among the Retrenchment Committee, Academic Council, President's Cabinet, Planning Committee, President Archer, Provost Rosencrants, deans, or department chairs regarding retrenchment, financial exigency, program elimination, or faculty cuts.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents previously produced at CBU-002 to CBU – 056. See also documents at CBU-058-083. CBU will produce additional responsive and discoverable documents, if any, once a protective order is entered.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving said objections, in addition to the documents identified in CBU's original Response, please see documents produced at CBU 251-252, 398-405, 411-981.**

**<u>REQUEST NO. 6:</u>** Produce all documents sufficient to show the faculty and staff positions selected for elimination in the 2023 retrenchment, including the department or unit of each position and whether the position holder was tenured, tenure-track, or non-tenure-track.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad and unduly burdensome, as it seeks "all" documents without reasonable limitations.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents CBU-201-205 and CBU-211-218. Additional, discoverable documents responsive to this request, if any, will be produced as they are located.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents at CBU 402-405.**

**REQUEST NO. 7:** Produce all versions, drafts, comments, attachments, and communications concerning the October 31, 2023, Presidential Charge to Chairs and Deans.

> **OBJECTION: CBU objects to this Request as overly broad and unduly burdensome, and disproportionate to the needs of the case. CBU further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege.**

> **RESPONSE: Subject to and without waiving said objection, see documents previously produced at CBU 024 – CBU 031. See also CBU-058-083. Defendant is continuing to search for documents, if any, and will produce additional discoverable documents as they become available.**

**REQUEST NO. 8:** Produce all documents concerning the decision to declare Appendix G.3.e criterion (3) "not applicable," including any discussion of women faculty, women religious, minority groups, gender, race, hiring goals, representation, or institutional goals.

> **OBJECTION: CBU objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with its Retrenchment Policy outlined in the Faculty Handbook, which CBU denies. CBU further objects on the grounds that it misstates the facts of the case as CBU never declared the criterion as "not applicable." CBU further objects to the Request to the extent it seeks documents and communications protected by the attorney-client privilege. Further, CBU submits it followed the advice of its outside counsel to ensure it complied with applicable state and federal law.**

> **RESPONSE: Subject to and without waiving said objection, none.**

**REQUEST NO. 9:** Produce all documents concerning any decision or instruction that retention recommendations should be made irrespective of gender or race.

> **OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. CBU further objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with its Retrenchment Policy outlined in the Faculty Handbook, which CBU denies. CBU further objects to the Request to the extent it seeks documents and communications protected by the attorney-client privilege. Further, CBU submits it followed the advice of its outside counsel to ensure it complied with applicable state and federal law.**

> **RESPONSE: Subject to and without waiving said objection, see documents previously produced at CBU 024 – CBU 031.**

**<u>REQUEST NO. 10:</u>** Produce all documents concerning any interpretation, modification, suspension, amendment, or non-use of Appendix G.3.e criterion (3), including any consideration of whether Faculty Assembly approval was required.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. CBU further objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with its Retrenchment Policy outlined in the Faculty Handbook, which CBU denies. CBU further objects on the grounds that it misstates the facts of the case as CBU never modified, suspended, or amended the criteria. CBU further objects to the Request to the extent it seeks documents and communications protected by the attorney-client privilege.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, see documents previously produced at CBU 024 – CBU 031.**

**<u>REQUEST NO. 11:</u>** Produce all documents concerning any instruction, decision, or discussion that retention decisions were based on seniority rather than on merit, versatility, and seniority.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. CBU further objects to this Request to the extent it is based on the unsupported premise that CBU did not comply with its Retrenchment Policy outlined in the Faculty Handbook, which CBU denies. CBU further objects on the grounds that it misstates the facts of the case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, none.**

**<u>REQUEST NO. 12:</u>** Produce all documents concerning the selection of faculty members for termination or retention within the Department of Religion and Philosophy in 2023.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see CBU-058-083 and CBU-201-205. CBU will supplement its response if additional discoverable documents are located and once a protective order is entered in this case.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see CBU 398-401, 402-405, 411-981**

**<u>REQUEST NO. 13:</u>** Produce all ranking sheets, comparison charts, score sheets, matrices, worksheets, notes, draft recommendations, or similar documents used to compare faculty members in the Department of Religion and Philosophy for purposes of retention or termination.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, CBU does not possess any documents responsive to Request No. 12.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see CBU 945-981.**

**<u>REQUEST NO. 14:</u>** Produce all documents reflecting the application of the criteria of tenure, Christian Brother status, merit, versatility, seniority, or institutional goals to Plaintiff or to any other faculty member in the Department of Religion and Philosophy.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, CBU does not possess any additional documents that would be responsive to Request No. 12.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see CBU 945-981.**

**REQUEST NO. 15:** Produce all documents identifying who recommended, approved, reviewed, or finalized the decision to terminate Plaintiff's position.

