**Gibber, Jamie**

| | |
|---|---|
| **From:** | Leigh Johnson <drleighmjohnson@gmail.com> |
| **Sent:** | Monday, July 13, 2026 8:15 AM |
| **To:** | Gibber, Jamie |
| **Cc:** | Vescovo, Steve W.; Taylor, Ginger |
| **Subject:** | Re: Johnson v. CBU Our File: UTI01.10003 July 8, 2026 |

Ms. Gibber,

I will be available at 3:00 p.m. Eastern today for our conferral call. My phone number is 901-679-5937.

I anticipate that our call will address the following, which are the subjects of the relief I intend to seek should we fail to resolve them: (1) CBU's overdue written responses to my Second Set of Requests for Production; (2) the sufficiency of CBU's July 8 privilege log; (3) the redaction to the document formerly produced at CBU-067; (4) the form of CBU's July 8 production, including native-format ESI and complete email families; and (5) deposition logistics. I note that CBU's Motion for Protective Order (ECF 55) was denied at ECF 58, so please advise on the call whether CBU intends to refile it.

As to my deposition: I am available on August 14, August 18, and August 20. I remain available for additional dates in late September and early October, in advance of the October 9 deposition deadline, and I would note that my deposition would be more efficient for both parties once CBU's document production is complete.

My position remains that the deposition should proceed by remote means. If CBU maintains that it will not proceed other than in person, please state that position and its specific grounds in writing so that the issue can be presented to the Court without further delay.

Regards,
Dr. Leigh M. Johnson

On Sun, Jul 12, 2026 at 10:36 PM Gibber, Jamie <jgibber@lewisthomason.com> wrote:

> Dr. Johnson:
>
> Please see below for responses to the points in your Friday evening email. We can be available at 2pm CST (3pm EST) tomorrow for a discussion. Please advise what the best number to reach you at then is. Also, you still have not responded regarding a date for your deposition. Please advise at your earliest convenience.
>
> Best,
>
> Jamie

**Jamie Gibber** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN| Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

**From:** Leigh Johnson <drleighmjohnson@gmail.com>
**Sent:** Friday, July 10, 2026 10:55 PM
**To:** Taylor, Ginger <GTaylor@LewisThomason.com>
**Cc:** Vescovo, Steve W. <SVescovo@LewisThomason.com>; Gibber, Jamie <jgibber@lewisthomason.com>
**Subject:** Re: Johnson v. CBU Our File: UTI01.10003 July 8, 2026

Dear Mr. Vescovo and Ms. Gibber,

I write in reply to CBU's July 8 supplemental production and Mr. Vescovo's July 8 letter. I'd like to schedule the follow-up conferral we discussed in our June 24 conversation concerning the path forward should your production prove deficient, which it has. I am available by telephone on Monday, July 13 after 2:00 p.m. Eastern to address the items below.

**1. Second Set of Requests for Production.** CBU's responses to my Second Set of RFPs (Nos. 51–82, served May 26, 2026) were due June 25, 2026. In our June 24 telephone conversation, I offered to hold that June 25 deadline in abeyance on the condition that CBU's supplementation of its responses to the First Set of RFPs resolved those requests (a compromise Ms. Gibber proposed that the two sets were "duplicative" and that CBU's responses to the First Set of RFPs would be responsive to both). As I confirmed in my June 26 email, which CBU did not contest, that abeyance was *conditional* and did not relieve CBU of its obligation to respond to my Second Set of RFPs in the case that its July 8 supplemental production was deficient.

CBU's July 8 "supplementation" was considerably deficient and did not obviate the necessity for responses to my Second Set of RFPs. Therefore, the condition for abeyance set forward in our June 24 conversation was not met. CBU's Second Set responses are now overdue.

Because CBU has now had more than 45 days since I served my Second Set of RFPs, responses to that Second Set of RFPs must be produced without delay. Consistent with our June 24 agreement, I am willing to grant a second, and final, extension of the deadline for responses to the Second Set of RFPs to **Wednesday, July 15, at 5pm Eastern**. Given Defense counsel's promise to "obviate the need" for such reposes in its July 8 production, and its manifest deficiency in doing so, I will not afford any further extensions of the already-overdue deadline for responses to my Second Set of RFPs. They are now already overdue.

I remain willing and available to discuss specific unresolved requests on our July 13 call, but the July 15 deadline for your responses to the Second Set will remain in effect nonetheless.

We can discuss at the call tomorrow, but the requests are entirely duplicative of the First Set of Requests, as set forth in our motion for protective order. We do not have anything additional at this time.

**2. Privilege log.** CBU's July 8 privilege log does not satisfy Rule 26(b)(5)(A). Two categorical entries spanning September 2023 to the present, without identification of individual documents, dates, authors, or recipients, do not permit assessment of the privilege claims asserted. A complete privilege log, compliant with Rule 26(b)(5)(A), **must be produced by July 15**. You can, of course, produce a supplemental log immediately, but be advised that I will not agree to an additional extension of the deadline for a fully adequate privilege log, which has been *overdue* since April 25. I am happy to explain your privilege log deficiencies further in our conferral call on July 13.

