Exhibit A

**Gibber, Jamie**

**From:** Leigh Johnson <drleighmjohnson@gmail.com>
**Sent:** Friday, June 26, 2026 4:15 PM
**To:** Gibber, Jamie
**Cc:** Vescovo, Steve W.
**Subject:** Re: Johnson v. CBU - Meet and Confer

Dear Ms. Gibber,

Thank you for sending this summary. I appreciate your effort to assemble it, and I agree with the substance of most of it. I do need to correct one significant inaccuracy and clarify two other points before we finalize our shared understanding.

Before turning to the corrections, I will note that the Protective Order at ECF 45 has been in effect since May 13. As I explained in our conversation, any documents from the First Set of RFPs that were being withheld awaiting a Protective Order are already six weeks overdue. I agreed to extend you another 14 days to produce those materials, and engaged in a good-faith conversation aimed at addressing any confusion you had about what my expectations were regarding broad "categories" of documents, but I made it clear that I do not (and will not) agree to additional extensions for document supplementation beyond the now-extended July 8 deadline.

Corrections and clarifications follow:

1. **Privilege Log.** Your summary states that I "may have come around" on the seven-day extension for the privilege log. That is not accurate. I stated clearly — more than once — that I did not agree to the additional seven-day delay. Mr. Vescovo responded that he was not compromising on that point either, and I noted that we had reached an impasse on that matter. I understand and have noted your rationale, but my position remains that the already-overdue privilege log is to be produced concurrently with the other already-overdue supplemental document production on July 8, 2026.

2. **Second Set of Requests for Production.** Your summary states that you "think" supplementation of the First Set of RFPs "will obviate the need" for the Second Set of RFPs, and you asked for an extension of the June 26 response deadline for the Second Set of RFPs. I want to be precise about what I actually agreed to: I agreed to ***conditionally suspend*** the June 26 response deadline for the Second Set of RFPs ***pending receipt of sufficient supplemental production from the First Set.*** If, after reviewing that production, the documents requested in the Second Set are not "obviated," I retain the right to pursue those requests. We agreed that any follow-up conferral on that matter would proceed on an expedited timeline. Since you will have already had the required 30 days to assemble your responses and/or production materials in response to the Second Set of RFPs prior to this conditional extension, I expect that the Second Set productions will be produced without delay. My agreement to a conditional extension of the June 26 deadline for responses to the Second Set of RFPs was a courtesy, not an agreement that those responses are unnecessary.

3. **Deposition.** Your summary is generally accurate on the deposition discussion, but it should be noted that deposition logistics were not on the agenda for this conferral per ECF 58. I addressed them as a courtesy. Nevertheless, one clarification should be added to your account: my expressed preference for Zoom is not solely a matter of financial burden or work-related

scheduling conflicts. I also explained that I do not concede defense counsel's argument that in-person examination offers any meaningful practical advantage that could justify requiring the expense and work interruption of my being forced to travel to Memphis. Zoom is a substantively adequate and widely-used platform for depositions, including document-intensive depositions. I remain willing to provide blackout dates once I have reviewed your supplemental production, but it remains the case that I am unable to travel to Memphis for an in-person deposition prior to trial. If CBU's position is that it is unable or unwilling to conduct my deposition in any manner other than in-person, I would ask that you advise me of that position, and articulate the specific reasons for it in writing promptly, so that relevant motion practice can proceed without unnecessary delay.

Subject to these corrections and clarifications, I believe the rest of your summary accurately reflects our discussion.

Sincerely,
Dr. Leigh M. Johnson

On Wed, Jun 24, 2026 at 4:05 PM Gibber, Jamie <jgibber@lewisthomason.com> wrote:

Dr. Johnson:

Thanks again for your time this afternoon to discuss the discovery issues in this case. I'm providing a summary of my understanding of our discussion and the agreements we came to.

We discussed the supplementation of specific documents. You specifically identified the documents related to the Faculty Review Committee, the Retrenchment Committee working materials, Dr. Leib's termination meeting documents, drafts and communications regarding the Presidential Charge, documents related to Dr. Haught's alleged reappointment, documents regarding the requirement that one historian be on staff, and a folio of communications referenced in prior production. We agreed that we would also go through our responses and identify the things we have already agreed to supplement. We discussed that some of these documents are irrelevant to the instant litigation and that we would produce discoverable documents. We had a brief discussion about the role of relevance in what is discoverable, but that we would identify in writing what we are withholding on the basis of that objection, if anything. We agreed to produce the supplemental production within 14 days, by July 8, 2026. You also asked about privilege logs. There was a bit of back and forth on that point, as we requested that we produce the privilege log within 7 days after our production (so by July 15, 2026). I know you initially did not agree to that, but I think you may have come around on that point once we explained the rationale for that delay. Please confirm that this plan works for you.

