IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **DR. LEIGH M. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case 2:25-cv-2618-BCL-atc** |
| | ) | |
| **CHRISTIAN BROTHERS UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

Before the Court by order of reference[1] is Plaintiff Dr. Leigh M. Johnson's Motion for Protective Order Regarding the Place and Method of Plaintiff's Deposition, filed on August 30, 2026. (ECF No. 66.) Defendant Christian Brothers University ("CBU") filed a Response in Opposition to the Motion on September 8, 2026. (ECF No. 70.) For the following reasons, the Motion is DENIED.

## BACKGROUND

In this case, initially filed on June 17, 2025 (ECF No. 2), and as amended on April 28, 2026 (ECF No. 33),[2] Johnson brings claims against CBU for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, and for breach of her employment contract.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

[2] Johnson filed the Amended Complaint on March 10, 2026, without seeking CBU's consent or leave of Court as required by Federal Rule of Civil Procedure 15(a). Johnson subsequently filed a Motion for Leave to File First Amended Complaint Nunc Pro Tunc, or in the Alternative, to Deem ECF No. 33 Filed with Leave of Court (ECF No. 40), which was granted on April 28, 2026 (ECF No. 43).

Specifically, Johnson alleges that CBU discriminated against her on the basis of her gender, ultimately leading to the termination of her employment. (ECF No. 33.) Johnson seeks back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs, and pre- and post-judgment interest. (*Id.* at 35.)

The Motion for Protective Order concerns Johnson's deposition that CBU noticed for September 23, 2026. (ECF No. 66, at 1.) Johnson seeks a protective order directing that her deposition be conducted virtually rather than in-person in Memphis, Tennessee, arguing that traveling from Washington, D.C., where she resides, for her deposition would impose an undue burden and expense on her. (*Id.* at 4–7.) CBU counters that Johnson has failed to demonstrate good cause to "depart from the general rule that a plaintiff appears for deposition in the forum where suit is pending." (ECF No. 70, at 1.)

## ANALYSIS

### I. Standard of Review

"[A] person from whom discovery is sought may move the court for a protective order limiting discovery." *Int'l Fid. Ins. Co. v. Vimas Painting Co.*, No. 2:07-cv-298, 2008 WL 11455038, at *2 (S.D. Ohio Mar. 5, 2008) (citing *Roll Rite Corp. v. Automated Integrated Sys. Inc.*, 186 F. App'x 590 (6th Cir. 2006)). Rule 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Courts have broad discretion to grant or deny protective orders under Rule 26. *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

## II. Johnson Has Not Shown Good Cause for a Protective Order

"The general rule is that the proper location of a plaintiff's deposition is in the forum where the litigation is pending." *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 737 F. Supp. 3d 611, 617 (E.D. Mich. 2024) (quoting *Scooter Store, Inc. v. Spinlife.com, LLC*, No. 10-cv-18, 2011 WL 2118765, at *2–3 (S.D. Ohio May 25, 2011)) (cleaned up). "There are sound reasons for enforcing the general rule concerning the location of a plaintiff's deposition. As a formal matter, the party noticing the deposition designates the time and place of the deposition." *Id.* (citing Fed. R. Civ. P. 30(b)(1)). And, "[a]s a practical matter, '[t]he basis for requiring plaintiff to come to the forum for the taking of his or her deposition in most cases is that plaintiff has selected the forum.'" *Id.* (quoting 8A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2112 (3d ed. 2010)). "[I]n the absence of a proper showing" of good cause, the court should not "depart from the general rule that the forum of suit is an appropriate place for the taking of a [plaintiff's] deposition." *Id.*; *see also James v. Thomas*, No. 1:24-cv-00061-RGJ-llk, 2025 WL 2945597, at *2 (W.D. Ky. Oct. 17, 2025) ("To establish good cause, the moving party must demonstrate that 'specific prejudice or harm will result from the absence of a protective order.'" (quoting *In re. Ohio Execution Protocol Litig*, 845 F.3d 231 236 (6th Cir. 2016))).

A party must therefore "establish 'a legitimate reason to take a deposition by remote means for a court to authorize such over the objection of an opposing party.'" *Mosley v. Friauf*, No. 3:22-cv-120-TRM-dcp, 2023 WL 3791393, at *2 (E.D. Tenn. June 2, 2023) (quoting *Kirlkand v. City of Maryville*, No. 3:19-cv-312-DCLC-hbg, 2020 WL 12863656, at *2 (E.D. Tenn. Aug. 17, 2020)). In assessing whether the party has done so, "courts consider the amount of money at stake in the case, the financial means of the distant party, the complexity of the

issues involved, and whether the issues will turn on the deponent's credibility." *Id.* (quoting *Loyless v. Oliveira*, No. 1:09-cv-239, 2011 WL 13308425, at *3 (E.D. Tenn. June 24, 2011)). If the court finds the moving party's reasons legitimate, "the burden shifts to the 'opposing party to show how [it] would be prejudiced.'" *Id.* (quoting *Kirlkand*, 2020 WL 12863656, at *2).

Rather than arguing that good cause exists, Johnson largely attacks CBU's reasons for seeking an in-person deposition. She asserts that "[d]efense counsel's generalized preference for physical presence is not good cause to impose hundreds of dollars of travel costs and multiple lost workdays on a pro se litigant; if it were, Rule 30(b)(4) would be a dead letter." (ECF No. 66, at 6.) As CBU correctly asserts, however, CBU is not the moving party, and "the relevant inquiry is whether [Johnson] has demonstrated good cause for a protective order." (ECF No. 70, at 1.)

