UTI01.10003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

DR. LEIGH M. JOHNSON,

Plaintiff,

v. Civil Action No.: 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,

Defendant.

---

**CHRISTIAN BROTHERS UNIVERSITY'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING MATERIALS OBTAINED BY SUBPOENA TO RHODES COLLEGE**

---

Pursuant to Local Rule 7.2(a)(2), Defendant, Christian Brothers University ("CBU"), by and through its counsel, hereby submits its Response to Plaintiff's Motion for Protective Order Regarding Materials Obtained by Subpoena to Rhodes College ("Plaintiff's Motion") (ECF No. 65). In response to Plaintiff's Motion, CBU states as follows:

## INTRODUCTION

Plaintiff's Motion fails at the outset because she has not met her burden of establishing good cause under Rule 26(c). Although CBU acknowledges that Plaintiff did not receive advance notice of the subpoena issued to Rhodes College as contemplated by Rule 45(a)(4) and promptly acknowledged and apologized for that oversight, Plaintiff has not identified any actual harm resulting from the notice issue that would warrant the relief she requests. Instead, Plaintiff seeks a series of orders that are either not contemplated by Rule 26(c), already provided by the Court's existing Protective Order, moot based upon actions already taken by the Parties, or directed toward hypothetical future evidentiary issues that are not ripe for adjudication. Plaintiff does not contend

that the Rhodes documents have been publicly disclosed, improperly disseminated, or misused in any way. Nor does she identify any clearly defined and serious injury that will result absent judicial intervention. In light of these failures, the Motion should be denied in its entirety.

## LAW AND ARGUMENT

### I. Legal Standards

As stated in Plaintiff's Motion, pursuant to Rule 26, for good cause, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26 provides several potential possibilities for inclusion in the protective order:

> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1)(A)-(H). "The burden of establishing good cause for a protective order rests with the movant." Nix v. Sword, 11 Fed. Appx. 498, 500 (6th Cir. 2001). "To show good cause, a movant for a protective order **must** articulate specific facts showing '**clearly defined and serious injury**' resulting from the discovery sought and cannot rely on mere conclusory statements." Id. (emphasis added); see also Serrano v. Cintas Corp., 699 F.3d 884, 901 (6th Cir. 2012) ("[T]o justify a protective order, one of Rule 26(c)(1)'s enumerated harms "must be

illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'") (quoting Nemir v. Mitsubishi Motors Cop., 381 F.3d 540, 550 (6th Cir. 2004)).

## II. Plaintiff has not shown good cause for a protective order and seeks relief that is not provided for in Rule 26(c)(1).

Plaintiff's Motion fails to meet her burden under Rule 26(c). Plaintiff does not even identify which harm she is seeking protection from in Rule 26(c)(1), as required in the Sixth Circuit. See Fears v. Kasich, 845 F.3d 231, 236 (6th Cir. 2016). She does not contend that the Rhodes records have been publicly disclosed, disseminated, or improperly used in this litigation. To the contrary, CBU has advised Plaintiff that the records were and are maintained on its secure document-management system and have not been disclosed to anyone outside CBU's litigation team. The undersigned likewise advised Plaintiff that he had not reviewed the Rhodes records at the time the parties conferred regarding the Rhodes documents. Rather than identifying any actual or threatened misuse of the records, Plaintiff requests that the Court enter an order that does not even include any of the relief identified in Rule 26(c)(1)(A)-(H). Instead, Plaintiff requests a variety of restrictions based upon speculation regarding what she suspects CBU might attempt to do with the records at some point in the future. Such speculative concerns do not establish good cause for entry of a protective order. See, e.g., Wimberly v. Campbell Clinic, P.C., 2021 U.S. Dist. LEXIS 263470, at *11 (W.D. Tenn. Jan. 14, 2021) (denying defendants' motion for protective order when the movant failed to "precisely state the basis for believing that [their] confidential information is at risk"). Plaintiff's speculative concerns, which are unwarranted in light of the protections provided by the protective order in this case, do not establish good cause under Rule 26(c).

Moreover, while CBU acknowledged the Rule 45(a)(4) notice issue and promptly apologized for that oversight, Plaintiff has failed to demonstrate that the notice issue resulted in any prejudice warranting the relief requested. The undersigned has repeatedly advised Plaintiff that she could designate the materials as confidential pursuant to the protective order already in place, which she has done. The relief Plaintiff seeks bears little connection to the procedural issue identified in the Motion.

**III. Even if the relief was provided for in Rule 26(c)(1), the relief requested by Plaintiff is unwarranted.**

Even if the relief requested in Plaintiff's Motion was provided for in Rule 26(c)(1), which it is not, the relief is unwarranted in this case.

First, Plaintiff requests an order requiring CBU to confirm that the Rhodes materials are designated confidential. (See ECF No. 65, at PageID 878.) That request is moot. Plaintiff expressly acknowledges in her Motion that she has designated the Rhodes material as CONFIDENTIAL under the Protective Order entered at ECF No. 45. (See ECF No. 65-1, at PageID 883.) Plaintiff's Motion is premised on a mischaracterization of CBU's position. CBU never refused confidential treatment of the records.[1] To the contrary, Plaintiff's Motion

---

[1] Plaintiff claims that "[a]n order is necessary notwithstanding Plaintiff's own confidentiality designation because designation under ECF No. 45 restricts disclosure; it does not restrict use," and because "CBU has itself asserted in writing that the Protective Order's designation provision applies 'in the context of opposing-party authored material' rather than to documents obtained by subpoena[.]" (See ECF No. 65-1, at PageID 884.) Plaintiff takes CBU's comments out of context.

