UTI01.10003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

DR. LEIGH M. JOHNSON,

Plaintiff,

v. Civil Action No.: 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,

Defendant.

---

**JOINT MOTION TO EXTEND DEADLINE**
**TO CONDUCT PLAINTIFF'S DEPOSITION**

---

Plaintiff, Dr. Leigh M. Johnson ("Plaintiff"), and Defendant, Christian Brothers University ("Defendant") (collectively, the "Parties"), respectfully submit this Joint Motion to Extend Deadline to Conduct Plaintiff's Deposition. For cause, the Parties would state as follows:

1. On June 17, 2025, Plaintiff filed her Complaint. (ECF No. 2.)

2. On December 11, 2025, the Court entered a Scheduling Order governing the deadlines in this case. (ECF No. 28.)

3. On June 9, 2026, the Parties filed a Joint Motion to Extend Scheduling Deadlines in light of extensions needed during the discovery process. (ECF No. 54.)

4. On June 15, 2026, the Court entered an Order Following Status Conference ("Order") wherein the Court granted the Parties' Joint Motion to Extend Scheduling Deadlines, among other things. (ECF No. 58.)

5. The Order provides a deadline of October 9, 2026, for conducting depositions. (ECF No. 58, at PageID 712.)

6. Over the past several months, the Parties have continued the discovery process, including discussions regarding Plaintiff's depositions. (See ECF Nos. 66, 70.)

7. After conferring regarding the date of Plaintiff's deposition, Defendant noticed Plaintiff's deposition for September 23, 2026, a date Plaintiff was available to appear for her deposition remotely. (See ECF No. 64.)

8. The Parties were not in agreement regarding the location of Plaintiff's deposition, which resulted in motion practice regarding same. (See ECF Nos. 66, 70.)

9. Following the Court's Order Denying Motion for Protective Order (ECF No. 71), Plaintiff advised that in light of the Court's ruling requiring the deposition to occur in person in Memphis, she was unable to make the necessary travel arrangements for an in-person September 23, 2026 deposition without interfering with her teaching obligations, and requested to re-schedule her deposition in light of same.

10. Plaintiff further advised that she was available to appear in Memphis on Saturday, October 3, 2026, or Saturday, October 10, 2026, and that her preference was to utilize the October 3, 2026, date to avoid having to extend any scheduling order deadlines.

11. As set forth in Defendant's Response to Plaintiff's Motion for Protective Order (ECF No. 70, at PageID 1033-34), the undersigned can be available on October 10, but not October 3.

12. In ruling on the Motion for Protective Order, the Court advised the parties that "[s]hould the parties agree to a date beyond the deadline, the Court will entertain a request for a brief extension of that deadline." (ECF No. 71, at PageID 1056 n.4.)

13. The Parties have agreed to conduct Plaintiff's deposition in-person, in Memphis on October 10, 2026, subject to the Court's permission.

14. Specifically, Plaintiff has provided that she agrees "only to the extension necessary to permit [her] deposition to occur on October 10" and expressly that she does "not agree to any broader extension."

15. Accordingly, the Parties would respectfully request that the October 9, 2026, deadline to take depositions be extended solely for the limited purpose of permitting Plaintiff's deposition to be taken on October 10, 2026.

16. The parties assert that good cause does exist to permit the Plaintiff's deposition to proceed one (1) day outside the current deadline. While Plaintiff was previously available to appear remotely on the noticed date, the subsequent motion practice and the Court's order necessitated identifying a date on which Plaintiff could travel to Memphis without disrupting her teaching obligations, as Plaintiff was not anticipating having to appear in-person for her deposition. The Parties have conferred regarding presently available dates that would minimize any disruption to Plaintiff's teaching obligations and allow the deposition to proceed within or slightly outside the current deadline. The first mutually available date is the October 10, 2026 date, which is only one day outside of the current deadline. The Parties do not seek any broader extension and only seek the extension necessary to permit Plaintiff's deposition to occur on October 10.

Based upon the foregoing, the Parties respectfully request that this Joint Motion be granted. The Parties are submitting a Proposed Order to the appropriate ECF mailbox contemporaneously with this filing.

Respectfully submitted this 16th day of September, 2026.

Respectfully submitted,

*s/Dr. Leigh M. Johnson*

Dr. Leigh M. Johnson
1492 Newton Street NW, Apt. A
Washington, DC 20010
(901) 679-5937
drleighmjohnson@gmail.com
*Pro se Plaintiff*

**LEWIS THOMASON, P.C.**

By: *s/Stephen W. Vescovo*

STEPHEN W. VESCOVO (7246)
JAMIE GIBBER (39552)
2900 One Commerce Square
40 S. Main St.
Memphis, TN 38103
(901) 525-8721
svescovo@lewisthomason.com
jgibber@lewisthomason.com
*Attorneys for Defendant*