**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

DR. LEIGH M. JOHNSON,
Plaintiff

v. Case No. 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,
Defendant

**PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR PROTECTIVE ORDER (ECF NO. 60) AND DEFENDANT'S SUPPLEMENTAL MEMORANDUM (ECF NO. 73)**

## INTRODUCTION

Plaintiff Dr. Leigh M. Johnson respectfully submits this Supplemental Response to address the new relief Defendant Christian Brothers University ("CBU") requested for the first time in its September 10, 2026 Supplemental Memorandum at ECF No. 73. Plaintiff's Response in Opposition filed July 30, 2026 (ECF No. 62) remains her opposition to CBU's Renewed Motion for Protective Order with regard to Plaintiff's Second Set of RFPs (ECF No. 60) and is incorporated here to the extent relevant. This filing addresses Plaintiff's Third Set of Requests for Production, Nos. 83–98, and the new factual and procedural assertions in ECF No. 73. Plaintiff does not repeat issues already fully briefed in ECF No. 62 except where CBU's supplement makes them necessary.

ECF No. 73 should be denied, both for a threshold reason and on the merits. At the threshold, CBU asks the Court to extend a protective order to sixteen requests that did not exist when ECF No. 60 was filed, without the oral, good-faith consultation this Court expressly required before renewed discovery motions. ECF No. 58, PageID 712.[1] CBU's Certificate of Consultation states that counsel advised Plaintiff on September 10 of its intent to supplement the motion, presumed Plaintiff would take the same position, and then filed while she had not yet responded. ECF No. 73, PageID 1070. The certificate identifies no oral conferral concerning the Third Set before filing.[2]

On the merits, CBU has not established that Plaintiff's Third Set of RFPs is either cumulative or duplicative. The chart it provides groups requests that correspond to its pleaded defenses—retrenchment, Handbook criteria, comparators, preservation, and the Faculty Review Committee—and treats "thematic overlap" as duplication. Rule 26(b)(2)(C)(i) does not prohibit discovery merely because it concerns the same general subject. Plaintiff's Second and Third Sets seek different documents, custodians, time periods, or information that could not have been specifically requested prior to new disclosures made by CBU on June 12 and July 8, 2026.

In fact, CBU's own discovery history necessitated Plaintiff's additional discovery requests. Defendant supplemented several First-Set responses for which it had previously stated that it did not possess responsive documents or documents containing the requested information. Plaintiff's Second Set was served May 26, before CBU's July 8 supplemental production; the Third Set was served after that production. CBU cannot use an earlier request that it materially

[1] The Court imposed the oral-conferral requirement following a status conference requested by CBU. ECF No. 58, PageID 711–12. The parties held oral conferences on June 24, July 13, August 10, and, after ECF No. 73 was filed, September 16. The later call does not alter what occurred before filing ECF No. 73.
[2]Defendant emailed Plaintiff announcing its intention to file ECF No. 73 at 10:58 p.m. Eastern time on September 10, 2026. The filing was entered less than 80 minutes later. The email and filing times do not establish that Plaintiff had a meaningful opportunity to respond before filing. See Ex. A.

supplemented months later as proof that Plaintiff had already received an ample opportunity to obtain all later-disclosed information.[3]

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff served her First Set of fifty Requests for Production on March 25, 2026. CBU served its responses on April 24, 2026. Plaintiff thereafter identified deficiencies in those responses and filed a Motion to Compel at ECF 48. CBU filed its first Motion for Protective Order on June 12, 2026. On June 15, the Court denied both motions without prejudice for failure to consult and ordered the parties, before refiling future motions, to "confer orally and in good faith regarding the relief sought therein in an effort to come to a resolution or compromise on the disputes." The Court imposed "[t]he same requirement" for future motions other than those under Rules 12, 56, 59, or 60. ECF No. 58, PageID 712.

Plaintiff served her Second Set, Requests Nos. 51–82, on May 26, 2026. The parties conferred orally on June 24. Plaintiff agreed to hold CBU's Second-Set response deadline in abeyance while CBU supplemented its First-Set production, after Defense counsel represented that the supplemental production would obviate the need for responses to the Second Set. CBU served supplemental responses and a substantially larger production on July 8. After reviewing it, Plaintiff advised CBU that the supplementation had not obviated the need for responses to the Second Set. The parties conferred again orally on July 13 to discuss remaining deficiencies. CBU filed its Renewed Motion for Protective Order on July 16. Plaintiff filed her opposition at ECF No. 62 on July 30.

