**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

LEIGH M. JOHNSON,
Plaintiff,

v. Case No. 2:25-cv-02618-BCL-atc

CHRISTIAN BROTHERS UNIVERSITY,
Defendant.

# PLAINTIFF'S MOTION FOR EXPEDITED RESOLUTION OF PENDING DISCOVERY MATTERS AND LIMITED SCHEDULING RELIEF AND INCORPORATED MEMORANDUM OF FACTS AND LAW

Plaintiff Leigh M. Johnson, pro se, requests expedited resolution of her Renewed Motion to Compel at ECF No. 63 and Defendant Christian Brothers University's Renewed Motion for Protective Order at ECF No. 60, including the additional protective relief sought by Defendant at ECF No. 73 and opposed by Plaintiff at ECF No. 78. Plaintiff additionally moves pursuant to Fed. R. Civ. P. 16(b)(4) for a limited modification of the Scheduling Order necessary to implement the Court's forthcoming rulings on discovery disputes already fully briefed and submitted for decision.

Plaintiff requests an interim scheduling order expressly permitting completion and enforcement, after the existing October 9 discovery-completion cutoff, of any discovery subsequently ordered on the pending discovery matters addressed in ECF Nos. 60, 63, 73, and 78. Plaintiff additionally requests an opportunity to seek leave for specifically identified follow-up discovery, including depositions, directly necessitated by any production ordered on those requests.

Plaintiff does **not** seek to reopen discovery generally, to propound unrelated new discovery, or to postpone her October 10 deposition. Rather, Plaintiff seeks only to preserve a meaningful opportunity to receive, review, and use discovery that she timely requested and that has remained subject to pending motions filed while discovery was open.

**I. Pending Discovery Matters and Deadlines**

Plaintiff served her First Set of Requests for Production on March 25, 2026. Following the Court's June 15 order at ECF No. 58 and the subsequent oral conferences (documented at ECF No. 63, PageID 798–800), Plaintiff filed her Renewed Motion to Compel on August 21, 2026. ECF No. 63. Defendant filed its opposition on September 4, 2026. ECF No. 69. As of October 9, 2026, thirty-five days have elapsed since Defendant filed its opposition, and the motion remains unresolved.

Plaintiff served her Second Set of Requests for Production on May 26, 2026. Defendant filed its Renewed Motion for Protective Order on July 16, 2026 at ECF No. 60, and Plaintiff filed her Opposition on July 30 at ECF No. 62. As of October 9, 2026, seventy-one days have elapsed since Plaintiff filed her opposition concerning the Second Set, and that dispute remains unresolved.

Plaintiff served her Third Set of Requests for Production on August 11, 2026, arising from Defendant's later disclosures and July 8 supplemental production, identified in ECF No. 78 as CBU 001–1422. See ECF No. 78, pp. 3–4, PageID 1093–94. Defendant subsequently sought additional protective relief concerning its responses to Plaintiff's Third Set in its September 10 "Supplemental Memorandum" at ECF No. 73. Plaintiff filed her Supplemental Response on September 25, 2026 at ECF No. 78. As of October 9, 2026, fourteen days have elapsed since

Plaintiff filed her Supplemental Response, and the additional request for protection remains unresolved.

ECF No. 58 established September 10, 2026 as the deadline for written discovery and document production and October 9, 2026 as the deadline for completing all discovery, including depositions. ECF No. 58, PageID 712. Defendant served supplemental responses and production concerning Plaintiff's First Set on July 8, 2026, but Plaintiff's challenge to their sufficiency remains pending in ECF No. 63. As of this filing, Defendant has served no request-specific written responses to Plaintiff's Second or Third Sets of Requests for Production, and the related requests for protective relief remain unresolved.

The Court's September 17 text-only order at ECF No. 76 extended the deposition deadline to October 10, 2026 solely to permit Plaintiff's deposition on that date. The document-production disputes identified above remain unresolved. This motion does not seek to change that deposition date. Instead, Plaintiff seeks a Court-ordered schedule that would reasonably accommodate any relief granted on ECF No. 63, as well as any discovery ordered following denial or limitation of the protective relief sought in ECF Nos. 60 and 73.[1]

**II. Good Cause for Expedited Resolution and Limited Scheduling Relief**

Rule 16(b)(4) permits modification of a scheduling order only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The principal consideration is the moving party's diligence in attempting to meet the requirements of the Court's scheduling order. Potential prejudice to the nonmoving party also bears on the inquiry. *Helena Agri-Enters., LLC v. Great*

---

[1] ECF No. 63 concerns Plaintiff's First Set of Requests for Production. ECF No. 62 addresses Defendant's request for protection concerning the Second Set, and ECF No. 78 addresses the additional protection sought concerning the Third Set. Plaintiff relies on those prior filings without repeating their merits arguments here.