> **OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**
>
> **RESPONSE: Subject to and without waiving said objections, see documents previously produced at CBU 024 – CBU 031, documents produced at CBU- 201-205. Additional documents, if any, may be supplemented after the entry of a protective order.**
>
> **SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, see CBU 945-981.**

**REQUEST NO. 16:** Produce documents sufficient to show, for each full-time faculty member in the Department of Religion and Philosophy from August 1, 2023, through August 1, 2025: name, sex, rank, tenure status, discipline, years of service, administrative role if any, and employment status.

> **OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks private personnel information of third parties without adequate limitations and safeguards. CBU further objects to this Request on the grounds that the requested information, certainly as to the 2024-2025 school year and any discipline actions, would be irrelevant to Plaintiff's claims.**
>
> **RESPONSE: Subject to and without waiving said objections, CBU does not have documents that contain the requested information. Answering further, see CBU-201-205.**
>
> **SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, see CBU 1398-1422.**

**REQUEST NO. 17:** Produce documents to show Philip Maloney, Bruce Cinquegrani, Paul Haught, Karl Leib, and Plaintiff: department, rank, tenure status, discipline, teaching

assignments, course load, student credit hour production, administrative assignment if any, and employment status from August 1, 2018 through August 1, 2025.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks private personnel information of third parties without adequate limitations and safeguards. CBU further objects to this Request on the grounds that the requested information, certainly as to the 2024-2025 school year and any discipline actions, would be irrelevant to Plaintiff's claims.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see CBU-058-083 and CBU-201-205. Answering further, CBU does not have documents with the requested information.**

**<u>SUPPLEMENTAL RESPONSE</u>: In addition to the foregoing objections, CBU objects to producing the requested information related to Karl Leib as he was not in the Department of Religion and Philosophy and, accordingly, has no relevance to Plaintiff's lawsuit. Subject to and without waiving the foregoing objections, see documents produced at CBU 1367-1370, 1387-1390, 1398-1422.**

**<u>REQUEST NO. 18:</u>** Produce all documents concerning the qualifications, versatility, teaching coverage, or comparative merit of Plaintiff, Philip Maloney, Bruce Cinquegrani, Karl Leib, and Paul Haught.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks private personnel information of third parties without adequate limitations and safeguards. CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, CBU does not have documents responsive to this request.**

**<u>SUPPLEMENTAL RESPONSE</u>: In addition to the foregoing objections, CBU objects to producing the requested information related to Karl Leib as he was not in the Department of Religion and Philosophy and, accordingly, has no relevance to Plaintiff's lawsuit. Subject to and without waiving the foregoing objections, see documents produced at CBU 1367-1370, 1387-1390, 1398-1422.**

**REQUEST NO. 19:** Produce all documents concerning Emily Holmes' resignation, including when CBU learned of it and any discussion of its effect on department composition, faculty coverage, or retrenchment decisions.

> **OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it misstates facts as Ms. Holmes' resignation came after all retrenchment decisions were made.**
>
> **RESPONSE:** **Subject to and without waiving said objection, see CBU-058.**
>
> **SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections, see documents produced at CBU 242, 251-252**

**REQUEST NO. 20:** Produce all documents concerning Karl Leib's scheduled December 7, 2023, termination meeting, including documents concerning its scheduling, cancellation, or the decision not to terminate him.

> **OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks documents irrelevant to Plaintiff's claims.**
>
> **RESPONSE:** **Discoverable documents responsive to this request, if any, have been or will be provided to Plaintiff upon the entry of a protective order.**

**REQUEST NO. 21:** Produce all documents concerning the decision to discontinue the Political Science major as part of the 2023 retrenchment process, including what, if any, criteria were applied to that major that differed from other discontinued majors.