We are happy to discuss further at the call tomorrow, but Rule 26(b)(5)(A) does not require an identification of individual documents the way you have described.

**3. Bates renumbering and redaction.** In our June 24 conferral call, CBU gave no indication that it intended to redact or claw back any part of its prior production, which was the time to raise those matters in a "good faith" conferral conference. **I do not accept CBU's redaction of the document formerly produced as CBU-067**. CBU should withdraw the redaction and reproduce the pages as originally produced, with Bates-numbers that are consistent with CBU's previous productions in this case.

The portion of the document that was redacted from the correspondence previously produced at CBU-067 is correspondence exchanged with counsel and within our office. That portion of the document was inadvertently produced, as set forth in the letter accompanying the supplemental responses . There has been no "claw back."

As CBU requested in ECF 49 and as Judge Christoff directed in ECF 58, I have conferred with Defense counsel by telephone in good faith, including explaining at length and in detail the documents I was seeking and even offering a conditional abeyance of CBU's production deadlines. There is, at present, no argument to support CBU's previous position that it was "confused" about the materials it was required to produce, which had already been documented, in detail, in my prior written communications and now also communicated in telephone conversations. CBU produced more than 1400 page on July 8, 90% of which were either duplicative in content or not produced in a manner not compliant with the document production guidelines we agreed upon in our June 24th conferral conference, i.e., "documents should be produced in the manner that they are regularly preserved".) Instead, you sent me excerpts of incomplete email "family"-chains, multiple documents referencing documents redacted or withheld, several hundred pages of "screen captures" of CBU webpage or Excel worksheets produced as (flat, unreadable) images, without providing any crosswalk to your prior Bates numbers, creating a muddled and practically un-navigable reference problem going forward.

We produced 1422 documents last week. As explained in the letter accompanying the production, there was an error in the prior Bates numbers. The "un-navigable reference problem" was already present prior to this production, which is why we attempted to fix it here. As explained in the letter, we had previously produced documents CBU-001-57 and 058-241 with our initial disclosures on December 23, 2025. The documents we produced with the First Set of Requests

for Production were mistakenly marked as 058-218. The documents previously marked CBU 001-241 are still the same, with the exception that the documents previously produced at CBU-201 through CBU-205 were not readable, so they were fixed at CBU 402-405. I am not sure what "crosswalk to your prior Bates numbers" means, but – as stated in the letter – if there is anything we can clear up on that front, we are happy to do so.

Regarding the substance of the production, we are confused how "90% of" the production could be duplicative in content to the original production. We previously produced 241 documents. We produced **another 1,181 documents** last week. How could 90% of it be duplicative of the prior production? We spent ample time ensuring that there were no duplicative documents produced. You also state that the documents were "not produced in a manner compliant with the document production guidelines we agreed upon in our June 24th conferral conference." Please see attached for our back and forth from that conference.

Please advise what excerpts there are of incomplete email "family" chains and we can address that. Please advise what documents reference documents redacted or withheld. We do not have any other format to provide the information on the web pages. We have already addressed the Excel worksheet issue in our previous response to your deficiency letter and there was no discussion of that at the prior conference. If you need the Excel worksheets in their native format, you will have to meet the standard set forth in the letter and in our Rule 26(f) report we jointly submitted in this case.

We have now produced over a thousand additional documents to address the points in our discussion from June 24, 2026. As we mentioned at that meeting, we maintain that some of the documents you are seeking are not discoverable in this litigation. We can go through those item by item if needed at our call so that we can all have a better understanding of what the other's position is, which is the purpose of a meet and confer conference.

Notwithstanding my efforts at genuine conferral on defense counsel's terms, CBU's July 8 production not only does not cure the deficiencies it promised to cure in our June 24th conferral conversation, but introduces new ones.

I remain willing to resolve these issues by telephone. However, if telephone conferrals only serve to produce further delay, rather than cure production or reduce unnecessary motion practice, I will have no option but to seek the Court's intervention, either by requesting a status conference or by re-filing a renewed motion to compel.

I am continuing to review your July 8 production and will raise any further deficiencies, including the multiple deficiencies with regard to the form of production, which we already discussed, separately. Nothing in this letter waives, and I expressly reserve, my objections and positions as to CBU's written discovery requests served July 8.

Please confirm the July 13 call.

Regards,

Leigh M. Johnson

On Wed, Jul 8, 2026 at 11:29 PM Taylor, Ginger <GTaylor@lewisthomason.com> wrote:

Dr. Johnson, below please find a OneDrive link containing CBU's First Set of Discovery to you, along with CBU's supplemental responses to your discovery requests, CBU's Privilege Log, and document production.

Johnson v. CBU - First Discovery to Plf and Supp Discovery Responses to Plf