We also discussed the second set of requests for production and you agreed to suspend our deadline to respond to those requests pending the supplemental production. As we discussed, we will produce the documents and supplement the responses to the first set of requests accordingly, which I think will obviate the need for any responses to the second set of requests. You agreed that you would review the production and supplemental responses and if any response to the second set was necessary, we could have a follow-up call to address what you think needs to be addressed.

Finally, we spoke about your deposition. We explained what our rationale was for the need for an in-person deposition, which you disagreed with. You have advised that you are not able to travel to Memphis for a deposition during the summer because of your research work, book-writing, etc., and the expense for traveling. Our preference would still be

to conduct the deposition in-person, but we can reassess that position once we have your discovery responses (requests will be forthcoming later this week). We talked about going ahead and scheduling a deposition date for August, before you have additional obligations as it relates to teaching. We know from our review of the academic calendar while we were on the phone that classes do not begin until August 31, 2026, but you advised you have duties ahead of that date. You said you would get back to us regarding when those obligations begin so we can provide some potential dates ahead of that time. Please let us know about that as soon as possible, so that we can coordinate with our availability and give you options that will allow for us to notice your deposition with reasonable notice.

Best,

Jamie

LEWIS THOMASON

**Jamie Gibber** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN| Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

---

**From:** Gibber, Jamie
**Sent:** Tuesday, June 23, 2026 2:22 PM
**To:** 'Leigh Johnson' <drleighmjohnson@gmail.com>
**Cc:** Vescovo, Steve W. <SVescovo@LewisThomason.com>
**Subject:** RE: Johnson v. CBU - Meet and Confer

Perfect. We'll call you then. Thanks!

LEWIS THOMASON

**Jamie Gibber** Lawyer
**Lewis Thomason, P.C.**
ONE COMMERCE SQUARE
29TH FLOOR
40 SOUTH MAIN| Memphis, TN 38103
Tel: 901-525-8721 | Fax: 901-525-6722
Web Page | My Bio

---

**From:** Leigh Johnson <drleighmjohnson@gmail.com>
**Sent:** Tuesday, June 23, 2026 2:21 PM

**To:** Gibber, Jamie <jgibber@lewisthomason.com>
**Cc:** Vescovo, Steve W. <SVescovo@LewisThomason.com>
**Subject:** Re: Johnson v. CBU - Meet and Confer

Let's make it 2:30 pm just to be safe.

My phone number is 901-679-5937.

Regards,

Dr. Leigh M. Johnson

On Tue, Jun 23, 2026, 11:53 AM Gibber, Jamie <jgibber@lewisthomason.com> wrote:

> Dr. Johnson:
>
> Thanks for sending your availability. Steve and I can be available at 2:00p.m. EST tomorrow, Wednesday, June 24, 2026. Your email below said Wednesday, but June 25. I'm assuming the number date was just mistyped, but if my assumption was wrong and you're not available at that time tomorrow just let us know and we can figure something out. Can you please let us know what number is the best number to reach you at then?
>
> Best,
>
> Jamie
>
> LEWIS THOMASON
>
> **Jamie Gibber** Lawyer
> **Lewis Thomason, P.C.**
> ONE COMMERCE SQUARE
> 29TH FLOOR
> 40 SOUTH MAIN| Memphis, TN 38103
> Tel: 901-525-8721 | Fax: 901-525-6722
> Web Page | My Bio

**From:** Leigh Johnson <drleighmjohnson@gmail.com>
**Sent:** Friday, June 19, 2026 3:45 PM
**To:** Gibber, Jamie <jgibber@lewisthomason.com>
**Cc:** Vescovo, Steve W. <SVescovo@LewisThomason.com>
**Subject:** Re: Johnson v. CBU - Meet and Confer

Ms. Gibber,

Thank you for your email. I am writing to propose dates and times for the oral conferral. I am available at any of the following times:

- Tuesday, June 23: any time
- Wednesday, June 25: before 11:00 a.m. or after 2:00 p.m. (Eastern)
- Thursday, June 26: any time

Please let me know which of these works for you and Mr. Vescovo, and I will confirm promptly.

Regards,
Dr. Leigh M. Johnson

On Mon, Jun 15, 2026 at 3:33 PM Gibber, Jamie <jgibber@lewisthomason.com> wrote:

> Dr. Johnson:
>
> Per the Court's ruling, we need to get together to discuss the discovery issues in this case. Can you give us some dates and times that work for you this week? Steve and I do have some obligations throughout the week, so please give us a few proposed dates and times so that we can hopefully find something that works for everyone.
>
> Best,
>
> Jamie
>
> LT LEWIS THOMASON
>
> **Jamie Gibber** Lawyer
> **Lewis Thomason, P.C.**
> ONE COMMERCE SQUARE
> 29TH FLOOR
> 40 SOUTH MAIN| Memphis, TN 38103
> Tel: 901-525-8721 | Fax: 901-525-6722
> Web Page | My Bio