Johnson seemingly asserts that good cause exists to depart from the general rule because traveling to Memphis for her deposition on September 23rd would cause her to miss work and "to purchase short-notice round-trip airfare, two nights' lodging, and ground transportation." (ECF No. 66, at 4–5.) She further asserts that "credibility determinations that matter will be made by the factfinder, in person, at trial, regardless of where the deposition occurs." (*Id.* at 6.) She then argues that CBU is responsible for delaying her deposition until the start of her teaching semester and therefore "should not benefit from a burden its own delay created." (*Id.* at 7.)

As to financial burden, Johnson provides no indication of any undue expenses she may face beyond "[t]he ordinary inconvenience of travel" incident to bringing a case in a foreign jurisdiction. *James*, 2025 WL 2945597, at *2 (holding that a barebones assertion of financial hardship is, standing alone, insufficient to overcome the presumption that the plaintiffs must appear in the forum for a deposition). She does not state that she cannot afford the travel

expenses, only that they would pose "an estimated out-of-pocket cost of at least approximately $600 to $700 in airfare, lodging, and ground transportation." (ECF No. 66, at 4.) This assertion, even when considered alongside the interference with Johnson's routine work obligations, does not demonstrate a legitimate reason for a protective order. *See Chrysler*, 737 F. Supp. 3d at 618–19 ("[T]he fact that depositions by remote means may be an economical and appropriate tool in some instances, at least where the parties agree on the means, or where extraordinary circumstances such as the medical infirmity of a deponent make an in-person examination unreasonably risky, does not mean that good cause has been shown to compel the taking of depositions by remote means across the board for all plaintiffs, based merely on the routine inconvenience and expense that is incident to participation in litigation by any party who chooses to file suit in a forum distant from their residence."); *Steele v. Norfolk S. Ry. Co.*, No. 18-cv-13946, 2019 WL 13109924, at *3 (E.D. Mich. Dec. 5, 2019) (holding that the plaintiff's assertions about the significant costs and burdens of travel to the forum, having to take three days off of work, and having a six-month-old baby at home were insufficient to demonstrate a "clearly defined and serious injury" that might justify an exception to the general rule concerning in-person, in-forum depositions) (citations omitted).[3] This conclusion applies despite Johnson's *pro se* status, and she identifies no authority to the contrary.

---

[3] Johnson also briefly argues that the general rule should not apply because "[v]enue in this District follows from where CBU operates and where the events giving rise to this action occurred." (ECF No. 66, at 6.) Though it may be true that the Western District of Tennessee is the only proper forum for this case, Johnson has chosen to avail herself of this Court and "should be expected to be required to return . . . periodically in order to prosecute [her] case." *Shah v. Fortive Corp.*, No. 1:22-cv-312, 2025 WL 2687755, at *2 (S.D. Ohio Sept. 19, 2025) (denying a motion for a remote-deposition protective order, even though the plaintiff lived in Singapore and had "little choice but to file suit in this district").

Johnson makes no argument as to the amount in controversy. CBU, however, points out that Johnson's own expert places her economic damages as it relates to back pay and front pay at $357,395.00. (ECF No. 70, at 8.) This figure does not include an estimation of Johnson's claimed compensatory damages, punitive damages, attorneys' fees, or other forms of relief. The potential recovery could thus very well exceed $500,000, so the value of this case is not insignificant.

Johnson similarly makes no arguments regarding the complexity of the issues involved, but CBU concedes "that this case is not entirely complex and does not involve multiple parties." (ECF No. 70, at 9.) Nonetheless, CBU asserts that "the discovery in this case has led to the production of over a thousand documents" and that it would be "far easier to pass documents back and forth rather than rely on technology in pulling those documents up." (*Id.*) Though this factor does not weigh strongly in either direction, the Court finds that it weighs slightly in CBU's favor.

As to credibility, Johnson represents that "credibility determinations that matter will be made by the factfinder, in person, at trial, regardless of where the deposition occurs." (ECF No. 66, at 6.) But as CBU correctly counters, this argument "misses the point." (ECF No. 70, at 9.) The relevant inquiry in weighing the hardship to the deponent of travel against the prejudice to her opponent is "whether the issues will turn on the deponent's credibility." *Mosely*, 2023 WL 3791393, at *2 (quoting *Loyless v. Oliveira*, No. 1:09-CV-239, 2011 WL 13308425, at *3 (E.D. Tenn. June 24, 2011)). Johnson's credibility "is central to the damages and factual allegations [Johnson] seeks to prove." (ECF No. 70, at 9.) Because Johnson "is the primary, and in many instances the only, source of testimony regarding her damages in this case," CBU is entitled to

"assess her credibility in person as it prepares its defense and evaluate the claims asserted against it." (*Id.* at 10.)

Johnson has failed to sufficiently identify legitimate reasons for conducting her deposition remotely. She asserts only nonspecific hardship and that any assessments regarding her credibility will ultimately be made at trial. Her remaining arguments regarding scheduling disputes with CBU have no bearing on the Court's analysis, and, in any event, the fact that Johnson will have to miss work is insufficient to establish good cause. *Steele*, 2019 WL 13109924, at *2. As such, Johnson has not shown good cause for a protective order, and her Motion is denied. Johnson shall appear in person in Memphis, Tennessee, for her deposition.[4]

**CONCLUSION**

For the reasons set forth above, Johnson's Motion for Protective Order is DENIED.

SO ORDERED this 10th day of September, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

[4] In a display of good faith, CBU represents that it can be available on other dates in October, including dates after the October 9, 2026 deposition deadline set forth in the Scheduling Order. (ECF No. 70, at 11.) The Court will reserve consideration of CBU's offer unless and until it is properly presented through a motion to extend the applicable deadline or other appropriate motion. Should the parties agree to a date beyond the deadline, the Court will entertain a request for a brief extension of that deadline.