A review of that August 10, 2026, communication (provided at ECF No. 65-3, at PageID 900), indicates that CBU was merely responding to Plaintiff's accusation that CBU's "reckless neglect" was in violation of a paragraph of the Protective Order. (See ECF No. 65-3, at PageID 900-02.) CBU also explained this to Plaintiff in its August 14, 2026, correspondence. (See ECF No. 65-3, at PageID 912.) Even if that were not the case, if CBU did not believe that the documents could be protected by the Protective Order it would not have advised Plaintiff that she could do so in its August 14, 2026, correspondence (provided at ECF No. 65-3, at PageID 912).

acknowledges that CBU expressly advised Plaintiff that she could designate any records she believed should be treated as confidential under the bilateral Protective Order. (See id.; see also ECF No. 65-3, at PageID 912.) CBU explained that it had not yet conducted the review required before making its own designation. (ECF No. 65-3, at PageID 900.) Plaintiff subsequently exercised that right. (See ECF No. 65-1, at PageID 883.) Accordingly, there is no live controversy requiring the Court's intervention on this issue and the relief requested in Paragraph (1) serves no practical purpose.

Second, Plaintiff asks the Court to prohibit CBU from using broad categories of documents obtained from Rhodes College and to require CBU to identify documents it believes are relevant to specific claims or defenses before any future use. (See ECF No. 65, at PageID 878-79.) These requests do not seek protection from discovery. Rather, they seek prospective, premature evidentiary rulings concerning documents CBU has not used, has not attempted to use, and may never seek to use in this litigation. CBU has not completed its review of the Rhodes records and has made no determination regarding what documents, if any, may ultimately be relevant in this case. CBU has even explained this to Plaintiff, as evidenced in the communication attached to Plaintiff's Motion:

> We did not commit to reviewing the records by today and stipulating to any non-use. As discussed at the August 10th call and reiterated above, we have not yet reviewed the records. We will not stipulate at this point – or even after our initial review – to any non-use. It seems that your biggest concern here is your mother's social security number (again – we have not reviewed the records and do not know where this information even comes from within those records). As advised at the call, your mother's social security number is irrelevant to the action and we do not see why it would ever be used – whether in motion practice or at trial. Obviously, there will come a point where exhibit lists will be exchanged between the parties, at which point CBU will be prepared to advise what records it intends to use at trial and you will have the right to move to exclude any evidence you take issue with. Discovery and admissibility are two very different issues, and we are not making any representations on what is or is not admissible at this time or what we will seek to admit at this point, as that issue is premature. That being said, we are not interested in your mother's SSN, phone number or anything else pertaining to her.

(ECF No. 65-3, at PageID 912.) As this Court is aware, questions concerning relevance, admissibility, prejudice, redaction, and evidentiary use are more appropriately addressed through

the ordinary procedures governing motions in limine and evidentiary objections, if and when those issues actually arise. Further, given that Plaintiff has designated the documents as CONFIDENTIAL pursuant to the Protective Order, Plaintiff is further protected by the protections provided therein. (See ECF No. 45.) Plaintiff effectively asks this Court to issue advisory rulings concerning hypothetical future uses of evidence. CBU respectfully requests that the Court decline that invitation.

Third, Plaintiff asks the Court to require immediate destruction or return of categories of documents currently in CBU's possession. (See ECF No. 65, at PageID 879.) The Court's existing Protective Order already governs the treatment of confidential materials and their ultimate disposition at the conclusion of the litigation. (See ECF No. 45, ¶ 14, at PageID 292.) Plaintiff offers no reason why additional relief is necessary. Indeed, requiring destruction of documents during the pendency of discovery would seem to conflict with the procedures already established by the Court's Protective Order governing the disposition of confidential materials following the conclusion of the litigation. Accordingly, this request is also inappropriate.

Fourth, Plaintiff's request for an order requiring CBU to confer orally with Plaintiff before any use of the Rhodes documents is similarly unnecessary in light of the Protective Order. (See ECF No. 65, at PageID 879.) The Protective Order explicitly provides for this relief. (See ECF No. 45, ¶ 5, at PageID 288.) Accordingly, additional relief is also unnecessary.

Finally, Plaintiff seeks an order directing CBU to comply with Rule 45(a)(4) before serving any further subpoena in this action. (See ECF No. 65, at PageID 879.) CBU has already expressly acknowledged the notice issue, apologized for the oversight, and represented in writing that it will comply with Rule 45(a)(4)'s notice requirements before issuing future subpoenas in this matter, as acknowledged by Plaintiff's Motion and its attachments. (See ECF No. 65-1, at PageID 882, 884;

ECF No. 65-3, at PageID 900.) Plaintiff therefore seeks an order compelling CBU to do something that it is already required to do by the Federal Rules and which CBU has already committed to do. Additional relief is unnecessary. See, e.g., Wimberly, 2021 U.S. Dist. LEXIS 263470, at *11 ("There is no need for an order largely serving only as a reminder of ethical obligations that are already in effect in this matter.")

## CONCLUSION

Because Plaintiff has not established good cause under Rule 26(c), and because the relief sought is either moot, premature, unnecessary, or already governed by the Court's existing Protective Order, Defendant respectfully requests that the Motion be denied in its entirety.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By: *s/Stephen W. Vescovo*
STEPHEN W. VESCOVO (7246)
JAMIE GIBBER (39552)
2900 One Commerce Square
40 S. Main St.
Memphis, TN 38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of September 2026, a copy of the foregoing pleading has been delivered to the following via the Court's electronic filing system and via email:

Dr. Leigh M. Johnson
1492 Newton Street NW, Apt. A
Washington, DC 20010
(901) 679-5937
drleighmjohnson@gmail.com
*Pro se Plaintiff*

*s/ Stephen W. Vescovo*
STEPHEN W. VESCOVO

4904-8670-8943