[3] In its April 24, 2026 response to Plaintiff's First-Set RFP No. 13, CBU stated that it did not possess documents "responsive to Request No. 12." Its July 8 supplemental response identified CBU 945–981 as responsive to that request. See Defendant's Responses to Plaintiff's First Requests for Production (Apr. 24, 2026); Defendant's Supplemental Responses (July 8, 2026); ECF No. 69-1, PageID 990–93. See Ex. B.

Additionally, Defendant's July 8 supplementation materially changed the discovery record. CBU supplemented its First RFP 12 with CBU 398–401, 402–405, and 411–981; RFPs 13–15 with CBU 945–981; RFP 16 with CBU 1398–1422; RFPs 17–18 with additional comparator materials; and RFPs 33–36 with extensive Faculty Review Committee materials including CBU 1178–1356. (ECF No. 69-1, PageID 990–1000.) CBU's July 8 cover letter likewise stated that it was producing CBU 001–1422 and acknowledged that materials previously produced at CBU 201–205 had not been readable and were re-produced at CBU 402–405. (ECF No. 69-2, PageID 1008–1009.)

Plaintiff served her Third Set of RFPs on August 11, 2026. Its sixteen requests were drafted against CBU's later disclosures and production and identify the disclosure, custodian, document, or other development that prompted each request. ECF No. 73-1, PageID 1071–82. On September 10—the Court-ordered deadline for written discovery and document production—CBU filed ECF No. 73 and sought to extend its pending request for protection concerning the Second Set to Plaintiff's Third Set. ECF No. 58, PageID 712; ECF No. 73, PageID 1065–70.

## LEGAL STANDARD

Rule 26(b)(1) permits discovery of nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether burden or expense outweighs likely benefit. Fed. R. Civ. P. 26(b)(1). The discovery requests included in Plaintiff's Second and Third Set of RFPs are directly relevant to Defendant's pleaded arguments.

Rule 26(b)(2)(C) requires the Court to limit discovery that is unreasonably cumulative or duplicative, that the requesting party has had ample opportunity to obtain, or that falls outside Rule 26(b)(1). Rule 34 requires that, for each item or category, the responding party state with specificity the grounds for objection; an objection must state whether responsive materials are being withheld, and a partial objection must specify the part objected to and permit inspection of the rest. Fed. R. Civ. P. 34(b)(2)(B)–(C). CBU has not served request-specific responses to Plaintiff's Second or Third Set. CBU instead seeks a *carte blanche* Protective Order excusing them from responding to Plaintiff's Second and Third Requests for Production altogether.

Rule 26(c)(1) permits a court, for good cause, to issue a protective order against "annoyance, embarrassment, oppression, or undue burden or expense." CBU has not connected its generalized "burden" assertions in ECF No. 73 to any particular burden imposed by any particular discovery request in Plaintiff's Third-Set RFPs.

Additionally, Rule 26(c)(1) also requires certification that the movant conferred or attempted to confer in good faith. This Court's ECF No. 58 imposed the additional, case-specific requirement of an oral, good-faith conferral before renewed or future discovery motions. ECF No. 58, PageID 712. ECF No. 73's certificate does not describe such a conference concerning the newly challenged Third Set before filing.

## ARGUMENT

### I. ECF 73 Seeks New Protective Relief Without the Prefiling Consultation Required by Rule 26(c)(1), Local Rule 7.2, and ECF No. 58.

Plaintiff's Third Set of RFPs, served August 11, 2026, did not exist when CBU filed ECF No. 60 on July 16. ECF No. 73 does not merely ask for the relief already requested in ECF No.