*Lakes Grain, LLC*, 988 F.3d 260, 272 (6th Cir. 2021) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). At a pretrial conference, the Court may take appropriate action concerning the control and scheduling of discovery and the disposition of pending motions. Fed. R. Civ. P. 16(c)(2)(F), (K). If a motion for a protective order is wholly or partly denied, the Court may, on just terms, order that discovery be provided or permitted. Fed. R. Civ. P. 26(c)(2).

Plaintiff has diligently and responsibly pursued the disputed discovery while discovery remained open. She served her First and Second Sets of Requests for Production on March 25 and May 26, respectively, and participated in this Court's ordered oral conferences concerning discovery on June 24, July 13, August 10, and September 16, 2026. See ECF No. 63, PageID 799–800; ECF No. 78, p. 2 n.1, PageID 1092. The October 4 consultation concerning this motion is described in Section V.

Plaintiff sought Defendant's position on the present scheduling relief on October 2, one week before the discovery cutoff, and participated in a telephone consultation on October 4. See Section V and Exhibit A. Plaintiff submits this request before the October 9 general discovery deadline expires, seeking a defined process for implementing any production ordered on the pending disputes.

As of October 9, 2026, **93 days** have elapsed since Defendant's July 8 supplemental responses and production concerning the First Set, whose sufficiency remains disputed in ECF No. 63. Plaintiff has awaited request-specific written responses to her Second Set for **136 days** since service on May 26 and to her Third Set for **59 days** since service on August 11. The Second-Set chronology includes the parties' agreement to hold the response deadline in abeyance while Defendant supplemented its First-Set production. **29 days** have also elapsed since the September 10 written-discovery and document-production deadline. The pending disputes leave

Plaintiff without the additional discovery sought in the pending disputes as the overall discovery period closes, reducing the time available to review any additional production and seek necessary follow-up discovery. See ECF No. 78, pp. 3–5, PageID 1093–95.

The present scheduling problem arises from discovery disputes that have persisted since the Court's June 15 order. That order denied the earlier motions without prejudice and directed oral consultation; it did not resolve the merits of the disputed requests. Plaintiff thereafter participated in the required conferences and pursued resolution through telephone conferrals, as directed by this Court, regarding her renewed motion to compel and her opposition to Defendant's requests for protective relief.

**Seventy-one days** have elapsed since Plaintiff opposed the Second-Set protective-order motion, **thirty-five days** since Defendant opposed Plaintiff's renewed motion to compel, and **fourteen days** since Plaintiff responded to Defendant's additional request for protection concerning the Third Set. All of those disputes remain unresolved on the final day of the general discovery period. Plaintiff requests a schedule that accounts for that procedural posture.

The absence of rulings has a concrete consequence: Plaintiff cannot know which disputed documents Defendant must produce, review documents she has not received, or identify with the required specificity the examinations those documents may necessitate. The October 9 cutoff nevertheless arrives before those questions have been resolved. Without a limited modification, a ruling requiring production after the cutoff could provide access to documents while leaving Plaintiff without an authorized opportunity to obtain the testimony or other discovery necessary to use them effectively. That prejudice concerns evidence of the contemporaneous reasons for Plaintiff's termination, the application of retention criteria, and the treatment of comparators—

not merely a preference for additional preparation time. See ECF No. 63-1, PageID 803–06; ECF No. 78, PageID 1093–94, 1098–1102.

Plaintiff submits that her timely pursuit of the disputed discovery, the continuing pendency of the motions, and the resulting inability to plan document-dependent follow-up establish good cause for the limited scheduling relief requested. Plaintiff does not contend that pending motions automatically extended discovery or that awaiting rulings entitled her to suspend other discovery efforts. The requested modification instead addresses the specific work that could not reasonably be completed without the disputed production: reviewing any documents the Court orders produced and, upon a particularized showing, seeking permission for necessary follow-up discovery.

The Court need not decide the merits of the pending disputes to preserve its ability to grant effective relief. An interim order can reserve those merits while expressly permitting compliance with any subsequent production order and establishing an opportunity to request narrowly defined follow-up discovery. If no further production is ordered, no production-dependent follow-up would be authorized on that basis. If production is ordered, Defendant would retain the opportunity to oppose any proposed follow-up, and the Court would control its scope and completion date. This limited modification would allow the practical effect of the Court's rulings to turn on their merits rather than on whether they issue before or after the existing cutoff.