> **OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks documents irrelevant to Plaintiff's claims. CBU further objects to this Request to the extent it is based on the unsupported premise that the Political Science major was evaluated or treated differently from other discontinued majors during the**

**retrenchment process, which CBU denies. CBU further objects to this Request on the grounds that it is irrelevant to Plaintiff's claims given that she was not in the Political Science department.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, CBU does not have documents responsive to this request.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 002-056, 398-401, 411-944.**

**<u>REQUEST NO. 22:</u>** Produce all documents concerning any comparison of Karl Leib to other terminated faculty whose majors or programs were discontinued.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks documents irrelevant to Plaintiff's claims. CBU objects to this Request on the grounds that it misstates the retrenchment process. There was no "comparison" between faculty of different departments.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, none.**

**<u>REQUEST NO. 23:</u>** Produce all documents concerning the December 7, 2023, termination meetings, including schedules, invitations, talking points, scripts, notes, agendas, lists of faculty selected to attend such meetings, and any follow-up summaries.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it seeks documents irrelevant to Plaintiff's claims to the extent it seeks information from other faculty member's meetings. CBU further objects to this Request to the extent it seeks documents already in Plaintiff's possession.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see documents produced at CBU 0001-0076 and CBU-201-205.**

**<u>REQUEST NO. 24:</u>** Produce all documents concerning Plaintiff's December 7, 2023, termination meeting.

**<u>OBJECTION:</u> CBU objects to this request on the grounds that it is unnecessarily duplicative of Request No. 23.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see response to Request No. 23.**

**<u>REQUEST NO. 25:</u>** Produce all documents concerning the reasons communicated to Plaintiff for the elimination of her position, including any reference to the elimination of the Philosophy major, seniority, versatility, or other stated reasons.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to producing any documents related to the selection of faculty members for non-retainment until a protective order is entered in this case.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see documents previously produced at CBU 001 – CBU 056. See also CBU-058-083. CBU will produce additional discoverable documents, if any, once a protective order is entered in this case.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 411-981.**

**<u>REQUEST NO. 26:</u>** Produce all documents sufficient to show the attendees at Plaintiff's December 7, 2023 termination meeting.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU objects to this Request on the grounds that it is not relevant or proportional to the needs of the case, as the identities of the attendees at Plaintiff's termination meeting are not relevant to Plaintiff's claims or defenses.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, none.**

**<u>REQUEST NO. 27:</u>** Produce all documents concerning Paul Haught's return or proposed return to a faculty position in 2023 or 2024, including any decision to assign or reassign him to the Department of Religion and Philosophy.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request on the grounds that it is irrelevant to Plaintiff's claim.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see documents produced at CBU-058-076 may be responsive to this request.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 243-250, 253-260.**

**<u>REQUEST NO. 28:</u>** Produce all documents concerning the reassignment of any Spring 2024 course from Plaintiff to Paul Haught.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request as it misstates the facts as no class was reassigned from Plaintiff to Paul Haught.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, documents responsive to this request are included in CBU-058-076.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 243-250, 253-260.**

**<u>REQUEST NO. 29:</u>** Produce all documents concerning whether Plaintiff was considered for reinstatement, reassignment, or alternative employment at CBU after Haught's resignation or at any other time after December 7, 2023.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to and without waiving said objections, none.**

**<u>REQUEST NO. 30:</u>** Produce all documents concerning any effort, or decision not to make any effort, to find alternative employment for Plaintiff within CBU.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request to the extent it is premised on the unsupported assumption that CBU was required to seek alternative employment for Plaintiff within CBU. The entire need for the elimination of Plaintiff's, and other faculty's, positions was due to financial exigency.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, none.**

**<u>REQUEST NO. 31:</u>** Produce all versions of the severance or separation agreement offered to Plaintiff and all documents concerning Plaintiff's execution, withdrawal, rescission, or revocation of that agreement.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, a copy of Plaintiff's Separation and Transition Agreement is attached hereto under CBU-077-083.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 261-271.**

**<u>REQUEST NO. 32:</u>** Produce all documents concerning the requirement in the severance agreement that the employee release or certify the absence of pending complaints, grievances, charges, or lawsuits against CBU.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see response to Request No. 31.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 261-271, 1285-1286.**

**<u>REQUEST NO. 33:</u>** Produce all documents concerning Plaintiff's appeal to the Faculty Review Committee, including schedules, communications, meeting notes, draft decisions, recommendations, and internal discussions.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to and without waiving said objections, documents responsive to this request are included in CBU-206-218. CBU is searching for additional responsive documents and will supplement its response if it locates additional responsive and discoverable documents.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 389-393, 1178-1356. 1365-1366, and the voicemail produced as "Leigh Johnson Voicemail 01.08.24.m4a."**

**<u>REQUEST NO. 34:</u>** Produce all communications between any Faculty Review Committee member and any administrator, dean, chair, Human Resources representative, Board representative, faculty member or counsel concerning Plaintiff's appeal.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). As stated, this Request would seek communications amongst the entire CBU faculty and is unduly burdensome.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 389-393, 1178-1356. 1365-1366, and the voicemail produced as "Leigh Johnson Voicemail 01.08.24.m4a."**