60; it asks the Court to extend relief to sixteen new requests and, in its conclusion, to relieve CBU from responding to both the Second and Third Sets in their entirety. ECF No. 73, PageID 1069. Its chart at PageID 1067–68 maps only nine Third-Set requests as allegedly "duplicative or cumulative": Nos. 83, 84, 85, 87, 88, 89, 93, 95, and 96. Yet, in that same chart, CBU provides no substantive objections to, nor asserted predecessors for, the following Third Set discovery RFPs:

- **No. 86:** the Faculty Review Committee's vote to remove a member. This arises from CBU's Supplemental Response to Interrogatory No. 13 and CBU 1348–1349.
- **No. 90:** School of Arts faculty appointments for 2024–25 and 2025–26.
- **No. 91:** severance, separation and notice terms given to other retrenched faculty.
- **No. 97:** communications by individual Board of Trustees members.
- **No. 98:** the change in Ron Brandon's role and duties between December 2023 and May 2024.

CBU's Certificate of Consultation establishes the prefiling chronology. It states that on September 10 counsel advised Plaintiff that CBU "intended to supplement the Renewed Motion to include the Third Set of Requests for Production, presuming that Plaintiff would take the same position," and that "Plaintiff has not yet responded." ECF No. 73, PageID 1070. The certificate does not identify an oral conference about the Third Set, a proposal to narrow any of those requests, or an attempt to resolve request-specific disputes before filing. ECF No. 73 is styled as a "supplemental memorandum" rather than a separately docketed motion, and requests relief concerning requests that did not exist when ECF No. 60 was filed. To the extent this constitutes new protective relief, the consultation requirement should apply.

CBU asks for protective relief over discovery not before the parties during the June and July conferrals and not within ECF No. 60 when filed. To the extent the Court considers that new relief, the consultation requirement should extend to the Third Set. At minimum, the absence of a described prefiling effort to narrow Requests Nos. 83–98 weighs against granting a blanket order as to them. Nos. 92 and 94 concern separate production-format questions that Plaintiff does not ask the Court to adjudicate here.

**II. CBU Has Not Justified a "Blanket" Protective Order.**

CBU's "burden" theory is not only generic, but inaccurate. It emphasizes the number of requests and their subparts, points to the size of its prior production, and asserts that responding to the Second and Third Sets would require repetitive review and cross-referencing. ECF No. 60-1, PageID 719–29; ECF No. 73, PageID 1065–69. Yet, CBU has submitted no request-specific estimate of the time, cost, custodial searches, or review needed that would establish its "burden" with respect to responding to the Plaintiff's Third Set, nor has it identified which previously produced documents satisfy any request in Plaintiff's Third Set, nor has it explained, beyond its generic "volume" argument, why seven of the Third Set requests remain absent from its chart.

Proportionality factors also cut against categorical relief in this instance. CBU has exclusive or substantially greater access to the internal deliberations, custodial accounts, recommendations, Board materials, and comparative decision records at issue. Those materials bear directly on: how and why Plaintiff, specifically, was selected for termination, whether the CBU Handbook criteria were appropriately applied, whether similarly situated faculty were treated differently, whether CBU's stated "financial exigency" explanations are supported by the contemporaneous record, and how the Faculty Review Committee and relevant administrators

acted. These are central matters relevant to both Plaintiff's discrimination, retaliation, and breach-of-contract claims and CBU's pleaded defenses, not collateral matters.

**III. CBU's Charts Establish Subject-Matter Overlap Only (Not "Duplication")**

CBU's ECF No. 73 chart is not a request-by-request duplication analysis. It groups requests under broad topic headings and then treats any existence of an earlier request touching the same subject as "duplicative." That establishes broad thematic relationship, not duplication.

Plaintiff provides, below, a comparison of CBU's asserted predecessors and the material distinctions between the later requests and those predecessors:

| Request | CBU's asserted predecessor(s) | Why the later request is materially distinct |
|---|---|---|
| Third RFP 83 Nov. 10/12 source materials | First RFPs 4, 12–15; Second RFP 80 | CBU produced the November 10th and 12th source materials first on July 8 at CBU 945–951 and 968–979. RFP No. 83 seeks the department-level submissions, appendices, source materials, and transmittal communications underlying those newly produced documents. Plaintiff could not specifically request the sources underlying these documents before CBU produced them on July 8, prior to serving her Third Set of RFPs. |
| Third RFP 84 Archer records | First RFPs 1–15, 23–37; | CBU cites thirty First-Set requests as predecessors to one custodian-specific request. Plaintiff's Third |