**III. Prejudice to Plaintiff Absent Limited Scheduling Relief**

If the Court orders additional production after the discovery cutoff, Plaintiff could receive documents without an authorized opportunity to conduct the follow-up discovery necessary to use them effectively before the November 10 dispositive-motion deadline.

The disputed discovery concerns documentary evidence of the contemporaneous reasons for Plaintiff's selection for termination, the application of CBU's stated retention criteria, the treatment of comparator faculty, and communications among relevant decisionmakers. To the extent the Court orders additional production on those subjects, the resulting evidence would bear on Plaintiff's discrimination, retaliation, and contract claims and Defendant's explanations for the challenged conduct. See ECF No. 63-1, PageID 803–06; ECF No. 78, PageID 1097–1102.

Plaintiff requests time to review any documents the Court orders Defendant to produce and, if that production demonstrates a specific need, to seek leave for narrowly tailored follow-up discovery, including depositions. Any such discovery would require further Court approval. In the Rule 56(d) context, the Sixth Circuit recognized that "it is not unusual to await substantial completion of document production prior to conducting depositions." Doe v. City of Memphis, 928 F.3d 481, 493 (6th Cir. 2019). The court also explained that additional evidence of discriminatory animus might emerge from unproduced emails and depositions of the officers involved. Id. Plaintiff cites Doe to support that discovery sequence, not as establishing an automatic entitlement to an extension under Rule 16(b)(4).

Plaintiff can identify the subjects of the disputed discovery, but cannot fully identify the document-specific need for follow-up examinations before the Court determines the scope of production and Defendant provides the ordered documents. Any subsequent request for follow-up discovery will identify the particular newly produced documents, the witness or discovery sought, the relevant subject matter, why existing discovery is insufficient, and a proposed completion date. Plaintiff therefore requests a defined opportunity to make that showing.

ECF No. 58 sets November 10, 2026 as the dispositive-motion deadline. ECF No. 58, PageID 713. Plaintiff does not seek to extend that deadline. Instead, Plaintiff requests expedited rulings on the pending discovery matters identified above, prompt production and a seven-day review period, followed by an expedited determination of any specifically supported request for follow-up discovery. Plaintiff recognizes that the time required for production, briefing, and any authorized follow-up discovery may prevent completion of that discovery before November 10. This motion does not suspend or extend any existing deadline.

**IV. Requested Compliance Schedule and Limited Extension**

Plaintiff respectfully requests the following relief:

1. Expedited resolution of ECF No. 63 and ECF No. 60, including the additional protective relief sought in ECF No. 73 and opposed at ECF No. 78. If those matters cannot be resolved by the October 9 discovery cutoff, enter an interim scheduling order by that cutoff expressly permitting completion and enforcement, after the existing cutoff, of any discovery subsequently ordered on those matters and preserving Plaintiff's opportunity to request narrowly defined follow-up discovery under paragraph 4 below. The interim order would reserve the merits of the pending disputes and would not authorize follow-up discovery without further order.

2. Require any written responses ordered by the Court to be served within seven days after the ruling and any ordered document production to be completed within ten days after the ruling, or on another definite schedule established by the Court.

3. For requests as to which protection is denied or limited, require request-specific written responses stating specific objections permitted by the ruling, whether responsive material is

being withheld, and prior Bates ranges where Defendant claims prior production satisfied prior requests. Require production of responsive, nonprivileged materials within the scope allowed by the Court and a clear written statement where Defendant maintains that no responsive documents were located after a reasonable search. Plaintiff does not expand the scope of the relief sought in ECF No. 78, which excludes adjudication of the separate production-format questions in Third-Set Requests Nos. 92 and 94. See ECF No. 78, PageID 1097.

4. Modify the October 9 discovery-completion deadline only as necessary to implement the Court's rulings on discovery already served. Establish a definite production-completion date and allow Plaintiff seven days after that date to review the ordered production and file a motion identifying any follow-up discovery directly necessitated by it. Any such motion must identify the particular documents, witness or discovery sought, necessity, proposed limits, and requested completion date. Defendant may respond, and no follow-up discovery may proceed without Court approval. If leave is granted, set a separate, definite completion date on an expedited timeline. If material production is served after the Court-established production date, permit Plaintiff promptly to request an adjustment of the review period specifically attributable to that late production. No automatic or indefinite extension is requested.