**<u>REQUEST NO. 35:</u>** Produce all documents and communications by or involving Faculty Review Committee member Benjamin Jordan concerning Plaintiff's appeal from December 15, 2023, through February 15, 2024.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to said objection, CBU is continuing to search for discoverable documents responsive to this request as Dr. Ben Jordan has not been employed by CBU for approximately two years.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 389-393, 1178-1356, and 1365-1366.**

**<u>REQUEST NO. 36:</u>** Produce all documents concerning Faculty Assembly President Philip Maloney's and Provost Rosencrants' involvement in the Faculty Review Committee process relating to Plaintiff.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to said objections, documents responsive to this request, if any, are attached hereto.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 389-393, 1178-1356, and 1365-1366.**

**<u>REQUEST NO. 37:</u>** Produce all documents concerning any decision, after Plaintiff revoked the severance agreement, not to pay severance, and not to continue the Faculty Review Committee process.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to the extent that the Request assumes or implies an improper motive or intent on the part of CBU, which is unsupported and expressly denied. CBU further objects to this Request on the grounds that it misstates the facts of the case, as no severance would have been owed upon Plaintiff's**

**revocation of the Separation Agreement, and Plaintiff never renewed her appeal to the Faculty Review Committee following revocation of the Separation Agreement.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, none.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 261-271, 1285-1286, and 1316-1320.**

**<u>REQUEST NO. 38:</u>** Produce all documents concerning any decision to exclude Plaintiff from departmental meetings, departmental communications, or departmental decision-making during Spring 2024.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request as it misstates facts as CBU did not exclude Plaintiff from any meetings, communications, or decision-making she would not otherwise be involved in.**

**<u>RESPONSE:</u> Subject to and without waiving said objection, none.**

**<u>REQUEST NO. 39:</u>** Produce all documents concerning the April 26, 2024, incident in which Plaintiff was removed from her classroom and brought to a meeting attended by Dean Tullia, Ron Brandon, and law enforcement, including emails, texts, notes, reports, witness statements, security records, and communications with the Memphis Police Department.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to this Request to the extent it seeks documents already in Plaintiff's possession.**

**<u>RESPONSE:</u> Documents responsive to this request have previously been produced to Plaintiff as part of CBU's initial disclosures. Subject to and without waiving said objections, CBU would direct Plaintiff to her social media posts from that day and from April 28, 2024, or any other date, stating she was going "out with a bang" with a firecracker/dynamite emoji" and describing the incident described in Request No. 39.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 406-410.**

**<u>REQUEST NO. 40:</u>** Produce all documents concerning any report, complaint, or communication about Plaintiff's social-media post referenced during the April 26, 2024, incident.

**<u>OBJECTION:</u> CBU objects to this Request to the extent it is unnecessarily duplicative in light of Request No. 39.**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see response to Request No. 39.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 406-410.**

**<u>REQUEST NO. 41:</u>** Produce all documents concerning any threat assessment, safety assessment, incident report, witness statement, security report, or follow-up report relating to Plaintiff in April or May, 2024.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to and without waiving said objections, see response to Requests numbers 39-40.**

**<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 406-410.**

**<u>REQUEST NO. 42:</u>** Produce all documents concerning Plaintiff's retrieval of personal belongings from her office on or around May 11, 2024.

**<u>OBJECTION:</u> CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

**<u>RESPONSE:</u> Subject to and without waiving said objections, none.**

**REQUEST NO. 43:** Produce all documents concerning any instruction or campus safety or security regarding Plaintiff, her office access, her belongings, or her access to campus in May 2024.

> **OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**

> **RESPONSE:** **Subject to and without waiving said objections, none.**

**REQUEST NO. 44:** Produce documents sufficient to identify the custodians, email accounts, phones, shared drives, could storage locations, and other repositories searched or to be searched for documents responsive to these Requests, including but not limited to President Archer, President Englert, Dean Tullia, Provost Rosencrants, James Wallace, Scott Geis, Philip Maloney, Ron Brandon, Paul Haught, Human Resources personnel, campus safety personnel, and members of the Retrenchment Committee, Board of Trustees, and Faculty Review Committee.

> **OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Plaintiff has made no allegations that any records have been destroyed and, accordingly, the requested information is irrelevant to Plaintiff's claims.**

**REQUEST NO. 45:** Produce documents sufficient to show whether, when, and to whom Defendant issued any litigation hold, preservation notice, or similar preservation instruction relating to Plaintiff, Plaintiff's claims, the retrenchment process, the Faulty Review Committee appeal, or the claims and defenses in this action.