| Request | CBU's asserted predecessor(s) | Why the later request is materially distinct |
|---|---|---|
| | Second RFPs 53, 77–80 | Set of RFPs No. 84 seeks Archer's own records on a specified sub-set of subjects. Second Set RFP 53 was expressly limited to documents mentioning Plaintiff by name, title, or position; Third Set No. 84 expressly is not. Topic-based requests are not identical to a collection of the final decisionmaker's contemporaneous records. |
| Third RFP 89 Transfer / retraining | First RFPs 29–30; Second RFP 66(d)–(e) | Plaintiff's Third Set No. 89 arose from the newly produced "November 10 Recommendations" (produced on July 8, 2026) at CBU 946, which invokes a "Handbook transfer provision" applied to the transfer of Dr. Colby Taylor in lieu of non-reappointment. Earlier requests asked generally about "alternative employment" for Plaintiff (as provided in the CBU Handbook) in relation to Haught's reassignment. Plaintiff's RFP No. 89 asks whether the same transfer, retraining, relocation, and reinstatement provisions were applied to Plaintiff. |
| Third RFP 93 | First RFPs 7–10; | The First Set of RFP requests (Nos. 7-10) and |

| Request | CBU's asserted predecessor(s) | Why the later request is materially distinct |
|---|---|---|
| "No goals" factual basis | Second RFP 56 | Second Set of RFPs (No. 56) concerned CBU's decision to treat criterion (3) as "inapplicable" (as documented in CBU's own production at CBU 980–981) and the interpretation or application of that criterion. Plaintiff's Third Set of RFPs No. 93 asks whether the Presidential Charge's stated factual predicate—that CBU had no relevant institutional "goals" or "targets"—was accurate, and what inquiry or analysis preceded that statement. The justification's factual accuracy is a different issue from the decision made on the basis of that justification. |
| Third RFP 96 Rosencrants / Brandon | First RFPs 5, 7, 12; Second RFP 75 | No cited RFP predecessor seeks the same discovery as Plaintiff's Third Set of RFPs No. 96. Contrary to CBU's representations, Plaintiff's First Set of RFPs Nos.5, 7, and 12 are topic-based. Plaintiff's Second of RFPs No. 75 concerns communications between FRC Chairperson Geis and non-FRC persons about Plaintiff's appeal. Plaintiff's Third Set of RFPs No. 96 is not duplicative, but rather seeks Rosencrants's |

| Request | CBU's asserted predecessor(s) | Why the later request is materially distinct |
|---|---|---|
| | | and Brandon's custodial records concerning retrenchment, the Presidential Charge, retention criteria, faculty selection, and the FRC and is not limited to documents mentioning Plaintiff. |
| Third RFP 85; Archer/Jordan preservation | Earlier preservation requests | No. 85 concerns preservation and disposition of Archer's and Jordan's accounts and records. The cited earlier preservation requests concerned other custodians; CBU does not show that those accounts were already addressed. |
| Third RFP 87; Fulmer | First RFP 16; Second RFP 60 | No. 87 seeks decisional records concerning Fulmer, whom CBU identified in its July requests for admission. The earlier institutional and comparator requests do not establish that Fulmer's particular decisional records were sought or produced. |
| Third RFP 88; Board directive | First RFPs 1, 3–4 | No. 88 seeks the Board directive to reduce salaries, wages, and benefits described in CBU's interrogatory response, together with related 2023 Board records. General exigency and Committee requests do not establish that those identified Board |

| Request | CBU's asserted predecessor(s) | Why the later request is materially distinct |
|---|---|---|
| | | records were supplied. |
| Third RFP 95; Committee file | First RFPs 4–5; Second RFPs 77–80 | No. 95 seeks the Committee's constitutive and deliberative file. The cited Second-Set requests focus on matters including the process after its report. Plaintiff acknowledges that some Committee records may overlap earlier requests. |

The above chart clearly demonstrates that Plaintiff's Second and Third Sets of RFPs sought discovery of distinct documents, from distinct custodians, limited to distinct time periods, and relevant to distinct factual predicates. Although Plaintiff's Third Set of RFPs constituted, in some cases, a tailoring of a previously-identified request, CBU has not shown that any overlap warrants relieving it from responding to the Second and Third Sets in their entirety.