5. Set a prompt status conference if needed to establish the above implementation schedule. Even if the Court declines further depositions or other follow-up discovery, expressly permit completion and enforcement of the responses and production ordered on the pending motions after the existing cutoff.

6. Set an abbreviated deadline for Defendant's response to the limited scheduling request so that the Court may consider interim relief promptly. Plaintiff does not seek to extend the November 10, 2026 dispositive-motion deadline, and this motion does not itself change any existing deadline.

**V. Written Notice and October 4 Oral Consultation**

On October 2, 2026, at 11:22 a.m. Eastern time, Plaintiff emailed Stephen W. Vescovo and Jamie M. Gibber identifying the pending matters at ECF Nos. 63, 60, 73, and 78 and requesting Defendant's position on expedited rulings, definite compliance deadlines, and a limited modification of the discovery schedule permitting completion, review, and use of ordered production in specifically identified, materially affected depositions. Plaintiff asked counsel to identify any partial agreement or alternative compliance schedule. In a follow-up email that evening, Plaintiff offered four weekend windows for a telephone conference and invited counsel to propose another time. That email expressly identified the conference subjects as expedited resolution, limited modification of discovery deadlines, a compliance schedule, and an opportunity, subject to Court approval, to review ordered production and seek specifically identified follow-up discovery directly necessitated by it. (Exhibit A)

On October 4, Plaintiff and Mr. Vescovo spoke by telephone concerning the proposed filing. Plaintiff referred Vescovo to her October 2 emails and asked whether he objected. Mr. Vescovo stated that he did not understand the request. He then stated, with regard to Plaintiff's intention to seek expedited consideration of the outstanding motions: "I don't have any objection to you doing that if that's what you wanna do." The call ended without a substantive discussion of the specific proposed scheduling terms. Plaintiff relies on the written identification of the

relief and the ensuing telephone exchange as her effort to comply with ECF No. 58 and Local Rule 7.2(a)(1)(B).

The parties did not reach an accord as to all relief requested. Mr. Vescovo expressed no objection to Plaintiff filing a motion requesting expedited rulings; Plaintiff does not characterize that statement as a full agreement to relief articulated herein.

**VI. Conclusion**

Plaintiff respectfully requests expedited resolution of the pending discovery matters noted above or, if resolution by the October 9 cutoff is not practicable, an interim order preserving completion and enforcement of any discovery subsequently ordered and the opportunity to seek leave for specifically identified follow-up discovery. Plaintiff requests definite compliance and review deadlines and a separate completion date for any authorized follow-up discovery; Plaintiff does not seek to extend the November 10, 2026 dispositive-motion deadline.

Plaintiff submits a proposed order in word-processing format through the Court's prescribed procedure pursuant to Local Rule 7.2(a)(1)(A).

Respectfully submitted,

/s/ Dr. Leigh M. Johnson
Dr. Leigh M. Johnson
Plaintiff, pro se
1492 Newton Street NW, Apt. A
Washington, DC 20010
901-679-5937
drleighmjohnson@gmail.com

Dated: October 9, 2026 (Central time)

**Certificate of Consultation**

I certify that on October 2, 2026, I emailed Stephen W. Vescovo and Jamie M. Gibber, counsel for Defendant, identifying the proposed requests for expedited rulings, definite compliance deadlines, and limited modification of the discovery schedule. I requested Defendant's position, invited partial agreement or an alternative schedule, and later offered weekend telephone-conference times while expressly identifying the scheduling subjects for discussion. On October 4, 2026, I conducted a telephonic conferral with Stephen W. Vescovo concerning the proposed motion and referred him to those emails. Mr. Vescovo stated that he had no objection to my filing a motion requesting expedited rulings on pending discovery matters. The call ended without a substantive discussion of the specific scheduling terms. The parties did not reach an accord as to all relief requested. I do not represent that Defendant agreed to the entirety of the requested relief or that this motion is unopposed.

/s/ Dr. Leigh M. Johnson
Dr. Leigh M. Johnson, Plaintiff pro se

**Certificate of Service**

I certify that on October 9, 2026 (Central time), I served a true and correct copy of the foregoing motion by email on Stephen W. Vescovo (svescovo@lewisthomason.com) and Jamie M. Gibber (jgibber@lewisthomason.com), counsel for Defendant.

/s/ Dr. Leigh M. Johnson
Dr. Leigh M. Johnson
Plaintiff, pro se
1492 Newton Street NW, Apt. A
Washington, DC 20010
901-679-5937
drleighmjohnson@gmail.com