> **OBJECTION:** **CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Plaintiff has made no allegations that any records have been destroyed and, accordingly, the requested information is irrelevant to Plaintiff's claims. CBU further objects to this Request on the grounds that it seeks**

**communications protected by the attorney-client privilege and/or work product doctrine. Counsel has already confirmed that the litigation hold was communicated and upheld by CBU after received from the Plaintiff.**

**REQUEST NO. 46:** Produce documents sufficient to show the steps Defendant has taken since May 10, 2024, to preserve electronically stored information and paper records relevant to this action, including any suspension of automated deletion, document-destruction, email-retention, offboarding, or account-deactivation processes.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Plaintiff has made no allegations that any records have been destroyed and, accordingly, the requested information is irrelevant to Plaintiff's claims. CBU further objects to this Request on the grounds that it seeks communications protected by the attorney-client privilege and/or work product doctrine. Counsel has already confirmed that the litigation hold has been communicated and upheld by CBU after received from Plaintiff.**

**REQUEST NO. 47:** Produce all documents sufficient to show the steps Defendant has taken to preserve the records, email accounts, network files, shared drives, and other institutional materials of any departing employee or early-retirement employee with knowledge relevant to this action, including but not limited to David Archer, Lydia Rosencrants, Br. Chris Englert, Scott Geis, Dean Tullia, Ron Brandon, Philip Maloney, James Wallace, and members of the Retrenchment Committee and Faculty Review Committee.

**OBJECTION: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Plaintiff has made no allegations that any records have been destroyed and, accordingly, the requested information is irrelevant to Plaintiff's claims. CBU further objects to this Request on the grounds that it seeks communications protected by the attorney-client privilege and/or work product doctrine. Counsel has already confirmed that the litigation hold has been communicated and upheld by CBI after received from Plaintiff.**

**<u>REQUEST NO. 48:</u>** Produce all documents concerning the July 30, 2024, AAUP letter, CBU's response to that letter, the September 30, 2024, AAUP follow-up letter, and any internal discussion of reinstatement, due process, severance, retrenchment procedures, or faculty committee involvement.

> **<u>OBJECTION</u>: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1).**
>
> **<u>RESPONSE:</u> Subject to and without waiving said objection, CBU would direct Plaintiff to the two letters already in her possession. The July 30, 2024, letter was attached to her original Complaint at Exhibit D. (<u>See</u> ECF No. 2-2, at PageID 40–45.) Plaintiff filed the September 30, 2024, letter with her untimely filed Amended Complaint. (<u>See</u> ECF No. 33-1, at PageID 188–189.) CBU will supplement its response with additional responsive and discoverable documents.**
>
> **<u>SUPPLEMENTAL RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced at CBU 1395-1397.**

**<u>REQUEST NO. 49:</u>** Produce all documents concerning any public safety statement by CBU or CBU President Br. Chris Englert in or around July 2024 that CBU had ended the 2023 – 2024 academic year with no debt or operating in the black, including drafts, talking points, interview preparation materials, underlying financial summaries, and communications concerning the accuracy or basis of those statements.

> **<u>OBJECTION</u>: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). CBU further objects to the term "public safety statement" as it is unclear what that term means. CBU further objects to producing any financial documents without having a protective order in place.**
>
> **<u>RESPONSE:</u> Subject to and without waiving said objection, CBU would direct Plaintiff to the article she attached to her Complaint at Exhibit C. (ECF No. 2-2, at PageID 35-39.)**

**<u>REQUEST NO. 50:</u>** Produce all documents concerning any written or oral explanation communicated to faculty (or announced in Faculty Assembly meetings), administrators, or staff for the end of David Archer's tenure as President, including any documents referring to Lydia Rosencrants or Ron Brandon or to any effect of Archer's departure on the retrenchment process, University administrative responsibilities, or decisions affecting Plaintiff.

> **<u>OBJECTION</u>: CBU objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all documents" without reasonable limitation, in violation of Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects on the grounds that said request is vague and ambiguous and CBU does not have documents responsive to this request.**

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By: *s/Stephen W. Vescovo*
STEPHEN W. VESCOVO (7246)
JAMIE GIBBER (39552)
2900 One Commerce Square
40 S. Main St.
Memphis, TN 38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of July, 2026, a copy of the foregoing pleading has been delivered to the following via email:

Dr. Leigh M. Johnson
1492A Newton Street NW
Washington, DC 20010
drleighmjohnson@gmail.com
*Pro se Plaintiff*

*s/Stephen W. Vescovo*
STEPHEN W. VESCOVO

4936-4154-0540