**IV. CBU's July 8 Supplementation Prompted Focused Follow-Up Requests.**

Rule 26(b)(2)(C)(ii) asks whether the requesting party "has had ample opportunity to obtain the information by discovery in the action." The Court should consider the actual opportunities for access shown by this record. As to central selection and comparator requests, CBU initially stated that it did not possess responsive documents or documents containing the requested information, only to produce additional materials later. (See Footnote 3.) Its initial responses affected Plaintiff's earlier opportunity to obtain information; the new documents prompted more focused requests.

**V. CBU's RFP "Subpart Arithmetic" Does Not Survive Scrutiny**

ECF No. 73 counts approximately 152 requests in the First and Second Sets when it treats subparts as separate requests, then adds the Third Set to claim more than 168 RFPs. ECF No. 73, PageID 1066. Rule 33(a)(1) limits interrogatories to twenty-five, including discrete subparts, absent stipulation or court order; Rule 34 contains no comparable numerical cap on requests for production. Rule 26(b)(2)(C) still protects against discovery that is unreasonably cumulative, duplicative, or disproportionate, but a count of subparts alone does not justify excusing responses to both sets wholesale.

**VI. A Request-Specific Response Is the Proportionate Remedy for Any Genuine Overlap.**

Plaintiff does not contend that every later request necessarily seeks entirely unrelated subject matter. Some overlap is inevitable, because follow-up discovery concerns the same underlying employment decision and the same pleaded claims. "Overlap," however, is not the standard; Rule 26(b)(2)(C)(i) asks whether discovery is unreasonably cumulative or duplicative.

The Rules provide a narrower and workable solution. CBU can answer each request, identify prior Bates ranges where it contends documents fully satisfy a later request, state a specific objection where only part is disputed, identify whether responsive material is being withheld, and produce the unobjectionable remainder. Fed. R. Civ. P. 34(b)(2)(B)–(C). If a particular request imposes a burden disproportionate to its benefit, CBU can state its objections in writing and identify which documents (if any) it is withholding.

**CONCLUSION**

The pending discovery issues require prompt resolution in light of the discovery and deposition deadlines. CBU's Renewed Motion for Protective Order at ECF No. 60 (concerning

Plaintiff's Second Set of RFPs) has been fully briefed since July 30, 2026, and Plaintiff's Renewed Motion to Compel at ECF No. 63 has been fully briefed since September 4, 2026. Plaintiff seeks a ruling that permits her to obtain responsive documents material to preparing for the remaining depositions.

For the foregoing reasons, also stated in Plaintiff's previously filed opposition at ECF No. 62, Plaintiff respectfully requests that the Court:

1. Deny the additional protective relief sought in ECF No. 73 concerning the Third Set, including in light of the absence of a described prefiling oral conferral on that Set;
2. Deny categorical relief excusing responses to the Second and Third Sets in their entirety;
3. Pursuant to Rule 26(c)(2), order Defendant to serve request-specific written responses to both Plaintiff's Second and Third Set of RFPs within seven (7) days and produce responsive, nonprivileged materials promptly on a schedule set by the Court, identifying prior productions where they fully satisfy a request; and
4. If protection is warranted for an identified request or portion of a request, limit relief to that request or portion after a specific showing.

Plaintiff requests such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ **Dr. Leigh M. Johnson**

Dr. Leigh M. Johnson

Plaintiff, Pro Se

1492 Newton Street NW, Apt. A

Washington, DC 20010

(901) 679-5937

drleighmjohnson@gmail.com

Dated: September 24, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, I served a true and correct copy of the foregoing Plaintiff's Supplemental Response in Opposition to Defendant's Renewed Motion for Protective Order (ECF No. 60) and Defendant's Supplemental Memorandum (ECF No. 73) through the Court's Electronic Case Filing system upon counsel of record for Defendant, Stephen W. Vescovo and Jamie M. Gibber, Lewis Thomason, P.C.

**/s/ Dr. Leigh M. Johnson**

Dr. Leigh M. Johnson

Plaintiff, Pro Se